# EXHIBIT A

# New Era ADR Rules and Procedures

| | | |
|---|---|---|
| Types of Proceedings and Pricing | | **2** |
| | Pricing | 2 |
| |     Mediation | 2 |
| |     Arbitration | 2 |
| |     General Provisions and Ancillary Services | 3 |
| | Mediation | 4 |
| |     In General | 4 |
| |     Standard | 4 |
| |     With Binding Resolution | 4 |
| | Arbitration | 4 |
| |     In General | 4 |
| |     Standard Arbitrations | 5 |
| |     Expedited/Mass Arbitrations | 5 |
| | Moot Arguments | 5 |
| |     Partial | 5 |
| |     Whole | 5 |
| | Subscription Pricing/Additional Services | 5 |
| |     Subscription Pricing | 5 |
| |     Additional Services | 6 |
| General Rules and Procedures | | **6** |
| | Applicability | 6 |
| | Terms of Use | 7 |
| | Confidentiality | 7 |
| | Decorum/Sanctions | 8 |
| | Location of Proceeding/Choice of Law | 8 |
| | Independent Neutrals/Ultimate Authority | 8 |
| | Agreement to Refer Disputes | 8 |
| | Fees | 9 |
| | Electronic Service | 9 |
| | Assignment of Neutrals | 9 |
| | Conflicts/Replacement of Neutrals | 10 |
| | Commencement of Proceedings | 11 |
| | Deadlines | 11 |

Witnesses                                                                11
Discovery                                                                12
Evidence/Hearings                                                        12
Evidence Disclosure                                                      13
Civil Procedure/Rules of Evidence/Motion Practice                        13
Transcription (coming soon)                                              14
Settlement                                                               14
Decision/Award                                                           14
Enforcement of Decision/Award                                            15
Execution of Award/Decision                                              15
Common Issues of Law and Fact                                            16
Precedent                                                                16
Arbitrability                                                            17
Injunctive Relief                                                        17
Document Retention                                                       17
Educational and Legal Disclaimer                                         18

**Virtual Standard Mediation Rules and Procedures**                      **18**
Process and Rules at Each Stage                                          18

**Virtual Mediation with Binding Resolution Rules and Procedures**       **19**
Process and Rules at Each Stage                                          19

**Virtual Standard Arbitration Rules and Procedures**                    **21**
Process and Rules at Each Stage                                          21

**Virtual Expedited Arbitration Rules and Procedures**                   **25**
Process and Rules at Each Stage                                          25
Mass Arbitration Rules and Procedures                                    28

## 1. Types of Proceedings and Pricing

### a. Pricing

#### i. Mediation

1. Standard Mediation   $10000 per case, inclusive of neutral fees.
2. Mediation with Binding Resolution   $15,000 per case, inclusive of neutral fees.

#### ii. Arbitration

1. Standard   $35,000 per case, inclusive of neutral fees.
2. Expedited/Mass Arbitration Cases   $10,000 per case, inclusive of neutral fees.

3. Subscription    Reduced case filing fees (described below), negotiated depending on various factors, including prior litigation history.

iii. General Provisions and Ancillary Services

1. New Era will respect any fee allocation agreement agreed to in advance by the parties.  In the absence of  such a fee allocation provision, the default allocations are as follows:

a. Business to Business    Fees split 50/50.  This includes all standard arbitrations

b. Business  to  Consumer/Employee    Split  98.5%/1.5% business to consumer/employee, respectively, for Standard Arbitrations and Mediations with Binding Resolution; and split    95%/5%    business    to    consumer/employee, respectively, for Expedited Arbitrations and Standard Mediations.

2. Transcription   Additional $1500.  Not available for mediation.

3. Reasoned Decision    Unless it is the default provision to have a reasoned decision such as the Mass Arbitration bellwether or employment context, a reasoned decision will cost an additional $3000.

b. Mediation

i. In General

1. Currently, New Era ADR offers two types of Mediation products: Standard Mediations, and Mediations with a Binding Resolution. All Mediation products are conducted virtually on the New Era ADR platform.

2. The parties will mutually agree on the type of mediation to be used for their case, and New Era ADR will conduct the mediation in accordance with the procedures corresponding to the parties' mutually agreed upon selection.

ii. Standard

1. Standard, non binding mediation processes are conducted entirely on New Era ADR's platform.

2. Expected completion of process = 30 – 60 Days from assignment of a neutral.

iii. With Binding Decision

1. If all the parties agree at the outset, and the mediation fails to achieve a resolution, final arguments will be presented and a binding decision will be issued by the neutral.

2. Expected completion of process = 30 – 60 days from assignment of a neutral.

c. Arbitration
    i. In General
        1. Currently, New Era ADR offers two types of Arbitration products: Standard Arbitrations and Expedited/Mass Arbitrations. All Arbitration products are conducted virtually on the New Era ADR platform.
        2. The parties will mutually agree on the type of arbitration to be used for their case, and New Era ADR will conduct the arbitration in accordance with the procedures corresponding to the parties' mutually agreed upon selection.
        3. In the absence of agreement by the parties as to which type of New Era ADR Arbitration product applies to a particular case, the forum shall be New Era ADR's Standard Arbitration product.
    ii. Standard Arbitrations
        1. Generally sought after for complex and/or more evidence intensive disputes. This product is the most similar to a traditional arbitration, but still wholly virtual and with limited discovery.
        2. Expected duration = <100 days from assignment/selection of a neutral.
    iii. Expedited/Mass Arbitrations
        1. Generally sought after for disputes that would benefit from an even more streamlined process. For example, consumer, employment, or certain commercial disputes. Focused evidence submission and arguments are an essential part of this process.
        2. Expected duration = 45 – 60 days from assignment/selection of a neutral.
        3. Mass Arbitrations
            a. A specific type of expedited arbitration where there are Common Issues of Law and Fact among five or more cases. All mass arbitrations follow the Virtual Expedited Arbitration Rules with a few exceptions (as more fully described in Section 6B), such as neutral selection, Precedent (defined herein), a mandatory non binding settlement conference, and reasoned decisions.
            b. Expected duration = 45 60 days from assignment/selection of a neutral for each bellwether case.

d. Moot Arguments
    i. Partial
        1. Moot portions of your case (e.g. opening/closing statements) or just test arguments and theories, all with one of New Era ADR's experienced neutrals.
        2. Price = Priced on a per case basis

    ii.  **Whole**
1. Moot your entire case.
2. Price = Priced on a per case basis

e. **Subscription Pricing/Additional Services**

    i.  **Subscription Pricing**

1. All pricing for the procedures set forth herein is on a per case basis and includes neutral fees, but subscription pricing is available by contract with New Era ADR.
2. In the absence of subscription pricing, there is only one fee, titled a "case fee," and the default pricing and allocation is set forth in Section 1(a) above.
3. In subscription pricing, there are two components to the case fees:
   a. A "subscription fee" paid on an annual basis.  This fee is paid solely by the subscriber pursuant to contract and lowers the filing fees (as defined herein) for the dispute; and
   b. Actual filing fees per case ("filing fees"), paid by each party to a dispute and which are discounted from the default per case pricing as a result of the subscription fee.
4. Subscription pricing is specific to each subscriber and based on various factors, including, for example, historical litigation data.
5. Example of default vs subscription pricing:
   a. Default Pricing = 100 Mass Arbitration cases at $10,000 per case fee = $1M
   b. Sample of Subscription Fees = 100 Mass Arbitration cases on $250,000 annual subscription fee + $300 per case filing fee = $280,000
6. Under all circumstances, ***all fees are paid up-front.***

    ii.  **Additional Services**

1. Reasoned Decision
   a. The default for any adversarial proceeding on the New Era ADR platform, outside of Mass Arbitration bellwether cases and employment disputes, is the issuance of a standard decision.
   b. Any party can request a reasoned decision for an additional fee.  A reasoned decision provides limited explanation or elaboration for the decision along with a summary of the same.  A standard decision provides the decision without further explanation.
   c. A reasoned decision will not be a full judicial opinion, but will provide the neutral's reasoning and application of the law to the facts of the case.  A reasoned decision *may* include findings of fact and conclusions of law, as required

by law, at additional expense (and likely with the requirement that the parties submit proposed findings of fact and conclusions of law, with record citations) but this is not the default for reasoned decisions.

2. Transcription Services (Coming Soon)
   a. A transcript of any hearing can be requested by any party.
   b. New Era ADR will use a proprietary license for transcription software to transcribe the hearing in real time.
   c. New Era ADR will endeavor to provide the transcript within 24 hours of the completion of the hearing.

## 2. General Rules and Procedures

### a. Applicability

i. All proceedings on the New Era ADR platform are subject to the Terms of Use, the Privacy Policy, and these General Rules and Procedures.

ii. Each proceeding also has its own set of specific rules applicable directly to that particular proceeding. Each appears later in this outline and separately on New Era ADR's website (together, the "Proceeding Specific Rules and Procedures").

iii. In the event an agreement does not include an arbitral statute, the Federal Arbitration Act (FAA) shall govern.

### b. Terms of Use

i. By using the New Era ADR platform, or contractually, you have agreed to be bound by the New Era ADR Terms of Use, the Privacy Policy, these General Rules and Procedures and any applicable Proceeding Specific Rules and Procedures.

ii. You represent that you have read these New Era ADR Rules and Procedures, you agree that New Era ADR provides you a fundamentally fair dispute resolution process, and you agree to be bound by any decision(s) rendered.

iii. For more information, please refer directly to the New Era ADR Terms of Use and the Proceeding Specific Rules and Procedures.

### c. Confidentiality

i. New Era ADR shall maintain the confidentiality of all proceedings except where disclosure is required by law or as New Era ADR deems necessary for a judicial challenge to the result. The neutral may issue additional orders to protect the confidentiality of any portion of the proceeding or evidence and documents submitted.

ii. The parties agree that all communications and evidence will remain confidential and neither party will take any action that would reasonably be expected to lead to unwanted or unfavorable publicity to any other party. This provision does not apply to facts or information gathered outside of the proceeding.

    iii. As noted in the Terms of Use, the services provided herein are governed by Illinois law, and the Location of Proceeding/Choice of Law provisions below indicate that "All New Era ADR proceedings are deemed to take place in the location of the neutral," which may implicate the neutral's forum state's ADR confidentiality laws.  Accordingly, in connection mediation services provided through New Era ADR, all communications between New Era ADR or the neutral on the one hand, and any mediation party, counsel, or other person or allowed to participate in the mediation, whether made during such a mediation or made prior to such a mediation but in furtherance thereof, shall constitute confidential and privileged mediation communications under the Illinois Uniform Mediation Act (710 ILCS 35/1 – 35/16, as amended from time to time) or the neutral's forum state's confidentiality/privilege law.

### d. Decorum/Sanctions

    i. All parties are expected to maintain professional and respectful behavior during the duration of any proceeding(s).  Should any party violate this provision, the neutral(s) and New Era ADR may sanction any party, witness, or participant to the full extent permitted by law; and such sanctions include, but are not limited to, monetary sanctions if allowed in the arbitration agreement amongst the parties, issue preclusion, adverse findings, and awards of attorneys' fees and/or costs if allowed in the arbitration agreement amongst the parties.  No refunds will be granted as a result of proceedings shortened as a result of a violation of this provision.

### e. Location of Proceeding/Choice of Law

    i. Except as stated above regarding Mediation Confidentiality, all New Era ADR proceedings are conducted virtually and are deemed to take place in the venue determined by the neutral regardless of the physical locations of the parties, participants and/or evidence and witnesses.  This does not impact choice of law provisions or other contractually chosen law which will be applied by the New Era ADR neutral.  In determining the merits of the dispute, the neutral shall apply the choice of law previously agreed to by the parties.  In the absence of such agreement, the neutral shall apply the choice of law that he/she/they deem(s) to be most applicable, in their sole discretion.  If there is a dispute over the choice of law, arguments should be made by the parties using messaging on the New Era ADR platform and in accordance with Section 2(z)(ii) of these Rules and Procedure. The neutral may grant any remedy or relief that is just and equitable and within the scope of the parties' agreement or applicable law.

### f. Independent Neutrals/Ultimate Authority/Customized Provisions

    i. New Era ADR affiliated neutrals are independent contractors.  They are not employees of New Era ADR and are not compensated by New Era ADR other than their contractually agreed upon hourly rates or flat fees.

    ii.  New Era ADR affiliated neutrals are the ultimate arbiters of all proceedings on the platform and have full authority to run proceedings as they determine in their sole discretion. Subject to Rule 2.k, herein, the parties otherwise waive any objection to the authority of the neutrals in their proceeding(s).

    iii.  The parties may customize alternative dispute resolution provisions pursuant to the needs of the individual(s) and/or business(es) by written agreement. New Era ADR may honor any such customized alternative dispute resolution provisions, but only to the extent the alternative dispute resolution provisions do not contradict the letter and/or the spirit of New Era ADR's rules and procedures. New Era ADR retains sole discretion to determine whether or not customized alternative dispute resolution provisions can or should be honored, unless New Era ADR has given prior written approval of the customized alternative dispute resolution provisions.

g.  Agreement to Refer Disputes

    i.  By referring disputes to the New Era ADR platform or by naming New Era ADR, in a pre dispute agreement, as the dispute resolution provider to be used in the event of a dispute, you either have a binding agreement that requires dispute resolution through the New Era ADR platform or both/all parties have consented to resolve their disputes on the New Era ADR platform. The claimant(s) may initiate a case on the platform based on either scenario, but the basis for consent (i.e. the contract, terms of use or other agreement) must be identified and a copy provided to New Era ADR.

h.  Fees

    i.  Prior to the commencement of any New Era ADR proceeding, the parties will need to pay the applicable platform fees, which include neutral fees. Accommodation can also be made for parties whose financial position does not allow for payment. No New Era ADR proceeding will commence without payment of all fees owed or agreeable payment terms being reached.

i.  Electronic Service

    i.  The parties consent to electronic service of process with service to be made to the email address provided contractually. Parties using New Era ADR should provide applicable email address(es) for service in their Terms of Use or contracts. Unless a party objects for lack of sufficiency of service, any party appearing in a proceeding waives any objection to service of process.

j.  Assignment of Neutrals

    i.  New Era ADR will provide a panel of a minimum of 3 and up to 8 neutrals for each proceeding unless otherwise provided for herein or in the Proceeding Specific Rules and Procedures. Each such panel will consist of

> neutrals who have the requisite experience to preside over the dispute at issue, in New Era ADR's sole discretion.
>
> ii. In each proceeding, the parties will participate in New Era ADR's standard rank/strike process, outlined below, unless both parties opt to have New Era ADR appoint a neutral from the panel.
>
> iii. New Era ADR's Standard Rank/Strike Process
>
>> 1. Following New Era ADR proposing its panel of neutrals pursuant to these General Rules and Procedures and any Proceeding Specific Rules and Procedures, the parties shall have five (5) business days therefrom to:
>>
>>> a. If 6 or fewer neutrals are proposed as a part of the panel, strike 1 neutral each;
>>>
>>> b. If 7 or more neutrals are proposed as a part of the panel, strike 2 neutrals each.
>>
>> 2. For the remaining neutrals, the parties shall have two (2) more business days to numerically rank them, with #1 being a party's top choice and the quantitatively highest number being the least preferable.
>>
>>> a. If one neutral has the best score (in this instance, the lowest score), then that neutral will be appointed and the proceeding shall move forward.
>>>
>>> b. In the event of a tie, then the neutrals with the worst (quantitatively highest) scores will be dropped and the parties shall re rank the remaining neutrals. The neutral with the lowest score on the re rank will be appointed to the proceeding.
>>>
>>> c. If the re ranked scores remain tied, then within two (2) business days, New Era ADR will randomly select and appoint one of the remaining neutrals.
>
> iv. I  If Respondent does not respond to the complaint within 14 calendar days of receipt of the initial email notice of the complaint from New Era ADR, New Era ADR shall appoint a neutral to preside over the proceeding. If Respondent responds prior to a default award being issued by the neutral, the parties shall undergo New Era ADR's Standard Rank/Strike process to select a neutral for the remainder of the case.
>
> v. If there is more than one attorney for any party(ies) , the attorneys for that party (ies) are responsible for meeting and conferring internally and achieving consensus for purposes of making selections for the rank/strike process.
>
> vi. If a different process for neutral selection is contractually agreed to by the parties, New Era ADR will honor such agreement and/or the resulting neutral selection at its sole discretion.  There will be no delay in the proceeding(s) to accommodate for such alternative neutral selection procedures.

      vii.  Please note that selection of neutral's is always subject to the neutral's availability.

   **k.**   **Conflicts/Replacement of Neutrals**

      i.  Neutrals shall promptly upon initial appointment, check for any actual or potential conflicts of interest and, as soon as practicable:

        1.  If the neutral has an actual conflict of interest, the neutral shall decline the appointment or withdraw if already appointed;

        2.  If the neutral has any disclosures about their background or any potential conflict of interest, the neutral shall make all such disclosures required by law or, if not required by law, that are otherwise appropriate to disclose; the neutral may, thereafter, only serve (or continue to serve), with the consent of the parties or after a New Era ADR determination that the neutral can still maintain impartiality notwithstanding the disclosed matter; and

        3.  If there is an irreconcilable conflict, New Era ADR will appoint the next highest ranked neutral from the Rank/Strike process until a neutral is selected that does not have any existing conflict

      ii.  Party consent to a neutral's service (or continued service) following a disclosure by the neutral is given by either:

        1.  InformingNew Era ADR (and not the neutral) of such express consent; or

        2.  Failing to inform New Era ADR (and not the neutral) of any objection to the neutral within seven (7) calendar days after service of the conflict disclosure.

     iii.  New Era ADR shall make the final determination whether, in its sole discretion, the objection to a neutral's impartiality requires replacement of the neutral.

     iv.  New Era ADR may also otherwise replace a neutral at its sole discretion, upon  what New Era ADR deems a legitimate request orconcern or upon unforeseeable circumstances.  If such a replacement is necessary, New Era ADR will replace the neutral at no additional charge and will provide notification to all parties about the change and a general explanation of why it was necessary.

   **l.**   **Commencement of Proceedings**

      i.  All New Era ADR proceedings are commenced on the New Era ADR platform application.  The system will require contact information for the parties, the attorneys, the nature of the claim(s), the type of damages or relief requested, any counterclaims, and payment by credit card.  The application will guide the parties through the additional steps needed in the process.

   **m.** **Deadlines**

      i.  Once a proceeding is commenced, the neutral will provide dates for hearings, meetings and deadlines for document and evidence submissions.

    ii. All proceedings at New Era ADR are time limited with the following as expected timelines as set forth above:

        1. Mediation = 30 – 60 days from appointment/selection of a neutral

        2. Mediation with a Binding Decision = 30 – 60 days from appointment/selection of a neutral

        3. Expedited arbitration = 45 – 60 days from appointment/selection of a neutral

        4. Standard arbitration = Under 100 days from appointment/selection of a neutral

    iii. You are expected to operate within these general time parameters and be prepared to meet expedited deadlines.  Exceptions may be granted as necessary to ensure a fundamentally fair process, as determined in the discretion of the neutral.

    iv. Failure to adhere to these deadlines may result in a default decision being issued against you.

    v. Neutrals are also expected to maintain these timeframes.

n. **Witnesses**

    i. If a party believes witness testimony would be relevant to the dispute, the party may present that testimony to the neutral in one of three ways: by requesting that the witness attend a hearing before the neutral, by providing a transcript of the witness' deposition testimony, or by submitting an affidavit from the witness. (Please note that some neutrals may not accept or may not find persuasive testimony adduced solely by affidavit, as the opposing party will not have had a chance to subject the affiant to cross examination or the like.)

    ii.

    iii. If a witness refuses to attend, to the extent allowable under applicable law, a party may request that the neutral issue a subpoena which the requesting party must serve on the witness (and, if necessary, seek enforcement in a court of competent jurisdiction) in accordance with applicable law.  The neutral retains discretion on whether or not a subpoena should be issued and the scope of the subpoena.

    iv. The party must allow sufficient time to procure the witness(es)'s attendance prior to any document submission or hearing deadline.  There will be no delays as a result of a party's failure to properly secure witness attendance.

    v. The parties are allowed a maximum of two (2) witnesses at a hearing unless the neutral specifically allows additional witnesses, on good cause shown.

    vi. Live testimony shall be given under oath which shall be administered by the neutral, or as otherwise required or permitted by the neutral's forum state law.

o. **Discovery**

    i. New Era ADR operates on the premise that limitations on discovery are one of the primary ways efficiencies are achieved in arbitration, and

discovery must be narrowly tailored only to the information necessary to advancing a neutral's understanding of the case.  A formal discovery process exists solely in New Era ADR's Standard Arbitration process and is described in Section 5 below.

ii.   If the parties to New Era's Virtual Expedited Arbitration process determine that formal discovery is necessary for their proceeding, they can make a request to be upgraded to New Era ADR's Standard Arbitration process.  If granted, New Era ADR's normal fees for its Standard Arbitration process shall apply.

iii.  Any request for discovery must be submitted to the neutral, at which point the neutral has discretion to determine whether it should be allowed or not

iv.   For specific discovery requests, the parties must timely comply with any discovery request granted by the neutral or a negative inference may be made against the noncompliant party.  The neutral may also impose a sanction against the noncompliant party, including, by way of non exclusive example, entry of a default decision against the non compliant party.

v.

vi.   The parties may customize discovery provisions pursuant to the needs of the individual(s) and/or business(es) by written agreement.  The neutral may honor any such customized discovery provisions, but only to the extent the discovery provisions do not contradict the letter and/or the spirit of New Era ADR's rules and procedures.  The neutral retains sole discretion to determine whether or not customized discovery provisions can or should be honored.

p.  Evidence/Hearings

i.    All evidence must be uploaded to New Era ADR's secure online platform.

ii.   Limits are generally:

1.   30 files for documentary evidence and 50 pages per file exhibit for standard arbitrations; and

2.   the lesser of 10 total files, 25 pages across all files or 25MB of aggregate uncompressed uploads for expedited arbitrations.

iii.  The neutral has discretion to allow evidence in excess of the stated limits as necessary to ensure a fundamentally fair process.

iv.   The neutral shall be the final arbiter of, and has sole discretion regarding, what evidence shall be considered, what weight should be applied to the evidence, and whether evidence should be excluded from consideration, based on fairness, equity, or the law (including, by way of nonexclusive example, on the basis of forum state recognized evidentiary privileges).

v.    Except as required by law, the parties agree not to save, record, or distribute evidence in any way, other than through the New Era ADR system and then only for the purpose of the proceeding.

vi.   The neutral may request additional evidence which the parties shall provide, if available.

vii.   The neutral may request post hearing,supplementary evidence or argument at the neutral's sole discretion.

viii.   Unless the parties agree to the contrary, hearings shall be held in Standard Arbitrations and Bellwether cases in Mass Arbitrations.  In all other Expedited Arbitrations, the neutral may rule solely on the documentary evidence without any virtual hearing.  Discretion lies solely with the neutral in making a determination of whether a hearing is necessary in all non standard or non Bellwether cases.

q.  Evidence Disclosure

i.   Similar to discovery, if a party believes an opposing party has relevant or necessary evidence that they are not disclosing, they can make a request to the neutral that such evidence be provided or disclosed.  The neutral, upon a finding that good cause for the production exists, a decision confined to the neutral's sole discretion, may direct  the opposing party to produce to the requesting party the requested information; in issuing such a direction, the neutral shall make adequate provision to address any claims of privilege.

ii.   Any failure to comply with the neutral's directive to produce may result in a default decision being entered against the non compliant party.

r.  Civil Procedure/Rules of Evidence/Motion Practice

i.   The parties may offer relevant and material  facts and evidence as necessary to facilitate the neutral's understanding of the dispute, but formal Federal and State Rules of Evidence and Rules of Civil Procedure do not apply.

ii.   The neutral has sole discretion in determining the cadence and progression of the proceeding as well as the admissibility, weight, veracity, authenticity, relevance and importance of any evidence or arguments submitted.

iii.   For Standard Arbitrations, motion practice is not allowed unless specific exceptions are made by your neutral, in their sole discretion.  Requests for relief may be made on the platform via the messaging function.  For Expedited Arbitrations, motion practice is not allowed other than for Bellwether cases in Mass Arbitrations, where motion practice is generally not allowed unless specific exceptions are made by your neutral, in their sole discretion.

1.   Dispositive Motions: dispositive motions are not allowed on the New Era ADR platform under these Rules and Procedures under any circumstance.  If there is a threshold issue (i.e. the wrong party is named in the suit) that dictates the case should not move forward under any circumstances, that issue should be raised with the neutral through messaging on the New Era ADR platform.

2.   Discovery Issues: issues related to discovery should be raised with the Neutral through messaging on the New Era ADR platform during the discovery process.  If necessary, such issues may also be included in briefing and raised at the inception of the hearing

as threshold issues so the neutral may rule accordingly, in accordance with Section 2(z)(ii) of these Rules and Procedures. Such issues must be raised at the inception of a hearing in order to be considered and may be revisited, if necessary, in the final briefing.

3. All Other Motions: in any scenario where the neutral has allowed for motions for specific exceptions, such motions must be made at the hearing and at the inception of such hearing for neutral consideration, in accordance with Section 2(z)(ii) of these Rules and Procedures. Any motions not raised in this manner will not be considered. Hearings shall then proceed after the neutral makes their determination with respect to such motions, unless in their sole discretion the hearing must be paused and reconvened later.

s. Transcription

i. The parties may request that a hearing be transcribed. This is done with New Era ADR's proprietary license of transcription software.

ii. New Era ADR will endeavor to deliver the transcript within 24 hours of the completion of the hearing.

t. Settlement

i. Parties may settle their dispute before, during or after the New Era ADR proceeding whether facilitated by a New Era ADR neutral or not.

ii. *Since all New Era ADR fees (inclusive of neutral fees) accrue at the time of filing, no rebates or refunds of any paid fees shall be given (although New Era ADR will consider and may abide by the parties' agreement to shift some or all of the New Era ADR fees from or to any particular party).*

u. Decision/Award

i. In the arbitration context, a decision/award will typically be issued within 7 calendar days after the neutral closes the record (i.e., after all the evidence and post hearing submissions have been received or the deadline for their submission has passed, whichever is sooner). The decision will be non reasoned unless required by law or otherwise set forth herein.

ii. If a party, or the parties, wish(es) to have a reasoned decision, the reasoned decision will typically be issued within 14 calendar days after closing of the record.

iii. A reasoned decision will include the application of the law to the facts of the case as well as the ultimate decision and award, but is not equivalent to a full judicial opinion.

iv. If the parties request findings of fact and conclusions of law, or such findings and conclusions are required by law, additional charges may apply and the issuance of the decision will require additional time beyond the 14 day period set forth above for a reasoned decision.

    v.   Reasoned decisions are the default standard for employment cases and Bellwether cases in Mass Arbitrations.

## v.  Enforcement of Decision/Award

    i.   The parties acknowledge and agree that any decision and/or award is enforceable without further action and waive any objection to the enforceability of the decision or award subject to any rights contained in the Federal Arbitration Act (FAA) or applicable state law.

    ii.   All decisions and/or awards may also be enforced in any state or federal court of competent jurisdiction.

    iii.   In cases where there is a statutory or contractual right to reasonable attorneys' fees and costs for the prevailing party, the neutral has authority to award such fees and costs as if the matter were being heard by a court of competent jurisdiction.  In such an instance, the parties should submit a statement of attorneys' fees and costs along with supporting information with their final briefs.  This additional information will not count against any applicable page or size limits.  The neutral shall identify in the decision/award which party has prevailed on the claim that carries with it prevailing party attorney's fees as an item of relief, and award such fees and costs as they deem reasonable.  .

## w.  Execution of Award/Decision

    i.   If the award/decision requires the payment of monetary damages, the debtor party must pay the amount owed on or before the 14  calendar day after the award was served on the parties unless otherwise noted in the award or decision.  Payment must be made via electronic payment, or certified check/money order sent via a trackable method of shipping.

    ii.   If the award/decision requires non monetary relief, the required action or non action must be taken on or before the 14  calendar day after the award was served on the parties unless otherwise noted in the award or decision.

    iii.   The neutral has the authority to award pre award interest, impose post award interest and/or may order sanctions for non compliance.

    iv.   The neutral also has the authority to award costs and sanctions for frivolous filings, at their sole discretion (however, the neutral shall consider applicable law that may limit or prohibit such sanctions in certain types of cases).

## x.  Common Issues of Law and Fact

    i.   "Common Issues of Law and Fact" means when cases or proceedings present the same, or similar, evidence; present the same, or similar, witnesses; and/or rely on determination of the same, or similar, facts and issues of law.

    ii.   Determination of whether case(s) involve Common Issues of Law and Fact rests solely in the hands of the neutral handling the proceeding or a New Era ADR neutral tasked with making such a determination.

1. Solely for administrative purposes, New Era ADR may group similar cases filed by the same law firm or group of law firms and have them proceed through the Mass Arbitration process unless and until the presiding neutral makes a determination otherwise.

2. New Era ADR makes no determination with respect to issues of law and fact.

3. The presiding neutral will make a determination about whether Common Issues of Law and Fact exist as a threshold issue in determining the case but has sole discretion in determining how such a decision will be made.

   iii. The parties may present evidence and arguments demonstrating that a case or cases do not involve Common Issues of Law and Fact (for example as set forth in the Mass Arbitration Rules and Procedures contained herein) but the neutral's determination of Common Issues of Law and Fact is not appealable.

y.  Precedent

   i. When significant factual findings and legal determinations have been made in one or more proceedings on the platform ("Lead Decisions"), New Era ADR affiliated neutrals may apply these determinations in the same manner and with the same force and effect to the Common Issues of Law and Fact contained in other proceedings that involve Common Issues of Law and Fact with those cases from which the Lead Decisions originated, subject to any rights contained herein.  Such determinations made from the Lead Decisions are known as "Precedent(s)."

   ii. Later filed cases that involve the same or similar Common Issues of Law and Fact, regardless of when they are filed, may be subject to Precedent(s).

   iii. Determinations of whether Common Issues of Law and Fact are present will be determined by the neutral who made the initial legal and factual determinations, unless they are otherwise unavailable, in which case New Era ADR will appoint a new neutral for purposes of these determinations.

z.  Arbitrability/Neutral Discretion

   i. Any question or matter of arbitrability of a dispute shall be determined solely by the neutral(s) provided by New Era ADR Inc. and not in a court of law or other judicial forum.  *The parties agree and acknowledge that they are waiving their right to seek a determination of arbitrability in a court of law or other judicial forum.*

   ii. Any issues that are subject to neutral discretion and arguments from the parties related thereto, arbitrability, governing law, jurisdiction, or otherwise, shall be argued and decided at the regularly-scheduled hearings on the merits of the case, and not through any preliminary hearings or motion practice (subject to Section 2(r)(iii) of these Rules and Procedures).

### aa. Injunctive Relief

i. New Era ADR Inc. and its associated neutral(s) have the power and authority to issue injunctive relief including, but not limited to, temporary restraining orders, preliminary injunctions and permanent injunctions depending on the facts and the circumstances of the case. A party seeking injunctive relief must demonstrate that the legal standard under applicable law has been met and no condition contained herein waives the obligation to make such a demonstration. *In the event a party is seeking temporary, interim, or emergency injunctive relief, each party agrees that New Era ADR will appoint the neutral.*

### bb. Document Retention

i. Documents uploaded to the New Era ADR platform will be retained for sixty (60) calendar days from the termination of the proceeding or the issuance of a decision/term sheet, whichever is later (the "Deletion Deadline"). The parties will be able to download documents for their case file up to the Deletion Deadline at which point all documents from the proceeding will be permanently deleted and inaccessible. New Era ADR does not maintain backup tapes or other redundant storage mechanisms post deletion. You agree to protect, defend, indemnify and hold New Era ADR, its neutrals and their respective organizations, assigns, employees, officers and directors harmless from and against all losses, costs, liabilities, claims, damages and expenses of every kind and character, as incurred, resulting from, relating to or arising out of any deletion of documents after the Deletion Deadline.

### cc. Neutral Immunity

i. The parties agree that use of any New Era ADR neutral's services through the New Era ADR platform does not affect any immunity or other legal protections to which the Neutral, or the Neutral's organization, may otherwise be entitled under applicable law.

### dd. Changes and Amendments to Rules

i. New Era ADR reserves the right to make changes and amendments to these Rules at its discretion and without notice. New Era ADR will endeavor, however, to make changes only once per calendar quarter and provide notice of any changes that substantively affect proceedings.

### ee. Educational and Legal Disclaimer

i. New Era ADR content and resources are not intended to be legal advice and the parties shall not rely on the content or services as legal advice or representations regarding outcomes, negotiation, settlement or insight into another party's behavior or practices.

## 3. Virtual Mediation Rules and Procedures

### a. Process and Rules at Each Stage

i. Claimant Sign Up

      1. Claimant signs up using New Era ADR's simple and secure sign up process located at app.neweraadr.com.

  ii. Claimant Pays Fees

      1. Claimant pays half the fee unless there is a business vs consumer/employee dispute in which case the fee is split 95/5. Examples:

         a. Total Fee = $10,000

         b. Business vs. Business = Claimant pays $5000

         c. Business vs. consumer/employee = Business pays $9500 and individual pays $500

         d. Fees will be reduced if there is a subscription agreement in place.

         e. New Era will respect any other fee allocation agreement agreed to in advance by the parties.

  iii. Respondent Sign Up

      1. Respondent signs up using New Era ADR's simple and secure sign up process at app.neweraadr.com.

  iv. Respondent Pays Fees

      1. Respondent pays half the fee unless there is a business vs individual dispute in which case the fee is split 95/5. Examples:

         a. Total Fee = $10,000

         b. Business vs. Business = Respondent pays $5000

         c. Business vs. Individual = Business pays $9500 and individual pays $500

         d. Fees may be reduced for both parties if there is a subscription agreement in place.

         e. New Era will respect any other fee allocation agreement agreed to in advance by the parties.

  v. Neutral Chosen

      1. A panel of at least 3 but no more than 8 neutrals is provided to the parties for purposes of engaging in New Era ADR's standard rank/strike process.

      2. New Era ADR will strive to provide a panel of neutrals with experience in the particular type of proceeding.

      3. If no agreement can be reached, New Era ADR will appoint a neutral.

  vi. Pre Mediation Conferences are Scheduled and Held

      1. The neutral schedules and holds 30 minute pre mediation conferences with both parties using New Era ADR's scheduling software.

      2. ***Please note these conferences are optional and can be declined when scheduling***.

  vii. Mediation Scheduled

      1. The neutral schedules the mediation using New Era ADR's scheduling software, based on input from the parties.

     viii.  Documents Are Uploaded
- 1. Both parties upload their relevant documents and mediation statements.  These are not visible to any other party, only the neutral.
- 2. There is a limit of 100MB for documents and 15K characters for mediation statements.

     ix.  Mediation is Held
- 1. The mediation is held via the preferred video conferencing software with Zoom as the default.

     x.  Term Sheet
- 1. If a settlement is reached, the mediated settlement term sheet is drafted by the neutral with input from the parties and their attorneys, and executed on the New Era ADR platform via e signature by the parties before the mediation is closed.

## 4. Virtual Mediation with Binding Resolution Rules and Procedures

### a. Process and Rules at Each Stage

     i.  Parties must agree to this process prior to commencement of the mediation along with consent to the mediator converting to an arbitrator in the event the mediation fails.

     ii.  Claimant Sign Up
- 1. Claimant signs up using New Era ADR's simple and secure sign up process located at app.neweraadr.com.

     iii.  Claimant Pays Fees
- 1. Claimant pays half the fee unless there is a business vs consumer/employee dispute in which case the fee is split 98.5/1.5.  Examples:
  - a. Total Fee = $15,000
  - b. Business vs. Business = Claimant pays $7500
  - c. Business vs. consumer/employee = Business pays $14,775 and individual pays $225
  - d. Fees will be reduced if there is a subscription agreement in place.
  - e. New Era will respect any other fee allocation agreement agreed to in advance by the parties.

     iv.  Respondent Sign Up
- 1. Respondent signs up using New Era ADR's simple and secure sign up process at app.neweraadr.com.

     v.  Respondent Pays Fees
- 1. Respondent pays half the fee unless there is a business vs individual dispute in which case the fee is split as describe below. Examples:
  - a. Total Fee = $15,000
  - b. Business vs. Business = Respondent pays $7500

      c. Business vs. Individual = Business pays $14,500 and individual pays $500

      d. Fees will be reduced if there is a subscription agreement in place.

      e. New Era will respect any other fee allocation agreement agreed to in advance by the parties.

  vi. Neutral Chosen

    1. A panel of at least 3 but no more than 8 neutrals is provided to the parties for purposes of engaging in New Era ADR's standard rank/strike process.

    2. New Era ADR will strive to provide a panel of neutrals with experience in the particular type of proceeding.

    3. If no agreement can be reached, New Era ADR will appoint a neutral.

  vii. Pre Mediation Conferences are Scheduled and Held

    1. The neutral schedules and holds 30 minute pre mediation conferences with both parties using New Era ADR's scheduling software.

    2. ***Please note these conferences are optional and can be declined when scheduling***.

  viii. Mediation Scheduled

    1. The neutral schedules the mediation using New Era ADR's scheduling software, based on input from the parties.

  ix. Documents Are Uploaded

    1. Both parties upload their relevant documents and mediation statements.  These are not visible to any other party, only the neutral.  ***Non-placeholder documents must be submitted in this process.***

    2. There is a limit of 100MB for documents and 15K characters for mediation statements.

  x. Mediation is Held

    1. The mediation is held via the preferred video conferencing software with Zoom as the default.

  xi. Term Sheet

    1. If a settlement is reached, the mediated settlement term sheet is drafted by the neutral with input from the parties and their attorneys, and executed on the New Era ADR platform via e signature by the parties before the mediation is closed.

  xii. No Settlement

    1. If no settlement is reached, the mediation moves into the "binding resolution" portion of the proceeding.

  xiii. Exchange of Documents

    1. Once the neutral has advanced the case into the "binding resolution" portion of the proceeding, the documents that were

submitted at the beginning of the mediation will be exchanged between the parties.

2. ***The mediation statements remain confidential and will not be exchanged***.

xiv. Final Arguments

1. The parties will have no more than fourteen (14) days to review the submitted documents and provide final argument briefs to the neutral.

2. Final argument briefs shall not exceed 15K characters.

xv. Decision is Rendered

1. The neutral will render a non reasoned decision within 7 days of receipt of final arguments.

2. A reasoned decision can be requested and will be provided within 14 days of receipt of final arguments.

## 5. Virtual Standard Arbitration Rules and Procedures

### a. Process and Rules at Each Stage

i. Standard Arbitration typically applies to standard commercial disputes that involve typical document volumes and discovery. ***The parties may contractually determine whether certain proceedings fit under Virtual Expedited or Virtual Standard arbitrations, and New Era ADR will respect those contractual agreements***. See Section 1(c)(i) of these Rules and Procedures for more detail.

ii. Claimant Sign Up and Complaint

1. Claimant signs up on the platform using New Era's simple and secure sign up process and submits a Complaint located at app.neweraadr.com.

   a. Complaints, whether or not using New Era's form, must contain each of the following:

      i. The nature of the dispute, including applicable dates and times, parties involved, **as well as the facts specific to the Claimant(s) that gave rise to the dispute. New Era is not a notice pleading platform.** Generalized or generic facts are not sufficient to satisfy this requirement.

      ii. The legal basis upon which the Claimant is seeking such relief, whether state law, federal law, or otherwise.

      iii. The relief sought, whether monetary, non monetary, or both, and the basis for such relief.

   b. Complaints are limited to 10 total pages when complete. No additional exhibits, documents, or evidence is necessary to be attached to the Complaint.

      c. No prefatory or jurisdictional material is required in Complaints unless necessary to any claims or defenses.

  2. Not abiding by these requirements for Complaints may subject Claimant to the Decorum/Sanction rules outlined in Section 2(d) of these Rules and Procedures.

iii. Claimant Pays Fees

  1. Claimant pays half the fee unless there is a business vs individual dispute in which case the fee is split 98.5%/1.5%. Examples:

    a. Total Fee = $35,000

    b. Business vs. Business = Claimant pays $17,500

    c. Business vs. consumer/employee = Business pays $34,475 and consumer/employee pays $525

    d. Fees may be reduced if there is a subscription agreement in place that specifically includes standard arbitrations.

    e. New Era will respect any other fee allocation agreement agreed to in advance by the parties.

iv. Sign Up and Answer

  1. Respondent (a) receives email service of Complaint; (b) signs up on the platform; and (c) responds to the claims and asserts any counterclaims. Claimant will receive Respondent's answer via email once submitted.

  2. Respondent has 21 calendar days to respond or a default judgment may be issued against them. After 14 days with no response, New Era ADR will appoint a neutral and Claimant will be able to access the dispute in order to submit documentation pursuant to Section 6(a)(vii). No default decision shall be made by the neutral without considering the evidence submitted by Claimant.

  3. Answers must follow the same substantive rules as those laid out for Complaints in Section 5(a)(ii)(1) of these Rules and Procedures or Respondent risks facing the same consequences identified therein. Answers on the New Era platform should not follow the traditional method of admitting or denying the paragraph claims, but must provide substantive information and facts surrounding the responses and defenses to the claims.

v. Respondent Pays Fees.

  1. Respondent pays half the fee unless there is a business vs consumer/employee dispute in which case the fee is split 98.5%/1.5%. Examples:

    a. Total Fee = $35,000

    b. Business vs. Business = Respondent pays $17,500

    c. Business vs. consumer/employee = Business pays $34,475 and consumer/employee pays $525

    d. Fees may be reduced if there is a subscription agreement in place that specifically includes standard arbitrations.

    e. New Era will respect any other fee allocation agreement agreed to in advance by the parties.

   vi. Neutral is Chosen

      1. The parties will engage in New Era's standard rank/strike process.

      2. The parties may opt out of New Era's standard rank/strike process, but only if agreed to by both parties.

   vii. Parties Upload Their Documents

      1. Both Claimant(s) and Respondent(s) upload the relevant documents and their initial arguments.

      2. Both parties must upload their documents within 14 calendar days of the appointment of the neutral.

      3. Uploads are limited to the lesser of 20 total files, 25 total pages for each file or 50MB of aggregate uncompressed uploads.

      4. The neutral has discretion to allow evidence in excess of the stated limits as necessary to ensure a fundamentally fair process.

   viii. Documents Are Exchanged

      1. Once all documents are submitted, they are digitally exchanged between the parties.

   ix. Discovery Process

      1. Following document exchange, the parties may make a request to their neutral for formalized discovery. There is no plenary right to discovery; instead, formal discovery under these rules is only allowed by order of the neutral and then only on good cause shown.  The request must be made within seven (7) days of the exchange of documents.

      2. If the request for discovery is granted, each side must submit no more than ten (10) requests for production ("RFPs") that are narrowly tailored to discover only information relevant to the arbitration as well as no more than twenty (20) search terms (the "Search Terms") they want run against the opposing party's documents through the New Era ADR discovery portal. These RFPs and Search Terms must be submitted within four (4) calendar days of service of the order granting discovery.  Parties should also submit additional search terms necessary for an initial privilege and redaction review.  The neutral has discretion to allow submissions in excess of the stated limits as necessary to ensure a fundamentally fair process.

      3. Each party shall have the opportunity to raise a written objection to the other party's submission of RFPs and Search Terms using the New Era platform's messaging function. If no such objection is raised after four (4) calendar days from the submission of the RFPs and Search Terms, the RFPs and Search Terms shall be deemed accepted and final. The Neutral will endeavor to review any such objections made and issue a decision with respect thereto within four (4) calendar days of the raised objection.

4.
5. The parties will submit their universe of documents that are responsive to the RFPs and Search Terms to the New Era ADR discovery portal within fourteen (14) days of approval of the RFPs and Search Terms.
6. The parties' universe of documents will be submitted to New Era ADR's third party document review provider who will utilize e discovery tools to review and determine responsiveness based on the Search Terms.  Within fourteen (14) calendar days of the submission to the third party document review provider, a responsive document subset will be submitted back to the parties (a party's "**Responsive Documents**").
7. The parties will have seven (7) calendar days from receipt of the Responsive Documents from New Era ADR's third party document review provider to perform a privilege, relevance, redaction and confidentiality review.  The parties must then submit their final set of documents along with any privilege or relevance log to the New Era ADR portal (the "**Final Discovery Package**").  Any privilege and relevance log must contain sufficient information for the neutral to determine whether the document can be fairly excluded from the Final Discovery Package.
8. Each party shall have the opportunity to raise a written objection to the other party's submission of the Final Discovery Package using the New Era platform's messaging function. If no such objection is raised after seven (7) calendar days from the submission of the Final Discovery Package, the Final Discovery Package shall be deemed accepted and final. The Neutral will endeavor to review any such objections made and issue a decision with respect thereto within seven (7) calendar days of the raised objection. The neutral may also unilaterally review the Final Discovery Package for background information related to the arbitration.
9.
10. The total discovery timeline is approximately fifty (50) days. During this fifty day time period, each party may take up to three (3) depositions and submit up to three (3) affidavits to the discovery portal.  Requests for depositions must be made on the New Era ADR discovery portal and provide adequate justification for their necessity.  The neutral has the discretion to grant any valid request and any opposing party must comply with such a grant.  If a party believes a subpoena for testimony is necessary, they may request a subpoena and the neutral has the authority under these Rules and Procedures to issue such subpoena.  The requesting party shall be responsible to have the subpoena served on the deponent in the manner required by law.

x. Hearing is Scheduled and Held
1. The neutral schedules the arbitration hearings using New Era ADR's scheduling software, based on input from the parties.
2. The hearings are held via the neutral's preferred video conferencing software, with Zoom as the default.

xi. Final Arguments Are Submitted
1. Within 14 days of the conclusion of the hearings, both parties must submit final arguments based on the documents and initial arguments submitted earlier in the proceeding.
2. Final arguments are limited to 30,000 characters.
3. No jurisdictional or prefatory material is necessary in the final arguments, just the caption and substantive arguments.

xii. Decision is Rendered
1. The neutral will typically render a non reasoned decision within 7 calendar days of receipt of final arguments, or other date mutually agreed to by the parties.
2. A reasoned decision can be requested and will typically be provided within 14 calendar days of receipt of final arguments, or other date mutually agreed to by the parties.
3. As stated above, if the parties request findings of fact and conclusions of law, or such findings and conclusions are required by law, additional charges may apply and the issuance of the decision will require additional time beyond the 14 day period set forth above for a reasoned decision.

## 6. Virtual Expedited Arbitration Rules and Procedures

### a. Process and Rules at Each Stage

i. Virtual Expedited Arbitration typically applies to consumer, employment and other commercial disputes that are not document or discovery intensive. ***The parties may contractually determine whether certain proceedings fit under Virtual Expedited or Virtual Standard arbitrations, and New Era ADR will respect those contractual agreements***. See Section 1(c)(i) of these Rules and Procedures for more detail.

ii. Claimant Sign Up and Complaint
1. Claimant signs up on the platform using New Era's simple and secure sign up process and submits Complaint located at app.neweraadr.com.
   a. Complaints, whether using New Era's form or not, must contain the following:
      i. The nature of the dispute, including applicable dates and times, parties involved, as well the facts specific to the Claimant(s) that gave rise to the dispute. New Era is not a notice pleading platform. Generalized or generic facts are not sufficient to satisfy this requirement. You may assert claims as

        omnibus claims that are substantially identical across Complaints in a Mass Arbitration.

  ii. The legal basis upon which the Claimant is seeking such relief, whether state law, federal law, or otherwise.

  iii. The relief sought, whether monetary, non monetary, or both and the basis for such relief.

 b. Complaints are limited to 10 total pages when complete. No additional exhibits, documents, or evidence is necessary to be attached to the Complaint.

 c. No prefatory or jurisdictional material is required in Complaints unless necessary to any claims or defenses.

 d. Not abiding by these requirements for Complaints may subject Claimant to the Decorum/Sanction rules outlined in Section 2(d) of these Rules and Procedures.

iii. Claimant Pays Fees

 1. Claimant pays half the fee unless there is a business vs individual dispute in which case the fee is split 95/5. Examples:

  a. Total Fee = $10,000

  b. Business vs. Business = Claimant pays $5000

  c. Business vs. consumer/employee = Business pays $9500 and consumer/employee pays $500

  d. Fees will be reduced if there is a subscription agreement in place.

  e. New Era will respect any other fee allocation agreement agreed to in advance by the parties.

iv. Sign Up and Answer

 1. Respondent (a) receives email service of Complaint; (b) signs up on the platform; and (c) responds to the claims and asserts any counterclaims. Claimant will receive Respondent's answer via email once submitted.

 2. Respondent has 21 days to respond or a default award may be issued against them. After 14 days with no response, New Era ADR will appoint a neutral and Claimant will be able to access the dispute in order to submit documentation pursuant to 6(a)(vii). No default decision shall be made by the neutral without considering the evidence submitted by Claimant.

 3. Answers must follow the same substantive rules as those laid out for Complaints in Section 6(a)(ii)(1) of these Rules and Procedures or Respondent risks facing the same consequences identified therein. Answers on the New Era platform should not follow the traditional method of admitting or denying the paragraph claims, but must provide substantive information and facts surrounding the responses and defenses to the claims. Answer(s) can be

omnibus answers that apply to substantially identical claims in Mass Arbitrations.

    v. Respondent Pays Fees

        1. Respondent pays half the fee unless there is a business vs consumer/employee dispute in which case the fee is split 95/5. Examples:

            a. Total Fee = $10,000

            b. Business vs. Business = Respondent pays $5000

            c. Business vs. consumer/employee = Business pays $9500 and consumer/employee pays $500

            d. Fees will be reduced if there is a subscription agreement in place.

            e. New Era will respect any other fee allocation agreement agreed to in advance by the parties.

    vi. Neutral is Appointed

        1. The parties will engage in New Era's standard rank/strike process.

        2. The parties may opt out ofNew Era's standard rank/strike process, but only if agreed to by both parties.

    vii. Parties Upload Their Documents

        1. Both Claimant(s) and Respondent(s) upload the relevant documents and their initial arguments.

        2. Both parties must upload their documents within 14 days of the appointment of the neutral.

        3. Uploads are limited to the lesser of 10 total files, 25 total pages for each file or 25MB of aggregate uncompressed uploads.

        4. The neutral has discretion to allow evidence in excess of the stated limits as necessary to ensure a fundamentally fair process.

    viii. Documents Are Exchanged

        1. Once all documents are submitted, they are digitally exchanged between the parties.

    ix. Hearing is Set and Held or Denied

        1. The neutral will, in their sole discretion, decide if a hearing is necessary based on the submissions.

        2. If the neutral decides a hearing is necessary, it will be scheduled using the New Era ADR scheduling software.

        3. The neutral has discretion to rule solely on the documents.

    x. Final Arguments Are Submitted

        1. Within 14 days of the conclusion of the hearing, or the neutral's ruling that no hearing is necessary, both parties must submit final arguments based on the documents and initial arguments submitted earlier in the proceeding.

        2. Final arguments are limited to 15K characters.

        3. No jurisdictional or prefatory material is necessary in the final arguments, just the caption and substantive arguments.

    xi. Decision is Rendered

    1. The neutral will render a non reasoned decision within 7 days of receipt of final arguments, or other date mutually agreed to by the parties.

    2. A reasoned decision can be requested and will be provided within 14 days of receipt of final arguments, or other date mutually agreed to by the parties.

b. **Mass Arbitration Rules and Procedures**

    i. Subset of Virtual Expedited Arbitration Rules and Procedures

        1. The Mass Arbitration Rules and Procedures are a subset of the Virtual Expedited Arbitration Rules and Procedures and shall apply to any Mass Arbitration where the parties have selected the Virtual Expedited Arbitration process in their arbitration agreement.

        2. In the case of any conflict between the two sets of rules and procedures, the Virtual Expedited Arbitration Rules and Procedures will apply

    ii. General

        1. Mass Arbitrations are defined as arbitration claims filed on the New Era Platform (a) that number more than five (5), and (b) that arise out of Common Issues of Law and Fact, as defined in Section 2(x) above.

        2. If multiple cases are similar but do not arise out of Common Issues of Law and Fact, as determined in the discretion of the governing neutral, each such case will be adjudicated outside of the Mass Arbitration process under New Era ADR's standard Virtual Expedited Arbitration procedures.

            a. Ultimate authority in determining whether each case arises out of Common Issues of Law and Fact rests with the presiding neutral.

            b. Solely for administrative purposes, New Era ADR may group similar cases filed by the same law firm or group of law firms and have them proceed through the Mass Arbitration process unless and until the presiding neutral makes a determination otherwise. New Era ADR makes no determination with respect to issues of law and fact.

        3. Bellwether cases will be subject to the timeframes set forth in the Virtual Expedited Arbitration Rules unless otherwise set forth in the Mass Arbitration Rules and Procedures.

        4. All cases must be filed individually on New Era ADR's Virtual Expedited Arbitration platform.

    iii. Process and Rules at Each Stage

        1. Step 1: Filing and Neutral(s)

            a. First, all cases are filed on the New Era ADR Virtual Expedited Arbitration platform located at

app.neweraadr.com in accordance with Section 6(a) of these Rules and Procedures.

    b. Next, New Era ADR will provide a panel with at least 3 and up to 8 neutrals.

    c. The parties will then participate in New Era ADR's standard rank/strike process.

    d. If there is more than one attorney or law firm for the claimant(s), respectively, or respondent(s), respectively, the attorneys for each side are responsible for meeting and conferring internally and achieving consensus for that side.

    e. If no consensus is reached, New Era ADR will assign a neutral.

    f. New Era ADR retains the right to provide more than one neutral for a particular Mass Arbitration.

    g. New Era ADR will endeavor to assign any later filed cases to the same neutral(s).

    h. The rank/strike process will not proceed until all fees are paid as set forth in Step 2.

2. Step 2: Fees Are Paid

    a. The default case fees follow New Era ADR's standard fees pursuant to Sections 1(a)(i) and (ii) of these Rules and Procedures, unless either party has a subscription agreement in place with New Era ADR, in which case the subscription fees and filing fees will be determined pursuant to such agreement.

    b. Fees are allocated pursuant to the parties' contractual agreement and paid at this time, or if the contract does not provide for an allocation, the default allocation set forth in Section 1(a)(iii) herein shall apply.

    c. Financial Hardship Affidavits are available.

    d. Beyond the default division of case fee responsibility, there are no prohibitions or other New Era ADR rules related to how fees need to be, or should be, allocated.

3. Step 3: Virtual Expedited Arbitration/Bellwether Cases

    a. The presiding neutral will make a determination about whether Common Issues of Law and Fact exist as a threshold issue in determining the case but has sole discretion in determining how such a decision will be made.

    b. Claimant(s), collectively on the one hand, and Respondent(s), collectively on the other hand, will each select one "Bellwether Case" from all the cases that were filed. If there are multiple attorneys for the claimant(s) or respondent(s) they are responsible for meeting and conferring to determine their selection of the bellwether

case. A third Bellwether Case will be selected through a process to be determined by the neutral so that there are three initial Bellwether Cases.

c. The Bellwether Cases must be selected within 14 days of selection of the neutral(s).

d. Bellwether Cases will be decided by the same neutral who was chosen from the Rank and Strike process, and that neutral shall have the discretion to increase the number of Bellwether Cases prior to any of them proceeding, but only if it is necessary to allow for a fundamentally fair process. Each party is entitled to an equal number of Bellwether Cases.

e. The Bellwether Cases will proceed individually, but parallel to the extent possible, through New Era ADR's Virtual Expedited Arbitration Process with the exception that document uploading must be done within 14 days of the selection of the Bellwether Cases.

4. Step 4: Lead Decision(s)/Settlement Conference

a. Following the virtual expedited arbitrations of the Bellwether Cases, a Lead Decision is rendered in each of the Bellwether Cases. The Lead Decisions will be reasoned so that Precedent(s) may be applied.

b. Following the issuance of the Lead Decisions, the parties shall participate in a mandatory ***non-binding*** settlement conference on the New Era ADR platform with the same neutral who presided over the Bellwether Cases. If there are multiple attorneys for the claimant(s), respectively, or respondent(s), respectively, they are responsible for meeting and conferring to determine their selection of a representative group for purposes of participation in the settlement conference.

c. If the settlement conference results in a settlement, claimants and/or respondents may opt their particular case out of the results of the settlement conference, if any, but each such case will be subject to the remainder of the process outlined in this Section 6(b)(iii) of these New Era ADR Rules and Procedures and be considered "Remaining Cases," as that term is defined below.

d. If the settlement conference does not result in a settlement, each party shall provide the neutral with the case(s) that such party believes involve individualized issues of law and/or fact that should not be subject to Precedent (the "Remaining Cases"), if any. The Remaining Case(s) can be identified at the settlement conference, but

must be identified within seven (7) days of the end of the settlement conference.

5. Step 5: Application of Precedent(s)

   a. In the absence of a settlement, the determinations made from the Lead Decisions in the Bellwether Cases will act as Precedent on subsequent cases with Common Issues of Law and Fact as applied to those Common Issues of Law and Fact, solely as determined by New Era ADR affiliated neutral(s).

   b. In all such additional cases, even if later filed, the Precedent(s) shall be applied in the manner identified in the immediately preceding paragraph.

6. Step 6: Case Analysis and Removal Right

   a. For Remaining Cases, the neutral will create a process for handling and resolving individualized issues of law and fact to ensure fundamental fairness and equity.

   b. Precedent will still apply to all Common Issues of Law and Fact in the Remaining Cases.

   c. Only if a party can demonstrate that there are no Common Issues of Law and Fact will a case be removed from the Mass Arbitration (a "Removal Case"). In such a case, the Removal Case will start *de novo* as a stand alone Virtual Expedited Arbitration. The applicable case fee shall apply to this *de novo* proceeding.

7. No Appeal

   a. No appeal is permitted from the decision(s) unless otherwise specified in the contractual agreement between the parties.

8.