QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin Y. Teruya (Bar No. 235916)
   kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
   adamwolfson@quinnemanuel.com
  William R. Sears (Bar No. 330888)
   willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

KELLER LENKNER LLC
  Warren Postman (Bar No. 330869)
   wdp@kellerlenkner.com
  Albert Pak (admitted *pro hac vice*)
   albert.pak@kellerlenkner.com
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
Telephone: (202) 918-1123

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>            Defendants. | CASE NO. 2:22-cv-00047-GW-GJS<br><br>**DECLARATION OF ALBERT Y. PAK IN SUPPORT OF PLAINTIFFS' MOTION FOR DISCOVERY RELATED TO WHETHER A VALID ARBITRATION AGREEMENT EXISTS**<br><br>The Honorable George H. Wu |

I, Albert Pak, declare as follows:

1. I am an Associate at the law firm of Keller Lenkner LLC, counsel for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts ("Plaintiffs"). I make this declaration in support of Plaintiffs' Motion for Discovery Related to Whether a Valid Arbitration Agreement Exists. I have personal knowledge of the facts stated herein, except as to matters stated on information and belief, and as to those matters, I am informed and believe them to be true. If called upon to do so, I could and would testify competently to the matters set forth below.

2. On information and belief, New Era ADR recently explained to its investors that it delivers on its stated mission of helping businesses to handle and to settle a higher volume of consumer disputes through its self-described "mass arbitration/class action risk-reducing subscription solution."

3. On information and belief, New Era ADR recently reported to its investors that, in its "first eight months" of operations in 2021, it had secured "a multi-year subscription deal [with a] major Fortune 500 anchor client."

4. On information and belief, New Era ADR recently touted to its investors that, in 2021, it had secured "$350,000 in annual recurring revenue."

5. I have conducted an online search for businesses' consumer-facing terms and conditions that designate New Era ADR as the dispute resolution forum. Upon that investigation, I identified only two websites that designated New Era ADR in 2021 as the dispute resolution forum pursuant to a subscription agreement: (1) ticketmaster.com (https://help.ticketmaster.com/s/article/Terms-of-Use); and (2) livenation.com (https://help.livenation.com/s/article/Terms-of-Use).

6. On information and belief, New Era ADR recently highlighted to its investors that it had grown in 2021 with the "strong support of an AmLaw 100 law firm" that "refer[s] prospective clients to us."

7. Latham & Watkins, LLP, is an AmLaw 100 law firm. It is counsel for Defendants Live Nation Entertainment, Inc., and Ticketmaster LLC ("Defendants") in this matter, and it was counsel for Defendants throughout 2021 in *Oberstein v. Live Nation*, 2:20-cv-03888 (C.D. Cal.), including on May 14, 2021, when they filed a supplemental brief in support of its motion to compel arbitration to JAMS under Defendants' old arbitration agreement, as well as on July 2, 2021, when they changed their Terms of Use to designate New Era ADR as the dispute resolution forum pursuant to a subscription agreement.

8. On January 1, 2022, Soho Desert House updated its Terms and Conditions to designate New Era ADR as the dispute resolution forum pursuant to a subscription agreement (https://www.sohohouse.com/en-us/terms-and-policies/soho-desert-house). Upon aforementioned investigation, Soho Desert House is the only other business other than Defendants to have designated New Era ADR as the dispute resolution forum pursuant to a subscription agreement. And on information and belief, Soho House Group is a longtime client of Latham & Watkins, LLP.

9. New Era ADR has filed various forms with the Securities and Exchange Commission, including a Notice of Exempt Offering of Securities on August 21, 2020 (https://www.sec.gov/Archives/edgar/data/1801239/000180123920000004/xslFormDX01/primary_doc.xml). That filing was executed by Jordan M. Litwin. On information and belief, Mr. Litwin previously practiced law with Latham & Watkins.

10. On information and belief, New Era ADR admits that several of the purportedly neutral arbitrators who would serve as arbitrators on cases administered by New Era ADR are investors in New Era ADR who own "a small stake in New Era from their service as advisors to [the] company."

11. On March 15, 2022, my co-counsel sent to Defendants' counsel the draft discovery requests that Plaintiffs intended to serve on Defendants and on New Era ADR, for the purpose of conveying to Defendants the type of discovery Plaintiffs believed were appropriate in connection with Defendant' motion to compel arbitration.

12. On March 21, 2022, the parties met and conferred by videoconference regarding Plaintiffs' discovery requests. Defendants stated that their position was that no discovery was appropriate.

I declare under penalty of perjury that the foregoing is true and correct. Signed on April 6, 2022 in Washington, D.C.

*/s/ Albert Y. Pak*
Albert Y. Pak