# EXHIBIT B

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
  William R. Sears (Bar No. 330888)
  willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

KELLER LENKNER LLC
  Warren Postman (Bar No. 33069)
  wdp@kellerlenkner.com
  Albert Pak (admitted *pro hac vice*)
  albert.pak@kellerlenkner.com
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
Telephone:  (202) 918-1123

Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | CASE NO. 2:22-cv-00047-GW-GJ<br><br>**[DRAFT] PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**<br><br>The Honorable George H. Wu<br><br>**Jury Trial on Arbitration Issues Demanded** |

*Draft – All Rights Reserved*

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Section 4 of the Federal Arbitration Act, Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all others similarly situated ("Plaintiffs"), by and through their undersigned counsel, hereby request that Defendants Live Nation Entertainment, Inc. and Ticketmaster LLC (together, "Defendants") produce for inspection and copying the documents and things set forth below to the office of Quinn Emanuel Urquhart & Sullivan, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017, within thirty (30) days of service.

## DEFINITIONS

These requests for production are subject to and incorporate the following definitions and instructions as used herein:

1.  The term "COMMUNICATION(S)" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail.

The term "DOCUMENT(S)" shall have the broadest meaning ascribed to them by the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic

*Draft – All Rights Reserved*

documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a separate document within the meaning of this term). The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

2. The term "DEFENDANTS" shall refer to TICKETMASTER and LIVE NATION, or either of them.

3. The term DOCUMENT(S) shall include COMMUNICATIONS.

4. The term "LIVE NATION" shall refer to Live Nation Entertainment, Inc., including all of its parents, subsidiaries, affiliates, agents, and representatives.

5. The term "NEW ERA ADR" shall refer to New Era ADR, Inc., and any of its parents, subsidiaries, affiliates, representatives, or agents.

6. The term "PERSON(S)" shall refer to any legal entity, including but not limited to natural persons, corporations, partnerships, firms, and/or associations, and any parent, subsidiary, division, department, or affiliate thereof.

7. The term "TICKETMASTER" shall refer to Ticketmaster LLC, including all of its parents, subsidiaries, affiliates, agents, and representatives.

8. "TICKETMASTER" shall refer to Ticketmaster LLC.

9. The terms "RELATING TO," "RELATED TO," "REFERRING TO," "REFER OR RELATE TO," or "REGARDING" shall mean concerning, mentioning, reflecting, pertaining to, evidencing, identifying, incorporating, summarizing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

10. The terms "YOU" and "YOUR" shall refer to DEFENDANTS.

*Draft – All Rights Reserved*

11. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "Including" means "including but not limited to." The terms "any," "all," "each," "every," "and," "or," and "and/or" as used herein shall be construed as appropriate to bring within the scope of these requests information and DOCUMENTS which might otherwise be interpreted to be beyond their scope. Words in the masculine, feminine or neuter form shall include each of the other genders.

### INSTRUCTIONS

1. YOU are required to produce all non-privileged DOCUMENTS in YOUR possession, custody, or control, including information in the possession, custody, or control of any of YOUR attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and PERSONS under YOUR control.

2. Each DOCUMENT is to be produced along with all non-identical versions thereof in their entirety, without abbreviation or redaction.

3. All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

4. All DOCUMENTS that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

5. Color copies of DOCUMENTS are to be produced where color is necessary to interpret or understand the contents.

6. The source(s) or derivation of each DOCUMENT produced shall be specifically identified.

7. Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which

*Draft – All Rights Reserved*

they were derived sufficient to permit rendering the records and information intelligible.

8. Unless otherwise indicated in a particular request, the request is limited in time from 2019 through the present.

9. YOU are under a continuous obligation to supplement YOUR responses to these requests under the circumstances specified in Federal Rule of Civil Procedure 26(e).

10. In the event that any DOCUMENT called for by the following Requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copy(s); (ii) the DOCUMENT'S date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts upon which YOU would base YOUR claim of privilege or immunity.

11. In the event that any DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copy(s); (ii) the DOCUMENT'S date, number of pages and attachments or appendices; (iii) the DOCUMENT'S subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the PERSONS who were authorized to carry out such destruction or discard; and (vi) whether any copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

*Draft – All Rights Reserved*

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.:**

All of YOUR COMMUNICATIONS with NEW ERA ADR, including all of YOUR COMMUNICATIONS with NEW ERA ADR about NEW ERA ADR's Rules and Procedures, NEW ERA ADR's Terms and Conditions, and/or the terms of YOUR subscription agreements with NEW ERA ADR.

**REQUEST FOR PRODUCTION NO. 2.:**

All of YOUR contracts with NEW ERA ADR, including all of YOUR subscription agreements with NEW ERA ADR.

**REQUEST FOR PRODUCTION NO. 3.:**

DOCUMENTS sufficient to show the dates and amounts of all of YOUR payments to NEW ERA ADR.

**REQUEST FOR PRODUCTION NO. 4.:**

All DOCUMENTS that REFER OR RELATE TO mass arbitration.

**REQUEST FOR PRODUCTION NO. 5.:**

All DOCUMENTS that REFER OR RELATE TO YOUR decision to update YOUR Terms of Use to change the designated ADR forum from JAMS to NEW ERA ADR.

*Draft – All Rights Reserved*

DATED: March ____, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Adam B. Wolfson*
Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
William R. Sears (Bar No. 330888)
willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Plaintiffs* Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated

KELLER LENKNER LLC

By /s/ *Warren D. Postman*
Warren Postman (Bar No. 33069)
wdp@kellerlenkner.com
Albert Pak (admitted *pro hac vice*)
albert.pak@kellerlenkner.com
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
(202) 918-1123

*Attorneys for Plaintiffs* Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated

*Draft – All Rights Reserved*

# CERTIFICATE OF SERVICE

I hereby certify that on ▓▓▓▓▓▓▓▓, a copy of PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS was served via electronic mail to counsel for Defendants.

DATED: ▓▓▓▓▓▓▓▓         QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ William R. Sears*
   Attorney for Plaintiffs