# EXHIBIT D

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
  William R. Sears (Bar No. 330888)
  willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER LENKNER LLC
  Warren Postman (Bar No. 33069)
  wdp@kellerlenkner.com
  Albert Pak (admitted *pro hac vice*)
  albert.pak@kellerlenkner.com
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
Telephone: (202) 918-1123

Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>    Defendants. | CASE NO. 2:22-cv-00047-GW-GJ<br><br>**[DRAFT] PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS IN A CIVIL ACTION TO NEW ERA ADR**<br><br>The Honorable George H. Wu<br><br>**Jury Trial on Arbitration Issues Demanded** |

*Draft – All Rights Reserved*

# APPENDIX A
# DEFINITIONS

This subpoena is subject to and incorporates the following definitions and instructions as used herein:

1. The term "TICKETMASTER" shall refer to Ticketmaster LLC, including all of its parents, subsidiaries, affiliates, agents, and representatives.

2. The term "LIVE NATION" shall refer to Live Nation Entertainment, Inc., including all of its parents, subsidiaries, affiliates, agents, and representatives.

3. The term "LATHAM & WATKINS" means Latham & Watkins, LLP, including all of its agents and representatives.

4. The term "DEFENDANTS" shall refer to TICKETMASTER and LIVE NATION, or either of them.

5. The term "PERSON(S)" shall refer to any legal entity, including but not limited to natural persons, corporations, partnerships, firms, and/or associations, and any parent, subsidiary, division, department, or affiliate thereof.

6. The terms "NEW ERA ADR," "YOU," and "YOUR" shall refer to New Era ADR, Inc., including all of its parents, subsidiaries, affiliates, agents, and representatives.

7. The term "COMMUNICATION(S)" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail.

8. The term "DOCUMENT(S)" shall have the broadest meaning ascribed to them by the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on

*Draft – All Rights Reserved*

which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a separate document within the meaning of this term). The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not. The term DOCUMENT(S) shall include COMMUNICATIONS.

9. The terms "RELATING TO," "RELATED TO," "REFERRING TO," "REFER OR RELATE TO," or "REGARDING" shall mean concerning, mentioning, reflecting, pertaining to, evidencing, identifying, incorporating, summarizing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "Including" means "including but not limited to." The terms "any," "all," "each," "every," "and," "or," and "and/or" as used herein shall be construed as appropriate to bring within the scope of these requests information and DOCUMENTS which might otherwise be interpreted to be beyond their scope. Words in the masculine, feminine or neuter form shall include each of the other genders.

*Draft – All Rights Reserved*

# INSTRUCTIONS

1. YOU are required to produce all non-privileged DOCUMENTS in YOUR possession, custody, or control, including information in the possession, custody, or control of any of YOUR attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and PERSONS under YOUR control.

2. Each DOCUMENT is to be produced along with all non-identical versions thereof in their entirety, without abbreviation or redaction.

3. All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

4. All DOCUMENTS that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

5. Color copies of DOCUMENTS are to be produced where color is necessary to interpret or understand the contents.

6. The source(s) or derivation of each DOCUMENT produced shall be specifically identified.

7. Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

8. Unless otherwise indicated in a particular request, the request is limited in time from 2019 through the present.

9. In the event that any DOCUMENT called for by the following Requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s),

Exhibit D
Page 55

*Draft – All Rights Reserved*

addressee(s) and any indicated or blind copy(s); (ii) the DOCUMENT'S date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts upon which YOU would base YOUR claim of privilege or immunity.

10. In the event that any DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copy(s); (ii) the DOCUMENT'S date, number of pages and attachments or appendices; (iii) the DOCUMENT'S subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the PERSONS who were authorized to carry out such destruction or discard; and (vi) whether any copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.:**

All of YOUR COMMUNICATIONS with DEFENDANTS and/or LATHAM & WATKINS, including all of YOUR COMMUNICATIONS with DEFENDANTS and/or LATHAM & WATKINS about YOUR Rules and Procedures, YOUR Terms and Conditions, and the terms of YOUR subscription agreements with DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 2.:**

All of YOUR contracts with DEFENDANTS, including all of DEFENDANTS' subscription agreements with YOU.

Exhibit D
Page 56

*Draft – All Rights Reserved*

**REQUEST FOR PRODUCTION NO. 3.:**

DOCUMENTS sufficient to show the dates and amounts of each and every payment to YOU from DEFENDANTS and/or LATHAM & WATKINS.

**REQUEST FOR PRODUCTION NO. 4.:**

All drafts of YOUR Rules and Procedures.

**REQUEST FOR PRODUCTION NO. 5.:**

All drafts of YOUR Terms and Conditions.

**REQUEST FOR PRODUCTION NO. 6.:**

All DOCUMENTS used to advertise NEW ERA ADR.

**REQUEST FOR PRODUCTION NO. 7.:**

All DOCUMENTS used in connection with YOUR efforts to raise capital, including the efforts that led to investments from Alumni Ventures Group, Motivate Venture Capital, and/or Purple Arch Ventures.

**REQUEST FOR PRODUCTION NO. 8.:**

All subscription agreements YOU have entered into, with DEFENDANTS or otherwise.

**REQUEST FOR PRODUCTION NO. 9.:**

DOCUMENTS sufficient to show the information required to be published by YOU under California Code of Civil Procedure 1281.96, Maryland Commercial Law §§ 14-3901 to 3905, and/or New Jersey Statutes § 2A:23B-1 *et seq*.

*Draft – All Rights Reserved*

**REQUEST FOR PRODUCTION NO. 10.:**

All DOCUMENTS that REFER OR RELATE TO mass arbitration.

DATED:  March _____, 2022

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Adam B. Wolfson*
Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
William R. Sears (Bar No. 330888)
willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Plaintiffs* Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated

KELLER LENKNER LLC

By  /s/ *Warren D. Postman*
Warren Postman (Bar No. 33069)
wdp@kellerlenkner.com
Albert Pak (admitted *pro hac vice*)
albert.pak@kellerlenkner.com
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
(202) 918-1123

*Attorneys for Plaintiffs* Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated

*Draft – All Rights Reserved*

# CERTIFICATE OF SERVICE

I hereby certify that on ▇▇▇▇▇▇▇▇, a copy of PLAINTIFFS' SUBPOENA ON NEW ERA ADR was served via electronic mail to counsel for Defendants.

DATED: ▇▇▇▇▇▇▇▇        QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ William R. Sears*
    Attorney for Plaintiffs