UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-0047-GW-GJSx | Date | June 9, 2022 |
|---|---|---|---|
| Title | *Skot Heckman, et al. v. Live Nation Entertainment, Inc., et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Adam B. Wolfson | Timothy L. O'Mara |
| Kevin Y. Teruya | Alicia R. Jovais |
| William R. Sears | |
| Albert Y. Pak | |

PROCEEDINGS:    **TELEPHONIC HEARING ON PLAINTIFFS' MOTION FOR DISCOVERY RELATED TO WHETHER A VALID ARBITRATION AGREEMENT EXISTS [34]**

The Court's Final Ruling is attached hereto. Court and counsel confer. The Tentative Ruling is adopted as the Court's Final Ruling. Plaintiffs' Motion is granted.

A status conference is set for September 15, 2022 at 8:30 a.m. The parties are to file a joint status report by September 12, 2022.

                                                                                      :     03

                                                        Initials of Preparer    JG

***Skot Heckman, et al. v. Live Nation & Ticketmaster.***; Case No. 2:22-cv-00047-GW-(GJSx)
Final Ruling on Plaintiffs' Motion for Discovery Related to Whether Valid Arbitration
Agreement Exists

## I.  Background[1]

Plaintiffs brought this putative class action against Defendants Live Nation Entertainment, Inc. and Ticketmaster LLC (collectively, "Defendants") alleging various anticompetitive practices in violation of the Sherman Act.  *See generally* Compl.  Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, the named plaintiffs (collectively, "Plaintiffs"), claim that they suffered damages from paying "supracompetitive fees on primary and secondary ticket purchases from Ticketmaster's online platforms."  Compl. ¶ 6.  Defendants moved to compel arbitration.  *See* ECF No. 30.  In light of the fact that Defendants designated a new dispute-resolution forum called "New Era ADR" in July 2021, Plaintiffs filed this motion seeking certain discovery prior to filing an opposition to Defendants' motion.  *See* Mot. at 1.  Specifically, Plaintiffs seek discovery going towards the validity of Defendants' delegation clause in its terms of service ("TOS"), to the substantive unconscionability of Defendants' arbitration agreement, and to the severability of the dispute-resolution provisions in Defendants' TOS.  Mot. at 3.

Plaintiffs provided Defendants with discovery requests.  Opp. at 5-6.  The parties met and conferred about the discovery requests, but Defendants refused to engage in any discovery.  *See* Declaration of Albert Y. Pak in Support of Plaintiffs' Motion for Discovery Related to Whether a Valid Arbitration Agreement Exists ("Pak Decl."), ECF No. 35, ¶ 12.  Plaintiffs broadly seek document productions from Defendants related to New Era ADR, Inc., and Rule 30(b)(6) depositions of Defendants related to New Era ADR, Inc. ("New Era").  *See* Proposed Order, ECF No. 34, Exh. B at 2.  Additionally, Plaintiffs seek document productions and Rule 30(b)(6) depositions from New Era.  *Id.*  Defendants argue that the evidence Plaintiffs seek is irrelevant, particularly in light of this Court's previous order in *Oberstein v. Live Nation Entm't Inc.*, No. 2:20-cv-03888, 2021 WL 4772885 (C.D. Cal. Sept. 9, 2021).

The Court heard oral argument on May 19, 2022 (*see* ECF Nos. 40, 44) and put this matter back on calendar for June 9, 2022.  The Court issues this tentative order prior to the June 9 hearing.

---

[1] The following abbreviations are used for the filings: (1) Complaint ("Compl."), ECF No. 1; (2) Plaintiffs' Motion for Discovery About Whether Valid Arbitration Agreement Exists ("Mot."), ECF No. 34; (3) Defendants' Opposition to Plaintiffs' Motion ("Opp."), ECF No. 36; (4) Plaintiffs' Reply in Support of its Motion ("Reply"), ECF No. 37.

## II.  Legal Standard

Generally, "a party opposing a motion to compel arbitration is entitled to discovery relevant to the issue of unconscionability." *Hamby v. Power Toyota Irvine*, 798 F. Supp. 2d 1163, 1164 (S.D. Cal. 2011).  The bar for relevance of discoverable information is low.  *See generally Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014).  Absent Defendants' citing to any case law holding that a party opposing a motion to compel arbitration is not entitled to discovery relevant to the topic of unconscionability, the Court would allow some discovery on that matter.

## III.  Discussion

At issue here is whether Plaintiffs may seek limited discovery in order to oppose Defendants' motion to compel arbitration.  Specifically, Plaintiffs seek discovery to explore whether New Era, Defendants' newly chosen arbitration forum, is improperly biased, whether New Era too severely eliminates Plaintiffs' litigation rights, and whether Defendants drafted their new arbitration agreement in bad faith.  Mot. at 8.

Plaintiffs argue that the discovery they seek is relevant to substantive unconscionability for three reasons.  Mot. at 9.  First, Plaintiffs attest that the discovery will provide insight into the partiality of this new, designated dispute-resolution forum.  *Id.*  Second, Plaintiffs argue that the requested discovery is relevant to the degree to which New Era will eliminate Plaintiffs' litigation rights.  Finally, Plaintiffs argue that discovery into the drafting process of the New Era's rules is relevant to the severability of unconscionable principles of Defendants' Terms of Use.  Mot. at 12.  Specifically, Plaintiffs state that discovery into the communications between Defendants, New Era, and Latham & Watkins could provide insight into whether Defendants' Terms of Use and New Era's rules were drafted in bad faith.  *Id.* at 13.

Plaintiffs cite to *Abernathy v. DoorDash, Inc.*, 3:19-cv-7545-WHA (N.D. Cal.) for overall support of their position.  In that case, Plaintiffs alleged that DoorDash engaged a similar "flagrant forum switch," and the court granted the kind of discovery that Plaintiffs seek here.  *See* ECF No. 34 at 10-11 of 21 ("The Court: Well, you made an accusation that Gibson Dunn has written this thing for CPR. Well, go take discovery to prove that . . . I'm just saying that it does—it would be an important fact, to me at least, on unconscionability if in order to get away from the AAA, you ran off to CPR and cooked up some custom made deal, and then—and then you really wrote the terms yourself, and now you're foisting that on to the people who can't opt out within 30 days . . . .").

In response, Defendants argue that all of Plaintiffs arguments relate to whether Defendants' terms are substantively unconscionable, which is improper in light of the Court's previous ruling that the Terms of Use contain a "delegation clause [which] clearly and unmistakably delegates arbitrability to the arbitrator." *Oberstein*, 2021 WL 4772885, at \*8.  Thus, whether the Terms are unconscionable is an inquiry for the arbitrator to decide.  *Id.*  Because none of Plaintiffs' proposed discovery is not specific to the delegation clause but concerns the "Terms *as a whole*," Plaintiffs' request falls into a category of discovery the Court has already ruled on.  Opp. at 3 (emphasis in original).

Second, Defendants argue that Plaintiffs' claims amount to nothing more than "sheer speculation," which is not a "free ticket to discovery."  Opp. at 3.  Defendant again argues that the law is clear—the ultimate determination at issue is about whether the arbitration rules and procedures are fair and impartial.  *McGrath v. DoorDash, Inc.*, No. 19-cv-05279, 2020 WL 6526129, at \*10 (N.D. Cal. Nov. 5, 2020).  According to Defendant, because New Era's rules and procedures are publicly available, "no discovery is needed" in order to assess whether these rules are fair and impartial.  Opp. at 3.

Finally, Defendants contest that *Abernathy v. DoorDash* is helpful for this matter.  No. 3:19-cv-7545 (N.D. Cal.).  Opp. at 3.  Defendants point out that in *Abernathy*, the court only allowed one category of documents (i.e., communications between the arbitration provider and defendant or defendant's counsel) and one Rule 30(b)(1) deposition to proceed.  Opp. at 3-4.  The other document requests were "overbroad."  Opp. at 4.  Ultimately, Defendants state that the limited discovery performed in *Abernathy* was irrelevant.  *Id.*  The court in that case ruled that the discovery did not matter—the rules and procedures were fair and impartial.  *Id.*  According to Defendants, the discovery sought here is similarly immaterial.

The Court begins by noting that many of Defendants' arguments in opposition to Plaintiffs' requested discovery appear to address the underlying merits of Defendants' motion to compel arbitration.  *See* Opp. at 13 ("Those rules and procedures are publicly available and speak for themselves; no discovery is needed to determine whether they are fair and impartial.").  But before the Court now is Plaintiffs' request to seek discovery *prior to* addressing the issue of whether arbitration should be compelled.  While Defendants point the Court to New Era's rules and procedures to prove that said rules are not unconscionable, Plaintiffs' allegation relate to the partiality of New Era and the drafting process of its rules and procedures.  *See* Mot. at 11-13; Reply

3

at 2.  Defendants' arguments, thus, are premature, as they anticipate arguments that Plaintiffs have not yet made.

The Court also notes that the case law seems to support Plaintiffs.  *Hamby,* 798 F. Supp. 2d at 1164 ("[A] party opposing a motion to compel arbitration is entitled to discovery relevant to the issue of unconscionability.").  While the Court recognizes that the complaint is very similar to that of *Oberstein*, Plaintiffs raise allegations in the Complaint and this Motion that are troubling. If Plaintiffs' allegations about the conduct between New ERA and the Defendants are substantiated by the requested discovery, then there could very likely be a viable issue as to unconscionability. Any burden or delay in granting the limited discovery is minor in light of the prejudice that would befall Plaintiffs if the allegations are true and they were not given the opportunity to discover the information and oppose arbitration accordingly.  Further, "a party opposing a motion to compel arbitration is entitled to discovery relevant to the issue of unconscionability." *Hamby,* 798 F. Supp. 2d at 1164.  Thus, the Court is inclined to grant Plaintiffs' request.

That said, the Court is not convinced that all the evidence Plaintiffs seek is necessary.  The Court notes that the Plaintiffs have not submitted the full scope of their requested discovery along with this motion.  Instead, Defendants submitted the initial discovery drafts Plaintiffs sent them. *See* Opp., Exhs. B, C, D, E.  But it is not clear to the Court whether these materials reflect the full extent of discovery the Plaintiffs ask this Court to grant.  Because the full scope of Plaintiffs' requested discovery is not known to the Court, the Court is not able to grant Plaintiffs' entire request at this time.  Additionally, as to individual discovery requests there may be bases upon which the Defendants could properly raise specifically applicable objections, *e.g.* attorney-client privilege, attorney work product, etc.  Thus, the Court would be inclined to: (1) allow Plaintiffs to proffer discovery consistent with the discussion *supra*, (2) have the Defendants respond (including raising appropriate objections), (3) have the parties meet and confer on any unresolved discovery issues, and (4) rule upon any motions to compel.

## III.  Conclusion

Based on the foregoing discussion, the Court **GRANTS** the motion to the extent delineated herein.