```
                     UNITED STATES DISTRICT COURT

             CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION

              HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE



SKOT HECKMAN, et al,

                       Plaintiffs,

           vs.                              Case No. CV 22-47-GW

LIVE NATION ENTERTAINMENT, INC.

                       Defendants.
_____/




                        REPORTER'S TRANSCRIPT OF
               PLAINTIFFS' MOTION FOR DISCOVERY RELATED TO
             WHETHER A VALID ARBITRATION AGREEMENT EXISTS
                        Thursday, May 19, 2022
                               8:30 A.M.
                        LOS ANGELES, CALIFORNIA










         _____

                 TERRI A. HOURIGAN, CSR NO. 3838, CCRR
                    FEDERAL OFFICIAL COURT REPORTER
                  350 WEST FIRST STREET, ROOM 4311
                     LOS ANGELES, CALIFORNIA  90012
                            (213) 894-2849




                     UNITED STATES DISTRICT COURT
```

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFF:**

    QUINN EMANUEL URQUHART and SULLIVAN LLP
    BY:  ADAM B. WOLFSON
         KEVIN Y. TERUYA
         WILLIAM R. SEARS
    Attorneys at Law
    865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017

    KELLER LENKNER LLC
    BY:  ALBERT Y. PAK
    Attorney at Law
    1100 Vermont Avenue NW, 12th Floor
    Washington, D.C. 20005

**FOR THE DEFENDANT:**

    LATHAM and WATKINS LLP
    BY:  TIMOTHY L. O'MARA
         ALICIA R. JOVAIS
         KIRSTEN M. FERGUSON
    Attorney at Law
    505 Montgomery Street, Suite 2000
    San Francisco, California  94111

**LOS ANGELES, CALIFORNIA; THURSDAY, MAY 19, 2022**

**8:30 A.M.**

--oOo--

THE COURT: Let me call the matter of *Heckman versus Live Nation*.

MS. PAK: Good morning, Your Honor. Albert Pak for the plaintiff.

THE COURT: All right.

MR. PAK: I have on the line with me Kevin Teruya and Adam Wolfson and Will Sears for the plaintiffs as well.

THE COURT: All right. And for the defense?

MR. O'MARA: Good morning, Your Honor. Tim O'Mara for the defendants. I have on the line Kirsten Ferguson and Alicia Jovais.

THE COURT: We are here for the plaintiffs' motion to conduct discovery relating to whether or not there was a valid arbitration agreement.

I didn't issue a tentative on this, because I was going back and forth.

You know, obviously there is case law that says that a litigant can get discovery on aspects of arbitration to determine whether or not there does exist a valid arbitration agreement.

1          And my response, however, initially, was I
2   understand that, but wouldn't any of the problems be apparent
3   from the -- I guess, the rules and procedures that were issued
4   by the entity that the plaintiffs are questioning, which here,
5   the plaintiffs are questioning the new arbitration body, this
6   New Era ADR outfit.
7          And then I understood, I think what the
8   plaintiffs -- some of the concerns the plaintiffs are having
9   which are, for example, one, this New Era ADR is I guess has
10  been recently organized or created and so there is a question
11  as to its bona fides -- not bone fides in the sense of whether
12  or not it's authentic, but bona fides in terms of what its
13  actually practice is and things of that sort are.
14         And then the plaintiff is also making the
15  assertion, although, I don't know if they have established it
16  factually, but they are claiming that the defendant has gotten
17  a retainer agreement with New Era for a large amount of money,
18  which, you know, given the fact that this New Era is a
19  start-up, and the question is whether or not there is a
20  question as to bias from that particular situation.
21         Again, I'm not accepting those assertions as
22  factually true, but I can understand a little bit better, I
23  guess, what the plaintiff may be seeking in terms of discovery.
24         And lastly, I had -- just looking -- I looked
25  myself at the New Era ADR rules, and obviously, I didn't look

1   at everything, because it is multi, multi, multi pages, but
2   there was a question I had, there was a section that is on
3   page 13 of Exhibit A to Docket Number 36-2, which are
4   supposedly the New Era rules, where it says -- this is, I
5   guess, section number what -- it's section number, I guess,
6   Section No. 2R(ii), well actually, there are two sections.
7   There is that section and then there is another section that
8   basically indicates that an individual who wants to initiate an
9   arbitration with New Era ADR has to pay a $300 fee to New Era.
10              Am I correct in that regard?
11              MS. PARKER:  Yes, Your Honor.  This is Albert Pak
12  for the plaintiffs.
13              If I could touch on some of the things that Your
14  Honor is commenting on.
15              I don't think there is a dispute here that
16  defendants have entered into this private nonpublic
17  subscription agreement with New Era.
18              Defendants agree that they have this contract,
19  the terms of which are unknown to plaintiffs, but it is an
20  agreement that as far as we can tell from the plaintiff's
21  perspective, governs the terms of the arbitration that
22  defendants are trying to compel plaintiffs to.
23              There is a financial component to it, and we
24  believe, based on what we can tell, that defendants have paid
25  New Era an up-front fee already in 2021 of upwards to $350,000,

1  but we don't know how they negotiated that number, you know,
2  what promises were exchanged in coming to that number, you
3  know, what they were envisioning as to what services would be
4  provided by New Era.
5         So there is this private agreement that we don't
6  know about, that well, we know the existence of it, the
7  plaintiffs, but we don't know the terms of it and we don't know
8  what the negotiations were in getting to that number, or what
9  other terms there are.
10         That is Point No. 1, but that gets to Your
11 Honor's question about the $300.  It seems that the $300 amount
12 was a part of that private agreement.
13         Again, we can't know sure because we don't have
14 the -- the defendants haven't produced that agreement with New
15 Era, and that is part of the concern is that we believe we have
16 enough of a concern that warrants opening up discovery into all
17 of this because there are these unanswered questions, Your
18 Honor.
19         THE COURT:  Let me ask, is there a requirement that
20 if a party wishes to arbitrate, and if the Court enforces the
21 arbitration agreement, then every party to -- well, I guess
22 every one of the plaintiff's class, if they want to make some
23 form of complaint or some sort, would have to go to arbitration
24 and they would have to pay $300?
25         In other words, you have to pay $300 just to

1  initiate the arbitration?
2          MS. PAK:  Yes, Your Honor, that is my understanding.
3          THE COURT:  Let me stop, that is Mr. Pak.  I don't
4  want to hear what you say, I want to hear what defense counsel
5  is saying.
6          Is it true; in other words, if a ticket purchaser
7  has a problem with Live Nation, that that ticket purchaser
8  would have to pay $300 to initiate an arbitration?
9          MR. O'MARA:  Yes, Your Honor, that's true.  But that
10  is also true with JAMS and AAA and all the other arbitration
11  providers.  In other words, there is always a filing fee.
12          And what the New Era rules say, and what also the
13  Live Nation's terms say that if the plaintiff files a
14  declaration of hardship where they can't pay that fee, then the
15  defendants would pay it.
16          But there is always a filing fee with JAMS and
17  AAA and everyone else.  With JAMS, I think it's $250, and New
18  Era it's 300.  That is true with all of the arbitration
19  providers.
20          THE COURT:  Okay.  Then the next question I had was
21  looking at that Section 2R(ii), it says:  The neutral has a
22  sole discretion in determining the cadence and progression of
23  the proceeding as well as the admissibility, weight, veracity,
24  authenticity, relevance and importance of any evidence or
25  arguments submitted.

1             Is that typical of all ADR -- I mean, all the
2  arbitration agreements -- the rules?
3             MR. O'MARA:  I think it is, Your Honor.  The neutral
4  is in charge of making findings of fact and law in the same way
5  that a judge would in a court.
6             THE COURT:  Well, let me just ask, what does the
7  word "cadence" mean?
8             MR. O'MARA:  Your Honor, I think that is in terms of
9  the case schedule.
10             THE COURT:  Okay.  So, in other words, the neutral
11  could decide that it's not going to accept any evidence from a
12  party and that would be all right?
13             MR. O'MARA:  Your Honor, I don't think that is
14  correct.
15             THE COURT:  Well, if the neutral has the sole
16  discretion, what does "sole discretion" mean?
17             MR. O'MARA:  Well, I will state the neutral will set
18  out the rules in the same way that Your Honor has discretion,
19  but there is federal rules and civil rules that Your Honor has
20  to follow, so the same would absolutely be true here.
21             THE COURT:  I don't know where there is a rule that
22  says I have the sole discretion.
23                 I'm governed by the Federal Rules of Civil
24  Procedure.  I don't have the sole discretion.  I'm governed by
25  the rules, I don't have the discretion under those rules.

1               Some aspects I might have discretion, but other
2  aspects I don't have discretion.  I have to follow the rules.
3               But apparently, the neutral with this operation
4  has a sole discretion in determining the cadence, progression,
5  as well as the admissibility, weight, veracity, authenticity,
6  relevance.
7               In other words, I can understand them saying the
8  neutral is a trier of fact and can make judgments in regards to
9  the admissibility, weight, or authenticity, but to say that the
10 neutral has the sole discretion, that would mean the neutral
11 could decide, well, I don't want to hear anything from this
12 side.
13          MR. O'MARA:  Your Honor, I don't think that is a
14 fair reading of the rules, to be honest.
15              I mean, these neutrals are all members of the
16 National Academy of Distinguished Neutrals, which as Your Honor
17 already knows, only accepts special neutrals who are referred
18 by these two current members of the academy and involve judging
19 least 20 civil cases, the final award, or mediated at least 200
20 private civil disputes, and I don't think there is any basis
21 here to assume that the neutral will not exercise his or her
22 discretion in a reasonable manner and follow the 31 pages of
23 written rules here, which call for discovery, as necessary, and
24 where reasonably -- I started looking for this exact language
25 here -- fundamental fairness, where necessary.

1          And that standard of discovery has been upheld
2   repeatedly in the case law for arbitration provisions.
3          THE COURT:  All right.  Let me ask, does this
4   envision that these arbitrations would be done conducted
5   primarily through computers and the Internet, or is this -- or
6   it would be more traditional types of -- in other words, is
7   that kind of like the pitch of this new operation?
8          MR. O'MARA:  Yes, Your Honor.  The premise is that
9   the arbitrations will be conducted via Zoom.
10         THE COURT:  What happens if a litigant doesn't have
11  a computer?
12         MR. O'MARA:  Your Honor, then the neutral would make
13  reasonable accommodations or we would provide one -- the
14  defendants would provide one.
15         THE COURT:  Is that provided in the New Era rules
16  and procedures?
17         MR. O'MARA:  Your Honor, I honestly -- I'm not sure
18  about that, I would have to check.
19         THE COURT:  All right.  Let me do this, what I will
20  do is I will continue the hearing on this.
21             I will issue a tentative, and then I will allow
22  further arguments.
23             I just wanted to make sure that I understood what
24  the situation was, and so I will hopefully get something out
25  within the next two weeks, and I will put the matter back on

1  calendar for further argument on June the 9th, okay?
2           MR. O'MARA:  Thank you, Your Honor.
3           MS. PARKER:  Thank you, Your Honor.
4           THE COURT:  Everybody, have a very nice day.
5           (The proceedings concluded at 9:50 a.m.)
6                         * * *

**CERTIFICATE OF OFFICIAL REPORTER**

COUNTY OF LOS ANGELES    )
                         )
STATE OF CALIFORNIA      )

       I, TERRI A. HOURIGAN, Federal Official Realtime Court Reporter, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the judicial conference of the United States.

Date: 20th day of May, 2022.


                                /s/ TERRI A. HOURIGAN
                _____
                TERRI A. HOURIGAN, CSR NO. 3838, RPR, CRR
                        Federal Court Reporter

1

| $ | 9 | argument [1] - 11:1<br>arguments [2] - 7:25, 10:22<br>aspects [3] - 3:23, 9:1, 9:2<br>assertion [1] - 4:15<br>assertions [1] - 4:21<br>assume [1] - 9:21<br>Attorney [2] - 2:9, 2:15<br>Attorneys [1] - 2:6<br>authentic [1] - 4:12<br>authenticity [3] - 7:24, 9:5, 9:9<br>Avenue [1] - 2:9<br>award [1] - 9:19 | compel [1] - 5:22<br>complaint [1] - 6:23<br>component [1] - 5:23<br>computer [1] - 10:11<br>computers [1] - 10:5<br>concern [2] - 6:15, 6:16<br>concerns [1] - 4:8<br>concluded [1] - 11:5<br>conduct [1] - 3:18<br>conducted [2] - 10:4, 10:9<br>conference [1] - 12:13<br>conformance [1] - 12:13<br>continue [1] - 10:20<br>contract [1] - 5:18<br>correct [3] - 5:10, 8:14, 12:10<br>counsel [1] - 7:4<br>COUNSEL [1] - 2:1<br>COUNTY [1] - 12:3<br>COURT [18] - 1:1, 1:23, 3:6, 3:10, 3:13, 3:17, 6:19, 7:3, 7:20, 8:6, 8:10, 8:15, 8:21, 10:3, 10:10, 10:15, 10:19, 11:4<br>court [1] - 8:5<br>Court [4] - 6:20, 12:7, 12:20<br>created [1] - 4:10<br>CRR [1] - 12:20<br>CSR [2] - 1:23, 12:20<br>current [1] - 9:18<br>CV [1] - 1:7 | 3:23, 4:23, 6:16, 9:23, 10:1<br>DISCOVERY [1] - 1:13<br>discretion [12] - 7:22, 8:16, 8:18, 8:22, 8:24, 8:25, 9:1, 9:2, 9:4, 9:10, 9:22<br>dispute [1] - 5:15<br>disputes [1] - 9:20<br>Distinguished [1] - 9:16<br>DISTRICT [3] - 1:1, 1:2, 1:3<br>District [2] - 12:7, 12:8<br>DIVISION [1] - 1:2<br>Docket [1] - 5:3<br>done [1] - 10:4 |
| :--- | :--- | :--- | :--- | :--- |
| $250 [1] - 7:17<br>$300 [6] - 5:9, 6:11, 6:24, 6:25, 7:8<br>$350,000 [1] - 5:25 | 90012 [1] - 1:24<br>90017 [1] - 2:7<br>94111 [1] - 2:16<br>9:50 [1] - 11:5<br>9th [1] - 11:1 | | | |
| / | A | | | |
| /s [1] - 12:19 | A.M [2] - 1:14, 3:2<br>a.m [1] - 11:5<br>AAA [2] - 7:10, 7:17<br>above-entitled [1] - 12:12<br>absolutely [1] - 8:20<br>academy [1] - 9:18<br>Academy [1] - 9:16<br>accept [1] - 8:11<br>accepting [1] - 4:21<br>accepts [1] - 9:17<br>accommodations [1] - 10:13<br>ADAM [1] - 2:4<br>Adam [1] - 3:12<br>admissibility [3] - 7:23, 9:5, 9:9<br>ADR [5] - 4:6, 4:9, 4:25, 5:9, 8:1<br>agree [1] - 5:18<br>AGREEMENT [1] - 1:13<br>agreement [9] - 3:19, 3:25, 4:17, 5:17, 5:20, 6:5, 6:12, 6:14, 6:21<br>agreements [1] - 8:2<br>al [1] - 1:5<br>ALBERT [1] - 2:8<br>Albert [2] - 3:8, 5:11<br>ALICIA [1] - 2:14<br>Alicia [1] - 3:16<br>allow [1] - 10:21<br>amount [2] - 4:17, 6:11<br>ANGELES [4] - 1:15, 1:24, 3:1, 12:3<br>Angeles [1] - 2:7<br>apparent [1] - 4:2<br>APPEARANCES [1] - 2:1<br>arbitrate [1] - 6:20<br>arbitration [14] - 3:19, 3:23, 3:24, 4:5, 5:9, 5:21, 6:21, 6:23, 7:1, 7:8, 7:10, 7:18, 8:2, 10:2<br>ARBITRATION [1] - 1:13<br>arbitrations [2] - 10:4, 10:9 | B<br>based [1] - 5:24<br>basis [1] - 9:20<br>better [1] - 4:22<br>bias [1] - 4:20<br>bit [1] - 4:22<br>body [1] - 4:5<br>bona [2] - 4:11, 4:12<br>bone [1] - 4:11<br>BY [3] - 2:4, 2:8, 2:13<br>C<br>cadence [3] - 7:22, 8:7, 9:4<br>calendar [1] - 11:1<br>CALIFORNIA [5] - 1:2, 1:15, 1:24, 3:1, 12:4<br>California [3] - 2:7, 2:16, 12:8<br>case [3] - 3:22, 8:9, 10:2<br>Case [1] - 1:7<br>cases [1] - 9:19<br>CCRR [1] - 1:23<br>Central [1] - 12:8<br>CENTRAL [2] - 1:2<br>CERTIFICATE [1] - 12:1<br>certify [1] - 12:8<br>charge [1] - 8:4<br>check [1] - 10:18<br>civil [3] - 8:19, 9:19, 9:20<br>Civil [1] - 8:23<br>claiming [1] - 4:16<br>class [1] - 6:22<br>Code [1] - 12:9<br>coming [1] - 6:2<br>commenting [1] - 5:14 | D<br>D.C [1] - 2:10<br>Date [1] - 12:16<br>decide [2] - 8:11, 9:11<br>declaration [1] - 7:14<br>defendant [1] - 4:16<br>DEFENDANT [1] - 2:12<br>defendants [8] - 3:15, 5:16, 5:18, 5:22, 5:24, 6:14, 7:15, 10:14<br>Defendants [1] - 1:9<br>defense [2] - 3:13, 7:4<br>determine [1] - 3:24<br>determining [2] - 7:22, 9:4<br>discovery [6] - 3:18, | E<br>EMANUEL [1] - 2:4<br>enforces [1] - 6:20<br>entered [1] - 5:16<br>ENTERTAINMENT [1] - 1:8<br>entitled [1] - 12:12<br>entity [1] - 4:4<br>envision [1] - 10:4<br>envisioning [1] - 6:3<br>Era [15] - 4:6, 4:9, 4:17, 4:18, 4:25, 5:4, 5:9, 5:17, 5:25, 6:4, 6:15, 7:12, 7:18, 10:15<br>established [1] - 4:15<br>et [1] - 1:5<br>evidence [2] - 7:24, 8:11<br>exact [1] - 9:24<br>example [1] - 4:9<br>exchanged [1] - 6:2<br>exercise [1] - 9:21<br>Exhibit [1] - 5:3<br>exist [1] - 3:24<br>existence [1] - 6:6<br>EXISTS [1] - 1:13<br>F<br>fact [3] - 4:18, 8:4, 9:8<br>factually [2] - 4:16, 4:22<br>fair [1] - 9:14<br>fairness [1] - 9:25<br>far [1] - 5:20<br>FEDERAL [1] - 1:23 |
| 1 | | | | |
| 1 [1] - 6:10<br>10th [1] - 2:6<br>1100 [1] - 2:9<br>12th [1] - 2:9<br>13 [1] - 5:3<br>19 [2] - 1:14, 3:1 | | | | |
| 2 | | | | |
| 20 [1] - 9:19<br>200 [1] - 9:19<br>2000 [1] - 2:15<br>20005 [1] - 2:10<br>2021 [1] - 5:25<br>2022 [3] - 1:14, 3:1, 12:16<br>20th [1] - 12:16<br>213 [1] - 1:25<br>22-47-GW [1] - 1:7<br>28 [1] - 12:9<br>2R(ii) [2] - 5:6, 7:21 | | | | |
| 3 | | | | |
| 300 [1] - 7:18<br>31 [1] - 9:22<br>350 [1] - 1:24<br>36-2 [1] - 5:3<br>3838 [2] - 1:23, 12:20 | | | | |
| 4 | | | | |
| 4311 [1] - 1:24 | | | | |
| 5 | | | | |
| 505 [1] - 2:15 | | | | |
| 7 | | | | |
| 753 [1] - 12:9 | | | | |
| 8 | | | | |
| 865 [1] - 2:6<br>894-2849 [1] - 1:25<br>8:30 [2] - 1:14, 3:2 | | | | |

| | | | | |
|---|---|---|---|---|
| **federal** [1] - 8:19<br>**Federal** [3] - 8:23, 12:6, 12:20<br>**fee** [5] - 5:9, 5:25, 7:11, 7:14, 7:16<br>**FERGUSON** [1] - 2:14<br>**Ferguson** [1] - 3:15<br>**fides** [3] - 4:11, 4:12<br>**Figueroa** [1] - 2:6<br>**files** [1] - 7:13<br>**filing** [2] - 7:11, 7:16<br>**final** [1] - 9:19<br>**financial** [1] - 5:23<br>**findings** [1] - 8:4<br>**FIRST** [1] - 1:24<br>**Floor** [2] - 2:6, 2:9<br>**follow** [3] - 8:20, 9:2, 9:22<br>**FOR** [3] - 1:13, 2:3, 2:12<br>**foregoing** [1] - 12:10<br>**form** [1] - 6:23<br>**format** [1] - 12:12<br>**forth** [1] - 3:21<br>**Francisco** [1] - 2:16<br>**front** [1] - 5:25<br>**fundamental** [1] - 9:25<br><br>**G**<br><br>**GEORGE** [1] - 1:3<br>**given** [1] - 4:18<br>**governed** [2] - 8:23, 8:24<br>**governs** [1] - 5:21<br>**guess** [6] - 4:3, 4:9, 4:23, 5:5, 6:21<br><br>**H**<br><br>**hardship** [1] - 7:14<br>**hear** [3] - 7:4, 9:11<br>**hearing** [1] - 10:20<br>**HECKMAN** [1] - 1:5<br>**Heckman** [1] - 3:6<br>**held** [1] - 12:11<br>**hereby** [1] - 12:8<br>**honest** [1] - 9:14<br>**honestly** [1] - 10:17<br>**Honor** [19] - 3:8, 3:14, 5:11, 5:14, 6:18, 7:2, 7:9, 8:3, 8:8, 8:13, 8:18, 8:19, 9:13, 9:16, 10:8, 10:12, 10:17, 11:2, 11:3<br>**Honor's** [1] - 6:11<br>**HONORABLE** [1] - 1:3 | **hopefully** [1] - 10:24<br>**HOURIGAN** [4] - 1:23, 12:6, 12:19, 12:20<br><br>**I**<br><br>**importance** [1] - 7:24<br>**INC** [1] - 1:8<br>**indicates** [1] - 5:8<br>**individual** [1] - 5:8<br>**initiate** [3] - 5:8, 7:1, 7:8<br>**Internet** [1] - 10:5<br>**involve** [1] - 9:18<br>**issue** [2] - 3:20, 10:21<br>**issued** [1] - 4:3<br><br>**J**<br><br>**JAMS** [3] - 7:10, 7:16, 7:17<br>**JOVAIS** [1] - 2:14<br>**Jovais** [1] - 3:16<br>**judge** [1] - 8:5<br>**JUDGE** [1] - 1:3<br>**judging** [1] - 9:18<br>**judgments** [1] - 9:8<br>**judicial** [1] - 12:13<br>**June** [1] - 11:1<br><br>**K**<br><br>**KELLER** [1] - 2:8<br>**Kevin** [1] - 3:11<br>**KEVIN** [1] - 2:5<br>**kind** [1] - 10:7<br>**Kirsten** [1] - 3:15<br>**KIRSTEN** [1] - 2:14<br>**knows** [1] - 9:17<br><br>**L**<br><br>**language** [1] - 9:24<br>**large** [1] - 4:17<br>**lastly** [1] - 4:24<br>**LATHAM** [1] - 2:13<br>**law** [3] - 3:22, 8:4, 10:2<br>**Law** [3] - 2:6, 2:9, 2:15<br>**least** [2] - 9:19<br>**LENKNER** [1] - 2:8<br>**line** [2] - 3:11, 3:15<br>**litigant** [2] - 3:23, 10:10<br>**LIVE** [1] - 1:8<br>**Live** [3] - 3:7, 7:7, 7:13<br>**LLC** [1] - 2:8<br>**LLP** [2] - 2:4, 2:13<br>**look** [1] - 4:25<br>**looked** [1] - 4:24<br>**looking** [3] - 4:24, 7:21, 9:24<br>**LOS** [4] - 1:15, 1:24, 3:1, 12:3<br>**Los** [1] - 2:7<br><br>**M**<br><br>**manner** [1] - 9:22<br>**matter** [3] - 3:6, 10:25, 12:12<br>**MAY** [1] - 3:1<br>**mean** [5] - 8:1, 8:7, 8:16, 9:10, 9:15<br>**mediated** [1] - 9:19<br>**members** [2] - 9:15, 9:18<br>**might** [1] - 9:1<br>**money** [1] - 4:17<br>**Montgomery** [1] - 2:15<br>**morning** [2] - 3:8, 3:14<br>**MOTION** [1] - 1:13<br>**motion** [1] - 3:17<br>**MR** [12] - 3:11, 3:14, 7:9, 8:3, 8:8, 8:13, 8:17, 9:13, 10:8, 10:12, 10:17, 11:2<br>**MS** [4] - 3:8, 5:11, 7:2, 11:3<br>**multi** [3] - 5:1<br><br>**N**<br><br>**Nation** [2] - 3:7, 7:7<br>**NATION** [1] - 1:8<br>**Nation's** [1] - 7:13<br>**National** [1] - 9:16<br>**necessary** [2] - 9:23, 9:25<br>**negotiated** [1] - 6:1<br>**negotiations** [1] - 6:8<br>**neutral** [11] - 7:21, 8:3, 8:10, 8:15, 8:17, 9:3, 9:8, 9:10, 9:21, 10:12<br>**neutrals** [2] - 9:15, 9:17<br>**Neutrals** [1] - 9:16<br>**new** [2] - 4:5, 10:7<br>**New** [15] - 4:6, 4:9, 4:17, 4:18, 4:25, 5:4, 5:9, 5:17, 5:25, 6:4, | 6:14, 7:12, 7:17, 10:15<br>**next** [2] - 7:20, 10:25<br>**nice** [1] - 11:4<br>**NO** [2] - 1:23, 12:20<br>**nonpublic** [1] - 5:16<br>**Number** [1] - 5:3<br>**number** [5] - 5:5, 6:1, 6:2, 6:8<br>**NW** [1] - 2:9<br><br>**O**<br><br>**O'Mara** [1] - 3:14<br>**O'MARA** [12] - 2:13, 3:14, 7:9, 8:3, 8:8, 8:13, 8:17, 9:13, 10:8, 10:12, 10:17, 11:2<br>**obviously** [2] - 3:22, 4:25<br>**OF** [6] - 1:2, 1:12, 2:1, 12:1, 12:3, 12:4<br>**Official** [1] - 12:6<br>**OFFICIAL** [2] - 1:23, 12:1<br>**one** [4] - 4:9, 6:22, 10:13, 10:14<br>**oOo** [1] - 3:3<br>**opening** [1] - 6:16<br>**operation** [2] - 9:3, 10:7<br>**organized** [1] - 4:10<br>**outfit** [1] - 4:6<br><br>**P**<br><br>**page** [2] - 5:3, 12:12<br>**pages** [2] - 5:1, 9:22<br>**paid** [1] - 5:24<br>**PAK** [4] - 2:8, 3:8, 3:11, 7:2<br>**Pak** [3] - 3:8, 5:11, 7:3<br>**PARKER** [2] - 5:11, 11:3<br>**part** [2] - 6:12, 6:15<br>**particular** [1] - 4:20<br>**party** [3] - 6:20, 6:21, 8:12<br>**pay** [6] - 5:9, 6:24, 6:25, 7:8, 7:14, 7:15<br>**perspective** [1] - 5:21<br>**pitch** [1] - 10:7<br>**PLAINTIFF** [1] - 2:3<br>**plaintiff** [4] - 3:9, 4:14, 4:23, 7:13<br>**plaintiff's** [2] - 5:20, 6:22<br>**Plaintiffs** [1] - 1:6 | **plaintiffs** [9] - 3:12, 4:4, 4:5, 4:8, 5:12, 5:19, 5:22, 6:7<br>**PLAINTIFFS'** [1] - 1:13<br>**plaintiffs'** [1] - 3:17<br>**Point** [1] - 6:10<br>**practice** [1] - 4:13<br>**premise** [1] - 10:8<br>**primarily** [1] - 10:5<br>**private** [4] - 5:16, 6:5, 6:12, 9:20<br>**problem** [1] - 7:7<br>**problems** [1] - 4:2<br>**Procedure** [1] - 8:24<br>**procedures** [2] - 4:3, 10:16<br>**proceeding** [1] - 7:23<br>**proceedings** [2] - 11:5, 12:11<br>**produced** [1] - 6:14<br>**progression** [2] - 7:22, 9:4<br>**promises** [1] - 6:2<br>**provide** [2] - 10:13, 10:14<br>**provided** [2] - 6:4, 10:15<br>**providers** [2] - 7:11, 7:19<br>**provisions** [1] - 10:2<br>**purchaser** [2] - 7:6, 7:7<br>**pursuant** [1] - 12:9<br>**put** [1] - 10:25<br><br>**Q**<br><br>**questioning** [2] - 4:4, 4:5<br>**questions** [1] - 6:17<br>**QUINN** [1] - 2:4<br><br>**R**<br><br>**reading** [1] - 9:14<br>**Realtime** [1] - 12:6<br>**reasonable** [2] - 9:22, 10:13<br>**reasonably** [1] - 9:24<br>**recently** [1] - 4:10<br>**referred** [1] - 9:17<br>**regard** [1] - 5:10<br>**regards** [1] - 9:8<br>**regulations** [1] - 12:13<br>**RELATED** [1] - 1:13<br>**relating** [1] - 3:18<br>**relevance** [2] - 7:24, |

9:6
**repeatedly** [1] - 10:2
**reported** [1] - 12:11
**REPORTER** [2] - 1:23, 12:1
**Reporter** [2] - 12:7, 12:20
**REPORTER'S** [1] - 1:12
**requirement** [1] - 6:19
**response** [1] - 4:1
**retainer** [1] - 4:17
**ROOM** [1] - 1:24
**RPR** [1] - 12:20
**rule** [1] - 8:21
**rules** [14] - 4:3, 4:25, 5:4, 7:12, 8:2, 8:18, 8:19, 8:25, 9:2, 9:14, 9:23, 10:15
**Rules** [1] - 8:23

### S

**San** [1] - 2:16
**schedule** [1] - 8:9
**SEARS** [1] - 2:5
**Sears** [1] - 3:12
**section** [5] - 5:2, 5:5, 5:7
**Section** [3] - 5:6, 7:21, 12:9
**sections** [1] - 5:6
**seeking** [1] - 4:23
**sense** [1] - 4:11
**services** [1] - 6:3
**set** [1] - 8:17
**side** [1] - 9:12
**situation** [2] - 4:20, 10:24
**SKOT** [1] - 1:5
**sole** [7] - 7:22, 8:15, 8:16, 8:22, 8:24, 9:4, 9:10
**sort** [2] - 4:13, 6:23
**South** [1] - 2:6
**special** [1] - 9:17
**standard** [1] - 10:1
**start** [1] - 4:19
**start-up** [1] - 4:19
**started** [1] - 9:24
**STATE** [1] - 12:4
**state** [1] - 8:17
**States** [3] - 12:7, 12:9, 12:14
**STATES** [1] - 1:1
**stenographically** [1] - 12:11
**stop** [1] - 7:3
**Street** [2] - 2:6, 2:15
**STREET** [1] - 1:24
**submitted** [1] - 7:25
**subscription** [1] - 5:17
**Suite** [1] - 2:15
**SULLIVAN** [1] - 2:4
**supposedly** [1] - 5:4

### T

**tentative** [2] - 3:20, 10:21
**terms** [8] - 4:12, 4:23, 5:19, 5:21, 6:7, 6:9, 7:13, 8:8
**TERRI** [4] - 1:23, 12:6, 12:19, 12:20
**TERUYA** [1] - 2:5
**Teruya** [1] - 3:11
**THE** [18] - 2:3, 2:12, 3:6, 3:10, 3:13, 3:17, 6:19, 7:3, 7:20, 8:6, 8:10, 8:15, 8:21, 10:3, 10:10, 10:15, 10:19, 11:4
**Thursday** [1] - 1:14
**THURSDAY** [1] - 3:1
**ticket** [2] - 7:6, 7:7
**tim** [1] - 3:14
**TIMOTHY** [1] - 2:13
**Title** [1] - 12:9
**TO** [1] - 1:13
**touch** [1] - 5:13
**traditional** [1] - 10:6
**TRANSCRIPT** [1] - 1:12
**transcript** [2] - 12:10, 12:12
**trier** [1] - 9:8
**true** [7] - 4:22, 7:6, 7:9, 7:10, 7:18, 8:20, 12:10
**trying** [1] - 5:22
**two** [3] - 5:6, 9:18, 10:25
**types** [1] - 10:6
**typical** [1] - 8:1

### U

**U.S** [1] - 1:3
**unanswered** [1] - 6:17
**under** [1] - 8:25
**understood** [2] - 4:7, 10:23
**United** [3] - 12:7, 12:9, 12:14
**UNITED** [1] - 1:1
**unknown** [1] - 5:19
**up** [3] - 4:19, 5:25, 6:16
**up-front** [1] - 5:25
**upheld** [1] - 10:1
**upwards** [1] - 5:25
**URQUHART** [1] - 2:4

### V

**valid** [2] - 3:19, 3:24
**VALID** [1] - 1:13
**veracity** [2] - 7:23, 9:5
**Vermont** [1] - 2:9
**versus** [1] - 3:6
**via** [1] - 10:9
**vs** [1] - 1:7

### W

**wants** [1] - 5:8
**warrants** [1] - 6:16
**Washington** [1] - 2:10
**WATKINS** [1] - 2:13
**weeks** [1] - 10:25
**weight** [3] - 7:23, 9:5, 9:9
**WEST** [1] - 1:24
**WHETHER** [1] - 1:13
**WILLIAM** [1] - 2:5
**wishes** [1] - 6:20
**Wolfson** [1] - 3:12
**WOLFSON** [1] - 2:4
**word** [1] - 8:7
**words** [6] - 6:25, 7:6, 7:11, 8:10, 9:7, 10:6
**written** [1] - 9:23
**WU** [1] - 1:3

### Z

**Zoom** [1] - 10:9