RILEY SAFER HOLMES & CANCILA LLP
Joshua A. Roquemore (SBN 327121)
jroquemore@rshc-law.com
100 Spectrum Center Drive, Suite 440
Irvine, CA 92618
Telephone: (949) 359-5500
Facsimile: (949) 359-5501

*Counsel for Nonparty New Era ADR, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SKOT HECKMAN, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER LLC,<br><br>Defendants. | Case No.: 22-cv-00047-GW-GJS<br><br>The Honorable George H. Wu<br><br>**DECLARATION OF SANDRA L. MUSUMECI IN SUPPORT OF NONPARTY NEW ERA ADR, INC.'S MOTION TO QUASH PORTIONS OF PLAINTIFFS' SUBPOENAS**<br><br>Hearing Date: November 7, 2022<br>Hearing Time: 8:30 a.m.<br>Courtroom: 9D, 9th Floor |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

I, SANDRA L. MUSUMECI, declare as follows:

1. I am a partner with the law firm of Riley Safer Holmes & Cancila LLP, attorneys for nonparty New Era ADR, Inc. ("New Era"). I am an attorney in good standing in the States of New York and New Jersey. I make this Declaration in support of Nonparty New Era's Motion to Quash Portions of Plaintiffs' Subpoenas, and I have personal knowledge of the facts set forth herein.

2. On or about June 15, 2022, New Era learned that its registered agent had been served by Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts (collectively "Plaintiffs") with a Subpoena to Testify at a Deposition in a Civil Action ("Deposition Subpoena). Upon review, it became clear that Plaintiffs had also intended to serve New Era with a subpoena for documents, as the Deposition Subpoena referenced documents to be produced by New Era. Attached hereto as **Exhibit A** is a true and correct copy of the Deposition Subpoena, served on New Era by Plaintiffs.

3. On June 29, New Era reached out to Plaintiffs via counsel to inquire, and New Era accepted service of the Document Subpoena by email later that same day. The parties agreed that New Era's responses and objections would be due on August 1, 2022. Attached hereto as **Exhibit B** is a true and correct copy of said email correspondence.

4. Attached hereto as **Exhibit C** is a true and correct copy of the Subpoena to Produce Documents ("Document Subpoena"), served on New Era by Plaintiffs.

5. New Era agreed to meet and confer remotely with Plaintiffs on July 20, 2022, even before its responses and objections were due, in the hopes of narrowing the scope of the subpoenas and talking through areas of dispute. Plaintiffs did not agree at that time to narrow or withdraw any requests but did propose that it might offer search terms to narrow the scope of Request for Documents No. 10.

6. Attached hereto as **Exhibit D** is a true and correct copy of New Era's timely responses and objections to Plaintiffs' Deposition Subpoena.

7. Attached hereto as **Exhibit E** is a true and correct copy of New Era's timely objections and responses to Plaintiffs' Document Subpoena.

8.      New Era has met and conferred with Plaintiffs multiple times, both before and following service of its responses and objections to the subpoenas.  These meet and confer sessions included calls on July 20, 2022 (as noted), August 9, 2022, and August 31, 2022, as well various as written email correspondence.  Attached hereto as **Exhibit F** is a true and correct copy of said meet and confer correspondence.

9.      Attached hereto as **Exhibit G** is a true and correct copy of a hearing transcript reflecting a district court's ruling on the scope of discovery against nonparty Conflict Prevention and Resolution, Inc. ("CPR") in the case of *Abernathy v. DoorDash*, Case No. 3:19-cv-07545-WHA (N.D.Cal.).

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 26th day of September, 2022.

         *s/Sandra L. Musumeci*
                SANDRA L. MUSUMECI