# Exhibit A

# Service of Process
## Information Sheet

| | | |
|---|---|---|
| **Date Served** | : | 06/14/2022 11:50 AM CST |
| **Company Name** | : | NEW ERA ADR, INC. |
| **State** | : | Delaware |
| **Entity ID** | : | 3331244 |
| **SOP Classification** | : | Record Request |
| **Court/Agency** | : | United States District Court For The Central District Of California |
| **Document Type** | : | Subpoena |
| **Nature of Action** | : | Civil |
| **Case/Reference Number** | : | 22-Cv-00047-Gw-Gjs |
| **How Served** | : | In Person |
| **Served By / Plaintiff** | : | Skot Heckman, Et Al. |

Disclaimer: We are not legal professionals and as a result, all information should be reviewed by legal counsel.

# UNITED STATES DISTRICT COURT
for the
Central District of California

Skot Heckman, et al. )
*Plaintiff* )
v. ) Civil Action No. 22-cv-00047-GW-GJS
Live Nation Entertainment, Inc., et al. )
)
*Defendant* )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: New Era ADR, Inc.

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Appendix A.

| Place: Keller Postman LLC, 150 N Riverside Plaza Suite 4100, Chicago, IL 60606 | Date and Time: 07/14/2022 9:00 am |
|---|---|

The deposition will be recorded by this method: Videographer and stenographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/14/2022

CLERK OF COURT

OR

_____       /s/ Albert Y. Pak
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
, who issues or requests this subpoena, are:

Albert Y. Pak, 1100 Vermont Avenue, N.W., 12th Floor, Washington D.C. 20005, albert.pak@kellerpostman.com, 202-918-1835

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 22-cv-00047-GW-GJS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 41.25 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Kevin Y. Teruya (Bar No. 235916)
2    kevinteruya@quinnemanuel.com
     Adam B. Wolfson (Bar No. 262125)
3    adamwolfson@quinnemanuel.com
     William R. Sears (Bar No. 330888)
4    willsears@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7

8  KELLER POSTMAN LLC
     Warren D. Postman (Bar No. 33069)
9    wdp@kellerpostman.com
     Albert Y. Pak (admitted *pro hac vice*)
10   albert.pak@kellerpostman.com
11 1100 Vermont Avenue, N.W., 12th Floor
   Washington, D.C. 20005
12 Telephone: (202) 918-1123

13
   Attorneys for Plaintiffs Skot Heckman,
14 Luis Ponce, Jeanene Popp, and Jacob
   Roberts, on behalf of themselves and all
15 those similarly situated

16
                    UNITED STATES DISTRICT COURT
17
        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

18

| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated, | CASE NO. 2:22-cv-00047-GW-GJ |
|---|---|
| Plaintiffs, | **PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION TO NEW ERA ADR, INC.** |
| v. | The Honorable George H. Wu |
| Live Nation Entertainment, Inc., and Ticketmaster LLC, | **Jury Trial on Arbitration Issues Demanded** |
| Defendants. | |

# APPENDIX A

## DEFINITIONS AND INSTRUCTIONS

This deposition notice is subject to and incorporates the following definitions and instructions as used herein:

1. The term "COMMUNICATION(S)" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail.

2. The term "DEFENDANTS" shall refer to TICKETMASTER and LIVE NATION, or either of them.

3. The term "DOCUMENT(S)" shall have the broadest meaning ascribed to them by the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a separate document within the meaning of this term). The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not. The term DOCUMENT(S) shall include COMMUNICATIONS.

4. The term "KELLER LENKNER" means the law firm Keller Lenkner LLC, and includes Keller Postman LLC (the firm's current name).

5. The term "LIVE NATION" shall refer to Live Nation Entertainment, Inc., including all of its parents, subsidiaries, affiliates, agents, and representatives.

6. The term "LATHAM & WATKINS" means Latham & Watkins, LLP, including all of its agents and representatives.

7. The terms "NEW ERA ADR," "YOU," and "YOUR" shall refer to New Era ADR, Inc., including all of its parents, subsidiaries, affiliates, agents, and representatives.

8. The term "PERSON(S)" shall refer to any legal entity, including but not limited to natural persons, corporations, partnerships, firms, and/or associations, and any parent, subsidiary, division, department, or affiliate thereof.

9. The terms "RELATING TO," "RELATED TO," "REFERRING TO," "REFER OR RELATE TO," or "REGARDING" shall mean concerning, mentioning, reflecting, pertaining to, evidencing, identifying, incorporating, summarizing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

10. The term "TICKETMASTER" shall refer to Ticketmaster LLC, including all of its parents, subsidiaries, affiliates, agents, and representatives.

11. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "Including" means "including but not limited to." The terms "any," "all," "each," "every," "and," "or," and "and/or" as used herein shall be construed as appropriate to bring within the scope of these requests information and DOCUMENTS which might otherwise be interpreted to be beyond their scope. Words in the masculine, feminine or neuter form shall include each of the other genders.

12. This deposition subpoena covers the period 2019 through the present.

PLAINTIFFS' DEPOSITION SUBPOENA TO NEW ERA

## DEPOSITION TOPICS

**TOPIC NO. 1.:**

All of YOUR COMMUNICATIONS with DEFENDANTS and/or LATHAM & WATKINS, including all of YOUR COMMUNICATIONS with DEFENDANTS and/or LATHAM & WATKINS about YOUR Rules and Procedures, YOUR Terms and Conditions, and the terms of YOUR subscription agreements with DEFENDANTS.

**TOPIC NO. 2.:**

All of YOUR contracts with DEFENDANTS, including all of DEFENDANTS' subscription agreements with YOU.

**TOPIC NO. 3.:**

The dates and amounts of each and every payment to YOU from DEFENDANTS and/or LATHAM & WATKINS.

**TOPIC NO. 4.:**

YOUR Rules and Procedures, including all drafts thereof.

**TOPIC NO. 5.:**

YOUR Terms and Conditions, including all drafts thereof.

**TOPIC NO. 6.:**

YOUR advertisement of NEW ERA ADR.

**TOPIC NO. 7.:**

YOUR efforts to raise capital, including the efforts that led to investments from Alumni Ventures Group, Motivate Venture Capital, Purple Arch Ventures, Nextview Ventures, Jump Capital, David Kalt, Sean Chou, Pete Kadens, and/or Lon Chow.

**TOPIC NO. 8.:**

All subscription agreements YOU have entered into, with DEFENDANTS or otherwise.

**TOPIC NO. 9.:**

The number of consumer arbitrations that YOU have administered, as well as the manner in which YOU have administered them.

**TOPIC NO. 10.:**

All DOCUMENTS produced by YOU in this action or created by YOU that REFER OR RELATE TO mass arbitration, KELLER LENKNER, YOUR Rules and Procedures, YOUR Terms and Conditions, YOUR e-arbitration process, YOUR subscription agreements with DEFENDANTS, YOUR subscription agreements with anyone other than DEFENDANTS, YOUR business plans for New Era ADR, the amounts paid by any entity or person to YOU, and the amounts paid by YOU to any entity or person.

**TOPIC NO. 11.:**

The number of arbitrators who YOU approved to serve as arbitrators in arbitrations YOU administer, including all of YOUR contracts with those arbitrators.

**TOPIC NO. 12.:**

The equity stakes in YOU of all arbitrators who YOU approved to serve as arbitrators in arbitrations YOU administer.

| | |
|---|---|
| DATED: June 14, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By /s/ *Adam B. Wolfson* |
| | Kevin Y. Teruya (Bar No. 235916)<br>kevinteruya@quinnemanuel.com<br>Adam B. Wolfson (Bar No. 262125)<br>adamwolfson@quinnemanuel.com<br>William R. Sears (Bar No. 330888)<br>willsears@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |
| | *Attorneys for Plaintiffs* Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated |
| | KELLER POSTMAN LLC |
| | By /s/ *Warren D. Postman* |
| | Warren D. Postman (Bar No. 33069)<br>wdp@kellerpostman.com<br>Albert Y. Pak (admitted *pro hac vice*)<br>albert.pak@kellerpostman.com<br>1100 Vermont Avenue, N.W., 12th Floor<br>Washington, D.C. 20005<br>(202) 918-1123 |
| | *Attorneys for Plaintiffs* Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated |

-6-   Case No. 2:22-cv-00047-GW-GJS
PLAINTIFFS' DEPOSITION SUBPOENA TO NEW ERA

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2022 a copy of PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION TO NEW ERA ADR, INC. was served via electronic mail to counsel for Defendants.

DATED: June 14, 2022          KELLER POSTMAN LLC


By /s/ Albert Y. Pak
Attorney for Plaintiffs