# Exhibit C

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
  William R. Sears (Bar No. 330888)
  willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN LLC
  Warren D. Postman (Bar No. 33069)
  wdp@kellerpostman.com
  Albert Y. Pak (admitted *pro hac vice*)
  albert.pak@kellerpostman.com
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
Telephone: (202) 918-1123

Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | CASE NO. 2:22-cv-00047-GW-GJ<br><br>**PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS IN A CIVIL ACTION TO NEW ERA ADR**<br><br>The Honorable George H. Wu<br><br>**Jury Trial on Arbitration Issues Demanded** |

# APPENDIX A
# DEFINITIONS

This subpoena is subject to and incorporates the following definitions and instructions as used herein:

1. The term "TICKETMASTER" shall refer to Ticketmaster LLC, including all of its parents, subsidiaries, affiliates, agents, and representatives.

2. The term "LIVE NATION" shall refer to Live Nation Entertainment, Inc., including all of its parents, subsidiaries, affiliates, agents, and representatives.

3. The term "LATHAM & WATKINS" means Latham & Watkins, LLP, including all of its agents and representatives.

4. The term "KELLER LENKNER" means the law firm Keller Lenkner LLC, and includes Keller Postman LLC (the firm's current name).

5. The term "DEFENDANTS" shall refer to TICKETMASTER and LIVE NATION, or either of them.

6. The term "PERSON(S)" shall refer to any legal entity, including but not limited to natural persons, corporations, partnerships, firms, and/or associations, and any parent, subsidiary, division, department, or affiliate thereof.

7. The terms "NEW ERA ADR," "YOU," and "YOUR" shall refer to New Era ADR, Inc., including all of its parents, subsidiaries, affiliates, agents, and representatives.

8. The term "COMMUNICATION(S)" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail.

9. The term "DOCUMENT(S)" shall have the broadest meaning ascribed to them by the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or

used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a separate document within the meaning of this term).  The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.  The term DOCUMENT(S) shall include COMMUNICATIONS.

      10.    The terms "RELATING TO," "RELATED TO," "REFERRING TO," "REFER OR RELATE TO," or "REGARDING" shall mean concerning, mentioning, reflecting, pertaining to, evidencing, identifying, incorporating, summarizing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

      11.    The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "Including" means "including but not limited to."  The terms "any," "all," "each," "every," "and," "or," and "and/or" as used herein shall be construed as appropriate to bring within the scope of these requests information and DOCUMENTS which might otherwise be interpreted to be beyond their scope.  Words in the masculine, feminine or neuter form shall include each of the other genders.

# INSTRUCTIONS

1. YOU are required to produce all non-privileged DOCUMENTS in YOUR possession, custody, or control, including information in the possession, custody, or control of any of YOUR attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and PERSONS under YOUR control.

2. Each DOCUMENT is to be produced along with all non-identical versions thereof in their entirety, without abbreviation or redaction.

3. All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

4. All DOCUMENTS that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

5. Color copies of DOCUMENTS are to be produced where color is necessary to interpret or understand the contents.

6. The source(s) or derivation of each DOCUMENT produced shall be specifically identified.

7. Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

8. Unless otherwise indicated in a particular request, the request is limited in time from 2019 through the present.

9. In the event that any DOCUMENT called for by the following Requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copy(s); (ii) the DOCUMENT'S date,

number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts upon which YOU would base YOUR claim of privilege or immunity.

10. In the event that any DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copy(s); (ii) the DOCUMENT'S date, number of pages and attachments or appendices; (iii) the DOCUMENT'S subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the PERSONS who were authorized to carry out such destruction or discard; and (vi) whether any copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.:**

All of YOUR COMMUNICATIONS with DEFENDANTS and/or LATHAM & WATKINS, including all of YOUR COMMUNICATIONS with DEFENDANTS and/or LATHAM & WATKINS about YOUR Rules and Procedures, YOUR Terms and Conditions, and the terms of YOUR subscription agreements with DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 2.:**

All of YOUR contracts with DEFENDANTS, including all of DEFENDANTS' subscription agreements with YOU.

**REQUEST FOR PRODUCTION NO. 3.:**

DOCUMENTS sufficient to show the dates and amounts of each and every payment to YOU from DEFENDANTS and/or LATHAM & WATKINS.

**REQUEST FOR PRODUCTION NO. 4.:**

All drafts of YOUR Rules and Procedures.

**REQUEST FOR PRODUCTION NO. 5.:**

All drafts of YOUR Terms and Conditions.

**REQUEST FOR PRODUCTION NO. 6.:**

All DOCUMENTS used to advertise NEW ERA ADR.

**REQUEST FOR PRODUCTION NO. 7.:**

All DOCUMENTS used in connection with YOUR efforts to raise capital, including the efforts that led to investments from Alumni Ventures Group, Motivate Venture Capital, Purple Arch Ventures, Nextview Ventures, Jump Capital, David Kalt, Sean Chou, Pete Kadens, and/or Lon Chow.

**REQUEST FOR PRODUCTION NO. 8.:**

All subscription agreements YOU have entered into, with DEFENDANTS or otherwise.

**REQUEST FOR PRODUCTION NO. 9.:**

DOCUMENTS sufficient to show the information required to be published by YOU under California Code of Civil Procedure 1281.96, Maryland Commercial Law §§ 14-3901 to 3905, and/or New Jersey Statutes § 2A:23B-1 *et seq*.

**REQUEST FOR PRODUCTION NO. 10.:**

All DOCUMENTS that REFER OR RELATE TO mass arbitration, KELLER LENKNER, YOUR Rules and Procedures, YOUR Terms and Conditions, YOUR e-arbitration process, YOUR subscription agreements with DEFENDANTS, and YOUR subscription agreements with anyone other than DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 11.:**

DOCUMENTS sufficient to show the number of arbitrators who YOU approved to serve as arbitrators in arbitrations YOU administer, including all of YOUR contracts with those arbitrators.

**REQUEST FOR PRODUCTION NO. 12.:**

DOCUMENTS sufficient to show the equity stakes in YOU of all arbitrators who YOU approved to serve as arbitrators in arbitrations YOU administer.

**REQUEST FOR PRODUCTION NO. 13.:**

DOCUMENTS sufficient to show YOUR business plans for NEW ERA ADR.

**REQUEST FOR PRODUCTION NO. 14.:**

DOCUMENTS sufficient to show the amounts paid by any entity or person, by each such entity or person, to YOU.

**REQUEST FOR PRODUCTION NO. 15.:**

DOCUMENTS sufficient to show the amounts paid by YOU to any entity or person, by each such entity or person.

**REQUEST FOR PRODUCTION NO. 16.:**

DOCUMENTS sufficient to show the number of consumer arbitrations that YOU have administered, as well as the manner in which YOU have administered them.

| | | |
|---|---|---|
| DATED: June 14, 2022 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By  /s/ *Adam B. Wolfson*
    Kevin Y. Teruya (Bar No. 235916)
    kevinteruya@quinnemanuel.com
    Adam B. Wolfson (Bar No. 262125)
    adamwolfson@quinnemanuel.com
    William R. Sears (Bar No. 330888)
    willsears@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
    Telephone:   (213) 443-3000
    Facsimile:   (213) 443-3100

*Attorneys for Plaintiffs* Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated

KELLER POSTMAN LLC

By  /s/ *Warren D. Postman*
    Warren D. Postman (Bar No. 33069)
    wdp@kellerpostman.com
    Albert Y. Pak (admitted *pro hac vice*)
    albert.pak@kellerpostman.com
    1100 Vermont Avenue, N.W., 12th Floor
    Washington, D.C. 20005
    (202) 918-1123

*Attorneys for Plaintiffs* Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2022, a copy of PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS IN A CIVIL ACTION TO NEW ERA ADR was served via electronic mail to counsel for Defendants.

DATED: June 14, 2022          KELLER POSTMAN LLC


By  */s/ Albert Y. Pak*
      Attorney for Plaintiffs