# Exhibit D

RILEY SAFER HOLMES & CANCILA LLP
Sandra L. Musumeci
Joshua A. Roquemore (SBN 327121)
smusumeci@rshc-law.com
jroquemore@rshc-law.com
100 Spectrum Center Drive, Suite 440
Irvine, CA 92618
Telephone: (949) 359-5500
Facsimile: (949) 359-5501

*Attorneys for Non-Party New Era ADR*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendant. | Case No.: 22-cv-00047-GW-GJS<br><br>**NEW ERA ADR'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**<br><br>The Honorable George H. Wu |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKEN NOTICE** that non-party New Era ADR ("New Era") hereby makes the following responses and objections, in response to Plaintiffs' Subpoena to Testify at a Deposition in a Civil Action ("Subpoena").

## GENERAL OBJECTIONS

   1.   New Era objects to the Subpoena as requesting information and testimony that exceeds the scope of permissible discovery in this matter, as ordered by the Court.  Specifically, the Court ruled on June 9, 2022 that Plaintiffs were only permitted to conduct limited discovery on the issue of unconscionability.  *See* Order on Plaintiffs' Motion for Discovery, ECF No. 50, at p. 4.  Therefore, the scope of permissible discovery in this matter is narrow, and especially where it involves a non-party such as New Era.  *See Abernathy v. DoorDash, Inc.*, 3:19-cv-7545-WHA, ECF No. 156 at pp. 16:12-18:17, 18:24-25 (N.D. Cal) (finding that only communications between an ADR provider and defendant were relevant to the issue of unconscionability in the context of a motion to compel arbitration).

2.    New Era objects to the Subpoena to the extent it seeks to impose obligations beyond the scope required by the Federal Rules of Civil Procedure and the Local Rules of the Court.

3.    New Era objects to the Subpoena to the extent it seeks information protected by the work product doctrine or any other applicable privilege. Inadvertent disclosure of any information shall not waive any claim of privilege or work product protection.

4.    New Era objects to the Subpoena to the extent that it seeks information that New Era is obligated to maintain as confidential, including but not limited to confidential and proprietary business information of itself and third parties.

5.    As a non-party, New Era objects to the Subpoena to the extent that it exceeds the permissible scope of discovery by seeking information that is not relevant to any party's claims or defenses nor likely to lead to the discovery of admissible evidence. New Era objects to the Subpoena to the extent it seeks cumulative information available by less intrusive or burdensome means or from the parties to this matter.

6.    New Era objects to the Subpoena to the extent it seeks information not in its possession, custody, or control.

7.    By making a specific objection to any particular deposition topic, New Era does not imply that the specific objection is not applicable to any other topic or that the General Objections are inapplicable to that topic.

8.    New Era reserves its rights to object to further inquiry or any effort to compel testimony beyond the scope of the objections and responses below. These objections and responses are based upon information currently available to New Era through due inquiry. New Era reserves its right to supplement its objections and responses if it discovers new information relevant to this litigation, and to modify, amend, or supplement the General Objections, any specific objections, and/or any response.

9.    These General Objections are incorporated into each response below as if fully set forth in that response.

# RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS

**TOPIC NO. 1:**

All of YOUR COMMUNICATIONS with DEFENDANTS and/or LATHAM & WATKINS, including all of YOUR COMMUNICATIONS with DEFENDANTS and/or LATHAM & WATKINS about YOUR Rules and Procedures, YOUR Terms and Conditions, and the terms of YOUR subscription agreements with DEFENDANTS.

**RESPONSE TO TOPIC NO. 1:**

New Era objects to this topic as calling for information and testimony protected by the attorney-client privilege and/or work product doctrine. New Era will not provide testimony on privileged topics.

Subject to the foregoing objections, New Era will provide deposition testimony on this topic.

**TOPIC NO. 2.:**

All of YOUR contracts with DEFENDANTS, including all of DEFENDANTS' subscription agreements with YOU.

**RESPONSE TO TOPIC NO. 2:**

New Era objects to this topic as overbroad and disproportional to the needs of the case.

Subject to the foregoing objections, New Era will provide deposition testimony on this topic.

**TOPIC NO. 3.:**

The dates and amounts of each and every payment to YOU from DEFENDANTS and/or LATHAM & WATKINS.

**RESPONSE TO TOPIC NO. 3:**

New Era objects to this topic as overbroad and disproportional to the needs of the case.

Subject to the foregoing objections, New Era will provide deposition testimony on this topic.

**TOPIC NO. 4.:**

YOUR Rules and Procedures, including all drafts thereof.

- 4 -

**RESPONSE TO TOPIC NO. 4:**

New Era objects to this topic as overbroad and disproportional to the needs of the case insofar as it concerns "all" drafts. New Era further objects to this topic to the extent that it suggests any obligation upon New Era to maintain all drafts of its Rules and Procedures.

Notwithstanding the foregoing objections, New Era will provide deposition testimony on this topic.

**TOPIC NO. 5.:**

YOUR Terms and Conditions, including all drafts thereof

**RESPONSE TO TOPIC NO. 5:**

New Era objects to this topic as overbroad and disproportional to the needs of the case insofar as it concerns "all" drafts. New Era further objects to this topic to the extent that it suggests any obligation upon New Era to maintain all drafts of its Terms and Conditions.

Notwithstanding the foregoing objections, New Era will provide deposition testimony on this topic.

**TOPIC NO. 6.:**

YOUR advertisement of NEW ERA ADR.

**RESPONSE TO TOPIC NO. 6:**

New Era objects to this topic as vague and overbroad as to the term "advertisement." New Era further objects to this topic as irrelevant to Plaintiffs' claims at issue and disproportionate to the needs of the case. Accordingly, New Era will not provide deposition testimony on this topic.

**TOPIC NO. 7.:**

YOUR efforts to raise capital, including the efforts that led to investments from Alumni Ventures Group, Motivate Venture Capital, Purple Arch Ventures, Nextview Ventures, Jump Capital, David Kalt, Sean Chou, Pete Kadens, and/or Lon Chow.

**RESPONSE TO TOPIC NO. 7:**

New Era objects to this topic as calling for information and testimony that are irrelevant to Plaintiffs' claims at issue and disproportionate to the needs of the case. New Era further objects to this topic as requesting information and testimony regarding trade secrets, confidential information,

and/or other proprietary business information of itself and third parties. Accordingly, New Era will not provide deposition testimony on this topic.

**TOPIC NO. 8.:**

All subscription agreements YOU have entered into, with DEFENDANTS or otherwise.

**RESPONSE TO TOPIC NO. 8:**

Regarding the topic of subscription agreements with Defendants, this topic is redundant to Topic No. 2, for which New Era will provide deposition testimony.

As to subscription agreements with other parties, New Era objects to such topic as calling for information that is not relevant to the claims at issue, overbroad, and disproportionate to the needs of the case. New Era further objects to this topic as requesting information and testimony reflecting trade secrets, confidential information, and/or other proprietary business information of itself and third parties. New Era will not provide deposition testimony on such topic.

**TOPIC NO. 9.:**

The number of consumer arbitrations that YOU have administered, as well as the manner in which YOU have administered them.

**RESPONSE TO TOPIC NO. 9:**

New Era objects to this topic as vague and ambiguous as to the term, "the manner in which YOU have administered them." Furthermore, New Era objects to this topic as overbroad and disproportionate to the needs of this case. New Era further objects to this topic as requesting information reflecting trade secrets, confidential information, and/or other proprietary business information of itself and third parties.

Notwithstanding the foregoing objections, New Era will meet and confer with Plaintiffs to narrow the scope of this topic.

**TOPIC NO. 10.:**

All DOCUMENTS produced by YOU in this action or created by YOU that REFER OR RELATE TO mass arbitration, KELLER LENKNER, YOUR Rules and Procedures, YOUR Terms and Conditions, YOUR e-arbitration process, YOUR subscription agreements with DEFENDANTS, YOUR subscription agreements with anyone other than DEFENDANTS, YOUR business plans for

- 5 -

New Era ADR, the amounts paid by any entity or person to YOU, and the amounts paid by YOU to any entity or person.

**RESPONSE TO TOPIC NO. 10:**

New Era objects to this topic as vague, overbroad, and compound. New Era further objects to this topic as duplicative of prior topics, as Plaintiffs previously requested deposition testimony on New Era's Rules and Procedures in Topic No. 4, its Terms and Conditions in Topic No. 5, its subscription agreements with Defendants in Topics Nos. 2 and 8, and its subscription agreements with other parties in Topic No. 8. Please refer to New Era's prior responses and objections in relation to those topics, as New Era incorporates them herein.

With respect to testimony on documents regarding mass arbitration and Keller Lenkner, New Era objects to this topic as overbroad and irrelevant to the claims at issue, and disproportionate to the needs of the case.

With respect to testimony on documents relating to New Era's e-arbitration process, New Era objects to such topic as being vague as to the term "e-arbitration."

With respect to testimony on documents relating to New Era's business plan, New Era objects to this topic as vague and ambiguous as to the term "business plan," overbroad, and disproportionate to the needs of this case. New Era further objects to this topic as requesting information and testimony reflecting trade secrets, confidential information, and/or other proprietary business information. Accordingly, New Era will not provide any such testimony.

With respect to testimony on documents relating to the amounts paid by any entity or person to New Era, New Era objects to this topic as vague and ambiguous as to the scope of time, manner, and context of "amounts paid" to New Era. Furthermore, New Era objects to this topic as overbroad and disproportionate to the needs of this case. New Era further objects to this topic as requesting information and testimony reflecting trade secrets, confidential information, and/or other proprietary business information. Notwithstanding those objections, New Era will provide deposition testimony only as it relates to amounts paid by Defendants and/or Latham & Watkins.

With respect to testimony on documents relating to the amounts paid to any entity or person by New Era, New Era objects to this topic as vague and ambiguous as to the scope of time, manner, and context of "amounts paid" by New Era to other entities or persons, and/or "by each such entity or person." Furthermore, New Era objects to this topic as overbroad and disproportionate to the needs

- 6 -
NEW ERA ADR'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

of this case. New Era further objects to this topic as requesting information and testimony reflecting trade secrets, confidential information, and/or other proprietary business information. Accordingly, New Era will not provide any such testimony.

Subject to the foregoing objections, New Era will provide testimony only to the extent that New Era has agreed to provide testimony responsive to Topics Nos. 2, 4, 5, and 8. Otherwise, New Era will not provide any such testimony.

**TOPIC NO. 11.:**

The number of arbitrators who YOU approved to serve as arbitrators in arbitrations YOU administer, including all of YOUR contracts with those arbitrators.

**RESPONSE TO TOPIC NO. 11:**

New Era objects to this topic as irrelevant, overbroad, and disproportionate to the needs of this case. New Era further objects to this topic as requesting information and testimony reflecting trade secrets, confidential information, and/or other proprietary business information of itself and third parties.

Accordingly, New Era will not provide testimony on this topic as written. However, New Era is willing to meet and confer with Plaintiffs to discuss potentially narrowing the scope of this topic.

**TOPIC NO. 12.:**

The equity stakes in YOU of all arbitrators who YOU approved to serve as arbitrators in arbitrations YOU administer.

**RESPONSE TO TOPIC NO. 12:**

New Era objects to this topic as irrelevant, overbroad, and disproportionate to the needs of this case. New Era further objects to this topic as requesting information and testimony reflecting trade secrets, confidential information, and/or other proprietary business information of itself and third parties.

Accordingly, New Era will not provide testimony on this topic as written. However, New Era is willing to meet and confer with Plaintiffs to discuss potentially narrowing the scope of this topic.

Dated: August 1, 2022                    RILEY SAFER HOLMES & CANCILA LLP

By: *s/Sandra L. Musumeci*
    Sandra L. Musumeci
    Joshua L. Roquemore
    *Attorneys for Non-Party New Era ADR*