# Exhibit F

| | |
|---|---|
| **From:** | Sandra Musumeci |
| **To:** | Will Sears; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson; Kevin Teruya |
| **Cc:** | Sondra Hemeryck; Joshua Roquemore |
| **Subject:** | RE: RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR |
| **Date:** | Wednesday, September 7, 2022 7:52:59 PM |
| **Attachments:** | image001.png |

Hi Will,

I hope you had a nice holiday weekend too.  Thanks for following up.  I am not sure that I have much to report, other than that we believe that we have reached an impasse on RFP Nos. 6, 7, 10, and 13, as well as No. 8 if Plaintiffs are not satisfied with the offer of proof that we have already made.  We intend to file a motion to quash as to these issues and agree with you that it makes the most sense to appear before Judge Wu, and not N.D.Ill., given that the subpoena pertains to Judge Wu's ruling about the scope of discovery.  We are happy to try to agree in advance about a briefing schedule and then file a stipulation with the Court.  Do you have dates in mind?  I might propose something along the lines of New Era filing a motion to quash by 9/19, Plaintiffs responding by 9/30, and any reply due by 10/7.  Would that work for Plaintiffs?

Regards,
Sandy


Sandra L. Musumeci
Riley Safer Holmes & Cancila LLP
Direct:  212.660.1032
smusumeci@rshc-law.com
www.rshc-law.com



**From:** Will Sears <willsears@quinnemanuel.com>
**Sent:** Wednesday, September 7, 2022 5:33 PM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>; Joshua Roquemore <JRoquemore@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

Hi Sandy –

Hope you had a nice weekend.  I just wanted to follow up on our call Friday.  I believe you were going to get back to us on:  (i) RFP 8; and (ii) New Era's preferred procedure for briefing any issues on which we have not reached agreement.  Can you let us know where things stand on your end so

we can move forward?

Best,

Will

---

**From:** Sandra Musumeci <SMusumeci@rshc-law.com>
**Sent:** Monday, August 29, 2022 12:02 PM
**To:** Will Sears <willsears@quinnemanuel.com>; wdp@kellerpostman.com;
albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya
<kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>; Joshua Roquemore <JRoquemore@rshc-law.com>
**Subject:** Re: [EXTERNAL EMAIL] RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New
Era ADR

==**[EXTERNAL EMAIL from smusumeci@rshc-law.com]**==

---

Will,

How about 12 noon ET / 9am PT on Wednesday? I'm fairly free if that's no good.

Sandy

Get Outlook for iOS

---

**From:** Will Sears <willsears@quinnemanuel.com>
**Sent:** Monday, August 29, 2022 1:47:48 PM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com
<wdp@kellerpostman.com>; albert.pak@kellerpostman.com <albert.pak@kellerpostman.com>;
Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya
<kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>; Joshua Roquemore <JRoquemore@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New
Era ADR

Thanks Sandy – are there times Wednesday that would work instead?

Best,

Will

---

**From:** Sandra Musumeci <SMusumeci@rshc-law.com>
**Sent:** Monday, August 29, 2022 7:23 AM

**To:** Will Sears <willsears@quinnemanuel.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>; Joshua Roquemore <JRoquemore@rshc-law.com>
**Subject:** Re: [EXTERNAL EMAIL] RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

**[EXTERNAL EMAIL from smusumeci@rshc-law.com]**

Hi Will,

My Tuesday afternoon is fully booked, other than 1pm ET.  Would that work?

Sandy

Get Outlook for iOS

**From:** Will Sears <willsears@quinnemanuel.com>
**Sent:** Friday, August 26, 2022 11:12:58 AM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com <wdp@kellerpostman.com>; albert.pak@kellerpostman.com <albert.pak@kellerpostman.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>; Joshua Roquemore <JRoquemore@rshc-law.com>
**Subject:** [EXTERNAL EMAIL] RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

Sandy –

As we've discussed, we think our requests are reasonable and within the scope of the Court's order. We've tried to accommodate New Era's concerns and its status as a third party, but it's very difficult for us to even evaluate New Era's assertions about burden and the sensitivity of certain documents without getting the type of information about the discovery process that we have requested.  We have been consistent in asking for that information—including a specific description of New Era's search process—and we can't further narrow or refine the requests mentioned below without knowing more.

For example, if New Era were willing to provide us with "hit reports" quantifying the burden of our proposed terms, we would be open to considering reasonable modifications.  But we cannot negotiate in the dark, so unless New Era is willing to provide additional information about its search process, as requested, it looks like we're at impasse on at least RFPs 6, 7, 10, and 13.  I note that providing such information is really in both of our interests, as it will help the Court evaluate New Era's burden arguments, but if New Era is unwilling to do so, we don't see another way forward on

these RFPs.

As for RFP 8, let's discuss that on Tuesday.  We're open to trying to narrow the issues to present to the Court, so while we don't think New Era's proposal on this request fully addresses our concerns, we're willing to hear you out on it.

As for Tuesday, something else has come up that morning, but I am free most of the afternoon. How's 1PM PT/4PM ET?

Best,

Will

**From:** Sandra Musumeci <SMusumeci@rshc-law.com>
**Sent:** Wednesday, August 24, 2022 2:04 PM
**To:** Will Sears <willsears@quinnemanuel.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>; Joshua Roquemore <JRoquemore@rshc-law.com>
**Subject:** RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

[EXTERNAL EMAIL from smusumeci@rshc-law.com]

Will,

I am in receipt of your email.  We find it particularly disappointing that Plaintiffs are taking such an unreasonable and aggressive stance toward New Era, a nonparty to this dispute.  Particularly when we have taken great care to be cooperative and reasonable, including engaging with you about your requests even prior to serving responses and objections, having a second meet and confer to discuss our objections and finding compromises on many requests, and most importantly, agreeing right off the bat to produce multiple categories of sensitive business documents, as well as produce a 30(b)(6) witness.  There is no requirement that any party or nonparty run search terms in order to respond to a subpoena, particularly where the scope of the subpoena is limited and the responding entity has a well-organized and limited universe of responsive documents, as is the case here.  The process we are undertaking is appropriate and more than sufficient to identify and produce the materials in New Era's possession that are responsive to Plaintiffs' requests.  New Era has come to this process with nothing to hide as concerns the narrow question that the Court articulated, and our willingness to produce documents pertaining to that issue and even reach compromises as to materials that we view as likely outside that issue shows New Era's good faith.

That said, New Era will not agree to open season on its entire business, which is what Plaintiffs' subpoenas, as drafted, seek.  Accordingly, we agree that we are likely at an impasse as to RFPs # 6, 7, 10, and 13, as those broad requests are invasive and unduly burdensome fishing expeditions untethered to the narrow issue of unconscionability of Live Nation and Ticketmaster's arbitration

clause for which the Court has allowed discovery.   But we are unclear about how we are at an impasse about RFP #8, as you now contend.  You had previously indicated that Plaintiffs would agree not to receive third party subscription agreements in exchange for information concerning whether Live Nation and Ticketmaster were New Era's most significant clients.  We have done that, and so your claim of an impasse is a surprise.  Please explain what deficiency you see here, as we thought we had reached a reasonable compromise that Plaintiffs themselves proposed.

A brief call on Tuesday to address outstanding issues works for me.  How is 2pm ET / 11am PT?  To the extent that you can provide clarity on some of your lingering concerns in advance of the call – particularly as to RFP #8 – that would be helpful.

Regards,
Sandy


Sandra L. Musumeci
Riley Safer Holmes & Cancila LLP
Direct:  212.660.1032
smusumeci@rshc-law.com
www.rshc-law.com



**From:** Will Sears <willsears@quinnemanuel.com>
**Sent:** Wednesday, August 24, 2022 8:49 AM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** [EXTERNAL EMAIL] RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

Thanks Sandy.  We continue to have significant concerns about New Era's responses and the process by which it is searching for documents, which we now understand does not involve search terms and rather "targeted" searches that are being done based on New Era's own decisions about what is relevant and responsive.  It also appears we may be at impasse on several requests, including RFPs 6-8, 10, and 13.  Can we set a time to discuss?  If we are not able to reach agreement, we would like to set a schedule to brief a motion to compel, and will be prepared to discuss that on our call.

The best time for me would be early next week, such as next Tuesday.  However, we also don't want this to lag, so if that does not work for you, please let me know, and we will try to find another time soon to discuss.

Best,

Will

---

**From:** Sandra Musumeci <SMusumeci@rshc-law.com>
**Sent:** Tuesday, August 23, 2022 11:21 AM
**To:** Will Sears <willsears@quinnemanuel.com>; wdp@kellerpostman.com;
albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya
<kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

> [EXTERNAL EMAIL from smusumeci@rshc-law.com]

---

Will,

Please see New Era's responses to your queries below, in red.  Please note that New Era reserves all
rights, and by its statements and compromises below, it does not waive any previously-stated
objections.

Regards,
Sandy

Sandra L. Musumeci
Riley Safer Holmes & Cancila LLP
Direct:  212.660.1032
smusumeci@rshc-law.com
www.rshc-law.com



---

**From:** Will Sears <willsears@quinnemanuel.com>
**Sent:** Wednesday, August 10, 2022 7:04 PM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com;
albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya
<kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era
ADR

**From:** Will Sears
**Sent:** Wednesday, August 10, 2022 4:04 PM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com;
albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya
<kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era
ADR

Hi Sandy –

Thank you for the call on Tuesday.  As discussed, I'm writing to follow up on our document requests and memorialize the points we discussed.  As also discussed, we think it makes sense to iron out any remaining issues there before discussing the deposition topics and logistics, though we hope to conclude our discussions on both soon.

I'm also attaching the ESI Protocol and the Protective Order, which have both been approved by the Court.  Thank you for these materials, which we had already retrieved from the Court docket.

**Information Regarding Search Process**

At the outset, as I requested on the call, we need more information from New Era about its search process in order to assess the sufficiency of that process.  In particular, we need to know:

- Which document custodians New Era is searching, including their roles and the time they worked at New Era;
- Which sources of information for each custodian New Era is searching—*i.e.*, emails, slacks, texts, etc.;
- What search terms, if any, New Era is using to search custodial documents (and if New Era is not using search terms, how responsive materials are being identified);
- Whether New Era has any centralized folders (*i.e.*, shared drives or similar folders) containing responsive materials, including marketing documents, investor outreach materials, and business plans.

While we appreciate that New Era is moving forward with its production, Plaintiffs are entitled to understand New Era's search process and provide input on that process—including on the search terms New Era uses to identify responsive documents—to ensure our requests are adequately addressed.  *See, e.g.*, *William A. Gross Constr. Assocs. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 135 (S.D.N.Y. 2009) (cautioning against "designing keyword searches in the dark, by the seat of the pants"); *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 662 (M.D. Fla. 2007) (search terms "must be a cooperative and informed process").

Please confirm you will provide this information.  We note that doing so sooner, rather than later, will be beneficial insofar as we can address any issues up front, rather than having to revisit them later on, after New Era has already begun producing documents.

As previously stated, New Era believes that Plaintiffs' request for extensive discussion as to New Era's records-keeping and communications systems is unwarranted and certainly premature, given the narrow scope of discovery that the Court has permitted against nonparty New Era ADR, as well as New Era's properly asserted objections to the requests that exceed the scope of the Court's ruling or are otherwise improper.  That said, in the interest of cooperation, New Era will disclose the following about its collection process for identifying potentially responsive documents.

- New Era has reviewed materials related to the following New Era custodians, who were the

only people who held roles by which they might have had any contact with Defendants or Latham & Watkins during the relevant time period:

- Collin Williams
- Rich Lee
- Shane Mulrooney
- Michelle Tyler
- John Kerkstra
- Shelby Ruettiger

- For each of these custodians, New Era is reviewing the respective @neweraadr.com email account (which has existed throughout the relevant timeframe), as well as potentially relevant documents and other material maintained by New Era.  New Era conducted its business through email.  New Era does not believe that there is any basis to run searches of custodians' personal devices or other domain names, as custodians did not conduct business as to potentially responsive issues via personal devices or non @neweraadr.com emails.  To the extent that New Era learns of potentially responsive information that was maintained on personal devices or in any other format through custodian interviews or other processes, New Era will collect and produce said materials as appropriate.
- Given New Era's familiarity with its records and the limited universe of materials from which responsive materials may exist, New Era has not employed a search term protocol to identify potentially responsive documents.  Instead, New Era has identified potentially responsive materials through custodial interviews and targeted reviews of New Era's data.

As an aside, New Era notes that the cases cited by Plaintiffs in connection with your demand for search term data do not actually require that New Era engage in any particular process for responding to nonparty document and deposition subpoena.  To the contrary, they require compliance with Court discovery orders (which will not be a problem for New Era), as well as cooperation with opposing counsel in working through discovery issues, which New Era is also doing.  While search term protocols are recognized as potentially useful for complex litigation and large scale discovery processes, there is no requirement that search terms be utilized, particularly in connection with limited scope nonparty subpoenas.  Indeed, one of the cases you cited -- *William A. Gross Constr. Assocs. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 135 (S.D.N.Y. 2009) -- recognizes that the use of search terms to collect discovery need not always be utilized, and further, the use of search terms presents its own risks and limitations.

**Privileged Materials**

I understand from our call that New Era does not have a significant number of materials that it plans to withhold on the basis of privilege.  If that changes, please let us know.  We request that New Era prepare a log for any documents withheld on the basis of privilege, and would be happy to discuss that, when the time comes, if that would be helpful.  This is a correct statement of our discussion. We do not presently expect to withhold a significant number of responsive documents on privilege grounds, and to the extent that we so withhold privileged documents, we expect to provide a log.

Should our view on that change, we will let Plaintiffs know.

**Timeframe for Discovery**

I understand from our call that New Era did its collection approximately one month ago and plans to update its production, as necessary, as time progresses.  This is correct.

**Specific RFPs**

- **RFPs 1-3 (Communications with Defendants and Latham, Contracts with Defendants, and Payments from Defendants):**  We understand that New Era plans to produce documents responsive to these requests.
  - As noted, we need to better understand New Era's search process for these requests, as per my questions above.  See above.  New Era will produce responsive materials.

- **RFP 4:  Drafts of Rules and Procedures:**  We understand that New Era plans to produce responsive documents to the extent they are in New Era's possession, custody, and control. However, we also understand that earlier drafts of the Rules and Procedures may not have been saved, or may have been overwritten during the drafting process.
  - To help us understand this issue better, could you please provide a description of how the drafts were created—*i.e.*, who was responsible for creating them, where/how were they saved (in a shared drive, on a document management system, etc.)?  Information about the development of New Era's Rules and Procedures can be elicited at deposition.  New Era intends to produce prior published copies of the Rules and Procedures as PDFs, which is how they were preserved.  In addition, prior versions of the Rules & Procedures are publicly available online via New Era's website history (e.g. https://web.archive.org/).

- **RFP 5:  Drafts of Terms and Conditions**:  As with RFP 4, we understand that New Era plans to produce responsive documents to the extent they are in New Era's possession, custody, and control, but that earlier drafts may not have been saved.
  - We request the same information for RFP 5 as for RFP 4.  Information about the development of New Era's Terms and Conditions can be elicited at deposition.  New Era's Terms and Conditions are publicly available on its website and have not been altered or amended during the relevant time period.

- **RFP 6:  Documents Used to Advertise New Era**:  We understand New Era has objected to these requests.  However, as I explained, and consistent with the Court's order, such materials are relevant because they go to whether New Era tried to generate business by advertising itself as a forum that could defeat mass arbitration.  If so, that is relevant to Plaintiffs' allegations that New Era's terms are designed to limit consumers' rights in the mass arbitration context and thus are unconscionable.  *See* ECF No. 50 at 4 (noting that "a party opposing a motion to compel arbitration is entitled to discovery relevant to the issue of unconscionability") (citation omitted).
  - As mentioned on the call, we are amenable to formulating search parameters that

would address New Era's stated concerns with this request.  For example, you
mentioned that New Era does not want to search public sources, like social media
accounts, for responsive documents.  To that end, it would be helpful to know the
information requested above regarding New Era's search process.  In the spirit of
moving this forward, we also propose that New Era run the following search terms on
the emails for the custodians it is already searching:

- "Advertis!" w/50 ("New Era" or "ADR" or "mass arb*" or "Latham" or "L&W" or
  "Ticketmaster" or "Live Nation" or "subscription" or "filing fee!" or "discovery"
  or "e-arbitration")
- "Marketing" w/50 ("New Era" or "ADR" or "mass arb*" or "Latham" or "L&W" or
  "Ticketmaster" or "Live Nation" or "subscription" or "filing fee!" or "discovery"
  or "e-arbitration")
- "Business development" w/50 ("New Era" or "ADR" or "mass arb*" or "Latham"
  or "L&W" or "Ticketmaster" or "Live Nation" or "subscription" or "filing fee!" or
  "discovery" or "e-arbitration")
- "Pitch*" w/50 ("New Era" or "ADR" or "mass arb*" or "Latham" or "L&W" or
  "Ticketmaster" or "Live Nation" or "subscription" or "filing fee!" or "discovery"
  or "e-arbitration")
- "Outreach" w/50 ("New Era" or "ADR" or "mass arb*" or "Latham" or "L&W" or
  "Ticketmaster" or "Live Nation" or "subscription" or "filing fee!" or "discovery"
  or "e-arbitration")
- "Series A" w/50 ("New Era" or "ADR" or "mass arb*" or "Latham" or "L&W" or
  "Ticketmaster" or "Live Nation" or "subscription" or "filing fee!" or "discovery"
  or "e-arbitration")
- "Invest*" w/50 ("New Era" or "ADR" or "mass arb*" or "Latham" or "L&W" or
  "Ticketmaster" or "Live Nation" or "subscription" or "filing fee!" or "discovery"
  or "e-arbitration")
- "Funding" w/50 ("New Era" or "ADR" or "mass arb*" or "Latham" or "L&W" or
  "Ticketmaster" or "Live Nation" or "subscription" or "filing fee!" or "discovery"
  or "e-arbitration")
- "Capital" w/50 ("New Era" or "ADR" or "mass arb*" or "Latham" or "L&W" or
  "Ticketmaster" or "Live Nation" or "subscription" or "filing fee!" or "discovery"
  or "e-arbitration")
- "Keller Lenkner"

- We note that we do not currently have any information about how New Era is
  conducting its search process, so we reserve the right to request additional/different
  terms if necessary.  If New Era will not agree to run these terms, please provide us with
  hit reports for each term, including "unique" hits, so that we can assess New Era's
  objection to adding the terms.

New Era stands by its objections to this overbroad and irrelevant request.  This request
into New Era's "advertising" constitutes a textbook fishing expedition which imposes a
burden not remotely proportional to its questionable probative value.  To the extent
that New Era "generate[d] business by advertising itself as a forum that could defeat
mass arbitration" (an allegation without basis), such still would not be relevant to the
issue of the unconscionability of the arbitration clause in Live Nation and/or

Ticketmaster's consumer agreement.  Furthermore, publicly available advertising and social media materials put out by New Era make clear that New Era is designed to actually allow consumers' claims to be heard and adjudicated faster and more efficiently.  New Era will not agree to run the proposed searches.

- **RFP 7:  Documents Used to Raise Capital**:  We understand New Era has objected to this request.  However, this request is relevant for similar reasons as RFP 6—if New Era uses anti-mass arbitration provisions in its Rules to raise capital, that is relevant to Plaintiffs' unconscionability arguments.  Moreover, Plaintiffs allege that New Era is using its ties to Defendants to raise capital—a fact that calls into question its impartiality in cases involving Defendants.  *See* ECF No. 34-1 at 2.
  - To move this forward, we need more information from New Era about its search process.  However, in the meantime, we'd propose running the same terms we suggested for RFP 6 to address RFP 7.  Please let us know if New Era will do so. New Era stands by its objections to this overbroad and irrelevant request.  This request into New Era's efforts to raise capital likewise constitutes a textbook fishing expedition which imposes a burden not remotely proportional to its questionable probative value.  To the extent that New Era "uses anti-mass arbitration provisions in its Rules to raise capital" (an allegation without basis), such still would not be relevant to the issue of the unconscionability of the arbitration clause in Live Nation and/or Ticketmaster's consumer agreement.  Furthermore, publicly available materials put out by New Era make clear that New Era is designed to actually allow consumers' claims to be heard and adjudicated faster and more efficiently.  New Era will not agree to run the proposed searches.

- **RFP 8:  Subscription Agreements:**  We understand New Era will produce subscription agreements for Defendants, but not for other third parties.  This is correct.
  - As explained, we need information about New Era's subscription agreements with non-Defendants to determine how significant Defendant's relationship with New Era is for New Era's business model.  In the interests of compromise, we'd propose that New Era provides us with:  (i) a list of New Era's executed subscription agreements with non-Defendants, as well as the dates on which the subscription agreements were signed and the length of the subscriptions; and (ii) the percentage of its subscription fee revenues that payments from Defendants and Latham make up.  Please let us know if New Era will do so. In the interest of cooperation and compromise, New Era will disclose to Plaintiffs as an offer of proof (in advance of deposition) that LiveNation and Ticketmaster are not New Era's largest clients and that New Era has earned more revenue from subscription agreements with other clients.  New Era will not disclose information beyond this, as it is proprietary, not relevant to the limited scope of discovery permitted, and not proportional to the needs of the case.  New Era stands by its previously stated objections.

- **RFP 9:  Information Required to Be Published by Law in CA, MD, and NJ:**  We understand that New Era has no documents responsive to this request, because it has not administered arbitrations involving citizens of California, Maryland, or New Jersey.  If that is correct, please

confirm in writing.  If that is incorrect, just let us know.  This is correct as of the date of this response.

- **RFP 10:  Documents Regarding Keller Lenkner and Mass Arbitration:**  We understand that New Era has objected to this request.  As explained, these documents are highly relevant because they go to whether New Era's terms were designed to discourage mass arbitration
    - First, can you please confirm that New Era will not withhold documents responsive to this request to the extent they turn up in New Era's searches?  That is, we understand that New Era objects to performing a search for these materials, but to the extent they turn up in New Era's existing searches, they should be produced, as there is no incremental burden to doing so.  This is correct.  New Era will not withhold a document otherwise responsive to a category that it has agreed to produce because it includes mention of Keller Lenkner or Mass Arbitration.
    - Second, we'd propose using the search terms we proposed in connection with RFP 6 to address any burden or overbreadth concerns.  Please let us know if New Era will agree to do so.  New Era will not agree to do so and stands by its previously stated objections.  Given New Era's familiarity with its records and the limited universe of materials from which responsive materials may exist, New Era has not employed a search term protocol to identify potentially responsive documents.  Instead, New Era has identified potentially responsive materials through custodial interviews and targeted reviews of New Era's data.

- **RFP 11:  Number of New Era Arbitrators and their Contracts:**  New Era proposed meeting and conferring to narrow this request.  On the call, we discussed a potential compromise by which New Era would provide:  (i) a standard-form contract it uses with its arbitrators; and (ii) a "look book" featuring some of its arbitrators.  We are agreeable to that approach, though we also request that New Era provide us with the number of arbitrators it has on retainer.  Please confirm whether we have agreement on this RFP.  New Era will agree to this compromise, although it notes that it does not have any arbitrators "on retainer."  At deposition, it will share the number of arbitrators it has on its list of approved neutrals as of a particular date.

- **RFP 12:  Equity Stakes in New Era Its Arbitrators Hold:**  New Era proposed meeting and conferring to narrow this request.  On the call, we discussed a potential compromise by which New Era would agree to answer deposition questions on this topic in lieu of a document production.  We are amenable to that approach, but request that New Era provide us with information in advance of the deposition to make that process more efficient—for example, an overview of the equity stakes its arbitrators hold.  We are open to discussing what form the information would take, but think the deposition will be more productive if we get some information in advance.  Let us know if that approach works and if you'd like to discuss further.  In the interest of cooperation and compromise, New Era will disclose to Plaintiffs as an offer of proof (in advance of deposition) that it has two arbitrators on its list of approved neutrals who have small equity stakes in New Era ADR.  These two arbitrators are listed on New Era ADR's webpage as "Advisors" and each have a 0.01% equity interest in New Era ADR.

**RFP 13:  Business Plans for New Era**:  New Era objected to this request, citing concerns with confidentiality, overbreadth, and relevance.  As for confidentiality concerns, those should be resolved by the protective order.  Regarding the other objections, we disagree.  New Era has touted its business as "a whole new way of doing arbitration" (ECF No. 34-1 at 1), and Plaintiffs allege that this "new way of doing arbitration" is unconscionable and deters mass arbitration.  New Era's business plans are highly probative as to whether that is, in fact, the goal and effect of New Era's business model.

- To address New Era's concerns, we would be willing to use the search terms listed above to narrow the scope of this request.  We also request that New Era inform us, as per the above, whether it has centralized folders containing business plans.  Please let us know if you will provide that information and run the requested search terms.

New Era stands by its objections to this overbroad and irrelevant request.  This request into New Era's "business plans" constitutes a textbook fishing expedition which imposes a burden not remotely proportional to its questionable probative value.  Indeed, publicly available materials put out by New Era make clear that New Era is designed to actually allow consumers' claims to be heard and adjudicated faster and more efficiently.  New Era will not agree to run the proposed searches.

- **RFP 14:  Payments to New Era:**  New Era objected to producing information about payments it received from anyone other than Defendants and Latham.  As I explained, we need this information to determine what percentage of New Era's revenues come from Defendants and Latham.  If there is another way to get that information, such as a representation that X% of New Era's revenues come from Defendants and Latham, we are open to considering that.  Please let us know.

In the interest of cooperation and compromise, New Era will disclose to Plaintiffs that LiveNation and Ticketmaster are not New Era's largest source of revenue.  It is well-documented in public sources that New Era is a well-funded company.  For example, see https://www.crunchbase.com/organization/neweraadr.  New Era will not disclose information beyond this, as it is proprietary, not relevant to the limited scope of discovery permitted, and not proportional to the needs of the case.  New Era stands by its previously stated objections.

**RFP 15:  Payments from New Era:**  New Era objected to this request.  As I explained, we need this information to, among other things, understand New Era's business model and whether it pays rebates or incentive awards to certain clients.  As a compromise, we suggest that New Era provide us with a list of any entities that have received payments (whether in the form of cash, rebates, or other consideration) worth more than $10,000 since its founding.  Please let us know if New Era will do so.  Although New Era believes that this request is yet another fishing expedition, in the interest of cooperation and compromise, New Era will disclose to Plaintiffs as an offer of proof (in advance of deposition) that it does not pay rebates, incentive awards, finders fees, referral fees, or any such payment to any clients.  New Era will not disclose information beyond this, as it is proprietary, not relevant to the limited scope of discovery permitted, and not proportional to the needs of the case.  New Era stands by its previously stated objections.

**RFP 16:  Number of Consumer Arbitrations Administered, and How They Were Administered:**  New Era proposed meeting and conferring to narrow this request.  On our call, New Era stated that they thought this topic was more appropriate for a deposition than for document discovery.  We are amenable to that approach, but request that New Era provide some information in advance of the deposition to make it more efficient.  We request that New Era provide:

- The number of arbitrations it has administered;
- The rules under which those arbitrations were administered (*i.e.*, whether New Era's mass arbitration rules were used); and
- Whether the arbitrations were in person or over zoom.
- Please let us know if New Era will provide this information.

In the interest of cooperation and compromise, New Era will disclose to Plaintiffs as an offer of proof (in advance of deposition) that as of the date of this email, New Era ADR has conducted one consumer arbitration.  The arbitration was initiated by a consumer against Live Nation and heard and settled within 30 days from commencement.  The proceedings were conducted remotely.  The mass arbitration rules did not apply because the consumer arbitration involved a single consumer.  Beyond this, New Era stands by its previously stated objections.

We look forward to receiving New Era's responses.  We reserve all rights.

Best,

Will

---

**From:** Will Sears
**Sent:** Friday, August 5, 2022 2:44 PM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

Thanks Sandy – that works for us.  I'll send a zoom.

Best,

Will

---

**From:** Sandra Musumeci <SMusumeci@rshc-law.com>
**Sent:** Thursday, August 4, 2022 7:33 PM
**To:** Will Sears <willsears@quinnemanuel.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>

**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

<span style="background-color: yellow">**[EXTERNAL EMAIL from smusumeci@rshc-law.com]**</span>

Hi Will,

Sorry for the slow response.  Let's find time on Tuesday.  How is Tuesday at 12 noon ET?  If that does not work, please propose an alternative time.

Many thanks,
Sandy


Sandra L. Musumeci
Riley Safer Holmes & Cancila LLP
Direct:  212.660.1032
smusumeci@rshc-law.com
www.rshc-law.com



**From:** Will Sears <willsears@quinnemanuel.com>
**Sent:** Thursday, August 4, 2022 9:23 PM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

Sandy –

Just following up on this.  Please let us know when you are available to discuss New Era's responses and objections.  We are flexible on Monday or Tuesday morning other than 10-11 AM ET, but would like to speak by early next week to ensure we can move this forward.

Best,

Will

**From:** Will Sears
**Sent:** Monday, August 1, 2022 2:46 PM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya

<kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

Sandy –

Can we set up a time later this week to discuss the responses and objections that New Era served today?  Let us know what works for you.

Best,

Will

---

**From:** Will Sears
**Sent:** Monday, July 18, 2022 7:17 PM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

That works – I'll send an updated invite.

---

**From:** Sandra Musumeci <SMusumeci@rshc-law.com>
**Sent:** Friday, July 15, 2022 11:11 AM
**To:** Will Sears <willsears@quinnemanuel.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

**[EXTERNAL EMAIL from smusumeci@rshc-law.com]**

---

That works.  Is 3pm ET on Wednesday okay?

Thanks,
Sandy

Sandra L. Musumeci
Riley Safer Holmes & Cancila LLP
Direct:  212.660.1032

smusumeci@rshc-law.com
www.rshc-law.com



**From:** Will Sears <willsears@quinnemanuel.com>
**Sent:** Friday, July 15, 2022 12:57 PM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

Sure – how about Wednesday afternoon?

**From:** Sandra Musumeci <SMusumeci@rshc-law.com>
**Sent:** Friday, July 15, 2022 8:45 AM
**To:** Will Sears <willsears@quinnemanuel.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

**[EXTERNAL EMAIL from smusumeci@rshc-law.com]**

Will and all,

With apologies for the late notice, I am going to need to postpone our meet and confer call regarding the subpoenas served upon New Era ADR until early next week, perhaps Tuesday or Wednesday.  Are there times that work for you?

Many thanks,
Sandy

Sandra L. Musumeci
Riley Safer Holmes & Cancila LLP
Direct:  212.660.1032
smusumeci@rshc-law.com
www.rshc-law.com



-----Original Appointment-----
**From:** Will Sears <willsears@quinnemanuel.com>
**Sent:** Friday, July 8, 2022 3:46 PM
**To:** Will Sears; Sandra Musumeci; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson; Kevin Teruya
**Cc:** Sondra Hemeryck
**Subject:** [EXTERNAL EMAIL] Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR
**When:** Friday, July 15, 2022 11:00 AM-11:30 AM (UTC-08:00) Pacific Time (US & Canada).
**Where:** https://quinnemanuel.zoom.us/j/84980159681

Will Sears is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://quinnemanuel.zoom.us/j/84980159681

Meeting ID: 849 8015 9681

One tap mobile
+16469313860,,84980159681# US
+16465588656,,84980159681# US (New York)

Dial by your location
        +1 646 931 3860 US
        +1 646 558 8656 US (New York)
        +1 312 626 6799 US (Chicago)
        +1 301 715 8592 US (Washington DC)
        +1 720 707 2699 US (Denver)
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
        +1 669 444 9171 US
Meeting ID: 849 8015 9681

Alternate Dial-in Numbers: https://quinnemanuel.zoom.us/u/kcfcORhvbi

Join by SIP
84980159681@zoomcrc.com

_____

**From:** Sandra Musumeci <SMusumeci@rshc-law.com>
**Sent:** Friday, July 8, 2022 11:54 AM
**To:** Will Sears <willsears@quinnemanuel.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>

**Subject:** RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

**[EXTERNAL EMAIL from smusumeci@rshc-law.com]**

Hi Will,

I hope that you had a pleasant holiday weekend.  I am following up on our correspondence from last week to see if we can schedule a time late next week to meet and confer about the scope of Plaintiffs' deposition and document subpoenas to nonparty New Era ADR.  I will propose Friday, July 15th at 2pm ET.  (If that does not work, please propose an alternative.)  I am also confirming that New Era ADR will not be producing anyone for a deposition in Chicago on July 14 (as noticed), as we have previously agreed that we will reschedule a 30(b)(6) deposition for after documents have been produced and, as you know, we are working through that issue.

Many thanks,
Sandy


Sandra L. Musumeci
Riley Safer Holmes & Cancila LLP
Direct:  212.660.1032
smusumeci@rshc-law.com
www.rshc-law.com



---

**From:** Will Sears <willsears@quinnemanuel.com>
**Sent:** Thursday, June 30, 2022 9:35 AM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

Thanks Sandy.  We agree that New Era can have 30 days to respond to both subpoenas from yesterday, but since New Era has already had the depo subpoena for some time, we'd ask that New Era's responses to both subpoenas be substantive so we can meet and confer promptly after receiving them, if necessary, and move forward quickly with New Era's document production and scheduling the 30(b)(6) deposition.  We also request that New Era provide proposed search parameters (*i.e.*, search terms and document sources/custodians) with its responses in order to facilitate this process.

Speaking after the holiday weekend sounds good, and just let us know what times you prefer.

Best,

Will

**From:** Sandra Musumeci <SMusumeci@rshc-law.com>
**Sent:** Wednesday, June 29, 2022 9:00 PM
**To:** Will Sears <willsears@quinnemanuel.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** RE: [EXTERNAL EMAIL] RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

**[EXTERNAL EMAIL from smusumeci@rshc-law.com]**

Thank you for the quick response, Will.  We also do not know how it happened that the registered agent received one subpoena and not the other, but we agree to now accept service via your email with understanding that our time to respond to both subpoenas will start tonight so that we can consider them together.  And yes, it makes sense for the deposition to follow document production, as you note.

Please allow us a little time to review the document subpoena, and I will follow up to arrange a call – perhaps right after the holiday weekend – to discuss any questions or concerns we have.

Many thanks,
Sandy


Sandra L. Musumeci
Riley Safer Holmes & Cancila LLP
Direct:  212.660.1032
smusumeci@rshc-law.com
www.rshc-law.com



**From:** Will Sears <willsears@quinnemanuel.com>
**Sent:** Wednesday, June 29, 2022 10:56 PM
**To:** Sandra Musumeci <SMusumeci@rshc-law.com>; wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** [EXTERNAL EMAIL] RE: Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

Hi Sandy –

Thanks for reaching out.  The document subpoena is attached.  This was sent out for service with the deposition subpoena and we were informed it had been served (as per the attached proof of service), so we are not sure what happened, but we appreciate you bringing it to our attention. Please confirm you'll accept service via email.

We're happy to discuss when convenient.  Please let us know when works.

In terms of the deposition, we are fine rescheduling it, and would like to do so after New Era completes its document production in response to the subpoena.  For that reason, it may make sense to sort out the location/logistics for the deposition after you have reviewed the document subpoena, but I'm happy to discuss that on our call too if helpful.

Best,

**Will Sears**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3282 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
willsears@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Sandra Musumeci <SMusumeci@rshc-law.com>
**Sent:** Wednesday, June 29, 2022 4:33 PM
**To:** wdp@kellerpostman.com; albert.pak@kellerpostman.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>; Will Sears <willsears@quinnemanuel.com>
**Cc:** Sondra Hemeryck <Shemeryck@rshc-law.com>
**Subject:** Heckman v. Live Nation Entertainment, Inc. Subpoena to New Era ADR

**[EXTERNAL EMAIL from smusumeci@rshc-law.com]**

---

Good afternoon,

I represent New Era ADR, Inc. ("New Era"), in connection with the deposition subpoena that you issued to New Era on or about June 14, 2022.  I am reaching out, first, to introduce myself, and second, to inquire whether we might be missing some pages pertaining to documents.  We have only received a subpoena requesting a Rule 30(b)(6) deposition.  That subpoena includes a list of topics for such a deposition, including, in Topic 10, "All DOCUMENTS produced by YOU in this action

….″  However, there is nothing requesting that we produce documents.  We also noticed that a draft Document Subpoena to New Era was filed with the court in the motion practice preceding our receipt of the subpoena, but again, we never actually received a document subpoena.  Thus, without waiving any rights that New Era has in connection with any subpoena, we are inquiring whether Plaintiffs also intended to serve New Era with a document subpoena, as no such document subpoena has been received.  If there is a document subpoena, could you please send it to me at this email address?  We would like to review all subpoenas to New Era together as we prepare to respond.

Once you have sent over the document subpoena, or confirmed that you are only serving a deposition subpoena on New Era, perhaps we can find time for a short call to discuss?  While we of course would like to review all subpoenas before responding, I am happy to preview that I expect that we will ask to reschedule the deposition to a date in August and that we will also seek to conduct the deposition in Colorado, rather than Chicago.  Given that New Era is a nonparty to this litigation, and presumably counsel will be traveling regardless, I would hope that this request could be accommodated.

Thank you for your prompt response regarding the materials that were meant to be served on New Era.

Regards,
Sandy Musumeci


Sandra L. Musumeci
Riley Safer Holmes & Cancila LLP
Direct:  212.660.1032
smusumeci@rshc-law.com
www.rshc-law.com



CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 471-8700 and also indicate the sender's name. Thank you.