LATHAM & WATKINS LLP
  Daniel M. Wall (Bar No. 102580)
    dan.wall@lw.com
  Timothy L. O'Mara (Bar No. 212731)
    tim.o'mara@lw.com
  Sadik Huseny (Bar No. 224659)
    sadik.huseny@lw.com
  Andrew M. Gass (Bar No. 259694)
    andrew.gass@lw.com
  Kirsten M. Ferguson (Bar No. 252781)
    kirsten.ferguson@lw.com
  Alicia R. Jovais (Bar No. 296172)
    alicia.jovais@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendants Ticketmaster L.L.C.
and Live Nation Entertainment, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | Case No. 2:22-cv-00047-GW-GJS<br><br>**DEFENDANTS' APPLICATION FOR LEAVE TO KEEP SEALED CERTAIN MATERIAL FILED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO NEW ERA ADR, INC.'S MOTION TO QUASH PORTIONS OF PLAINTIFFS' SUBPOENAS**<br><br>The Honorable Gail J. Standish |

**TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that Live Nation Entertainment, Inc. and Ticketmaster L.L.C. ("Defendants") hereby submit this Application for Leave to Keep Sealed Certain Material Filed in Support of Plaintiffs' Opposition to New Era ADR, Inc.'s Motion to Quash Portions of Plaintiffs' Subpoenas (the "Application"). This Application pertains to the following material:

- Portions of Exhibit B to the Declaration of William R. Sears in Support of Plaintiffs' Opposition to New Era ADR, Inc.'s Motion to Quash Portions of Plaintiffs' Subpoenas ("Opposition"), ECF No. 78-2.

On October 11, 2022, pursuant to Local Rule 79-5, Plaintiffs filed their Opposition and accompanying Exhibit B provisionally under seal in order to protect information contained therein that Defendants have designated "CONFIDENTIAL" under the Protective Order in this case (ECF No. 62). Subsequently, on October 12, 2022, the Court denied Plaintiffs' application without prejudice (ECF No. 82), before Defendants responded to Plaintiffs' application to seal. Defendants therefore file this Application to maintain certain <u>limited</u> portions of Exhibit B under seal. Defendants concurrently file a Declaration of Kimberly Tobias in Support of Defendants' Application for Leave to Keep Sealed Certain Material Filed in Support of Plaintiffs' Opposition to New Era ADR, Inc.'s Motion to Quash Portions of Plaintiffs' Subpoenas ("Tobias Declaration") under Local Rule 79-5-2.2(b)(i).

The applicable standard for sealing documents generally depends on whether the underlying motion is a dispositive or non-dispositive motion. *See Waldrup v. Countrywide Fin. Corp.*, No. 13-CV-08833, 2018 WL 4586188, at *3-4 (C.D. Cal. Sept. 17, 2018). Where, as here, a motion is non-dispositive, the requesting party generally need only demonstrate a "particularized showing of good cause." *Id.* (citations omitted); *see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Despite th[e] strong preference for public access, [the Ninth

Circuit] ha[s] 'carved out an exception' . . . for sealed materials attached to a discovery motion unrelated to the merits of a case.") (citations omitted); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."). Defendants' request to seal certain limited portions of Exhibit B satisfies the less exacting "good cause" standard because those portions of Exhibit B contain proprietary and sensitive business information of the contracting parties.

As the United States Supreme Court has recognized, "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, "[c]ourts routinely protect sensitive business and proprietary information under the good cause standard in discovery motions where disclosure would put the producing party at a competitive disadvantage." *United States v. Celgene Corp.*, No. CV 10-3165 GHK (SS), 2016 WL 6609375, at *4 (C.D. Cal. Aug. 23, 2016); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (under more exacting "'compelling reasons' standard," sealing "confidential and commercially sensitive information" including "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Nichols v. AARP, Inc.*, No. 20-CV-06616, 2021 WL 1091517, at *1 (N.D. Cal. Feb. 19, 2021) (under more exacting "'compelling reasons' standard," sealing "excerpts from and references to terms from [a services] agreement—as well as the attached copies of the agreement" because the agreement "reflect[ed] confidential business information and dealings between the parties that [were] not intended for public disclosure").

As explained in the Tobias Declaration, Exhibit B is a non-public subscription agreement between Defendants and New Era ADR, Inc. ("New Era"), a non-party to this action, and it contains certain confidential, negotiated terms of the parties' agreement. Tobias Decl. ¶ 3. The parties would be put at a competitive disadvantage

in future negotiations if those confidential terms were publicly disclosed. Tobias Decl. ¶¶ 4-5. There is therefore good cause to seal this information. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x at 569; *Nichols*, 2021 WL 1091517, at *1.

Defendants' sealing request is narrowly tailored. Defendants do not seek to seal any portion of Plaintiffs' Opposition, and only seek to seal <u>limited</u> portions of one exhibit—the non-public subscription agreement, Exhibit B—which is attached thereto. Tobias Decl. ¶ 6. Exhibit B is cited as support for one sentence in Plaintiffs' 15-page Opposition. Tobias Decl. ¶ 6. The information Defendants seek to seal is therefore largely ancillary to the arguments Plaintiffs make in their Opposition—which itself is largely ancillary to the merits of the instant action. *Cf. Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-CV-02606-HSG, 2020 WL 1171112, at *2 (N.D. Cal. Mar. 11, 2020) (finding "compelling reasons and good cause" to file a document under seal where it "divulge[d] confidential business information relating to Defendants' operations that [was] unrelated to the public's understanding of the judicial proceedings in this action").

For the foregoing reasons, Defendants have filed this Application and respectfully request that the Court maintain certain <u>limited</u> portions of Exhibit B under seal.

Dated: October 17, 2022

Respectfully Submitted,

LATHAM & WATKINS LLP

By: */s/ Timothy L. O'Mara*

Timothy L. O'Mara
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
tim.o'mara@lw.com

*Attorneys for Defendants*
*Ticketmaster L.L.C. and Live Nation Entertainment, Inc.*