RILEY SAFER HOLMES & CANCILA LLP
Joshua A. Roquemore (SBN 327121)
jroquemore@rshc-law.com
Sandra Musumeci (admitted *pro hac vice*)
smusumeci@rshc-law.com
100 Spectrum Center Drive, Suite 440
Irvine, CA 92618
Telephone: (949) 359-5500
Facsimile: (949) 359-5501

*Counsel for Nonparty New Era ADR, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKOT HECKMAN, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER LLC,<br><br>Defendants. | Case No.: 22-cv-00047-GW-GJS<br><br>The Honorable Gail J. Standish<br><br>**NONPARTY NEW ERA ADR, INC.'S REPLY IN SUPPORT OF ITS MOTION TO QUASH PORTIONS OF PLAINTIFFS' SUBPOENAS**<br><br>Hearing Date: November 7, 2022<br>Hearing Time: 3:00 p.m.<br>Courtroom: 640, 6th Floor |

Dated: October 19, 2022

RILEY SAFER HOLMES & CANCILA LLP

By:  */s/ Joshua A. Roquemore*
   Joshua A. Roquemore
   Sandra L. Musumeci *(*admitted *pro hac vice)*
   Sondra Hemeryck *(pro hac vice* forthcoming*)*

   *Counsel to Nonparty New Era ADR Inc.*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple, Inc., v. Samsung Elecs., Co.*,
   2013 WL 1942163 (N.D. Cal. May 9, 2013) .................................................................. 4

*Arcadian Capital, LLC v. Cura Ptrs., Inc.*,
   2020 WL 8372647 (C.D. Cal. Dec. 28, 2020) ............................................................... 4

*DeGeer v. Gillis*,
   755 F. Supp. 2d 909 (N.D. IL 2010) ............................................................................. 4

*Gonzales v. Google*,
   234 F.R.D. 674 (N.D. Cal. 2006) .................................................................................. 5

*Martinez v. Optimus Props., LLC*,
   2017 WL 11631999 (C.D. Cal. May 9, 2017) .............................................................. 3

*Moon v. SCP Pool Corp.*,
   232 F.R.D. 633 (C.D. Cal. 2005) .................................................................................. 5

*Simmons v. Morgan Stanley Smith Barney, LLC*,
   2013 WL 310330 (S.D. Cal. Jan. 25, 2013) .................................................................. 4

*Terpin v. AT&T, Inc.*,
   2022 WL 3013153 (C.D. Cal. June 13, 2022) .............................................................. 4

**Court Rules**

Fed. R. Civ. P. 45 .............................................................................................................. 4, 5

Rule 30(b)(6) ........................................................................................................................ 2

Plaintiffs' counsel have revealed their true intentions: this lawsuit is about preserving the "mass arbitration strategy" that Keller Postman "pioneered." That strategy involves the solicitation of large numbers of plaintiffs and then using the threat of massive filing fees from traditional arbitration providers to force defendants into settlements. The purpose is not to have consumer claims heard; it is to force settlements that leave consumers' claims unheard and unresolved. New Era has developed an ADR model that makes it far easier and less costly for consumer claims to be considered. Why would attorneys who claim to champion consumer rights take issue with New Era's process? This matter is only before the Court because New Era's faster dispute resolution process poses a threat to the business model of Quinn Emanuel's true client, Keller Postman.

New Era has never hidden that it aims to change the arbitration paradigm. But New Era's goal is to ensure that claims are heard and adjudicated quickly and efficiently, benefitting consumers and businesses alike. Indeed, New Era's dispute resolution process is more accessible and less costly to plaintiffs and their lawyers because cases will reach a resolution in 60 to 100 days, rather than dragging on for years. Its experienced and credentialed neutrals administer cases according to New Era's publicly available Rules & Procedures. While the platform and company are new, its experienced neutrals have administered thousands of cases nationally.

New Era has no qualms about providing all information about its business relationship with Defendants. In fact, New Era has produced all material in its possession regarding its arms-length interactions with Defendants and their counsel at Latham & Watkins. New Era has also agreed to a deposition about its interactions and Subscription Agreement with Defendants, its Rules & Procedures, its Terms & Conditions, its neutrals, and its other consumer arbitrations. Indeed, Plaintiffs seek – and have already received – significantly more discovery from nonparty New Era than from Defendants Live Nation and Ticketmaster.

If this case is really about Defendants' allegedly anticompetitive behavior, and this limited discovery is for the targeted purpose of avoiding unconscionability and ensuring a fair forum, the evidence New Era has agreed to provide is more than sufficient in proportion to the narrow issue of whether Live Nation's arbitration clause is unconscionable. Unfortunately, it is apparent that this case is not about Live Nation. Plaintiffs' counsel have targeted New Era for the improper purpose

of protecting Keller Postman's mass arbitration business model. Courts should not be used in this way.

**ARGUMENT**

I. **The Challenged Requests Do Not Seek Material Relevant to Unconscionability in Proportion to the Needs of the Case.**

New Era has made a considerable production: all correspondence with Defendants and their counsel (including all promotional materials used in marketing to Defendants and their counsel); all agreements with Defendants; records reflecting all financial transactions with Defendants; New Era's agreement for neutrals; and other materials. Moreover, New Era has agreed to produce a Rule 30(b)(6) witness for deposition as to agreed topics. From these 1,700-plus pages, Plaintiffs have all available material reflecting New Era's business relationship with Defendants and any representations made between New Era and Defendants (and Latham & Watkins) concerning New Era's ADR platform, Rules & Procedures, and sales pitch. *See* Decl. of Sandra Musumeci, at ¶ 2.

Plaintiffs have focused on the background issue of alleged unconscionability, rather than addressing the specific relevance of the overbroad materials sought to unconscionability. For example, Plaintiffs repeatedly emphasize out-of-context conceptual statements about "remov[ing] discovery, motion practice, and almost the entirety of all rules, process, and procedure" that New Era made in a 2019 trademark submission, more than a year before actually launching its site and publishing its Rules & Procedures. Plaintiffs omit that New Era then withdrew that trademark submission in 2020, still well before New Era actually went "live." *See* Musumeci Decl. at ¶ 5. And they overlook that New Era's Rules & Procedures – publicly posted and governing all New Era proceedings – expressly include provisions for discovery and motion practice.

Plaintiffs also highlight (and at times, misstate) information that New Era has provided as good faith offers of proof involving the number of consumer arbitrations conducted on New Era's platform and the fact that just two (and not "an undisclosed number") of its neutrals have a 0.01% equity interest in New Era, unrelated to arbitrating specific cases. Plaintiffs mischaracterize these facts to argue that Defendants' arbitration clause is unconscionable, but these facts do not logically make it more or less likely that, for example, New Era's marketing or business plans will reveal bias. In fact, none of these points bolsters the relevance of the challenged requests.

First, Plaintiffs' request for all "advertising": As part and parcel of its production of correspondence with Defendants and their counsel, New Era has already produced all promotional materials that it shared with Defendants. Thus, any marketing materials that relate to New Era's alleged bias toward Defendants and Defendants' selection of New Era have already been produced. All advertising materials more broadly (or even limited by search terms) are far attenuated from the unconscionability of Defendants' arbitration clause.[1]

Similarly, New Era's offer of proof that Defendants are not New Era's largest source of revenue does not establish the relevance of New Era's subscription agreements with other customers. In fact, Plaintiffs' new request for a breakdown of how Defendants contribute to New Era's revenue in comparison to other customers demonstrates how Plaintiffs are fishing for any information, even if unrelated to the narrow issue of unconscionability.

Next, Plaintiffs rely on the abandoned 2019 trademark application to justify their overbroad requests seeking internal communications regarding an array of terms, many of which are central to New Era's core business. Plaintiffs do not (and cannot) explain the relevance of internal communications about ideas that were replaced with actual rules, procedures, and publicly facing business platforms long before Defendants began engaging with New Era.

The challenged requests all go far afield of the narrow issues for which the Court permitted limited discovery. These requests are extraneous, speculative, and disproportional to the needs of the case. They should be quashed.

## II. Plaintiffs' Subpoenas Unduly Burden Nonparty New Era, Especially in Light of New Era's Significant Production.

Plaintiffs' focus on New Era's process for identifying responsive material to dispute the undue burden of the challenged requests misses the mark. First, Plaintiffs' characterization of a "black box" process is demonstrably wrong. New Era identified the subpoena categories where it agreed to produce all responsive materials and reached compromises with respect to several others. *See* ECF 74-6. New Era identified six custodians whose emails would be searched, and it explained

---

[1] Plaintiffs mischaracterize *Martinez v. Optimus Props., LLC*, 2017 WL 11631999 (C.D. Cal. May 9, 2017), which did not address search term negotiation. The court denied a motion to quash because the movant was a defendant that lacked standing to challenge a subpoena issued to a third party.

other file searches as well. *See id.*, at 8-9. There was no "cherry picking" of materials; to the contrary, New Era has produced **all** responsive documents in its possession in connection with the categories where it has agreed to produce materials.

In addition, "there is no 'fundamental discovery requirement' that a party provide its ESI search terms in litigation." *Terpin v. AT&T, Inc.*, 2022 WL 3013153, at *5 (C.D. Cal. June 13, 2022). In *Terpin*, a court in this district expressly characterized two cases upon which Plaintiffs rely – *Apple, Inc., v. Samsung Elecs., Co.*, 2013 WL 1942163, at 3 (N.D. Cal. May 9, 2013), and *DeGeer v. Gillis*, 755 F. Supp. 2d 909 (N.D. IL 2010) – as **not** holding that search terms must be used or disclosed in all cases. *Apple* and *DeGeer* are inapposite. Unlike here, *Apple* and *DeGeer* involved "voluminous amounts of ESI and/or numerous custodians," making it "more efficient" (but not necessary) in those cases to agree on search terms and custodians before conducting electronic data collection. *See Terpin*, 2022 WL 3013153, at *5.

Further, Plaintiffs' search process arguments do not undercut that Plaintiffs' expansive and irrelevant requests here, on their face, impose an undue burden. "[N]on-party status is a significant factor to be considered" in analyzing undue burden. *Simmons v. Morgan Stanley Smith Barney, LLC*, 2013 WL 310330, at *1 (S.D. Cal. Jan. 25, 2013). Other factors include relevance, need, and the breadth of the document request. *See Arcadian Capital, LLC v. Cura Ptrs., Inc.*, 2020 WL 8372647, at *2 (C.D. Cal. Dec. 28, 2020).

Nonparty New Era has already borne a disproportionate load, having produced more than 400 documents comprising more than 1,700 pages and agreed to a deposition. In contrast, Plaintiffs gladly accepted less than 100 pages from Defendants. Now Plaintiffs aim to exponentially increase this burden by seeking documents related to other New Era customers, as well as all marketing materials, investment materials, and internal communications pertaining to almost everything that New Era does. The overbreadth of these requests confirms that New Era is the real target here.

**III.  The Court Should Protect New Era's Confidential Commercial Information, for Which Plaintiffs Have Shown No Substantial Need.**

The Court should quash portions of Plaintiffs' subpoenas that would require New Era to disclose sensitive confidential commercial information, as Rule 45 empowers it to do, regardless

of whether a protective order has issued. *See* Fed. R. Civ. P. 45(d)(3)(B)(i). Plaintiffs have failed to establish that the confidential commercial information sought is ***essential*** to proving unconscionability.[2] *See Gonzales v. Google*, 234 F.R.D. 674, 685 (N.D. Cal. 2006) ("substantial need" requires a showing that "the requested discovery is relevant and essential to a judicial determination…."). In addition, the protective order in this action provides New Era scant protection when Plaintiffs' counsel themselves have motive to misuse New Era's secure business information to New Era's disadvantage.

### IV. Plaintiffs' Timeliness Argument Fails.

Finally, Plaintiffs' challenge to the timing of New Era's motion to quash is unavailing. Plaintiffs have known New Era's objections for months, and the timing of the instant motion is fully attributable to New Era's good faith efforts to work through points of disagreement before involving the Court. Upon receiving the subpoenas, New Era promptly communicated cooperativeness while expressing concern with the subpoenas' seemingly limitless breadth. When New Era and Plaintiffs met and conferred in advance of the response date to identify areas of dispute, Plaintiffs indicated that they preferred to see New Era's responses and objections before deciding which requests to pursue. Subsequent meet and confer sessions followed. When an impasse became apparent, New Era chose to file the instant motion.

The inapposite and out-of-jurisdiction cases Plaintiffs cite as to timeliness all involved motions to quash where objections had ***never*** been made prior to the compliance date (and in some instances, compliance had already occurred). Here, New Era preserved all objections raised in its motion to quash, as Plaintiffs have been on notice of New Era's objections for months. The timeliness argument is meritless.[3]

### CONCLUSION

For all of the foregoing reasons, the Court should grant nonparty New Era ADR, Inc.'s motion to quash pursuant to Federal Rule of Civil Procedure 45.

---

[2] Plaintiffs have not challenged that certain material sought is confidential commercial information.

[3] In any event, untimely objections may be considered "[i]n unusual circumstances and for good cause" under Rule 45, including where "the subpoena is overbroad on its face and exceeds the bounds of fair discovery and the subpoenaed witness is a non-party acting in good faith." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005).

1  Dated: October 19, 2022

2                                          Respectfully Submitted,

3                                          RILEY SAFER HOLMES & CANCILA LLP

4
                                           By:   */s/ Joshua A. Roquemore*
5                                                Joshua A. Roquemore (SBN 327121)
                                                 jroquemore@rshc-law.com
6                                                100 Spectrum Center Drive, Suite 440
                                                 Irvine, CA 92618
7                                                Telephone: (949) 359-5500
                                                 Facsimile: (949) 359-5501
8
9                                                Sandra L. Musumeci (admitted *pro hac vice*)
                                                 smusumeci@rshc-law.com
10                                               136 Madison Avenue, 6th Floor
                                                 New York, NY 10016
11                                               Telephone: (212) 660-1000
                                                 Facsimile: (212) 660-1001
12
13                                               Sondra A. Hemeryck *(pro hac vice* forthcoming*)*
                                                 shemeryck@rshc-law.com
14                                               70 West Madison Street, Suite 2900
                                                 Chicago, IL 60602
15                                               Telephone: (312) 471-8700
                                                 Facsimile: (312) 471-8701
16
17                                                   *Counsel for Nonparty New Era ADR, Inc.*

18

19

20

21

22

23

24

25

26

27

28