UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00047-GW-GJS | Date | November 18, 2022 |
|---|---|---|---|
| Title | Skot Heckman et al v. Live Nation Entertainment, Inc. et al | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge |
|---|---|

| Ilene Bernal | CourtSmart |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Will Sears<br>Kevin Tureya<br>Albert Pak | Robin Gushman<br>Sadik Huseny<br>Joshua Roquemore<br>Sandra Musumeci |

**Proceedings:** (IN CHAMBERS) Order GRANTING IN PART AND DENYING IN PART Non-Party New Era ADR's MOTION to Quash Portions of Plaintiffs' Subpoenas [Dkt. 71]

    Non-Party New Era ADR, Inc. ("New Era") brought this motion challenging certain categories of subpoenas for documents and testimony served by Plaintiffs. The Parties and New Era know the background of the underlying case and the details of District Judge's orders relevant to the limited discovery he has permitted in this case. The Magistrate Judge will not repeat that information here.

    New Era's Motion challenges the following topics for which Plaintiffs seek both documents and related 30(b)(6) testimony: Topics 6 (Advertising), 7 (New Era's Efforts to Raise Capital), 8 (New Era's Subscription Agreements with customers other than Defendant); 10 (documents related to numerous subtopics, including mass arbitration; those discussing or related to Plaintiff's counsel; New Era's Rules and Procedures and Terms and Conditions; New Era's Arbitration Process; and New Era's Subscription Agreements (overlapping with Topic 8); and 13 (documents sufficient to show Business Plans). After considering the papers filed in support of and opposition to the Motion and the arguments of counsel at the hearing on November 18, 2022, and applying the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00047-GW-GJS | Date | November 18, 2022 |
|---|---|---|---|
| Title | Skot Heckman et al v. Live Nation Entertainment, Inc. et al | | |

balancing factors set forth in the Federal Rules of Civil Procedure, the Court summarizes its ruling as follows.

The Court noted on the record that to the extent this brief summary is inconsistent with the detailed discussion and orders made on the record, the transcript of the hearing controls. The parties plan to submit a proposed order further detailing the Court's rulings for ease of future reference by the District or Magistrate Judge. Again, however, should the parties disagree on such written order, or the Magistrate Judge fail to enter the proposed order in a timely fashion, the transcript of today's hearing controls.

1. Document and Testimony related to Advertising – The Motion to Quash this topic is DENIED. "Advertising" has the usual meaning and need not have been specifically defined in the subpoenas. It includes all public facing or targeted advertising documents whether published on New Era's website or as "push through ads" or attached to mass or business-targeted e-mails. New Era did not provide the Court with evidence that a search for these documents was burdensome. Nor can they be considered privileged or confidential. Given the relevance of the information and the low burden on New Era (even considering its third-party status), documents and testimony related to this category must be provided.

2. Efforts to Raise Capital – given that New Era is not a defendant in this case, and that the information sought falls mostly outside that related to whether New Era's terms, conditions, and rules are or were intended to be biased in favor of the specific defendant in this case, the Motion to Quash with respect to this category of information is GRANTED in large part. The following exceptions apply: to the extent this category encompasses offers to or executed agreements with arbitrators who, as a result, have a vested interest in New Era, such information is relevant. The Court understands that some of this information may already have been produced. However, communications with individual arbitrators that bear on potential conflict of interest or bias must also be produced. In addition, communication between New Era and Defendants and the law firm of Latham &

Initials of Preparer    01:31 / eq

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00047-GW-GJS | Date | November 18, 2022 |
|---|---|---|---|
| Title | Skot Heckman et al v. Live Nation Entertainment, Inc. et al | | |

Watkins that fall into this category – and which have not already been turned over – shall be produced and New Era's witness is required to testify re same.

3. Subscription agreements with other customers – The Court finds that this information is irrelevant to the question of unconscionability of the terms, conditions, and arbitration rules that pertain to the Defendant in *this* case and need not be produced. The Court does, however, require New Era's 30(b)(6) witness to answer questions regarding the percentage of New Era's business that is comprised of subscription payments (or other remuneration) from Defendant. All contracts with Defendant, to the extent not already produced, must be provided. New Era's witness will also answer how many other subscription customers the business has as well as New Era's total revenue (so that percentage can be applied to that number).

   The Court notes that New Era offered to provide Plaintiffs with an offer of proof with similar content. Thus, in the alternative New Era may provide Plaintiffs with a sworn declaration (of an officer or designated witness, not counsel) that sets forth this information. Given the limited scope of discovery at this stage of the proceedings, New Era need not produce all of the documents underlying the testimony or declaration. The parties indicated on the record that they preferred the concept of a sworn declaration over depositions testimony.

4. Topic 10 – The Court holds that this topic, as written, is overbroad – it appears to be a "kitchen sink" or catch-all category. Inasmuch as Plaintiffs declined to narrow this topic, the Court holds that these topics/subtopics are relevant only to the extent that they related to the particular Defendant in this case (and counsel Latham & Watkins). Judge Wu set forth the relevant issue to be decided in his Order [Dkt. 50] (whether the terms and conditions and rules of arbitration for use by this Defendant were drafted specifically with the intent to be unfair to Ticketmaster customers). The ultimate issue of the fairness of the final provisions to customers is independent of New Era's opinion of Keller's or other firm's "mass litigation" tactics or practices.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00047-GW-GJS | Date | November 18, 2022 |
|---|---|---|---|
| Title | Skot Heckman et al v. Live Nation Entertainment, Inc. et al | | |

5. With the limited exceptions discussed on the record, the Court GRANTS New Era's motion to quash Plaintiff's requests for New Era "business plans." The exceptions detailed on the record relate to internal plans or presentations related to Defendants and/or Latham & Watkins (including any plans to deprive Defendants' customers or clients of access to the court system or "litigation rights"). New Era's business plans have undoubtedly changed over time, as evidenced at least in part by the filing and later withdrawal of the trademark application discussed by the parties in their submissions. The present "business plan" – as evidenced in the documents ordered produced (including advertisements) – should provide sufficient basis for Plaintiffs to make and/or support an argument that New Era wants to supplant litigation with their arbitration services.

6. At the 30(b)(6) deposition, New Era will answer questions about the search process, including the positions of the custodians chosen; how data is kept; search terms and other processes used; and whether other custodians or repositories of information would be expected to contain non-duplicative documents or information within the categories or subcategories the Court has ordered produced.

7. New Era will also produce detailed privilege log. The log must contain sufficient information to demonstrate the existence of the privilege claimed (the who, what, when, etc.).

8. As discussed with the parties during the hearing, the parties are to propose a schedule to complete all of the ordered discovery to Judge Wu in advance of the December 1, 2022 status hearing set before him.

   IT IS SO ORDERED.

cc: District Judge

Initials of Preparer  01:31
eq