# Exhibit B

RILEY SAFER HOLMES & CANCILA LLP
Sandra L. Musumeci
Joshua A. Roquemore (SBN 327121)
smusumeci@rshc-law.com
jroquemore@rshc-law.com
100 Spectrum Center Drive, Suite 440
Irvine, CA 92618
Telephone: (949) 359-5500
Facsimile: (949) 359-5501

*Attorneys for Non-Party New Era ADR*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | Case No.: 22-cv-00047-GW-GJS<br><br>**NEW ERA ADR'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS IN A CIVIL ACTION**<br><br>The Honorable George H. Wu |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKEN NOTICE** that non-party New Era ADR ("New Era") hereby makes the following responses and objections, pursuant to Federal Rules of Civil Procedure 34(c) and 45(d) and (e), in response to Plaintiffs' Subpoena to Produce Documents, Information or Objects in a Civil Action ("Subpoena").

**GENERAL OBJECTIONS**

1. New Era objects to the Subpoena as requesting information or documents that exceed the scope of permissible discovery in this matter, as ordered by the Court. Specifically, the Court ruled on June 9, 2022 that Plaintiffs were only permitted to conduct limited discovery on the issue of unconscionability. *See* Order on Plaintiffs' Motion for Discovery, ECF No. 50, at p. 4. Therefore, the scope of permissible discovery in this matter is narrow, and especially where it involves a non-party such as New Era. *See Abernathy v. DoorDash, Inc.*, 3:19-cv-7545-WHA, ECF No. 156 at pp. 16:12-18:17, 18:24-25 (N.D. Cal) (finding that only communications between an ADR provider and defendant were relevant to the issue of unconscionability in the context of a motion to compel arbitration).

2. New Era objects to the Subpoena to the extent it seeks to impose obligations beyond the scope required by the Federal Rules of Civil Procedure and the Local Rules of the Court.

3. New Era objects to the Subpoena to the extent it seeks information or documents protected by the work product doctrine or any other applicable privilege. Inadvertent disclosure of any information shall not waive any claim of privilege or work product protection.

4. New Era objects to the Subpoena to the extent that it seeks information or documents that New Era is obligated to maintain as confidential, including but not limited to confidential and proprietary business information of itself and third parties.

5. As a non-party, New Era objects to the Subpoena to the extent that it exceeds the permissible scope of discovery by seeking information or documents that are not relevant to any party's claims or defenses nor likely to lead to the discovery of admissible evidence. New Era objects to the Subpoena to the extent it seeks cumulative information available by less intrusive or burdensome means or from the parties to this matter. New Era further objects to all document requests that call for the production of duplicate copies of a document.

6. New Era objects to the Subpoena to the extent it seeks information or the production of documents not in its possession, custody, or control.

7. By making a specific objection to any particular request, New Era does not imply that the specific objection is not applicable to any other request or that the General Objections are inapplicable to that request.

8. New Era objects to the proposed construction of "COMMUNICATION" as overbroad and unduly burdensome, particularly through its use of the terms "conveyance or exchange of a word, statement, fact, thing, idea," and "question or other information by any medium."

9. New Era reserves its rights to object to further inquiry or any effort to compel responses beyond those provided. These objections and responses are based upon information currently available to New Era through due inquiry. New Era reserves its right to supplement its objections and responses if it discovers new information relevant to this litigation, and to modify, amend, or supplement the General Objections, any specific objections, and/or any response.

10. These General Objections are incorporated into each response below as if fully set forth in that response.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR DOCUMENT PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All of YOUR COMMUNICATIONS with DEFENDANTS and/or LATHAM & WATKINS, including all of YOUR COMMUNICATIONS with DEFENDANTS and/or LATHAM & WATKINS about YOUR Rules and Procedures, YOUR Terms and Conditions, and the terms of YOUR subscription agreements with DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

New Era objects to this request as overbroad and disproportional to the needs of the case. New Era further objects to this request to the extent it calls for documents and information protected by the attorney-client privilege and/or work product doctrine.

Subject to the foregoing objections, New Era will produce responsive nonprivileged documents.

**REQUEST FOR PRODUCTION NO. 2.:**

All of YOUR contracts with DEFENDANTS, including all of DEFENDANTS' subscription agreements with YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

New Era objects to this request as overbroad and disproportional to the needs of the case.

Subject to the foregoing objections, New Era will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 3.:**

DOCUMENTS sufficient to show the dates and amounts of each and every payment to YOU from DEFENDANTS and/or LATHAM & WATKINS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

New Era objects to this request as overbroad and disproportional to the needs of the case.

Subject to the foregoing objections, New Era will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 4.:**

All drafts of YOUR Rules and Procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

New Era objects to this request as overbroad and disproportional to the needs of the case insofar as it seeks "all" drafts. New Era further objects to this request to the extent that it would impose any obligation upon New Era to maintain all drafts of its Rules and Procedures. New Era further objects to this request as calling for documents and information – to wit, its Rules and Procedures – that are publicly available and therefore equally available to the requesting party.

Notwithstanding the foregoing objections, New Era will produce responsive documents, if any, within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 5.:**

All drafts of YOUR Terms and Conditions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

New Era objects to this request as overbroad and disproportional to the needs of the case insofar as it seeks "all" drafts. New Era further objects to this request to the extent that it would impose any obligation upon New Era to maintain all drafts of its Terms and Conditions. New Era further objects to this request as calling for documents and information – to wit, its Terms and Conditions – that are publicly available and therefore equally available to the requesting party.

Notwithstanding the foregoing objections, New Era will produce responsive documents, if any, within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 6.:**

All DOCUMENTS used to advertise NEW ERA ADR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

New Era objects to this request as vague and overbroad as to the term "advertise." New Era further objects to this request as calling for documents and information that are irrelevant to Plaintiffs' claims at issue and disproportionate to the needs of the case. New Era further objects to this request as calling for documents and information that are publicly available and therefore equally available to the requesting party. Accordingly, New Era will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 7.:**

All DOCUMENTS used in connection with YOUR efforts to raise capital, including the efforts that led to investments from Alumni Ventures Group, Motivate Venture Capital, Purple Arch Ventures, Nextview Ventures, Jump Capital, David Kalt, Sean Chou, Pete Kadens, and/or Lon Chow.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

New Era objects to this request as being overbroad and calling for documents and information that are irrelevant to Plaintiffs' claims at issue and disproportionate to the needs of the case. New Era further objects to this request as requesting documents and information reflecting trade secrets, confidential information, and/or other proprietary business information of itself and third parties. Accordingly, New Era will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 8.:**

All subscription agreements YOU have entered into, with DEFENDANTS or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Regarding the request for subscription agreements with Defendants, this request is redundant to Request No. 2, for which New Era is producing responsive documents.

As to agreements with other parties, New Era objects to such request as calling for documents and information that are not relevant to the claims at issue, overbroad, and disproportionate to the needs of the case. New Era further objects to this request as requesting documents and information reflecting trade secrets, confidential information, and/or other proprietary business information of itself and third parties. New Era will not produce any such documents concerning its subscription agreements with parties other than Defendants.

**REQUEST FOR PRODUCTION NO. 9.:**

DOCUMENTS sufficient to show the information required to be published by YOU under California Code of Civil Procedure 1281.96, Maryland Commercial Law §§ 14-3901 to 3905, and/or New Jersey Statutes § 2A:23B-1 *et seq*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

New Era objects to this request as being overbroad and calling for documents and information that are irrelevant to Plaintiffs' claims at issue and disproportionate to the needs of the case. Notwithstanding the foregoing objections, New Era responds that as of the date of these responses and objections, New Era has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10.:**

All DOCUMENTS that REFER OR RELATE TO mass arbitration, KELLER LENKNER, YOUR Rules and Procedures, YOUR Terms and Conditions, YOUR e-arbitration process, YOUR subscription agreements with DEFENDANTS, and YOUR subscription agreements with anyone other than DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

New Era objects to this request as vague, overbroad, and compound. New Era further objects to this request as duplicative, as Plaintiffs previously requested New Era's Rules and Procedures in Request No. 4, its Terms and Conditions in Request No. 5, its subscription agreements with Defendants in Requests Nos. 2 and 8, and its subscription agreements with other parties in Request No. 8. Please refer to New Era's prior responses in relation to each issue, as New Era incorporates them herein.

With respect to documents regarding mass arbitration and Keller Lenkner, New Era objects to such request as overbroad and irrelevant to the claims at issue, and disproportionate to the needs of the case.

With respect to documents relating to New Era's e-arbitration process, New Era objects to such request as being vague as to the term "e-arbitration" and calling for documents and information that are publicly available on New Era's website.

Subject to the foregoing objections, New Era will produce responsive documents to the extent that New Era has agreed to produce documents responsive to Requests Nos. 2, 4, 5, and 8. Otherwise, New Era will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 11.:**

DOCUMENTS sufficient to show the number of arbitrators who YOU approved to serve as arbitrators in arbitrations YOU administer, including all of YOUR contracts with those arbitrators.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

New Era objects to this request as irrelevant, overbroad and disproportionate to the needs of this case. New Era further objects to this request as requesting documents and information reflecting trade secrets, confidential information, and/or other proprietary business information of itself and third parties.

Accordingly, New Era will not produce responsive documents. However, New Era is willing to meet and confer with Plaintiffs to discuss potentially narrowing the scope of this request.

**REQUEST FOR PRODUCTION NO. 12.:**

DOCUMENTS sufficient to show the equity stakes in YOU of all arbitrators who YOU approved to serve as arbitrators in arbitrations YOU administer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

New Era objects to this request as irrelevant, overbroad, and disproportionate to the needs of this case. New Era further objects to this request as requesting documents and information reflecting trade secrets, confidential information, and/or other proprietary business information of itself and third parties.

Accordingly, New Era will not produce responsive documents. However, New Era is willing to meet and confer with Plaintiffs to discuss potentially narrowing the scope of this request.

**REQUEST FOR PRODUCTION NO. 13.:**

DOCUMENTS sufficient to show YOUR business plans for NEW ERA ADR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

New Era objects to this request as vague and ambiguous as to the term "business plan," irrelevant, overbroad, and disproportionate to the needs of this case. New Era further objects to this request as requesting documents and information reflecting trade secrets, confidential information, and/or other proprietary business information. Accordingly, New Era will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 14.:**

DOCUMENTS sufficient to show the amounts paid by any entity or person, by each such entity or person, to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

New Era objects to this request as vague and ambiguous as to the scope of time, manner, and context of "amounts paid" to New Era. Furthermore, New Era objects to this request as irrelevant, overbroad and disproportionate to the needs of this case.

Notwithstanding the foregoing objection, New Era will produce responsive documents only as they relate to amounts paid to New Era by Defendants and/or Latham & Watkins. Otherwise, New Era will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 15.:**

DOCUMENTS sufficient to show the amounts paid by YOU to any entity or person, by each such entity or person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

New Era objects to this request as vague and ambiguous as to the scope of time, manner, and context of "amounts paid" by New Era to other entities or persons, and/or "by each such entity or person." Furthermore, New Era objects to this request as irrelevant, overbroad and disproportionate to the needs of this case. Accordingly, New Era will not produce responsive documents.

**REQUEST FOR PRODUCTION NO. 16.:**

DOCUMENTS sufficient to show the number of consumer arbitrations that YOU have administered, as well as the manner in which YOU have administered them.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

New Era objects to this request as vague and ambiguous as to the term, "the manner in which YOU have administered them." Furthermore, New Era objects to this request as overbroad and disproportionate to the needs of this case.

Notwithstanding the foregoing objections, New Era is willing to meet and confer with Plaintiffs to narrow the scope of this request.

Dated: August 1, 2022                 RILEY SAFER HOLMES & CANCILA LLP

                                      By: *s/Sandra L. Musumeci*
                                          Sandra L. Musumeci
                                          Joshua L. Roquemore

                                      *Attorneys for Non-Party New Era ADR*