# Exhibit O




# Rules and Procedures

Types of Proceedings and Pricing

Pricing

Mediation Arbitration General Provisions and Ancillary Services

Mediation

In General Standard With Binding Decision

Arbitration

In General Standard Arbitrations Expedited/Mass Arbitrations

Moot Arguments

Partial Whole

Subscription Pricing/Additional Services

Subscription Pricing Additional Services

General Rules and Procedures

Applicability Terms of Use Confidentiality Decorum Location of Proceeding/Choice of
Law Independent Neutrals/Ultimate Authority Agreement to Refer Disputes Fees
Electronic Service Assignment of Neutrals Conflicts/Replacement of Neutrals
Commencement of Proceedings Deadlines Witnesses Discovery Evidence/Hearings
Evidence Disclosure Civil Procedure/Rules of Evidence Transcription (coming soon)
Settlement Decision/Award Enforcement of Decision/Award Execution of
Award/Decision Common Issues of Law and Fact Precedent Educational and Legal

NEWERA_001106

Disclaimer

Virtual Mediation Rules and Procedures

Process and Rules at Each Stage

Virtual Mediation with Binding Resolution Rules and Procedures

COMING SOON

Virtual Standard Arbitration Rules and Procedures

COMING SOON

Virtual Expedited Arbitration Rules and Procedures

Process and Rules at Each Stage Mass Arbitration Rules and Procedures

1. Types of Proceedings and Pricing
    a. Pricing
        i. Mediation
            1. Standard mediation – $8000 per case, inclusive of neutral fees.
            2. Mediation with binding arbitration – $10,000 per case, inclusive of neutral fees.
        ii. Arbitration
            1. Standard – $35,000 per case, inclusive of neutral fees.
            2. Expedited/Mass Arbitration Cases – $10,000 per case, inclusive of neutral fees.
            3. Subscription – Reduced case filing fees (described below), negotiated depending on various factors, including prior litigation history.
        iii. General Provisions and Ancillary Services
            1. New Era will respect any fee allocation agreement agreed to in advance by the parties. In the absence of such a fee allocation provision, the default allocations are as follows:
                a. Business to Business – Fees split 50/50. This includes all standard arbitrations
                b. Business to Consumer/Employee – Split 95/5 business to consumer/employee
            2. Transcription – Additional $1500
            3. Reasoned Decision – Unless it is the default provision to have a

NEWERA_001107

reasoned decision such as the Mass Arbitration or employment context, a reasoned decision will cost an additional $3000.

b. Mediation

    i. In General

        1. Currently, New Era ADR offers two types of Mediation products: Standard Mediations, and Mediations with a Binding Decision. All Mediation products are conducted virtually on the New Era ADR platform.

        2. The parties will mutually agree on the type of mediation to be used for their case, and New Era ADR will conduct the mediation in accordance with the procedures corresponding to the parties' mutually agreed upon selection.

    ii. Standard

        1. Standard, non-binding mediation processes are conducted entirely on New Era ADR's platform.

        2. Expected duration = 30 – 60 Days

    iii. With Binding Decision

        1. If all the parties agree at the outset, and the mediation fails to achieve a resolution, final arguments will be presented and a binding decision will be issued.

        2. Expected duration = 30 – 60 days

c. Arbitration

    i. In General

        1. Currently, New Era ADR offers two types of Arbitration products: Standard Arbitrations, and Expedited/Mass Arbitrations. All Arbitration products are conducted virtually on the New Era ADR platform.

        2. The parties will mutually agree on the type of arbitration to be used for their case, and New Era ADR will conduct the arbitration in accordance with the procedures corresponding to the parties' mutually agreed upon selection.

        3. In the absence of agreement by the parties as to which type of New Era ADR Arbitration product applies to a particular case, the forum shall be New Era ADR's Standard Arbitration product.

    ii. Standard Arbitrations

        1. Generally sought after for complex and/or more evidence-intensive disputes. This product is the most similar to a traditional arbitration, but still wholly virtual and with limited discovery.

        2. Expected duration = <100 days

    iii. Expedited/Mass Arbitrations

        1. Generally sought after for disputes that would benefit from an even more streamlined process. For example, consumer, employment, or certain commercial disputes. Focused evidence submission and arguments are an essential part of this process.

        2. Expected duration = 45 – 60 days

        3. Mass Arbitrations

            a. A specific type of expedited arbitrations where there are Common Issues of Law and Fact. All mass arbitrations follow the Virtual Expedited Arbitration Rules with a few exceptions (as more fully described in Section 6B), such as neutral selection, Precedent (defined herein), mandatory non-binding mediation, and reasoned decisions.

            b. Expected duration = 45-60 days for each bellwether case

  d. Moot Arguments

    i. Partial

        1. Moot portions of your case (e.g. opening/closing statements) or just test arguments and theories, all with one of New Era ADR's experienced neutrals.

        2. Price = Priced on a per case basis

    ii. Whole

        1. Moot your entire case.

        2. Price = Priced on a per case basis

  e. Subscription Pricing/Additional Services

    i. Subscription Pricing

        1. All pricing for the procedures set forth herein is on a per case basis and includes neutral fees, but subscription pricing is available by contract with New Era ADR.

NEWERA_001109

2. In the absence of subscription pricing, there is only one fee, titled a "case fee," and the default pricing and allocation is set forth in Section 1(a) above.

3. In subscription pricing, there are two components to the case fees:

   a. A "subscription fee" paid on an annual basis. This fee is paid solely by the subscriber pursuant to contract; and

   b. Actual filing fees per case ("filing fees"), paid by each party to a dispute and which are discounted from the default per case pricing as a result of the subscription fee.

4. Subscription pricing is specific to each subscriber and based on various factors, including, for example, historical litigation data.

5. Example of non-subscription vs subscription pricing:

   a. Non-Subscription Pricing = 100 Mass Arbitration cases at $10,000 per case fee = $1M

   b. Sample of Subscription Fees = 100 Mass Arbitration cases on $250,000 annual subscription fee + $300 per case filing fee = $280,000

6. Under all circumstances, *all fees are paid up-front.*

ii. Additional Services

   1. Reasoned Decision

      a. The default for any adversarial proceeding on the New Era ADR platform, outside of Mass Arbitration bellwether cases and employment disputes, is the issuance of a non-reasoned decision.

      b. Any party can request a reasoned decision for an additional fee.

      c. A reasoned decision will not be a full judicial opinion, but will provide the neutral's reasoning and application of the law to the facts of the case.

   2. Transcription Services (Coming Soon)

      a. A transcript of any hearing can be requested by any party.

      b. New Era ADR will use its proprietary license of AI based transcription software to transcribe the hearing in real time.

     c. New Era ADR will endeavor to provide the transcript within 24 hours of the completion of the hearing.

2. General Rules and Procedures
   a. Applicability
      i. All proceedings on the New Era ADR platform are subject to the Terms of Use, the Privacy Policy, and these General Rules and Procedures.
      ii. Each proceeding also has its own set of specific rules applicable directly to that particular proceeding. Each appears later in this outline and separately on New Era ADR's website (together, the "Proceeding-Specific Rules and Procedures").
   b. Terms of Use
      i. By using the New Era ADR platform, or contractually, you have agreed to be bound by the New Era ADR Terms of Use, the Privacy Policy, these General Rules and Procedures and any applicable Proceeding-Specific Rules and Procedures.
      ii. You acknowledge that New Era ADR satisfies Due Process requirements and agree to be bound by any decision(s) rendered.
      iii. For more information, please refer directly to the New Era ADR Terms of Use and the Proceeding-Specific Rules and Procedures.
   c. Confidentiality
      i. New Era ADR shall maintain the confidentiality of all proceedings except as necessary for a judicial challenge to the result.  The neutral may issue additional orders to protect the confidentiality of any portion of the proceeding or evidence and documents submitted.
      ii. The parties agree that all communications and evidence will remain confidential and neither party will take any action that would reasonably be expected to lead to unwanted or unfavorable publicity to any other party.  This provision does not apply to facts or information gathered outside of the proceeding.
      iii. As noted in the Terms of Use, the services provided herein are governed by Illinois law, and the Location of Proceeding/Choice of

NEWERA_001111

Law provisions below indicate that "All New Era ADR proceedings are deemed to take place in the location of the neutral," which may implicate the neutral's forum state's ADR confidentiality laws. Accordingly, in connection mediation services provided through New Era ADR, all communications between New Era ADR or the neutral on the one hand, and any mediation party, counsel, or other person or allowed to participate in the mediation, whether made during such a mediation or made prior to such a mediation but in furtherance thereof, shall constitute confidential and privileged mediation communications under the Illinois Uniform Mediation Act (710 ILCS 35/1 – 35/16, as amended from time to time) or the neutral's forum state's confidentiality/privilege law, whichever is stricter.

d. Decorum

    i. All parties are expected to maintain professional and respectful behavior during the duration of any proceeding(s). Should any party violate this provision, the neutral(s) and New Era ADR each have the discretion to sanction the offending party including, but not limited to, removing the party from the proceeding, excluding evidence or issuing a monetary penalty commensurate with the conduct. Any failure to adhere to the sanction may result in a default judgment being issued against the offending party. No refunds will be granted as a result of proceedings shortened as a result of a violation of this provision.

e. Location of Proceeding/Choice of Law

    i. All New Era ADR proceedings are deemed to take place in the location of the neutral. This does not impact choice of law provisions or other contractually chosen law which will be applied by the New Era ADR neutral. In determining the merits of the dispute, the neutral shall be guided by the rules of law agreed to by the parties. In the absence of such agreement, the neutral will be guided by the law or the rules of law that he/she/they deem(s) to be most appropriate. The neutral may grant any remedy or relief that is just and equitable and within the scope of the parties' agreement or applicable law.

NEWERA_001112

f. Independent Neutrals/Ultimate Authority

    i. New Era ADR affiliated neutrals are independent contractors. They are not employees of New Era ADR and are not compensated by New Era ADR other than their contractually agreed upon hourly rates or flat fees.

    ii. New Era ADR affiliated neutrals are the ultimate arbiters of all proceedings on the platform and have full authority to run proceedings as they determine in their sole discretion. Subject to Rule 2.k. herein, the parties otherwise waive any objection to the authority of the neutrals in their proceeding(s).

g. Agreement to Refer Disputes

    i. By referring disputes to the New Era ADR platform, you either have a binding agreement that requires dispute resolution through the New Era ADR platform or both/all parties have consented to resolve their disputes on the New Era ADR platform. The claimant(s) may initiate a case based on either scenario on the platform, but the basis for consent (i.e. the contract, terms of use or other agreement) needs to be provided.

h. Fees

    i. Prior to the commencement of any New Era ADR proceeding, the parties will need to pay the applicable platform fees, which include neutral fees. Accommodation can also be made for parties whose financial position does not allow for payment. *No New Era ADR proceeding will commence without payment of fees.*

i. Electronic Service

    i. The parties consent to electronic service of process with service to be made to the email address provided contractually. Parties using New Era ADR should provide applicable email address(es) for service in their Terms of Use or contracts. Unless a party objects for lack of sufficiency of service, any party appearing in a proceeding waives any objection to service of process.

j. Assignment of Neutrals

    i. New Era ADR will provide a panel of a minimum of 3 and up to 8 neutrals for each proceeding unless otherwise provided for herein or

in the Proceeding Specific Rules and Procedures. Each such panel will consist of neutrals that have the requisite experience in the particular kind of dispute at issue.

ii. In mediation, standard arbitration and Mass Arbitration proceedings, the parties will participate in New Era ADR's standard rank/strike process, outlined below.

iii. New Era ADR's Standard Rank/Strike Process

1. Following New Era ADR proposing its panel of neutrals pursuant to these General Rules and Procedures and any Proceeding-Specific Rules and Procedures, the parties shall have five (5) business days therefrom to:

   a. If 6 or fewer neutrals are proposed as a part of the panel, strike 1 neutral each;

   b. If 7 or more neutrals are proposed as a part of the panel, strike 2 neutrals each.

2. For the remaining neutrals, the parties shall have two (2) more business days to numerically rank them, with #1 being a party's top choice and the quantitatively highest number being the least preferable.

   a. If one neutral has the best score (in this instance, the lowest score), then that neutral will be appointed and the proceeding shall move forward.

   b. In the event of a tie, then the neutrals with the worst (quantitatively highest) scores will be dropped and the parties shall re-rank the remaining neutrals. The neutral with the lowest score on the re-rank will be appointed to the proceeding.

   c. If the re-ranked scores remain tied, then within two (2) business days, New Era ADR will randomly select and appoint one of the remaining neutrals.

iv. In Virtual Expedited Arbitrations, New Era ADR will randomly select from the panel unless the parties have otherwise agreed to undergo New Era ADR's standard rank/strike process.

v. If there is more than one attorney for the claimant(s), respectively, or respondent(s), respectively, the attorneys are responsible for meeting

NEWERA_001114

and conferring internally and achieving consensus for purposes of making selections for the rank/strike process.

vi. If a process for neutral selection is contractually agreed to by the parties, New Era ADR will honor any such agreement subject to its existing deadlines for neutral selection. There will be no delay in the proceeding(s) to accommodate for additional neutral selection procedures.

k. Conflicts/Replacement of Neutrals

i. Neutrals shall promptly upon initial appointment, check for any actual or potential conflicts of interest and, as soon as practicable:

1. If the neutral has an actual conflict of interest, the neutral shall decline the appointment or withdraw if already appointed; or

2. If the neutral has a potential conflict of interest, the neutral shall make all disclosures required by law or, if not required by law, that are otherwise appropriate to disclose; the neutral may, thereafter, only serve (or continue to serve), with the consent of the parties or after a New Era ADR determination that the neutral can still maintain impartiality notwithstanding the disclosed matter.

ii. Party consent to a neutral's service (or continued service) following a disclosure by the neutral is given by either:

1. Expressing such express consent to New Era ADR (and not the neutral); or

2. Failing to inform New Era ADR (and not the neutral) of any objection to the neutral within seven (7) days after service of the conflict disclosure.

iii. New Era ADR shall make the final determination whether, in its sole discretion, the objection to a neutral's impartiality requires replacement of the neutral.

iv. New Era ADR may also otherwise replace a neutral at its sole discretion, upon a legitimate request, concern or upon unforeseeable circumstances. If such a replacement is necessary, New Era ADR will replace the neutral at no additional charge and will provide notification to all parties about the change and why it was necessary.

l.  Commencement of Proceedings

    i.  All New Era ADR proceedings are commenced on the New Era ADR platform application.  The system will require contact information for the parties, the attorneys, the nature of the claim(s), the type of damages or relief requested, any counterclaims, and payment by credit card.  The application will guide the parties through the additional steps needed in the process.

m.  Deadlines

    i.  Once a proceeding is commenced, the neutral will provide dates for hearings, meetings and deadlines for document and evidence submissions.

    ii.  All proceedings at New Era ADR are time limited with the following as expected durations as set forth above:

        1.  Mediation = 30 – 60 days

        2.  Mediation with a Binding Decision = 30 – 60 days

        3.  Expedited arbitration = 45 – 60 days

        4.  Standard arbitration = Under 100 days

    iii.  You are expected to operate within these general time parameters and be prepared to meet expedited deadlines.  Exceptions may be granted only if there are exceptional circumstances, as determined in the discretion of the neutral.

    iv.  Failure to adhere to these deadlines may result in a default judgment being issued against you.

    v.  Neutrals are also expected to maintain these timeframes.

n.  Witnesses

    i.  If a party believes witness testimony is relevant to the dispute, the party can request that the witness attend a hearing, can provide deposition testimony or submit an affidavit from the witness.

    ii.  If a witness is adverse and refuses to attend, to the extent allowable under applicable law, the neutral may issue a subpoena which must be served and enforced in accordance with applicable state law.

    iii.  The party must allow sufficient time to procure the witness(es)'s attendance prior to any document submission or hearing deadline.  There will be no delays as a result of a party's failure to

properly secure witness attendance.

    iv. The parties are allowed a maximum of two (2) witnesses at a hearing unless the neutral specifically allows additional witnesses.

    v. Testimony is given under oath which shall be administered by the neutral, or as required by the neutral's forum state law.

o. Discovery

    i. New Era ADR operates on the premise that limitations on discovery are one of the primary ways efficiencies are achieved in arbitration, and discovery must be narrowly tailored only to the information necessary to advancing a neutral's understanding of the case. Accordingly, discovery is permitted but at the neutral's discretion.

    ii. Any request for discovery must be submitted to the neutral, at which point the neutral will determine whether it should be allowed or not.

    iii. Parties must comply with any discovery request granted by the neutral or a negative inference may be made against the noncompliant party. The neutral may also impose a sanction against the noncompliant party, including, by way of example, entry of a default award against the non-compliant party.

    iv. New Era ADR and its neutrals will respect any contractual agreements amongst the parties that further limit the scope of discovery but will not typically allow contractual agreements intended to extend stated time limitations.

p. Evidence/Hearings

    i. All evidence must be uploaded to New Era ADR's secure online platform.

    ii. Limits are generally:

        1. 30 files for documentary evidence and 50 pages per file exhibit for standard arbitrations; and

        2. the lesser of 10 total files, 25 pages across all files or 25MB of aggregate uncompressed uploads for expedited arbitrations.

    iii. The neutral has discretion to allow evidence in excess of the stated limits as necessary to ensure a fundamentally fair process.

    iv. The neutral has discretion with regards to what evidence is

considered, what weight is applied to the evidence and whether evidence needs to be excluded based on fairness, equity or the law.

    v. The parties agree not to save, record or distribute evidence in any way.

    vi. The neutral may request additional evidence which the parties shall provide, if available.

    vii. The neutral may request post-hearing or supplementary evidence at the neutral's sole discretion.

    viii. viii.Unless the parties agree to the contrary, hearings shall be held in standard arbitrations.  In expedited arbitrations, the neutral may rule solely on the documentary evidence without any virtual hearing.  Discretion lies solely with the neutral in making a determination of whether a hearing is necessary in all non-standard arbitrations.

q. Evidence Disclosure

    i. Similar to discovery, if a party believes an opposing party has relevant or necessary evidence that they are not disclosing, they can make a request to the neutral that such evidence be provided or disclosed.  The neutral, upon a finding that good cause of the production exists, a decision confined to the neutral's sole discretion, may direct  the opposing party to produce to the requesting party the requested information; in issuing such a direction, the neutral shall make adequate provision to address any claims of privilege.

    ii. Any failure to comply with the neutral's directive to produce may result in a default judgment being entered against the non-compliant party.

r. Civil Procedure/Rules of Evidence

    i. The parties may offer relevant and material  facts and evidence as necessary to facilitate the neutral's understanding of the dispute, but formal Federal and State Rules of Evidence and Rules of Civil Procedure do not apply.

    ii. The neutral has sole discretion in determining the cadence and progression of the proceeding as well as the admissibility, weight, veracity, authenticity, relevance and importance of any evidence or arguments submitted.

NEWERA_001118

s. Transcription (coming soon)

    i. The parties may request that a hearing be transcribed. This is done with New Era ADR's proprietary license of AI-based transcription software.

    ii. New Era ADR will endeavor to deliver the transcript within 24 hours of the completion of the hearing.

t. Settlement

    i. Parties may settle their dispute before, during or after the New Era ADR proceeding whether facilitated by a New Era ADR neutral or not.

    ii. *Since all New Era ADR fees accrue at the time of filing, no rebates or refunds of any paid fees shall be given (although New Era ADR will consider and may abide by the parties' agreement to shift some or all of the New Era ADR fees from or to any particular party).*

u. Decision/Award

    i. In the arbitration context, a decision/award will be issued within 7 days of the completion of the proceeding. The decision will be non-reasoned unless required by law or otherwise set forth herein.

    ii. If a party, or the parties, wish(es) to have a reasoned decision, the reasoned decision will be issued within 14 days of the completion of the proceeding.

    iii. A reasoned decision will include the application of the law to the facts of the case as well as the ultimate decision and award, but is not equivalent to a full judicial opinion.

    iv. Reasoned decisions are the default standard for employment cases and bellwether cases in Mass Arbitrations.

v. Enforcement of Decision/Award

    i. The parties acknowledge and agree that any decision and/or award is enforceable without further action and waive any objection to the enforceability of the decision or award.

    ii. All decisions and/or awards may also be enforced in any state or federal court of competent jurisdiction. The parties waive any right or objection to the jurisdiction or venue of such courts.

    iii. In cases where there is a right to statutory or contractual attorneys'

NEWERA_001119

fees and costs for the prevailing party, the neutral has discretion, after making a decision on the merits, to award such fees and costs as necessary.

w. Execution of Award/Decision

    i. If the award/decision requires the payment of monetary damages, the debtor party must pay the amount owed on or before the 14th calendar day after the award was served on the parties unless otherwise noted in the award or decision. Payment must be made via electronic payment, or certified check/money order sent via a trackable method of shipping.

    ii. If the award/decision requires non-monetary relief, the required action or non-action must be taken on or before the 14th calendar day after the award was served on the parties unless otherwise noted in the award or decision.

    iii. The neutral has the authority to award interest and/or penalties for non-compliance.

    iv. The neutral also has the authority to award costs and sanctions for frivolous filings, at their sole discretion.

x. Common Issues of Law and Fact

    i. "Common Issues of Law and Fact" means when cases or proceedings present the same, or similar, evidence; present the same, or similar, witnesses; and/or rely on determination of the same, or similar, facts, or issues of law.

    ii. Determination of whether case(s) involve Common Issues of Law and Fact rests solely in the hands of the neutral handling the proceeding or a New Era ADR neutral tasked with making such a determination.

        1. Solely for administrative purposes, New Era ADR may group similar cases filed by the same law firm or group of law firms and have them proceed through the Mass Arbitration process unless and until the presiding neutral makes a determination otherwise.

        2. New Era ADR makes no determination with respect to issues of law and fact.

        3. The presiding neutral will make a determination about whether

Common Issues of Law and Fact exist as a threshold issue in determining the case but has sole discretion in determining how such a decision will be made.

    iii. The parties may present evidence and arguments demonstrating that a case or cases do not involve Common Issues of Law and Fact (for example as set forth in the Mass Arbitration Rules and Procedures contained herein) but the neutral's determination of Common Issues of Law and Fact is not appealable.

y. Precedent

    i. When significant factual findings and legal determinations have been made in one or more proceedings on the platform ("Lead Decisions"), New Era ADR affiliated neutrals may apply these determinations in the same manner and with the same force and effect to the Common Issues of Law and Fact contained in other proceedings that involve Common Issues of Law and Fact with those cases from which the Lead Decisions originated, subject to any rights contained herein.  Such determinations made from the Lead Decisions are known as "Precedent(s)."

    ii. Later filed cases that involve the same or similar Common Issues of Law and Fact, regardless of when they are filed, may be subject to Precedent(s).

    iii. Determinations of whether Common Issues of Law and Fact are present will be determined by the neutral who made the initial legal and factual determinations, unless they are otherwise unavailable, in which case New Era ADR will appoint a new neutral for purposes of these determinations.

z. Educational and Legal Disclaimer

    i. New Era ADR content and resources are not intended to be legal advice and the parties shall not rely on the content or services as legal advice or representations regarding outcomes, negotiation, settlement or insight into another party's behavior or practices.

3. Virtual Mediation Rules and Procedures

a. Process and Rules at Each Stage

    i. Claimant Sign-Up

        1. Claimant signs up using New Era ADR's simple and secure sign-up process located at app.neweraadr.com.

    ii. Claimant Pays Fees

        1. Claimant pays half the fee unless there is a business vs consumer/employee dispute in which case the fee is split 95/5. Examples:

            a. Total Fee = $8,000

            b. Business vs. Business = Claimant pays $4000

            c. Business vs. consumer/employee = Business pays $7600 and individual pays $400

            d. Fees will be reduced if there is a subscription agreement in place.

            e. New Era will respect any other fee allocation agreement agreed to in advance by the parties.

    iii. Respondent Sign-Up

        1. Respondent signs up using New Era ADR's simple and secure sign-up process at app.neweraadr.com.

    iv. Respondent Pays Fees

        1. Respondent pays half the fee unless there is a business vs individual dispute in which case the fee is split 95/5. Examples:

            a. Total Fee = $8,000

            b. Business vs. Business = Respondent pays $4000

            c. Business vs. Individual = Business pays $7600 and individual pays $400

            d. Fees will be reduced if there is a subscription agreement in place.

            e. New Era will respect any other fee allocation agreement agreed to in advance by the parties.

    v. Neutral Chosen

        1. A panel of at least 3 but no more than 8 neutrals is provided to the parties for purposes of engaging in New Era ADR's standard rank/strike process.

        2. New Era ADR will strive to provide a panel of neutrals with

NEWERA_001122

experience in the particular type of proceeding.

3. If no agreement can be reached, New Era ADR will appoint a neutral.

vi. Pre-Mediation Conferences are Scheduled and Held

1. The neutral schedules and holds 30 minute pre-mediation conferences with both parties using New Era ADR's scheduling software.

2. *Please note these conferences are optional and can be declined when scheduling.*

vii. Mediation Scheduled

1. The neutral schedules the mediation using New Era ADR's scheduling software, based on input from the parties.

viii. viii.Documents Are Uploaded

1. Both parties upload their relevant documents and mediation statements. These are not visible to any other party, only the neutral.

2. There is a limit of 100MB for documents and 15K characters for mediation statements.

ix. Mediation is Held

1. The mediation is held via the preferred video conferencing software with Zoom as the default.

x. Term Sheet

1. If a settlement is reached, the mediated settlement term sheet is drafted by the neutral with input from the parties and their attorneys, and executed on the New Era ADR platform via e-signature by the parties before the mediation is closed.

4. Virtual Mediation with Binding Resolution Rules and Procedures

a. COMING SOON

5. Virtual Standard Arbitration Rules and Procedures

a. COMING SOON

NEWERA_001123

6. Virtual Expedited Arbitration Rules and Procedures
    a. Process and Rules at Each Stage
        i. Virtual Expedited Arbitration typically applies to consumer, employment and other commercial disputes that are not document or discovery intensive. *The parties may contractually determine whether certain proceedings fit under Virtual Expedited or Virtual Standard arbitrations, and New Era ADR will respect those contractual agreements.* See Section 1(c)(i) of these Rules and Procedures for more detail.
        ii. Claimant Sign-Up and Complaint
            1. Claimant signs up on the platform using New Era's simple and secure sign-up process and submits Complaint located at app.neweraadr.com.
        iii. Claimant Pays Fees
            1. Claimant pays half the fee unless there is a business vs individual dispute in which case the fee is split 95/5. Examples:
                a. Total Fee = $10,000
                b. Business vs. Business = Claimant pays $5000
                c. Business vs. consumer/employee = Business pays $9500 and consumer/employee pays $500
                d. Fees will be reduced if there is a subscription agreement in place.
                e. New Era will respect any other fee allocation agreement agreed to in advance by the parties.
        iv. Sign-Up and Answer
            1. Respondent (a) receives email service of Complaint; (b) signs up on the platform; and (c) responds to the claims and asserts any counterclaims. Claimant will receive Respondent's answer via email once submitted.
            2. Respondent has 21 days to respond or a default judgment may be issued against them. After 14 days with no response, Claimant will be able to access the dispute in order to submit

documentation pursuant to 6(a)(vii).

    v. Respondent Pays Fees

        1. Respondent pays half the fee unless there is a business vs consumer/employee dispute in which case the fee is split 95/5. Examples:

            a. Total Fee = $10,000

            b. Business vs. Business = Respondent pays $5000

            c. Business vs. consumer/employee = Business pays $9500 and consumer/employee pays $500

            d. Fees will be reduced if there is a subscription agreement in place.

            e. New Era will respect any other fee allocation agreement agreed to in advance by the parties.

    vi. Neutral is Appointed

        1. New Era ADR will randomly appoint a neutral from a panel where all the members have the requisite experience in the particular kind of dispute.

        2. The parties may elect to participate in New Era's standard rank/strike process, but only if agreed to by both parties.

    vii. Parties Upload Their Documents

        1. Both Claimant(s) and Respondent(s) upload the relevant documents and their initial arguments.

        2. Both parties must upload their documents within 14 days of the appointment of the neutral.

        3. Uploads are limited to the lesser of 10 total files, 25 total pages for each file or 25MB of aggregate uncompressed uploads.

        4. The neutral has discretion to allow evidence in excess of the stated limits as necessary to ensure a fundamentally fair process

    viii. Documents Are Exchanged

        1. Once all documents are submitted, they are digitally exchanged between the parties.

    ix. Hearing is Set and Held or Denied

        1. The neutral will, in their sole discretion, decide if a hearing is necessary based on the submissions.

        2. If the neutral decides a hearing is necessary, it will be scheduled

using the New Era ADR scheduling software.

3. The neutral has discretion to rule solely on the documents.

x. Final Arguments Are Submitted

1. Within 14 days of the conclusion of the hearing, or the neutral's ruling that no hearing is necessary, both parties must submit final arguments based on the documents and initial arguments submitted earlier in the proceeding.

2. Final arguments are limited to 15K characters.

3. No jurisdictional or prefatory material is necessary in the final arguments, just the caption and substantive arguments.

xi. Decision is Rendered

1. The neutral will render a non-reasoned decision within 7 days of receipt of final arguments.

2. A reasoned decision can be requested and will be provided within 14 days of receipt of final arguments.

b. Mass Arbitration Rules and Procedures

i. Subset of Virtual Expedited Arbitration Rules and Procedures

1. The Mass Arbitration Rules and Procedures are a subset of the Virtual Expedited Arbitration Rules and Procedures and shall apply to any Mass Arbitration where the parties have selected the Virtual Expedited Arbitration process in their arbitration agreement.

2. In the case of any conflict between the two sets of rules and procedures, the Virtual Expedited Arbitration Rules and Procedures will apply

ii. General

1. Mass Arbitrations are defined as arbitration claims filed on the New Era Platform (a) that number more than five (5), and (b) that arise out of Common Issues of Law and Fact, as defined in Section 2(x) above.

2. If multiple cases are similar but do not arise out of Common Issues of Law and Fact, as determined in the discretion of the governing neutral, each such case will be adjudicated outside of the Mass Arbitration process under New Era ADR's standard

NEWERA_001126

Virtual Expedited Arbitration procedures.

    a. Ultimate authority in determining whether each case arises out of Common Issues of Law and Fact rests with the presiding neutral.

    b. Solely for administrative purposes, New Era ADR may group similar cases filed by the same law firm or group of law firms and have them proceed through the Mass Arbitration process unless and until the presiding neutral makes a determination otherwise. New Era ADR makes no determination with respect to issues of law and fact.

3. Bellwether cases will be subject to the timeframes set forth in the Virtual Expedited Arbitration Rules unless otherwise set forth in the Mass Arbitration Rules and Procedures.

4. All cases must be filed individually on New Era ADR's Virtual Expedited Arbitration platform.

iii. Process and Rules at Each Stage

1. Step 1: Filing and Neutral(s)

    a. All cases are filed on the New Era ADR Virtual Expedited Arbitration platform located at app.neweraadr.com.

    b. New Era ADR will provide a panel with at least 3 and up to 8 neutrals.

    c. The parties will participate in New Era ADR's standard rank/strike process.

    d. If there is more than one attorney or law firm for the claimant(s), respectively, or respondent(s), respectively, the attorneys for each side are responsible for meeting and conferring internally and achieving consensus for that side.

    e. If no consensus is reached, New Era ADR will assign a neutral.

    f. New Era ADR retains the right to provide more than one neutral for a particular Mass Arbitration.

    g. New Era ADR will endeavor to assign any later filed cases to the same neutral(s).

2. Step 2: Fees Are Paid

    a. The default case fees follow New Era ADR's standard fees

pursuant to Sections 1(a)(i) and (ii) of these Rules and
Procedures, unless either party has a subscription
agreement in place with New Era ADR, in which case the
subscription fees and filing fees will be determined
pursuant to such agreement.

b. Fees are allocated pursuant to the parties' contractual
agreement and paid at this time, or if the contract does
not provide for an allocation, the default allocation set
forth in Section 1(a)(iii) herein shall apply.

c. Financial Hardship Affidavits are available.

d. Beyond the default division of case fee responsibility,
there are no prohibitions or other New Era ADR rules
related to how fees need to be, or should be, allocated.

3. Step 3: Virtual Expedited Arbitration/Bellwether Cases

a. The presiding neutral will make a determination about
whether Common Issues of Law and Fact exist as a
threshold issue in determining the case but has sole
discretion in determining how such a decision will be
made.

b. Claimant(s), collectively on the one hand, and
Respondent(s), collectively on the other hand, will each
select one "bellwether case" from all the cases that were
filed.  If there are multiple attorneys for the claimant(s) or
respondent(s) they are responsible for meeting and
conferring to determine their selection of the bellwether
case.  A third bellwether case will be selected through a
process to be determined at the neutral's discretion so
that there are three initial bellwether cases.

c. The bellwether cases must be selected within 14 days of
selection of the neutral(s).

d. Bellwether cases will be decided by the same neutral who
was chosen from the Rank and Strike process, and that
neutral shall have the discretion to increase the number of
bellwether cases prior to any of them proceeding, but only

NEWERA_001128

if it is necessary to allow for a fundamentally fair process.  Each party is entitled to an equal number of bellwether cases.

e.  The bellwether cases will proceed individually, but parallel to the extent possible, through New Era ADR's Virtual Expedited Arbitration Process with the exception that document uploading must be done within 14 days of the selection of the bellwether cases.

4.  Step 4: Lead Decision(s)/Mediation

a.  Following the virtual expedited arbitrations of the bellwether cases, a Lead Decision is rendered in each of the bellwether cases.  The Lead Decisions will be reasoned so that Precedent(s) may be applied.

b.  Following the issuance of the Lead Decisions, the parties shall participate in a mandatory *non-binding* mediation on the New Era ADR platform and subject to New Era ADR's standard Virtual Mediation Rules and Procedures. If there are multiple attorneys for the claimant(s), respectively, or respondent(s), respectively, they are responsible for meeting and conferring to determine their selection of a representative group for purposes of participation in the Mediation.

c.  If the mediation results in a settlement, claimants and/or respondents may opt their particular case out of the results of the mediation, if any, but each such case will be subject to the remainder of the process outlined in this Section 6(b)(iii) of these New Era ADR Rules and Procedures and be considered "Remaining Cases," as that term is defined below.

d.  If the mediation does not result in a settlement, each party shall provide the neutral with the case(s) that such party believes involve individualized issues of law and/or fact that should not be subject to Precedent (the "Remaining Cases"), if any.  The Remaining Case(s) can be identified at the mediation, but must be identified within seven (7) days

of the end of the mediation.

5.  Step 5: Application of Precedent(s)

    a.  In the absence of a mediation settlement, the determinations made from the Lead Decisions in the bellwether cases will act as Precedent on subsequent cases with Common Issues of Law and Fact as applied to those Common Issues of Law and Fact, solely as determined by New Era ADR affiliated neutral(s).

    b.  In all such additional cases, even if later filed, the Precedent(s) shall be applied in the manner identified in the immediately preceding paragraph.

6.  Step 6: Case Analysis and Removal Right

    a.  For Remaining Cases, the neutral will create a process for handling and resolving individualized issues of law and fact to ensure fundamental fairness and equity.

    b.  Precedent will still apply to all Common Issues of Law and Fact in the Remaining Cases.

    c.  Only if a party can demonstrate that there are no Common Issues of Law and Fact will a case be removed from the Mass Arbitration (a "Removal Case"). In such a case, the Removal Case will start *de novo* as a stand-alone Virtual Expedited Arbitration. The applicable case fee shall apply to this *de novo* proceeding.

7.  No Appeal

    a.  No appeal is permitted from the decision(s) unless otherwise specified in the contractual agreement between the parties.



New Era ADR offers a fully-virtual dispute resolution platform to help those in the midst of a dispute get a fair resolution fast.

What We Do

Explore Our ADR Platform
Digital Arbitration
Digital Mediation
Update Your Contracts

Resources

Blog
Insights
New Era In The News
FAQs

Company

About
Neutrals
Contact

Stay up to date with New Era ADR's latest news

Subscribe to the newsletter to get a monthly update and insights on alternative dispute resolution.

2021 © NewEraAdr.com, All rights reserved.

Terms and Conditions
Privacy Policy
Sitemap