QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
  William R. Sears (Bar No. 330888)
  willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN LLC
  Warren Postman (Bar No. 330869)
  wdp@kellerpostman.com
  Albert Pak (admitted pro hac vice)
  albert.pak@kellerpostman.com
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
Telephone: (202) 918-1123

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | Case No: 2:22-cv-00047-GW-GJS<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE WILLIAMS DECLARATION**<br><br>The Honorable George H. Wu<br><br>Hearing Date: July 13, 2023<br><br>Hearing Time: 8:30 a.m.<br><br>**REDACTED** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 1

I.    The Williams Declaration Contradicts New Era's Rules and His Deposition. ........................................................................................................ 1

II.    The Williams Declaration's Attempt to Modify the Rules Augments Their Unconscionability. ..................................................................................... 4

CONCLUSION ............................................................................................................ 6

# INTRODUCTION

Plaintiffs deposed Collin Williams, New Era's Founder and Chairman, as New Era ADR's 30(b)(6) corporate representative six months ago. The deposition and certain of its exhibits are under seal, at New Era's request. Apparently unhappy with the answers he gave, Mr. Williams recently filed an unsealed declaration, purporting to make his "interpretation of [New Era's] Mass Arbitration Rules available for all." Dkt. 163 at 2 n.1. The Williams Declaration is procedurally improper, and this Court should disregard it. New Era is not a party in this case. It has not sought to intervene. Non-parties can seek leave to file amicus briefs, but New Era did not seek leave, and the Declaration purports to be *factual*. Moreover, discovery has been closed for months. Anything Mr. Williams wished to say should have come out during his deposition, when Plaintiffs had the opportunity to probe inconsistencies between his testimony and the Rules as written.

Propriety aside, the Williams Declaration fails to support Defendants' motion to compel. If New Era's process follows its published rules, then the Williams Declaration is plainly wrong. If New Era arbitrations are governed by the shifting positions of Mr. Williams rather than a system of rules, that simply provides another reason to hold the arbitration provision unconscionable.

# ARGUMENT

**I.   The Williams Declaration Contradicts New Era's Rules and His Deposition.**

If New Era is a forum governed by rules, Mr. Williams is simply wrong. Mr. Williams now claims that "multiple similar cases would administratively need to originate from the **same counsel** or group of counsel to even be considered for New Era's Mass Arbitration Rules." Dkt. 163 at 6 (emphasis added); *id.* at 8 ("new claims would only fall within that prior mass arbitration umbrella (and apply any Precedent from that prior mass arbitration) if they had **common lawyers**") (emphasis added).[1] Mr.

---

[1] Coincidentally, Defendants also called the same-law-firm point a "threshold requirement" in their supplemental brief, even though they had never before suggested it was. *See* Dkt. 166 at 2.

1 | Williams uses this supposed requirement to downplay any notice and due process
2 | concerns. *Id.* at 9.
3 |     But as Plaintiffs showed in their Supplemental Reply, the Rules are quite clear
4 | that Mass Arbitration grouping does not depend on whether claimants have shared
5 | counsel. *See* Supplemental Reply at 2-4. Likewise, the Subscription Agreement
6 | between New Era and Defendants defines Mass Arbitration, and that definition never
7 | mentions any same-law-firm requirement either. *See* ECF No. 113-14 at '044 ("'**Mass**
8 | **Arbitrations**' are defined as arbitration claims filed on the New Era Platform (a) with
9 | Customer as a party thereto, (b) that number more than five (5), and (c) that arise out of
10 | Common Issues of Law and Fact Claims."). New Era is contractually required to
11 | provide Defendants Mass Arbitration services where that definition is met, and the
12 | definition is clearly met even if different law firms file similar cases.
13 |     Mr. Williams previously grasped this point. [REDACTED]
14 | [REDACTED]
15 | [REDACTED]
16 | [REDACTED]
17 | [REDACTED]
18 | [REDACTED]
19 | [REDACTED]
20 | [REDACTED]
21 | Williams Dep. Tr. (Dkt. 146-4) at 351:19-52:2. Critically, New Era's rules require that
22 | both New Era and the parties maintain strict confidentiality of all proceedings and
23 | evidence within a single arbitration. *See* Rule 2(c). Therefore, [REDACTED]
24 | [REDACTED]
25 | [REDACTED]
26 | [REDACTED]
27 |     Second, with regard to precedent, the Williams Declaration is carefully
28 | ambiguous, seemingly open to Defendants' position that every claimant can be heard on

1  common issues (for example, by asking for reconsideration).  See Dkt. 163 at 8.  Again,
2  this view defies the text and structure of the Rules.  See Supplemental Reply at 3-4.
3  [redacted]
4  [redacted]
5  [redacted]
6  [redacted]
7
8
9
10 [redacted]
11 [redacted]
12
13
14
15
16
17
18
19 [redacted]
20 [redacted]
21 [redacted]
22 [redacted]
23 [redacted]
24
25
26
27
28

## II. The Williams Declaration's Attempt to Modify the Rules Augments Their Unconscionability.

To the extent Mr. Williams is claiming the ability to direct New Era's "bench of experienced neutrals" to disregard the plain meaning of the Rules and "see and use" his new "interpretation" instead, Dkt. 163 at 2, n.1, that is no less troubling, as it would mean New Era is not a forum governed by rules laid down in advance. Indeed, that establishes both procedural and substantive unconscionability.

It is procedurally unconscionable because consumers cannot know what rules will govern their arbitrations. On Mr. Williams' approach, reading the text of the Rules does not give Plaintiffs notice of the process the arbitral forum will follow. Only New Era (and perhaps the Defendants?) know which rules will be applied according to their text and which will change with the filing of the next brief or declaration. The Williams Declaration purports to effect a dramatic departure from the text of the Rules. But claimants deserve to know the process—*e.g.*, whether similar cases will be before one arbitrator or instead grouped by firm—*before* selecting counsel and filing their cases. Mr. Williams's declaration casts the process further into doubt and only adds to the procedural unconscionability of the Terms.

Mr. Williams's approach would also create even more substantive unconscionability because New Era would be taking a fundamentally different role than an administrator by stepping into the province of the arbitrator. In neutral forums, such as AAA and JAMS, the administrators would never purport to tell the arbitrators how to interpret the rules, let alone tell them how to do so in pending cases. The rules are laid

---

[2] The Williams Declaration also claims that "cases [that] arise under the laws of different states … would likely not implicate common questions of law," Dkt. 163 at 5, but that ignores that the relevant definition is disjunctive—it can be satisfied by similar questions of law *or* "witnesses" *or* "evidence"— and that MDLs address diversity cases all the time, routinely identifying and resolving dozens of common issues of law. *See* Supplemental Reply at 3, n.1.

down in advance after a painstaking process to consult stakeholders. *See* AAA Due Process Protocol at 4-5, Sears Decl. Ex. A, Dkt. 135-2.  And the parties have notice of the rules *in advance*. If there are rules changes, they apply prospectively only. *E.g.*, Dkt. 150-2 at 7 (JAMS).  And it is up to the arbitrators, not AAA or JAMS to interpret the rules.  For example, AAA allows claimants to challenge its own administrative determinations to a "process arbitrator."[3]

Mr. Williams's declaration departs from these standards by suggesting that his late-breaking desire to depart from the Rules as written will bind New Era arbitrators. *See* Dkt. 163 at 2, n.1.  Defendants claimed that New Era's troubling statements aligning itself with Defendants did not matter, because only the arbitrators, not New Era's executives, would have decisional authority over claimants' cases.  *See* Dkt. 150 at 13. But if Mr. Williams is claiming for himself the ability to rewrite the process that will apply in these cases, in direct contravention of the written rules, he is claiming even *greater* authority than an arbitrator.  That makes New Era's clear alignment with Defendants' even more substantively unconscionable.[4]

Arbitration may be less formal than court, but it still must be a serious, neutral, and agreed process. Under the Rules as written, claimants will be forced into a binding bellwether process that—in addition to other forms of unconscionability discussed in the supplemental brief—will deny claimants adequate notice and opportunity to be heard. New Era's attempt to run from that process would reduce New Era to a process governed by the whims of Mr. Williams and Defendants, not a system of rules at all. Either way, the New Era process is half-baked, ill-considered, and unconscionable.

---

[3] *See* Supplementary Rules for Multiple Case Filings, at 6, https://www.adr.org/sites/default/files/Supplementary_Rules_MultipleCase_Filings.pdf.

[4] Mr. Williams's attempt to claim the powers of arbitrators also exacerbates New Era's refusal to allow each claimant to exercise his right to strike an arbitrator under California law. California law gives a claimant the ability to strike an arbitrator at the outset if he thinks he would not apply the Rules as written. Claimants of course have no ability to strike Mr. Williams under the New Era Rules.

## CONCLUSION

The Williams Declaration does not support Defendants' Motion to Compel, which should be denied.

Dated: June 19, 2023                           Respectfully submitted,

                                               /s/ *Kevin Y. Teruya*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
  William R. Sears (Bar No. 330888)
  willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN LLC
  Warren Postman (Bar No. 330869)
  wdp@kellerpostman.com
  Albert Pak (admitted *pro hac vice*)
  albert.pak@kellerpostman.com
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
Telephone: (202) 918-1123
Facsimile: (312) 971-3502

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*