# Exhibit B

## Rule 1(c)(3)

3. Mass Arbitrations

    a. A specific type of expedited arbitration where there are (1) Common Issues of Law and Fact, (2) among five or more cases, and (3) brought by the same law firm or group of law firms acting in coordination. All mass arbitrations follow the Virtual Expedited Arbitration Rules with a few exceptions (as more fully described in Section 6B), such as neutral selection, Precedent (defined herein), a mandatory non-binding settlement conference, and reasoned decisions.

    b. Expected duration = 45-60 days from assignment/selection of a neutral for each bellwether case.

* * * * *

## Rule 2(f)

**f. Independent Neutrals/Ultimate Authority/Customized Provisions**

    i. New Era ADR affiliated neutrals are independent contractors. They are not employees of New Era ADR and are not compensated by New Era ADR other than their contractually agreed upon hourly rates or flat fees.

    ii. New Era ADR affiliated neutrals are the ultimate arbiters of all proceedings on the platform and have full authority to run proceedings as they determine in their sole discretion, including the ability to allow discovery, evidence and arguments in excess of the default guidelines and limits stated herein to ensure a fundamentally fair process. Subject to Rule 2.k, herein, the parties otherwise waive any objection to the authority of the neutrals in their proceeding(s).

    iii. The parties may customize alternative dispute resolution provisions pursuant to the needs of the individual(s) and/or business(es) by written agreement. New Era ADR may honor any such customized alternative dispute resolution provisions, but only to the extent the alternative dispute resolution provisions do not contradict the letter and/or the spirit of New Era ADR's rules and procedures. New Era ADR retains sole discretion to determine whether or not customized alternative dispute resolution provisions can or should be honored, unless New Era ADR has given prior written approval of the customized alternative dispute resolution provisions.

* * * * *

## Rules 2(x)-2(y)

**x. Common Issues of Law and Fact**

i. "Common Issues of Law and Fact" means when cases or proceedings present the same, or similar, evidence; present the same, or similar, witnesses; and/or rely on determination of the same, or similar, facts and issues of law.

ii. Determination of whether case(s) involve Common Issues of Law and Fact
rests solely in the hands of the neutral handling the proceeding or a New Era
ADR neutral tasked with making such a determination.

1. Solely for administrative purposes, New Era ADR may group similar cases
   filed by the same law firm or group of law firms acting in coordination and have
   them proceed through the Mass Arbitration process unless and until the
   presiding neutral makes a determination otherwise.

2. New Era ADR makes no determination with respect to issues of law and fact.

3. The presiding neutral will make a determination about whether Common
   Issues of Law and Fact exist as a threshold issue in determining the case but
   has sole discretion in determining how such a decision will be made.

iii. The parties may present evidence and arguments demonstrating that a case or
cases do not involve Common Issues of Law and Fact (for example as set forth in
the Mass Arbitration Rules and Procedures contained herein) but the neutral's
determination of Common Issues of Law and Fact is not appealable.

**y. Precedent**

i. When significant factual findings and legal determinations have been made in one
or more Bellwether proceedings on the platform ("Lead Decisions"), New Era ADR
affiliated neutrals may apply these determinations in the same manner and with the
same force and effect to the Common Issues of Law and Fact contained in other
proceedings within the same Mass Arbitration that involve Common Issues of Law
and Fact with those cases from which the Lead Decisions originated, subject to any
rights contained herein. Such determinations made from the Lead Decisions are
known as "Precedent(s)." Precedent is limited to the Mass Arbitration proceeding
from which it originates.

ii. Later filed cases that involve the same or similar Common Issues of Law and Fact
and are brought by the same law firm or group of law firms acting in coordination,
regardless of when they are filed, may be subject to Precedent(s).

**iii.** Determinations of whether Common Issues of Law and Fact are present will be
determined by the neutral who made the initial legal and factual determinations,
unless they are otherwise unavailable, in which case New Era ADR will appoint a new
neutral for purposes of these determinations.

\* \* \* \* \*

**Rule 6(b)(ii)**

**b. Mass Arbitration Rules and Procedures**

i. Subset of Virtual Expedited Arbitration Rules and Procedures

1. The Mass Arbitration Rules and Procedures are a subset of the Virtual Expedited Arbitration Rules and Procedures and shall apply to any Mass Arbitration where the parties have selected the Virtual Expedited Arbitration process in their arbitration agreement.

2. In the case of any conflict between the two sets of rules and procedures, the Virtual Expedited Arbitration Rules and Procedures will apply

ii. General

1. As set forth in Section 1(c)(iii)(3) of these Rules and Procedures, Mass Arbitrations are defined as arbitration claims filed on the New Era Platform: (a) that number ~~more than~~ five (5) or more, ~~and~~ (b) that arise out of Common Issues of Law and Fact, as that term is defined in Section 2(x) above, and (c) are brought by the same law firm or group of laws firms acting in coordination.

2. If multiple cases are similar but do not arise out of Common Issues of Law and Fact, and do not satisfy the definition of Mass Arbitrations under these Rules and Procedures, as determined in the discretion of the governing neutral, each such case will be adjudicated outside of the Mass Arbitration process under New Era ADR's standard Virtual Expedited Arbitration procedures.

   a. Ultimate authority in determining whether each case arises out of Common Issues of Law and Fact rests with the presiding neutral.

   b. As explained in Section 2(x) of these Rules and Procedures, ~~S~~solely for administrative purposes, New Era ADR may group similar cases filed by the same law firm, or group of law firms acting in coordination, and have them proceed through the Mass Arbitration process unless and until the presiding neutral makes a determination otherwise. New Era ADR makes no determination with respect to issues of law and fact.

3. Bellwether cases will be subject to the timeframes set forth in the Virtual Expedited Arbitration Rules unless otherwise set forth in the Mass Arbitration Rules and Procedures.

4. All cases must be filed individually on New Era ADR's Virtual Expedited Arbitration platform.

* * * * *

**Rule 6(b)(iii)(5)-(6)**

5. Step 5: Application of Precedent(s)

   a. In the absence of a settlement, the determinations made from the Lead Decisions in the Bellwether Cases will act as Precedent ~~on~~that may be applied to subsequent cases with Common Issues of Law and Fact as applied to those Common Issues of Law and Fact, solely as determined by New Era ADR affiliated neutral(s). For the

avoidance of doubt, parties remain free to argue that a Precedent established as to a Common Issue of Law and Fact from a Bellwether Case should not be followed as to their case, and such cases are treated as "Remaining Cases" under these Rules and Procedures.

b. In all such additional cases, even if later filed, the Precedent(s) shall be applied in the manner identified in the immediately preceding paragraph.

6. Step 6: Case Analysis and Removal Right

a. For Remaining Cases, the neutral will create a process for handling and resolving individualized issues of law and fact to ensure fundamental fairness and equity, and the parties to such arbitrations remain free to argue that a Precedent established as to a Common Issue of Law and Fact from a Bellwether Case should not be followed as to their Remaining Case, determined as appropriate by the New Era ADR affiliated neutral(s), in their discretion.

b. Precedent will otherwise still apply to all Common Issues of Law and Fact in the Remaining Cases, solely as determined by the New Era ADR affiliated neutral(s), consistent with Section 6(b)(iii)(5)(a).

c. Only if a party can demonstrate that there are no Common Issues of Law and Fact, as defined in Section 2(x) of these Rules and Procedures, will a case be removed from the Mass Arbitration (a "Removal Case"). In such a case, the Removal Case will start *de novo* as a stand-alone Virtual Expedited Arbitration. The applicable case fee shall apply to this *de novo* proceeding.