QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin Y. Teruya (Bar No. 235916)
   kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
   adamwolfson@quinnemanuel.com
  William R. Sears (Bar No. 330888)
   willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN LLC
  Warren Postman (Bar No. 330869)
   wdp@kellerpostman.com
  Albert Pak (admitted pro hac vice)
   albert.pak@kellerpostman.com
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
Telephone: (202) 918-1123

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Live Nation Entertainment, Inc., and Ticketmaster LLC, <br><br> Defendants. | Case No: 2:22-cv-00047-GW-GJS <br><br> **PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION** <br><br> The Honorable George H. Wu <br><br> Hearing Date: August 10, 2023 <br><br> Hearing Time: 8:30 a.m. |

# TABLE OF CONTENTS

**Page**

I.    The Terms Are Substantively Unconscionable. ................................................. 1

II.    Even Minimal Substantive Unconscionability Here Invalidates the Terms. .... 3

III.   New Era's Mass Arbitration Protocol Falls Outside the FAA and Is Therefore Independently Invalid under *Discover Bank*. .................................. 4

I.  **The Terms Are Substantively Unconscionable.**

From the outset, it bears emphasis that, under California law, the unfairness of arbitration *procedures* are in fact a form of *substantive* unconscionability. That is, procedural unconscionability "addresses the circumstances of *contract negotiation and formation*," while substantive unconscionability refers to "the fairness of an agreement's *actual terms* and to assessments of whether they are overly harsh or one-sided." *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 125 (2019) (emphasis added; citation omitted). For this reason, a host of decisions by the California Supreme Court make clear that unfair arbitration *procedures* are a form of *substantive* unconscionability. *See e.g.*, *id.* at 129-37 (finding agreement substantively unconscionable based on arbitration procedures); *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1072-73 (2003); *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 716 (2004) (same).

Six aspects of the Terms are substantively unconscionable.[1]

***First***, the mass arbitration protocol violates basic notions of fairness by applying prior arbitral decisions to future claimants without notice or an opportunity to be heard. This is substantively unconscionable because it deprives Plaintiffs of their due process rights—a legal proposition Defendants have never disputed, and have instead run from by trying to disavow New Era's rules after the fact. *See* Dkt. 172 ("Reply to Supp. Br.") at 1-6; Dkt. 168 ("Supp. Br.") at 5-6; Dkt. 146 ("Response to MTC") at 11-13.

***Second***, the New Era rules that apply to mass arbitrations allow no discovery as of right, and complex antitrust claims would be impossible to prosecute without discovery. *See* Supp. Br. at 6-8; Response to MTC at 17-18. Just as in *Davis v. Kozak*, Defendants try to avoid the problem by "emphasiz[ing] that … the arbitrator retains the authority to order additional discovery on a showing of 'sufficient cause.'" 53 Cal. App. 5th 897, 911 (2020). But that failsafe was not enough in *Davis*. *Id.* Likewise, in *Baxter v. Genworth N. Am. Corp.*, arbitrator discretion did not save rules that provided minimal

---

[1] Plaintiffs will address New Era's latest attempted rule changes (*see* Dkt. 192-1) shortly, including why they do not moot the reasons to deny the motion to compel.

discovery as of right, because "a reasonable arbitrator *would feel constrained*" by the default rules, notwithstanding the theoretical discretion to depart from them. 16 Cal. App. 5th 713, 730 (1st Dist. 2017) (emphasis added). The antitrust claims here are orders of magnitude more complex, and New Era arbitrators would feel even more constrained, given express contrast between expedited rules that provide no discovery, and standard rules, which provide discovery, but apply only with Defendants' consent.

**Third**, the non-mutual right of appeal is substantively unconscionable, because it drastically favors Defendants by providing them the option to seek review of rulings they do not like, but preventing plaintiffs from doing the same. *See* Supp. Br. at 8-9; Response to MTC at 18-19. When only the more powerful party can appeal arbitral rulings, that is inherently one-sided and unfair, and violates California law. *Id.*

**Fourth**, New Era's disregard of California arbitrator selection and disclosure rules violates California law. *See* Supp. Br. at 9-10; Response to MTC at 13-16. California courts have repeatedly recognized that arbitral procedures preventing the exercise of such rights are substantively unconscionable. *Id.*

**Fifth**, the expedited procedures' extreme limits on evidence presentation and briefing are themselves substantively unconscionable, particularly because the limitations would severely curtail a claimant's ability "to protect the nonparties' interests" in a representative proceeding. *See* Response to MTC at 16-17 (citing *Taylor v. Sturgell*, 553 U.S. 880, 897 (2008)).

**Sixth**, New Era's alignment with Defendants and their outside counsel cause the process to lack minimum levels of integrity. *See* Supp. Br. at 10-11. Under California law, New Era's alignment with Defendants is an established ground of substantive unconscionability, *without regard* to whether there is a specific finding of bias. *Graham v. Scissor-Tail, Inc.*, 28 Cal. 3d 807, 827 (1981); *Cheng-Canindin v. Renaissance Hotel Assocs.*, 50 Cal. App. 4th 676, 687-88 (1996).

Defendants may argue that some of the above may never impact Plaintiffs specifically. But, assessing unconscionability involves "a *prospective analysis* which

-2-                     Case No. 2:22-cv-00047-GW-GJS
PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

1  does not require proof that a particular plaintiff has already been adversely affected." *MacClelland v. Cellco P'ship,* 609 F. Supp. 3d 1024, 1041 (N.D. Cal. 2022) (emphasis added). This is because California unconscionability law turns on whether a contract "contravene[s] the public interest or public policy." *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1145 (Cal. 2013). Therefore, California courts regularly find unconscionability based on a "chilling effect" on others *even if* the movant offers to waive a requirement—such as what Defendants have tried to do in the briefing here. *E.g.*, *Capili v. Finish Line, Inc.*, 116 F. Supp. 3d 1000, 1009 (N.D. Cal. 2015).

**II.     Even Minimal Substantive Unconscionability Here Invalidates the Terms.**

Defendants invoke the phrase "shocks the conscience" to argue that only extreme terms are invalid. But the California Supreme Court is clear that "shocks the conscience" is simply one of various "formulations [that] point to the central idea" of "terms that are 'unreasonably favorable to the more powerful party.'" *OTO*, 8 Cal. 5th at 130 (citations omitted); *see also Little*, 29 Cal. 4th at 1071 ("[s]ubstantively unconscionable terms may take various forms, but may generally be described as unfairly one-sided"). Such terms therefore include a wide variety of categories. *Id.* Indeed, in the face of high procedural unconscionability, the *OTO* Court invalidated an arbitration clause simply because it imposed less favorable procedures for bringing a labor claim. *OTO*, 8 Cal. 5th at 129-37. As noted above, the New Era rules demonstrate multiple, recognized forms of substantive unconscionability that build on one another to create a one-sided process.

Moreover, California law is clear that "the more deceptive or coercive the bargaining tactics employed, *the less substantive unfairness is required*." *OTO*, 8 Cal. 5th at 125-26 (emphasis added). As explained in *Davis v. TWC Dealer Grp., Inc.*, "[*OTO*] confirmed, 'given the substantial procedural unconscionability here, even a *relatively low degree of substantive unconscionability* may suffice to render the agreement unenforceable.'" 41 Cal. App. 5th 662, 674 (2019) (quoting *OTO*, 8 Cal. 5th at 130) (emphasis added).

Plaintiffs' prior briefing showed the Terms suffer from extreme procedural

unconscionability because Defendants: (1) used a contract of adhesion to impose a novel procedure that departs from consumer expectations; (2) slid this change into the Terms consumers previously agreed to, without flagging the shift; (3) misled consumers about the nature of the agreement; (4) attempted to gain an upper hand regarding claims that had accrued and were the subject of anticipated litigation; and (5) gave itself the unilateral right to amend the Terms without advance notice or assent. This last point is particularly salient given that New Era has now reinterpreted and amended its rules at least twice ***during these proceedings***, demonstrating a high risk of further changes to its procedures without notice. Given this *extreme* procedural unconscionability, *see* July 13 Hr'g Tr. at 4-5, the Court need only find the Terms "unfairly one-sided" to "a relatively low degree" to invalidate them. *OTO*, 8 Cal. 5th at 130. The Terms clearly fail this test.

### III. New Era's Mass Arbitration Protocol Falls Outside the FAA and Is Therefore Independently Invalid under *Discover Bank*.

Defendants liked traditional, bilateral arbitration when nobody invoked it. But, faced with the prospect of thousands of plaintiffs pursuing individual arbitrations in parallel, Defendants were the dog that caught the car. To avoid the process they previously forced on plaintiffs, Defendants created a regime that relies on broad joinder rules, claiming it was similar to federal MDLs. The process is far more complex than traditional, bilateral arbitration. As a result, it falls outside the protection of the FAA.

In *AT&T Mobility LLC v. Concepcion*, the Supreme Court held that *class* arbitration is inconsistent with the purposes of the FAA. 563 U.S. 333 (2011) That was because "[t]he switch from bilateral to class arbitration" necessarily entails greater formality, more complexity, and higher stakes, which are inconsistent with traditional, bilateral arbitration. *Id.* at 348-49. The Supreme Court has also held that imposing *broad joinder rules* in arbitration is inconsistent with the FAA. Specifically, in *Viking River Cruises, Inc. v. Moriana*, the Court examined California's PAGA statute, which "impos[ed] an expansive rule of joinder in the arbitral context." 142 S. Ct. 1906, 1924 (2022). The Court explained that such mass-joinder arbitration involves the same

complexity, formality, and high stakes as class arbitration and therefore falls outside "the prototype of the individualized and informal form of arbitration protected from undue state interference by the FAA." *Id.* at 1921 (quoting *Concepcion*, 563 U.S. at 350). The Ninth Circuit has extended that logic, explaining that requiring injunctive relief on behalf of a broad group of individuals would conflict with the FAA. *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 543 (9th Cir. 2021).

Given the above, the New Era aggregate arbitration process is plainly not the type of bilateral arbitration the FAA protects. As such, by *choosing* aggregate arbitration, Defendants are subject to the full range of state law rules that might invalidate an arbitration agreement. *See Sonic-Calabasas A*, 57 Cal. 4th at 1143 ("[S]tate-law rules *that do not 'interfere*[] with fundamental attributes of arbitration' do not implicate *Concepcion*'s limits on state unconscionability."). In California, the *Discover Bank* rule prohibits class action waivers. *See* Response to MTC at 19-23.[2] Where, as here, a defendant seeks to impose a non-traditional form of arbitration that falls outside the FAA's purposes, they cannot show that the *Discover Bank* rule interferes with the policies of the FAA. Thus, by *choosing* an aggregate arbitration but still imposing a class waiver, Defendants have placed themselves outside the shelter of the FAA but in violation of the *Discover Bank* rule. *Id.*

To be clear: Plaintiffs have shown that the New Era Terms are invalid *regardless* of whether the Terms are protected by the FAA. Plaintiffs' briefing to date focused on grounds for invalidating the Terms apply equally to all contracts and do not interfere with a fundamental attribute of arbitration. *Sonic-Calabasas A*, 57 Cal. 4th at 1145. But, because the New Era process falls outside of the FAA's protections, there is an *additional* and independent ground for invalidating the Terms: the *Discover Bank* Rule.

---

[2] Importantly, *Discover Bank's* interpretation of state unconscionability law was never overturned by the United States Supreme Court, because a State Supreme Court is the final authority on the interpretation of its State's law. Rather, in *Concepcion*, the United States Supreme Court simply held that the *Discover Bank* rule was preempted *to the extent* it "interferes with fundamental attributes of [bilateral, non-aggregate] arbitration and thus creates a scheme inconsistent with the FAA." 563 U.S. at 344.

| | | |
|---|---|---|
| 1 | Dated: July 27, 2023 | Respectfully submitted, |
| 2 | | /s/ *Kevin Y. Teruya* |

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
  William R. Sears (Bar No. 330888)
  willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN LLC
  Warren Postman (Bar No. 330869)
  wdp@kellerpostman.com
  Albert Pak (admitted *pro hac vice*)
  albert.pak@kellerpostman.com
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
Telephone: (202) 918-1123
Facsimile: (312) 971-3502

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*