QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
  William R. Sears (Bar No. 330888)
  willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN LLC
  Warren Postman (Bar No. 330869)
  wdp@kellerpostman.com
  Albert Pak (admitted pro hac vice)
  albert.pak@kellerpostman.com
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
Telephone: (202) 918-1123

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | Case No: 2:22-cv-00047-GW-GJS<br><br>**PLAINTIFFS' SECOND RESPONSE TO NEW ERA**<br><br>The Honorable George H. Wu<br><br>Hearing Date: August 10, 2023<br><br>Hearing Time: 8:30 a.m. |

The Court should not consider New Era's recent rule revisions as part of the record on this motion. The parties already conducted discovery and multiple rounds of briefing. Allowing a nonparty to inject new material after two hearings and six briefs per side undermines the adversarial process and this Court's case management.

Even if the Court accepted the declaration into the record, it has no bearing on the motion, because Defendants moved to compel arbitration under the *original* rules. *See* Dkt. 30 (MTC). Plaintiffs' unconscionability defense to that motion "is determined based on the law and facts *at the time of the agreement*." *MacClelland v. Cellco P'ship*, 609 F. Supp. 3d 1024, 1041 (N.D. Cal. 2022) (internal quotation omitted; emphasis added). And California law bars enforcement if a contract is "unconscionable at the time it was made." Cal. Civ. Code § 1670.5(a). New Era's changes do not affect the unconscionability of Defendants' arbitration clause "at the time it was made."

To the extent Court considers the modified rules, they only confirm the same problems that existed while adding more. *First*, the need for extensive revisions confirms that the rules did not previously mean what Defendants claimed. *Second*, the "implied covenant" "prevents [a party] from modifying an arbitration agreement once a claim has accrued or become known to it." *Peng v. First Republic Bank*, 219 Cal. App. 4th 1462, 1474 (2013) (discussed Dkt. 169, at 3); *see also Platt, LLC v. OptumRx, Inc.*, 2023 WL 2507259, at *9 (Cal. Ct. App. Mar. 15, 2023) (modifying arbitration rules after plaintiffs sued was a "strong sign of substantive unconscionability"). Any claim by Defendants that consumers could be subject to different rules—which were not announced or disclosed in a way that allows consumers to ascertain the changes—only magnifies the already-substantial procedural *and* substantive unconscionability. *See* Dkt. 169; Dkt. 196. This problem is only heightened because Plaintiffs recently learned that New Era has been coordinating with Defendants' counsel both in crafting the rules *and defending and modifying them in this Court*. *See* Exhibit A. No legitimate arbitration forum would engage in *ex parte* communication with one party to a dispute, and change their rules after consulting only one side, to assist one party in prevailing against the other. This

misconduct confirms that New Era has firmly aligned itself with Defendants, which strips New Era of the minimum levels of integrity required to enforce the Terms.

*Third*, the discovery-related change allows deviation from the rules only if necessary "to ensure a fundamentally fair process," but still provides no discovery *as of right*. Dkt. 194-2 at 2. This is worse than the substantively unconscionable agreement in *Fitz v. NCR Corp.*, which provided two depositions at minimum, but more if "a fair hearing would be *impossible* without [it]." 118 Cal. App. 4th 702, 716 (2004).

*Fourth*, the revision limiting Mass Arbitrations to clients of "the same law firm or group of law firms acting in coordination," Dkt. 194-2 at 3, does not solve notice and due process concerns at all. There is no "same-or-coordinating-counsel" exception to the rule that *parties* get notice and an opportunity to be heard. As the Supreme Court has repeatedly held, the *parties* must be in privity for due process to be satisfied, not their attorneys. *See Taylor v. Sturgell*, 553 U.S. 880, 889, 904-05 (2008) (rejecting argument that plaintiff was bound by conduct of other plaintiff who had the same attorneys, and also worked at the same company and shared case-related documents); *see also Smith v. Bayer Corp.*, 564 U.S. 299, 302 (2011) (rejecting argument that later plaintiff could be barred from relitigating issues brought by prior plaintiff in uncertified class action). Whether attorneys are shared or coordinating has no relevance to the notice problems, but it does interfere with the attorney-client relationship. If a law firm lost bellwether cases, those rulings would apply to all future clients. Presumably a law firm would be required to disclose that fact (despite the confidentiality requirement?) to prospective clients, who would face the Hobson's choice of dooming their claims as soon as they signed an engagement letter or losing the right to retain their counsel of choice.

*Fifth*, the vague "coordination" standard also creates new opportunities for New Era to align itself with Defendants. Nothing would stop New Era from concluding that *all* cases raising similar claims are coordinated simply because they look similar (collecting evidence would introduce its own problems—would defendants be entitled to discovery into law firms' work product?). The Motion to Compel should be denied.

| | |
|---|---|
| Dated: August 3, 2023 | Respectfully submitted, |
| | /s/ *Kevin Y. Teruya* |

QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Kevin Y. Teruya (Bar No. 235916)
   kevinteruya@quinnemanuel.com
   Adam B. Wolfson (Bar No. 262125)
   adamwolfson@quinnemanuel.com
   William R. Sears (Bar No. 330888)
   willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN LLC
   Warren Postman (Bar No. 330869)
   wdp@kellerpostman.com
   Albert Pak (admitted *pro hac vice*)
   albert.pak@kellerpostman.com
1100 Vermont Avenue, N.W., 12th Floor
Washington, D.C. 20005
Telephone: (202) 918-1123
Facsimile: (312) 971-3502

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*