QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
  William R. Sears (Bar No. 330888)
  willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN LLC
  Warren Postman (Bar No. 330869)
  wdp@kellerpostman.com
  Albert Pak (admitted *pro hac vice*)
  albert.pak@kellerpostman.com
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C., 20036-4312
Telephone: (202) 918-1123

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | Case No: 2:22-cv-00047-GW-GJS<br><br>**PLAINTIFFS' STATEMENT OF NON-OPPOSITION TO DEFENDANTS' MOTION FOR A STAY PENDING APPEAL**<br><br>The Honorable George H. Wu<br><br>Hearing Date: October 19, 2023<br>Hearing Time: 8:30 a.m.<br>Courtroom: 9D |

**PLAINTIFFS' STATEMENT OF NON-OPPOSITION TO DEFENDANTS' MOTION FOR A STAY PENDING APPEAL**

Plaintiffs agree that the Court should grant Defendants' Motion for a Stay Pending Appeal ("Stay Motion") and submit this statement of non-opposition to clarify the relationship between Defendants' Stay Motion and Plaintiffs' pending Motion to Enjoin Imposing a Modified Arbitration Clause on Antitrust Claims in this Case ("Motion to Enjoin"). *See* Dkt. 208.

In short, the most practical approach is to issue a stay *without* ruling on Plaintiffs' Motion to Enjoin. Plaintiffs filed the Motion to Enjoin to guard against the possibility that Defendants would again attempt to change their Terms of Use to impact Plaintiffs' claims in this case. But after Plaintiffs filed the Motion to Enjoin, Defendants stipulated that they would *not* change their Terms of Use "in any way that impacts this case before the Court rules on Plaintiffs' Motion to Enjoin." Dkt. 210 at 1; *see also* Dkt. 211 (granting the stipulation). Thus bound by their own stipulation, there is no longer any risk that Defendants will change their Terms "in any way that impacts this case" before the Court rules on the Motion to Enjoin. Furthermore, Defendants have now moved for a stay pending appeal and have taken the position that the stay deprives the Court of authority to rule on the Motion to Enjoin. *See* Dkt. 215 at 15 ("*Coinbase* prohibits the Court from addressing [the Motion to Enjoin] now."). Accordingly, the Court should simply grant the stay and avoid ruling on the Motion to Enjoin until after the appeal is resolved. Declining to rule on the Motion to Enjoin pending Defendants' already-filed Ninth Circuit appeal will preserve the status quo and prevent any further unconscionable behavior by Defendants. If the Ninth Circuit affirms, the Court can then rule on the Motion to Enjoin on remand—and if it reverses, dismiss the Motion to Enjoin as moot.

What the Court should not do, however, is take Defendants up on their baseless request to "deny" the Motion to Enjoin simply because the case is stayed pending appeal. There is no authority supporting the proposition that a Court should *deny* a pending motion simply because the case has been stayed. If the Court believes it must rule on

the Motion to Enjoin before issuing a stay, Defendants have already demonstrated multiple times over (including just before filing their Stay Motion) why granting the Motion to Enjoin is necessary and proper under these circumstances. Indeed, there is a high risk that Defendants will again attempt to change their Terms in unconscionable ways while the case is stayed, and during the pendency of an appeal, in the hopes that they can both moot the appeal and deprive this Court of the ability to remedy any such conduct. Defendants all but stated as much in correspondence about consolidating the hearing dates on the Motion to Enjoin and the Stay Motion, stating that the only reason they have not already changed their Terms is because they were waiting for the hearing dates to pass.

The very line of cases Defendants cite confirms that the only appropriate course of action here is to stay the case while declining to rule on the pending Motion to Enjoin. As Defendants correctly note, the Supreme Court recently held that "the district court must stay its pre-trial and trial proceedings while the interlocutory appeal [of a denial of a motion to compel arbitration] is ongoing." *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1918 (2023). Doing so follows from the principle that an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Id.* at 1919 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Where, as here, the question on appeal is whether the case can proceed in court at all, "the entire case is essentially 'involved in the appeal'" and should be stayed. *Id.* at 1919–20 (quoting *Griggs*, 459 U.S. at 58).

Because this Court should stay the entire case, it should not rule on the Motion to Enjoin until after Defendants' appeal is decided. Contrary to Defendants' suggestion that imposing a stay necessitates **denying** the Motion to Enjoin (*see* Dkt. 213 at 2 n.1), it is black-letter law that a stay is "a temporary halt to legal proceedings" that obviates the need for further interim rulings. *Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001). That is, a stay "suspend[s] judicial alteration of the status quo"; it puts on hold everything currently pending in a case. *Nken v. Holder*, 556 U.S. 418, 429 (2009)

(quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986) (Scalia, J., in chambers)). Accordingly, issuing a stay would not (as Defendants argue, *see* Dkt. 213 at 2 n.1; Dkt. 215 at 14–16) require ruling on Plaintiffs' Motion to Enjoin. If anything, ruling on the pending Motion to Enjoin (by granting or denying it) changes the status quo, and is thus beyond what a stay could lawfully accomplish.

If the Court nonetheless concludes it must rule on Plaintiffs' Motion to Enjoin before issuing the stay in this case, then Plaintiffs respectfully submit that the Court should grant the Motion to Enjoin, both for the reasons set forth in their Motion to Enjoin and their reply, and because Defendants' recent actions confirm the necessity of doing so. In the lead up to Defendants' Stay Motion, Plaintiffs offered to simply stipulate that the Court should hold off on deciding the Motion to Enjoin in light of the stay pending appeal. Plaintiffs also offered to agree to expedite the appeal, which they believe will benefit Defendants by providing clarity regarding the enforceability of Defendants' current Terms of Use. But Defendants refused on both accounts and stated explicitly that they do not believe they will be bound to refrain from changing the Terms of Use pending the appeal. It is exactly this sort of disregard for Plaintiffs' rights that led to the original unconscionability arguments now on appeal, and why Plaintiffs moved to enjoin further unconscionable rule changes at this time. Defendants' insistence that they should be allowed to once again engage in such conduct, while they tie up Plaintiffs on an extended appeal, demonstrates why granting the Motion to Enjoin is necessary. Thus, if the Court does decide the Motion to Enjoin now (which, again, it need not do), then it should grant the Motion to Enjoin, following full briefing, and before imposing a stay.

# CONCLUSION

For the above reasons, Plaintiffs believe the Court should stay the case, but should hold off on deciding the Motion to Enjoin until the Ninth Circuit rules on Defendants' pending appeal.

Dated: September 28, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Kevin Y. Teruya*

Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
William R. Sears (Bar No. 330888)
willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

KELLER POSTMAN LLC
Warren Postman (Bar No. 330869)
wdp@kellerpostman.com
Albert Pak (admitted *pro hac vice*)
albert.pak@kellerpostman.com
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C., 20036-4312
Telephone:  (202) 918-1123

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated, certifies that this brief contains 1,116 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 28, 2023          */s/ Kevin Y. Teruya*
                                   Kevin Y. Teruya