QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
  William R. Sears (Bar No. 330888)
  willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN LLC
  Warren Postman (Bar No. 330869)
  wdp@kellerpostman.com
  Albert Pak (admitted *pro hac vice*)
  albert.pak@kellerpostman.com
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C., 20036-4312
Telephone: (202) 918-1123

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | Case No: 2:22-cv-00047-GW-GJS<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ENJOIN IMPOSING A MODIFIED ARBITRATION CLAUSE ON ANTITRUST CLAIMS IN THIS CASE**<br><br>The Honorable George H. Wu<br><br>Hearing Date: October 12, 2023<br>Hearing Time: 8:30 a.m.<br>Courtroom: 9D |

**TABLE OF CONTENTS**

INTRODUCTION AND PROCEDURAL BACKGROUND ........................................1

ARGUMENT ......................................................................................................................4

I.    The Court Should Defer Ruling on this Motion Until After the Appeal ..............4

II.    When the Time Comes, the Court Should Enjoin Defendants from Imposing a New Arbitration Agreement on These Claims ......................................................6

CONCLUSION ................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**   Page(s)

*Atl. Coast Line R.R. Co. v. B'Hood of Locomotive Eng'rs*,
   398 U.S. 281 (1970)..................................................................................10

*In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*,
   770 F.2d 328 (2d Cir. 1985) .....................................................................10

*Carlough v. Amchem Prods., Inc.*,
   10 F.3d 189 (3d Cir. 1993) ..........................................................................7

*Dellutri v. McKesson Corp.*,
   No. CV 16-8124-R, 2017 WL 8161081 (C.D. Cal. Jan. 23, 2017).............4

*ITT Cmty. Dev. Corp. v. Barton*,
   569 F.2d 1351 (5th Cir. 1978) ..................................................................10

*In re Lease Oil Antitrust Litig. No. II*,
   48 F. Supp. 2d 699 (S.D. Tex. 1998)..........................................................9

*MacClelland v. Cellco P'ship*,
   609 F. Supp. 3d 1024 (N.D. Cal. 2022).................................................4, 6

*McKee v. Audible, Inc.*,
   No. CV 17-1941, 2018 WL 2422582 (C.D. Cal. Apr. 6, 2018)............7, 8

*O'Connor v. Uber Techs., Inc.*,
   No. C-13-3826, 2013 WL 6407583 (N.D. Cal. Dec. 6, 2013) ..................7

*Pardo v. Papa, Inc.*,
   No. 21-CV-06326, 2023 WL 350389 (N.D. Cal. Jan. 20, 2023) ...............7

**Statutes**

28 U.S.C. § 1651................................................................................................6

**Rules**

Fed. R. Civ. P. 23........................................................................................8, 10

# INTRODUCTION AND PROCEDURAL BACKGROUND

A series of developments following this motion's filing has confirmed not only the prudence of deferring a ruling on this motion until later, but also the eventual need for the relief Plaintiffs seek, after Defendants' appeal is resolved.

Plaintiffs filed this Motion to Enjoin Imposing a Modified Arbitration Clause on Antitrust Claims in this Case on August 21, 2023. *See* Dkt. 208; Dkt. 208-1 ("Motion to Enjoin" or "Motion"). The Motion asked the Court to enjoin Defendants from imposing on their customers any change to their arbitration terms that would impact this case. In the Motion to Enjoin, Plaintiffs explained that the Court had authority under the All Writs Act to protect its jurisdiction by prohibiting Defendants from imposing a new arbitration clause covering the claims before this Court, *see id.* at 7–13, and that the Court could issue that injunction before staying this case pending appeal, *see id.* at 13–15. Importantly, Plaintiffs have not asked for any restriction on Defendants' ability to revise their arbitration agreements with customers regarding *other* claims. Plaintiffs' Motion focuses narrowly on ensuring that Defendants carve out from any new agreement the claims pending in this action. *See id.* at 3 ("To be clear, Plaintiffs do not ask the Court to bar defendants from rolling out a new arbitration agreement that would apply to *other disputes* not before this Court.").

But subsequent events eliminated the need for any near-term ruling on this issue. First, Defendants stipulated that they "will not change their Terms of Use in any way that impacts this case before the Court rules on Plaintiffs' Motion to Enjoin." Dkt. 210 at 1; *see also* Dkt. 211 (granting the stipulation).

Then, on September 8, 2023, Defendants filed a Notice of Appeal, *see* Dkt. 212, seeking Ninth Circuit review of the Court's order denying Defendants' Motion to Compel Arbitration, *see* Dkt. 202 ("Arbitration Order"). The same day they filed their Notice of Appeal, Defendants also moved to stay the proceedings in this Court pending the resolution of that appeal. *See* Dkt. 213 ("Stay Motion"). Defendants have further taken the position in their Opposition to Plaintiffs' Motion to Enjoin that, because this

1

case must be stayed pending appeal, this Court lacks authority to rule on the Motion to Enjoin.  *See* Dkt. 215 ("Opposition") at 14–16.

Given Defendants' stipulation, Plaintiffs ***agree*** to a stay of all proceedings in this Court pending appeal, ***including a stay of any ruling on the Motion to Enjoin***.  Defendants cannot reasonably object to this result.  Their own Opposition takes the position that this Court has no authority to rule on the Motion to Enjoin.  *See* Opp. at 15 ("*Coinbase* prohibits the Court from addressing [the Motion to Enjoin] now.").  Furthermore, there is no practical reason for the Court to expend judicial resources on this Motion now.  If Defendants win on appeal and this case must be compelled to arbitration, the Motion to Enjoin will be moot.  If Defendants lose on appeal, the Motion to Enjoin can be decided after remand, given Defendants' promise not to change the arbitration agreement until the Court decides the Motion to Enjoin.  If the Motion is denied at that time, Defendants will be free to impose new arbitration terms that affect this case.  And since this case will be stayed pending appeal, Defendants will be in precisely the same position they are now.  Simply put, Defendants cannot articulate any scenario in which they need the Motion to Enjoin to be decided now.  Therefore, as set forth in Plaintiffs' Statement of Non-Opposition to Defendants' Stay Motion, *see* Dkt. 216, the Court should stay all proceedings in this case, and should hold off on deciding Plaintiffs' Motion to Enjoin.

Plaintiffs asked Defendants to stipulate to the above approach, which flows naturally from Defendants' own demand for a stay.  Defendants' refusal to so stipulate makes clear that they want to disrupt the Court's management of this case by again rewriting their Terms of Use—pending the stay—to impose a new arbitration clause that covers the claims before this Court.  Defendants have explicitly stated: "Defendants reserve all rights to change their Terms of Use ***after*** the Court rules on the Motion to Enjoin."  Dkt. 210 at 1 (emphasis added).  And, in opposing this Motion to Enjoin, Defendants fight vigorously to be able to change their Terms of Use to apply to this

case.[1] Defendants' unexplained urgency to impose new terms that affect this case is not a good reason to ask this Court to decide a motion when (1) Defendants' simultaneous position is that doing so would exceed the Court's authority, (2) the Motion will become moot if Defendants prevail on appeal, and (3) Defendants will not be prejudiced in any way if the Court turns to this Motion promptly following the appeal.

While the Court need not rule on the Motion to Enjoin now, it bears emphasis that Defendants' (and New Era's) actions since Plaintiffs filed the Motion to Enjoin all demonstrate why an injunction is eventually necessary. Moreover, Defendants' arguments on the merits all fail, meaning the Court should grant this Motion if and when Plaintiffs prevail on appeal. First, and contrary to Defendants' assertions, the All Writs Act provides the Court with ample authority to protect its jurisdiction over these claims by prohibiting Defendants from imposing new terms that apply to this pending proceeding. Defendants' arguments to the contrary ignore the very nature of the All Writs Act. Specifically, Defendants argue that entering into a new arbitration agreement is generally *lawful*. But injunctions under the All Writs Act routinely prohibit conduct that would otherwise be lawful. After all, the paradigm case for an All Writs Act injunction is an order prohibiting the filing of a state court action that would disrupt a federal case, and filing a state court action would certainly be lawful absent the injunction.

Likewise, Defendants argue that Plaintiffs will not suffer irreparable injury and that an adequate remedy exists at law because, when Defendants do impose a new agreement that disrupts this case, the Court could purportedly engage in some vaguely defined corrective measures under Rule 23(d) after the damage has been done. But that

---

[1] Defendants have also shown they are happy to engage in tactical delay. Plaintiffs have moved to expedite the resolution of Defendants' appeal. *See* Mot. to Expedite, *Heckman, et al. v. Live Nation Enter., Inc., et al.*, No. 23-55770 (9th Cir. Sept. 25, 2023), ECF No. 12. However, Defendants oppose an expedited appeal—having sought a stay from this Court, they are hoping for a long appeal, so that they obtain as much delay of these proceedings as they can get.

argument ignores that disruption of this case *is itself* irreparable harm justifying an injunction under the All Writs Act.

This Court has already held that Defendants' multilayered arbitration agreement was unconscionably imposed "by design"—and indeed, imposed precisely for the unconscionable effects which "were 'entirely foreseeable and intended.'" Arb. Order at 29 (quoting *MacClelland v. Cellco P'ship*, 609 F. Supp. 3d 1024, 1046 (N.D. Cal. 2022)). The Court therefore ruled that, as a result, the entirety of Defendants' multilayered arbitration agreement was invalid and Defendants must face a class action in this court. Having reached that point, after years of litigation, this Court need not sit idly by and allow Defendants to impose new terms that will surely be used to try to disrupt this case. The All Writs Act provides ample authority for a narrow injunction stopping that disruption. If and when Plaintiffs prevail on appeal and the stay sought by Defendants is lifted, the Court should then rule that Defendants are prohibited from imposing new terms that would apply to this case.

## ARGUMENT

### I. The Court Should Defer Ruling on this Motion Until After the Appeal

In their Opposition to this Motion to Enjoin, Defendants explicitly state that "*Coinbase* prohibits the Court from addressing" Plaintiffs' requested injunction. Opp. at 15. Given Defendants' stipulation that they "will not change their Terms of Use in any way that impacts this case before the Court rules on Plaintiffs' Motion to Enjoin," Dkt. 210 at 1, Plaintiffs do not oppose a full stay of this case, including a stay on the Motion to Enjoin. *See* Dkt. 216. The Court should therefore defer ruling on this Motion to Enjoin until after the Ninth Circuit's resolution of the appeal. The very relief Defendants seek—a full stay of the proceedings in this case—requires a pause on this Motion to Enjoin, and Plaintiffs agree to that pause. Given the Parties' agreement to a full stay, Defendants should not be allowed simultaneously to seek a ruling on this Motion to Enjoin during the agreed-to stay. *See, e.g.*, *Dellutri v. McKesson Corp.*, No. CV 16-8124-R, 2017 WL 8161081, at *1 (C.D. Cal. Jan. 23, 2017) (declining to rule on

a pending remand motion in light of a stay of proceedings pending a decision by the Judicial Panel on Multidistrict Litigation on transferring and coordinating the case with others).

Deferring a ruling on the Motion to Enjoin until after the resolution of the appeal would also preserve judicial resources. If Defendants obtain the relief they seek on appeal—a reversal with instructions to enter an order granting Defendants' motion to compel arbitration—the Court would simply compel arbitration and dismiss this Motion to Enjoin as moot, without having to consider it on its merits. Alternatively, if the Ninth Circuit affirms, then the Court can pick up this Motion to Enjoin at that time. In the meantime, there will be no prejudice to the parties. Plaintiffs will be protected by Defendants' stipulation that they "will not change their Terms of Use in any way that impacts this case before the Court rules on Plaintiffs' Motion to Enjoin." Dkt. 210 at 1. Defendants will remain free to change their Terms of Use in any way that impacts ***all other claims***. And Defendants cannot suffer any prejudice from having the Motion to Enjoin decided after remand, as this case will be stayed in the interim.

Without offering any support for their inconsistent positions, Defendants argue at once that: (1) "*Coinbase* prohibits the Court from addressing" the Motion to Enjoin, *see* Opposition at 15; and (2) "Plaintiffs' motion for a preliminary injunction should be denied," *see id.* at 16. Just as inconsistent are Defendants' positions in their Stay Motion, where they seek an order that states simultaneously that: (1) "Proceedings in this case will remain stayed until the appeal is resolved," Dkt. 213-1 at 2; and (2) "Plaintiffs' motion for a preliminary injunction . . . is therefore DENIED," *id.*

Defendants never explain how exactly these contradictory positions work under any relevant law. Defendants make clear, however, that the stay that they seek suspends case deadlines—even though the Court has not yet entered the stay, Defendants have stated that the requested stay removes their deadline to respond to Plaintiffs' complaint. *See* Stay Mot. at 2 n.1 ("The stay compelled by Coinbase supersedes the September 11, 2023 deadline for Defendants to respond to the complaint."). If a requested stay

suspends case deadlines, surely an entered stay suspends a pending motion without deciding it. The plain consequence of the stay pending appeal that Defendants seek is no ruling on the Motion to Enjoin until after the appeal's resolution.

## II. When the Time Comes, the Court Should Enjoin Defendants from Imposing a New Arbitration Agreement on These Claims

If and when the Ninth Circuit affirms the Court's order denying Defendants' motion to compel arbitration—or now, if the Court concludes it must rule on this Motion to Enjoin now before entering a stay, *see* Motion to Enjoin at 13–15—the Court should issue an injunction under the All Writs Act that prohibits Defendants from imposing a new arbitration agreement on the claims before this Court. To repeat yet again, Plaintiffs do not seek to enjoin Defendants from imposing a new arbitration agreement with respect to any other claim, and Defendants are free to post an updated arbitration agreement on its website that simply carves out the claims in this case.

The All Writs Act allows the Court to "issue all writs necessary or appropriate in aid of [its] jurisdiction[]." 28 U.S.C. § 1651(a). In their Motion to Enjoin, Plaintiffs explained that the injunction they seek merely seeks to preserve this Court's ruling on severability. Mot. to Enjoin at 2–3, 6. The Court declined to sever the unconscionable parts of Defendants' arbitration agreement, because the Court held, applying the public policy analysis required by California law, that Defendants should not be rewarded for their brazen imposition of a multi-layered inferior arbitration forum on consumers. *See* Arb. Order at 29 (quoting *MacClelland*, 609 F. Supp. 3d at 1046). The same analysis demonstrates the need for the requested injunction, so that Defendants will not benefit from serially imposing arbitration agreements—each one a shade less unconscionable than the one before—until the Court blesses one that barely passes the test. *See* Mot. to Enjoin at 3, 6.

The injunction Plaintiffs seek is far from extraordinary. It is an injunction to maintain the status quo—to ensure that the Court retains jurisdiction over these claims. The Court has authority to issue such an injunction because it would aid the Court's

jurisdiction by preserving the Court's ability to reach a decision on these claims, *see id.* at 8–12; the injunction prevents irreparable harm because a new arbitration agreement, once it is imposed on the claims at issued in this case, risks another motion to compel arbitration and unlimited delay as a result, *see id.* at 12; and the balance of equities and public interest favor an injunction to ensure a resolution of these claims on the merits, *see id.* at 12–13.

In opposing the injunction, Defendants demonstrate either a misunderstanding or conscious misrepresentation of the relief Plaintiffs seek. Defendants point out that Courts have allowed companies to enter into new arbitration agreements with putative class members as long as there is proper notice of the pending class action and an opportunity to opt out. *See* Opp. at 7–8. But an injunction under the All Writs Act is routinely issued to prohibit conduct that would interfere with a court's jurisdiction over its proceedings—even where the prohibited conduct would otherwise be permissible. For example, individuals are normally free to file and to pursue a lawsuit in state court to seek redress for their injuries, but an All Writs Act injunction can properly enjoin them "from taking any further steps in the prosecution of their claims in [state court], or from initiating similar litigation in any other forum," in order to "allow the federal court to proceed ably with pending matters." *Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 202, 204 (3d Cir. 1993). Similarly, while it may normally be permissible for companies to enter into revised arbitration agreements with putative class members with proper notice of the pending class action and an opportunity to opt out, an All Writs Act injunction can prohibit that conduct to allow the Court to retain jurisdiction over its pending matters. None of Defendants' cases on this point—*Pardo v. Papa, Inc.*, No. 21-CV-06326, 2023 WL 350389 (N.D. Cal. Jan. 20, 2023), *McKee v. Audible, Inc.*, No. CV 17-1941, 2018 WL 2422582 (C.D. Cal. Apr. 6, 2018), and *O'Connor v. Uber Techs., Inc.*, No. C-13-3826, 2013 WL 6407583 (N.D. Cal. Dec. 6, 2013)—involved a requested relief under the All Writs Act.

For example, in *McKee*—on which Defendants rely heavily—this Court analyzed

7

a request for corrective action under Rule 23 where the defendant had updated its arbitration agreement, mid-litigation, in an attempt "to interfere with putative class members' ability to participate in the current litigation." *McKee*, 2018 WL 2422582, at *8. *First*, *McKee* is not on point with this particular motion because the analysis under Rule 23 is different from the analysis under the All Writs Act. *Second*, ironically, the bottom-line reasoning in *McKee* supports Plaintiffs' request here. In *McKee*, as here, the Court expressed concern that because the defendant made changes to its arbitration agreement "during the pendency of this class action, and after the Court denied [the defendant's] initial motion to compel arbitration," the changes "have interfered (and could continue to interfere) with the present litigation." *Id.* at *5–6. That risk is acutely present here as well, and *McKee* thus illustrates why a prospective pause on any changes to the Terms that could affect this litigation is warranted, rather than taking Defendants' word that their planned changes will be innocuous, which runs a high risk that Defendants—who have already acted unconscionably once—will once again cross the line in an attempt to harm the rights of class members, just as the defendant did in *McKee*.

Furthermore, while Defendants repeatedly suggest that safeguards such as notice and opt-out rights could render future rule changes permissible, and while they have all but admitted that they plan to change their rules, Defendants have not told the Court exactly how they plan to update their Terms. And they are conveniently vague about what authority, if any, they actually concede this Court has to remedy interference with the pending case. Can the Court require prior approval of the form and substance of new terms under Rule 23(d)? Can the Court invalidate terms after the fact? Defendants do not say. These issues may warrant further briefing, but Defendants presumably take the position that ordering further briefing on this Motion exceeds the Court's authority given their right to a stay—which highlights that the Motion to Enjoin is better considered after Defendants' appeal is decided.

1	Defendants repeat the same misunderstanding about the nature of an All Writs Act injunction when they argue that it is unripe to assess the unconscionability of their future arbitration agreements. *See* Opp. at 8–10. *First*, the very nature of an injunction against future conduct is that the injunction precedes the occurrence of the prohibited conduct. For example, a federal court may, under the All Writs Act, issue an injunction prohibiting the parties before it "from entering—collectively or separately—into any settlement agreement which releases or purports to release the federal antitrust claims brought in this litigation, without first notifying this Court of the settlement agreement and without first obtaining the Court's approval of said agreement." *In re Lease Oil Antitrust Litig. No. II*, 48 F. Supp. 2d 699, 707 (S.D. Tex. 1998). Similarly, the Court may, under the All Writs Act, issue an injunction prohibiting Defendants from entering into new arbitration agreements with putative class members. Not only can that injunction precede the prohibited conduct, but the whole point of the injunction is that it precede and prohibit the conduct before it occurs. *Second*, the impetus behind Plaintiffs' requested injunction is not merely the prevention of unconscionable arbitration agreements, but rather the protection of the Court's jurisdiction over the claims before it. Whether an arbitration agreement interferes with the Court's jurisdiction does not turn on whether the agreement is unconscionable. Instead, it turns on whether it purports to apply to the claims that are properly before this Court for its resolution.

Contrary to Defendants' protestations otherwise, *see* Opposition at 10–11, 12–13, irreparable harm will inevitably ensue in the absence of the requested injunction. Defendants have all but promised to try to undermine this Court's jurisdiction by attempting to impose a new arbitration agreement that covers the claims in this case, and New Era quite literally changed its procedures one business day *after* Plaintiffs filed the Motion to Enjoin. Although Defendants decry the harm Plaintiffs identify as "speculative," *id*. at 4, and posit that procedural mechanisms designed to safeguard against frivolous filings will prevent it, these assertions ring hollow given Defendants' past unconscionable actions and their own avowed intent to change their Terms yet again

9

to affect this case while refusing to agree to expedite their appeal. The irreparable harm is the resulting disruption to the Court's proceedings, and All Writs Act injunctions may be issued to prevent that disruption. "[T]he preservation of the federal court's jurisdiction or authority over an ongoing matter may justify an injunction." *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F.2d 328, 335 (2d Cir. 1985). Such an injunction helps preserve "the federal court's flexibility and authority to decide that case," *id.* (quoting *Atl. Coast Line R.R. Co. v. B'Hood of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970)), as well as "the court's ability to reach . . . it decision in a case over which it has proper jurisdiction," *id.* at 338. All Writs Act injunctions are proper if they are "directed at conduct which, left unchecked, would have had the practical effect of diminishing the court's power to bring the litigation to a natural conclusion." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978). That is precisely the case here.

Finally, Defendants' repeat assertion of an adequate remedy at law, *see* Opposition at 11–12, is a false promise, as Plaintiffs explain above (at 7–8). Defendants admit that "recourse under Rule 23(d) will not be available until after the appeal," *id*. at 12, at which point Defendants hope to have already interfered with the Court's jurisdiction by imposing a new arbitration agreement that covers the claims in this case. If the Court invalidates that arbitration agreement after the fact, there is a real risk of an endless loop of appeals and stays. And the damage will already have been done to the Court's ability to reach a decision on the merits of these claims. A lengthy and laborious recovery is no substitute for no illness at all.

To the extent that Defendants are conceding that Rule 23(d) provides the Court with authority to issue an order that restrains Defendants' ability to freely impose a new arbitration agreement **going forward**, that concession warrants further briefing, and Plaintiffs request further briefing to address the issue in greater detail. But, as Plaintiffs note above (at 8), Defendants presumably oppose supplemental briefing on this issue given their requested stay pending appeal. This dynamic highlights the prudence of the

Court's deferring a ruling until the appeal's resolution, at which point the Court can order appropriate supplemental briefing.

## CONCLUSION

The Court should defer ruling on this Motion until after the resolution of the appeal. Once the Ninth Circuit affirms the Court's order denying Defendants' motion to compel arbitration (or now, if the Court feels it must rule now), the Court should issue an injunction against Defendants that requires that any of Defendants' future arbitration provisions carve out the antitrust claims pending in this action.

Dated: September 28, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Kevin Y. Teruya*

Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
William R. Sears (Bar No. 330888)
willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN LLC
Warren Postman (Bar No. 330869)
wdp@kellerpostman.com
Albert Pak (admitted *pro hac vice*)
albert.pak@kellerpostman.com
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C., 20036-4312
Telephone: (202) 918-1123

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated, certifies that this brief contains 3,781 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 28, 2023              */s/ Kevin Y. Teruya*
                                       Kevin Y. Teruya