QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Kevin Y. Teruya (Bar No. 235916)
  kevinteruya@quinnemanuel.com
  Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
  William R. Sears (Bar No. 330888)
  willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN LLC
  Warren Postman (Bar No. 330869)
  wdp@kellerpostman.com
  Albert Pak (admitted *pro hac vice*)
  albert.pak@kellerpostman.com
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C., 20036-4312
Telephone: (202) 918-1123

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | Case No: 2:22-cv-00047-GW-GJS<br><br>**PLAINTIFFS'** ***EX PARTE*** **APPLICATION TO CONSOLIDATE HEARING DATES**<br><br><br>The Honorable George H. Wu<br>Courtroom: 9D |

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts ("Plaintiffs) hereby apply *ex parte* for an order consolidating the hearings in this matter scheduled for October 12 and October 19 such that both motions are heard the same day, either on October 12 or October 19.

*Ex parte* relief is appropriate here because Defendants Live Nation Entertainment, Inc. and Ticketmaster LLC ("Defendants") have refused to stipulate to the requested relief, and under the Court's default briefing rules, a motion to consolidate the hearings would not be heard until both hearings have already occurred, rendering the issue moot. Plaintiffs also contacted the Court earlier today to seek guidance on how to present this issue to the Court, including by way of an *ex parte* application, and thus submit this application pursuant to that guidance.

### PLAINTIFFS' *EX PARTE* APPLICATION TO CONSOLIDATE HEARING DATES

Plaintiffs respectfully request that the Court consolidate the hearings on their motion for an All Writs Act injunction, Dkt. 208 ("Motion to Enjoin), and Defendants' Motion to Stay, Dkt. 213. The two hearings are currently set for October 12 and 19, 2023, respectively. Plaintiffs are available to argue both motions on either day. Plaintiffs have also discussed this issue with Defendants, and understand that Defendants are amenable to both motions being heard on October 12 if (1) the Court is willing to hear both motions that day; and (2) Defendants can file a reply in support of their Motion to Stay (which Plaintiffs agree should be granted and is therefore unopposed) on October 5. Plaintiffs have no issue with this, assuming it works for the Court. However, Defendants were not willing to stipulate to having both motions heard on October 12; hence, this *ex parte* application.

Consolidating the two hearings makes eminent sense. It is far more efficient to hear both fully-briefed motions on the same day, rather than spacing them out by one week. That is especially true because the two motions are inextricably intertwined—

Defendants' motion to stay, for example, asks the Court to deny the motion for an injunction as some sort of function of the stay, *see* Dkt. 213 at 2 n.1, but their opposition to Plaintiffs' Motion to Enjoin asserts—contradictorily—that the Court lacks authority to rule on the injunction in light of the stay, Dkt. 215 at 15 ("*Coinbase* prohibits the Court from addressing [the Motion to Enjoin] now.").

Alternatively, the Court may wish to cancel both hearings, and Plaintiffs have no objection to that, either. Plaintiffs have now filed their reply in support of their motion for a preliminary injunction and response to Defendants' motion to stay. Dkts. 216, 217. As those briefs explain in detail, there is no need to hold either hearing. Plaintiffs do not oppose a stay of these proceedings. Moreover, Defendants' opposition to Plaintiffs' motion for an injunction takes the position that, because the case should be stayed, this Court lacks authority to rule on the Motion for an injunction. And because Defendants have stipulated that they will not amend their Terms of Use as to the claims in this case pending a decision on the preliminary injunction motion, Plaintiffs are likewise willing to agree to stay any ruling on the motion to Enjoin.

In short, the parties agree that the Motion to Stay should be granted. And, as explained in the Reply in support of the Motion to Enjoin, there is no need to decide the Motion to Enjoin while the stay is pending. If the Court agrees, it can simply enter a stay, cancel both hearings, and reschedule the Motion to Enjoin for a hearing after the appeal is decided. But what the Court should not do is hold two separate hearings on related issues, staggered one week apart.

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court consolidate the hearings on Plaintiffs' Motion to Enjoin and Defendants' Motion to Stay, and hold them either on October 12 (as per the parties' apparent agreement) or on October 19, if the latter date is more convenient for the Court.

Dated: September 28, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Kevin Y. Teruya*

Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
William R. Sears (Bar No. 330888)
willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KELLER POSTMAN LLC
Warren Postman (Bar No. 330869)
wdp@kellerpostman.com
Albert Pak (admitted *pro hac vice*)
albert.pak@kellerpostman.com
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C., 20036-4312
Telephone: (202) 918-1123

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated, certifies that this brief contains 685 words and complies with the word limit of L.R. 11-6.1.

Dated: September 28, 2023   */s/ Kevin Y. Teruya*
   Kevin Y. Teruya

PLAINTIFFS' EX PARTE APPLICATION TO CONSOLIDATE HEARING DATES
CASE NO. 2:22-CV-00047-GW-GJS