LATHAM & WATKINS LLP
  Timothy L. O'Mara (Bar No. 212731)
    tim.o'mara@lw.com
  Sadik Huseny (Bar No. 224659)
    sadik.huseny@lw.com
  Andrew M. Gass (Bar No. 259694)
    andrew.gass@lw.com
  Alicia R. Jovais (Bar No. 296172)
    alicia.jovais@lw.com
  Robin L. Gushman (Bar No. 305048)
    robin.gushman@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendants Ticketmaster LLC
and Live Nation Entertainment, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | Case No. 2:22-cv-00047-GW-GJS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' *EX PARTE* APPLICATION TO CONSOLIDATE AND OPPOSITION TO PLAINTIFFS' REQUEST TO CANCEL HEARING DATES**<br><br>The Honorable George H. Wu<br><br>Courtroom: 9D, 9th Floor |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' RESP. TO *EX PARTE* APPL. & OPP'N
TO REQUEST TO CANCEL HEARINGS
CASE NO. 2:22-CV-00047-GW-GJS

Defendants have no objection to consolidating the hearing dates for Plaintiffs' motion for a preliminary injunction, ECF. No. 208, and Defendants' motion for a stay pending appeal, ECF No. 213, to October 12, 2023—provided that (1) Defendants will still have until October 5 to file their reply in support of their stay motion, and (2) the Court is accordingly willing to have less than the usual 14 days to consider the full briefing on that motion. *See* C.D. Cal. L.R. 7-10. Defendants declined to stipulate to that relief only because they considered it inappropriate to ask the Court to truncate its standard decisional process. If the Court is amenable to that approach, however, so are Defendants.

That said, Defendants strongly oppose Plaintiffs' alternative request to "simply enter a stay, cancel both hearings, and reschedule the Motion to Enjoin for a hearing after the appeal is decided." ECF No. 218 at 2. Plaintiffs did not advise Defendants that their *ex parte* application would make that alternative request, in violation of Local Rule 7-19.1(a), which required them to advise Defendants of the "substance" of their proposed *ex parte* application—not just half of it. If Defendants had been informed of Plaintiffs' intentions, Defendants would have requested that their opposition be noted, pursuant to Local Rule 7-19.1(b).

More fundamentally, however, a hearing on both motions is urgently needed. As will be explained more fully in Defendants' forthcoming reply in support of their stay motion, Plaintiffs' latest submissions on both motions, *see* ECF Nos. 216, 217, make clear what is really going on here: Plaintiffs have realized—or knew all along—that their motion for a preliminary injunction was meritless under this Court's decision in *McKee v. Audible, Inc.*, 2018 WL 2422582 (C.D. Cal. Apr. 6, 2018) (Wu, J.), and related cases. But despite *McKee*, they remain determined to leverage this Court's August 10 denial of Defendants' motion to compel arbitration with respect to the four named plaintiffs into a prohibition on amending the terms even as to putative class members. To that end, Plaintiffs now claim that a workaday scheduling stipulation to move the hearing date on their motion for a preliminary

1  injunction, *see* ECF No. 210, effectively gave them the class-wide injunctive relief
2  that their motion had been seeking all along—notwithstanding (1) Defendants'
3  declared opposition to the motion, and (2) Defendants' refusal of Plaintiffs'
4  invitation to "stipulate to carve out" *putative class members'* claims "from any new
5  arbitration agreement." ECF No. 208-1 at 3; *see also* ECF No. 215 at 1 (agreeing to
6  stipulate only "that any new arbitration agreement will not apply *to the four named*
7  *plaintiffs* with respect to any accrued claims they have in this case" (emphasis
8  added)).

9        That is nonsense. The whole purpose of the scheduling stipulation was
10 *scheduling*. Plaintiffs filed their surprise motion for a preliminary injunction without
11 clearing their proposed hearing date with Defendants, and the Court then set the
12 hearing for September 28, 2023—a date which Defendants could not make. *See*
13 ECF No. 210 ¶¶ 2-3. The parties then stipulated to an October 12 hearing date
14 instead. *Id.* As part of those negotiations, and to ensure that Plaintiffs would not be
15 prejudiced by agreeing to push out the hearing on their motion by two weeks,
16 Defendants agreed not to amend the terms during those two weeks—i.e., until the
17 Court had an opportunity to decide whether to grant Plaintiffs' requested class-wide
18 injunction. Given this Court's consistent practice of issuing some form of ruling on
19 or soon after hearing dates—e.g., denying the motion without prejudice for lack of
20 power to grant the requested relief—the scheduling stipulation stated that the parties
21 agreed that Defendants would temporarily agree not to amend their terms "in any
22 way that impacts this case before the Court rules on Plaintiffs' Motion to Enjoin."
23 *Id.* ¶ 5.

24       Plaintiffs' position now is that the Court should simply "enter a stay" of "any
25 ruling on the motion to Enjoin" and that such a stay, in conjunction with the language
26 of the two-week scheduling stipulation, would mean that Defendants are
27 automatically preliminarily enjoined from amending their Terms of Use *precisely* in
28 the manner Plaintiffs' "Motion to Enjoin" requests:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS.' RESP. TO *EX PARTE* APPL. & OPP'N
TO REQUEST TO CANCEL HEARINGS
CASE NO. 2:22-CV-00047-GW-GJS

> And because Defendants have stipulated that they will not amend their Terms of Use as to the claims in this case pending a decision on the preliminary injunction motion, Plaintiffs are likewise willing to agree to stay any ruling on the motion to Enjoin. In short, the parties agree that the Motion to Stay should be granted. And, as explained in the Reply in support of the Motion to Enjoin, there is no need to decide the Motion to Enjoin while the stay is pending. If the Court agrees, it can simply enter a stay, cancel both hearings, and reschedule the Motion to Enjoin for a hearing after the appeal is decided.

ECF No. 218 at 2.

It goes without saying that Defendants did not agree to any such "automatic preliminary injunction" loophole when they simply agreed to a two-week continuance of the hearing date. But the meritless and wasteful nature of Plaintiffs' attempt to twist a scheduling stipulation into just such relief is laid bare by their request to now "cancel" the hearings scheduled before the Court. To get the automatic preliminary injunction Plaintiffs think they fooled Defendants into giving via a scheduling stipulation, Plaintiffs tell the Court to not rule on the Motion to Enjoin because "there is no need to decide" it and to instead "simply enter a stay." *Id.* But the Court entering a stay—and thereby *not* granting the preliminary injunction during the Ninth Circuit appeal—*is* a ruling on Plaintiffs' motion. It would be a decision that the Court presently lacks the power to grant the requested relief, warranting denial of relief without prejudice. *See, e.g.*, *Ctr. for Food Safety v. Vilsack*, 2011 WL 672802, at *5 (N.D. Cal. Feb. 18, 2011) (holding that a "motion for temporary restraining order and preliminary injunction is not properly before this Court and is therefore DENIED WITHOUT PREJUDICE for lack of jurisdiction").

The exact procedure that the Court uses to address Plaintiffs' motion for a preliminary injunction should not, and does not, dictate the outcome here. If the Court does not grant the preliminary injunction motion, either because it denies it outright or because it concludes that the requested relief runs afoul of the scope of the stay imposed under *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023), that

necessarily means that the Court has ruled to not grant Plaintiffs the preliminary injunction they seek.

As noted, Defendants will provide a more complete response to Plaintiffs' distortion of the stipulation in the coming days. In the meantime, this Court should either retain the current schedule for hearings on October 12 and 19, or consolidate the hearings to October 12, as it prefers. The Court should not countenance Plaintiffs' gamesmanship.

Dated: September 29, 2023

Respectfully Submitted,

LATHAM & WATKINS LLP

By: /s/ Timothy L. O'Mara
Timothy L. O'Mara
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
tim.o'mara@lw.com

*Attorneys for Defendants Ticketmaster LLC and Live Nation Entertainment, Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc., certifies that this brief contains 1,150 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 29, 2023

*/s/ Timothy L. O'Mara*
Timothy L. O'Mara

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFS.' RESP. TO *EX PARTE* APPL. & OPP'N
TO REQUEST TO CANCEL HEARINGS
CASE NO. 2:22-CV-00047-GW-GJS