**LATHAM & WATKINS LLP**
  Timothy L. O'Mara (Bar No. 212731)
    tim.o'mara@lw.com
  Sadik Huseny (Bar No. 224659)
    sadik.huseny@lw.com
  Andrew M. Gass (Bar No. 259694)
    andrew.gass@lw.com
  Alicia R. Jovais (Bar No. 296172)
    alicia.jovais@lw.com
  Robin L. Gushman (Bar No. 305048)
    robin.gushman@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster L.L.C.,<br><br>Defendants. | Case No. 2:22-cv-00047-GW-GJS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR A STAY PENDING APPEAL**<br><br>The Honorable George H. Wu<br><br>Hearing Date: October 19, 2023<br>Hearing Time: 8:30am<br>Courtroom: 9D, 9th Floor |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' REPLY ISO
MOT. TO STAY PENDING APPEAL
CASE NO. 2:22-CV-00047-GW-GJS

**REPLY IN SUPPORT OF MOTION FOR A STAY PENDING APPEAL**

Plaintiffs concede that this case must be stayed pending appeal under *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023). But their response to Defendants' motion for a stay pending appeal, ECF No. 213 ("Stay Mot.")—together with their reply on their motion for a preliminary injunction, ECF No. 208-1 ("PI Mot.")—make clear what is really going on here. Plaintiffs filed a preliminary injunction motion without addressing the established law that clearly requires denial of their PI motion—*see* ECF No. 215 ("PI Opp."), at 1-2, 7-8 (discussing *McKee v. Audible*, 2018 WL 2422582 (C.D. Cal. Apr. 6, 2018) (Wu, J.), and related authority)—and argued that the Court can and should grant their requested relief despite the stay of this case mandated by *Coinbase*. Knowing that their PI motion was meritless, however, Plaintiffs have now decided that their best option is to (A) directly contradict themselves and argue that the Court should *not* in fact rule on their PI motion given the *Coinbase* stay, and (B) maintain that, as a result of the *Coinbase* stay they now embrace, Defendants inadvertently agreed to the class-wide injunctive relief Plaintiffs were seeking by entering into a routine scheduling stipulation to move a hearing date. *See* ECF No. 216 ("Stay Resp."); ECF No. 217 ("PI Reply"); *see also* ECF No. 210 ("Scheduling Stip."). The Court should not countenance Plaintiffs' gamesmanship.

To begin, Plaintiffs' latest submissions fundamentally misunderstand what flows from the concededly mandatory stay under *Coinbase*. Entering the mandatory stay does not preclude this Court from addressing Plaintiffs' motion for a preliminary injunction. It demands denying relief. A "court in which the litigation [is] claimed to be stayed" *always* "has jurisdiction to determine" the "question whether the proceeding pending before it is subject to [the] stay." *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985). And when a "motion for an injunction pending appeal" is filed while a case is before a court of appeals and the district court "no longer has jurisdiction to grant the relief Plaintiffs request," the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' REPLY ISO
MOT. TO STAY PENDING APPEAL
CASE NO. 2:22-CV-00047-GW-GJS

motion must be "DENIED." *Goldstein v. Hochul*, 2023 WL 4622598, at *1 (S.D.N.Y. July 19, 2023); *see also Spengler v. Los Angeles Cnty. Sheriffs*, 2017 WL 11634807, at *2 (C.D. Cal. Aug. 7, 2017) (similar). *Coinbase* compels a stay, which in turn necessarily requires rejecting Plaintiffs' PI motion.

Despite that reality, Plaintiffs remain determined to leverage this Court's August 10 denial of Defendants' motion to compel arbitration as to the four named plaintiffs into a sweeping prohibition on amending the terms even as to absent putative class members. To do so, Plaintiffs flip 180 degrees on *Coinbase*, ignore this Court's decision in *McKee*, and then throw a true Hail Mary. Specifically, they distort a routine scheduling stipulation to continue the hearing date on their PI motion by two weeks, arguing that (in combination with the stay) it effectively grants them the injunctive relief they were seeking—and that Defendants strongly opposed—all along. The scheduling stipulation clearly does no such thing.

Plaintiffs' last-ditch effort to obtain by wordplay what they cannot obtain by law should be firmly rejected. At this point, all parties agree that this "entire case" must be stayed pursuant to *Coinbase*. *See* Stay Resp. at 2. So entering a stay would necessarily confirm that the Court cannot grant Plaintiffs' requested injunctive relief—as Defendants have argued all along, and as Plaintiffs now acknowledge. In any event, the PI motion must be rejected for all of the other independent reasons stated in Defendants' opposition to that motion—including, first and foremost, because of *McKee* and related authority. *See* PI Opp. at 6-13. And, of course, the scheduling stipulation is no substitute for an injunction. The Court should thus stay the case and, in so doing, reject Plaintiffs' by-any-means-necessary demand for improper class-wide injunctive relief.

### A. Granting The Mandatory *Coinbase* Stay Is Fully Consistent With Rejecting Plaintiffs' Motion For A Preliminary Injunction

Although Plaintiffs now concede that *Coinbase* requires a stay, the parties disagree over whether, and to what extent, entering a stay permits this Court to rule

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' REPLY ISO
MOT. TO STAY PENDING APPEAL
CASE NO. 2:22-CV-00047-GW-GJS

on Plaintiffs' PI motion.

In this respect, Plaintiffs have performed a remarkable, 180-degree flip in position about the scope of the *Coinbase* stay. Plaintiffs now assert that "this Court should stay the entire case" and contend that it should therefore "not rule on the Motion to Enjoin until after Defendants' appeal is decided." Stay Resp. at 2. That position is directly contrary to the entire premise of their PI motion. That initial submission anticipated Defendants' stay motion and had an entire section arguing that the Court can and should rule on Plaintiffs' requested injunctive relief, notwithstanding *Coinbase*. *See* PI Mot. at 13-15. The "proposed injunction," Plaintiffs insisted, "is fully compatible with staying this case pending appeal," because "the injunction Plaintiffs request here is not an aspect of the case involved in the appeal." *Id.* at 13-14.

In stark contrast, Defendants maintain—and have always maintained—that the Court can and should deny Plaintiffs' requested injunctive relief. *See, e.g.*, PI Opp. at 6-16. A *Coinbase* stay clearly "compels rejection of Plaintiffs' requested injunctive relief." Stay Mot. at 2 n.1. Which is to say, the stay prohibits "*entering* the class-wide injunction that Plaintiffs seek." PI Opp. at 15 (emphasis added). Entering an injunction would, among other things, require "determination[s] about who exactly Defendants cannot make agreements with," an issue subsumed within the question "on appeal" of "whether this case is or is not a putative class action that may proceed in federal court" in the first place. *Id.* Defendants have thus consistently argued that, since "Plaintiffs' request for injunctive relief" runs afoul of "the scope of the [*Coinbase*] stay," their PI motion "should be denied," not put on ice until after the appeal. *Id.* at 15-16.[1]

---

[1] In asserting otherwise, Plaintiffs repeatedly take a single line from Defendants' PI Opposition out of context. Contrary to Plaintiffs' misleading quotation, Defendants did not argue that "*Coinbase* prohibits the Court from addressing [the Motion to Enjoin] now." Stay Resp. at 1 (alteration in original); *see also* PI Reply at 2, 4-5. The added brackets give the game away: What Defendants actually said was that "*entering* the class-wide injunction that Plaintiffs seek would require the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' REPLY ISO
MOT. TO STAY PENDING APPEAL
CASE NO. 2:22-CV-00047-GW-GJS

Under *Coinbase*, *rejection* of Plaintiffs' PI motion is clearly the correct result here. A "court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to [the] stay." *Baldwin-United*, 765 F.2d at 347; *cf. Khalulyan v. Garland*, 63 F.4th 1207, 1211 (9th Cir. 2023) (observing that federal courts always have "jurisdiction to determine [their] own jurisdiction"). The Court should exercise that authority and hold that *Coinbase* precludes issuance of the requested injunctive relief. *See, e.g.*, *Goldstein*, 2023 WL 4622598, at *1 (holding that an "emergency motion for an injunction pending appeal" must be "DENIED" because the court "no longer ha[d] jurisdiction to grant the relief Plaintiffs request"); *Graves v. Arpaio*, 2010 WL 4778000, at *3 (D. Ariz. Nov. 17, 2010) (holding that similar motion must be "denied for lack of jurisdiction without prejudice to refiling it after the Court of Appeals' mandate issues and jurisdiction is revested in this Court"); *Spengler*, 2017 WL 11634807, at *1-2 (holding that motion "for reconsideration of the Court's decision denying [the plaintiff] a TRO and preliminary injunction" must be "DENIED" because the court "lacks jurisdiction to reconsider its decision in light of plaintiff's appeal of that decision"); *Ctr. for Food Safety v. Vilsack*, 2011 WL 672802, at *5 (N.D. Cal. Feb. 18, 2011) (holding that motion for a "preliminary injunction is not properly before this Court and is therefore DENIED WITHOUT PREJUDICE for lack of jurisdiction").

Consider also if, hypothetically, Plaintiffs had argued that *Coinbase* did not suspend Defendants' deadline to respond to the complaint and moved for a default judgment after the ostensible deadline had passed, while the appeal was pending. *Cf.* PI Reply at 5-6 (arguing that, if a *Coinbase* stay "removes the[] deadline to

---

Court to make an initial determination about who exactly Defendants cannot make agreements with," and that *Coinbase* "prohibits the Court from addressing [*that* issue] now." PI Opp. at 15 (emphasis added). In other words, Defendants merely pointed out that the Court could not *grant* the requested relief without grappling with issues bound up in the appeal; they never said the Court was prohibited from *denying* the motion on that basis (or any other). *See id.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' REPLY ISO
MOT. TO STAY PENDING APPEAL
CASE NO. 2:22-CV-00047-GW-GJS

respond to Plaintiffs' complaint," then it supposedly "suspends a pending motion without deciding it"). This Court would not be powerless to address that meritless motion. Rather than hold it in abeyance indefinitely, the proper course would be to simply deny it. So too here: Plaintiffs, at least initially, maintained that the Court could grant class-wide relief now, despite the pending appeal. *See* PI Mot. at 13-15. Defendants disagreed and argued that the Court lacked the power to grant the requested relief under *Coinbase* and for several other independent reasons. *See* Stay Mot. at 2 n.1; PI Opp. at 6-16. So if the Court agrees with Defendants about the scope of the *Coinbase* stay, a decision holding that the Court lacked such power—however captioned—would rightly reject Plaintiffs' request for the injunctive relief.

It makes no difference that "a stay 'suspend[s] judicial alteration of the status quo.'" Stay Resp. at 2 (quoting *Nken v. Holder*, 556 U.S. 418, 429 (2009)). That established principle is exactly why the *Coinbase* stay compels rejection of Plaintiffs' requested injunctive relief. As Defendants explained, Plaintiffs' PI motion—like their gamesmanship regarding the scheduling stipulation—"seeks a drastic 'change from the status quo.'" PI Opp. at 15 (quoting *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 735 (9th Cir. 1982)). Specifically, "[t]he Court's August 10th order was an adjudication of whether the arbitration clause could be enforced against the four named plaintiffs in this case," but Plaintiffs now want to stretch that order to "limit[] putative class members' right to freely enter into an arbitration contract with Defendants." *Id.* Granting that sweeping relief would impose a "judicial alteration of the status quo," *Nken*, 556 U.S. at 429, and would therefore violate the *Coinbase* stay. *See* PI Opp. at 15. But *declining* to grant such relief would *preserve* the status quo, in accordance with the stay. *Id*. That is what Defendants have said all along. And it is how the Court should proceed: Enter the stay, and by extension reject Plaintiffs' improper request for class-wide injunctive relief.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' REPLY ISO
MOT. TO STAY PENDING APPEAL
CASE NO. 2:22-CV-00047-GW-GJS

### B. The *Coinbase* Stay Does Not Transform The Parties' Scheduling Stipulation Into A *De Facto* Preliminary Injunction

The real reason behind Plaintiffs' about-face on the *Coinbase* stay is an unshakeable desire to get the improper class-wide injunctive relief they are seeking, by whatever means they can dream up. Plaintiffs argue that if this Court grants the stay, but then does not expressly adjudicate their PI motion, Defendants will be prohibited from amending their terms as to putative class members during the pendency of the appeal—even absent a grant of the class-wide injunctive relief they originally sought. To reach that counterintuitive conclusion, Plaintiffs invoke a workaday scheduling stipulation that Defendants entered into for the sole purpose of moving the hearing date on Plaintiffs' PI motion. Plaintiffs' game of gotcha should be rejected out of hand.

Here is what happened, as laid out in the scheduling stipulation at issue. "On August 21, 2023, Plaintiffs filed [their PI motion]" and "proposed that [it] be heard on September 21, 2023." Scheduling Stip. ¶ 2. The Court then "set the hearing date" on the PI motion "for September 28, 2023." *Id.* ¶ 3. Soon after that, the parties "met and conferred," and mutually "agreed to move the hearing date," along with accompanying briefing deadlines, "from September 28, 2023 to October 12, 2023, subject to the approval of the Court." *Id.* ¶ 4. As part of those negotiations, and to ensure that Plaintiffs would not be prejudiced by agreeing to push out the hearing on their motion by two weeks, Defendants agreed not to amend the terms during those two weeks—i.e., until the Court had an opportunity to decide whether to grant Plaintiffs' requested class-wide injunction. Given this Court's general practice of issuing some form of ruling on or soon after hearing dates, the scheduling stipulation stated that the parties agreed that Defendants would not amend their terms "in any way that impacts this case before the Court rules on Plaintiffs' [PI motion]." *Id.* ¶ 5. Defendants, in other words, agreed not to exercise their lawful prerogative to amend the terms as to putative class members *briefly and temporarily*—for the sole purpose

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' REPLY ISO
MOT. TO STAY PENDING APPEAL
CASE NO. 2:22-CV-00047-GW-GJS

of finding a mutually agreeable hearing date on Plaintiffs' PI motion. *See, e.g.*, *McKee*, 2018 WL 2422582, at *8 (Wu, J.) (holding that, even after denial of motion to compel arbitration, defendant could revise arbitration provision as to "[putative class] members provided it does so in a manner that discloses information about this suit and affords an opt-out").

Plaintiffs assert that the combination of the *Coinbase* stay and the scheduling stipulation imposes a back-door, indefinite prohibition on putative class members agreeing to amended terms. According to Plaintiffs, the Court can give them what they want (but cannot legally have) by granting the stay and studiously avoiding any explicit decision on the PI motion until after the appeal is resolved. If the Court "simply grant[s] the stay and avoid[s] ruling on [the PI motion] until after the appeal is resolved," Plaintiffs say, the scheduling stipulation means "there is no longer any risk that Defendants will change their Terms" as to the putative class—giving them, in substance, the injunctive relief they were seeking all along. Stay Resp. at 1. In that scenario, or so the argument goes, Defendants would be "bound by their own stipulation" to refrain from amending the arbitration clause not just for the duration of the two-week continuance, but for the entire pendency of the appeal. *Id.* at 2. In short, Plaintiffs claim that a workaday scheduling stipulation to move the hearing date on their PI motion effectively gave them class-wide injunctive relief.

Nonsense. The whole point of the scheduling stipulation was *scheduling*. Defendants agreed to a two-week continuance of a hearing date, not an "automatic preliminary injunction" loophole. From the very beginning Defendants opposed Plaintiffs' PI motion. And they expressly refused Plaintiffs' invitation to "stipulate to carve out" putative class members' claims "from any new arbitration agreement." PI Mot. at 3; *see also* PI Opp. at 1 (agreeing to stipulate only "that any new arbitration agreement will not apply *to the four named plaintiffs* with respect to any accrued claims they have in this case" (emphasis added)). The only way Defendants can lawfully be prohibited from agreeing to revised arbitration terms with putative

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' REPLY ISO
MOT. TO STAY PENDING APPEAL
CASE NO. 2:22-CV-00047-GW-GJS

class members is for Plaintiffs to obtain a real, class-wide injunction to that effect—which they now concede this Court has no ability to order under *Coinbase*. Had Defendants expected that Plaintiffs might try to construe a routine scheduling stipulation as a surrender to the very class-wide prohibition Plaintiffs sought and Defendants opposed, Defendants would have insisted on having the stipulation expire upon a date certain. But Defendants can be forgiven for mistakenly assuming that, in stipulating to continuing a hearing date, Plaintiffs were acting out of professional courtesy and in good faith.

Regardless, this Court "has broad discretion in deciding whether to hold the parties to a stipulation"—and may accordingly "relieve a party from a stipulation entered into [through] inadvertence." *McMorgan & Co. v. First Cal. Mortg. Co.*, 931 F. Supp. 699, 703 (N.D. Cal. 1996); *see also Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985) (permitting a party to "withdraw [a] stipulation" if, as here, "manifest injustice" would result from enforcement). An indefinite prohibition on amending the terms for the entire pendency of the appeal "was not discussed or even contemplated by the parties in agreeing to" the two-week continuance. *Park v. Transamerica Ins. Co.*, 917 F. Supp. 731, 736 (D. Haw. 1996). "[T]heir original intent, therefore, is best served by vacating the stipulation," if it comes to that. *Id.* One way or another, this Court should reject Plaintiffs' brazen attempt to abuse a mundane procedural device—not just for Defendants' sake, but to protect all litigants who appear before it.

\*     \*     \*

For the foregoing reasons, the Court should stay this case under *Coinbase*, a straightforward result that would necessarily reject Plaintiffs' requested injunctive relief, on the ground that this Court lacks the ability to award it. That said, entering a *Coinbase* stay or denying Plaintiffs' PI motion outright lead to the same outcome: Defendants may amend the terms as to putative class members only (*not* the four named plaintiffs), subject to the notice and opt-out requirements that this Court

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANTS' REPLY ISO
MOT. TO STAY PENDING APPEAL
CASE NO. 2:22-CV-00047-GW-GJS

expressly permitted in *McKee*. *See* PI Opp. at 7-16. Either way, the Court would preserve the status quo. And either way, the Court would rightly reject Plaintiffs' attempt to use gamesmanship to obtain the same sweeping, class-wide injunctive relief that they cannot receive under the law.

Dated: October 5, 2023　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　LATHAM & WATKINS LLP

　　　　　　　　　　　　　　　　By: *Timothy L. O'Ma——*
　　　　　　　　　　　　　　　　　　　Timothy L. O'Mara
　　　　　　　　　　　　　　　　　　　505 Montgomery Street, Suite 2000
　　　　　　　　　　　　　　　　　　　San Francisco, California 94111-6538
　　　　　　　　　　　　　　　　　　　Telephone: +1.415.391.0600
　　　　　　　　　　　　　　　　　　　Facsimile: +1.415.395.8095
　　　　　　　　　　　　　　　　　　　tim.o'mara@lw.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　*Ticketmaster L.L.C. and Live Nation*
　　　　　　　　　　　　　　　　　　　*Entertainment, Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' REPLY ISO
MOT. TO STAY PENDING APPEAL
CASE NO. 2:22-CV-00047-GW-GJS

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc., certifies that this brief contains 2,874 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 5, 2023

_____
Timothy L. O'Mara

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANTS' REPLY ISO
MOT. TO STAY PENDING APPEAL
CASE NO. 2:22-CV-00047-GW-GJS