UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-0047-GW-GJSx | Date | October 17, 2023 |
|---|---|---|---|
| Title | *Skot Heckman, et al. v. Live Nation Entertainment, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON PLAINTIFFS' MOTION TO ENJOIN IMPOSING A MODIFIED ARBITRATION CLAUSE ON ANTITRUST CLAIMS IN THIS CASE [208]; and DEFENDANTS' MOTION FOR A STAY PENDING APPEAL [213]

Attached hereto is the Court's Tentative Ruling on the above-entitled Motions [208, 213], set for hearing on October 19, 2023 at 8:30 a.m.

:

Initials of Preparer   JG

<u>**Heckman et al v. Live Nation Entertainment, Inc. et al**</u>; Case No. 2:22-cv-00047-GW-(GJSx)
Tentative Ruling on Plaintiffs' Motion to Enjoin Imposing a Modified Arbitration Clause on Antitrust Claims in This Case

**I. Background**

Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts ("Plaintiffs") brought this putative class action against Defendants Live Nation Entertainment, Inc. and Ticketmaster LLC ("Defendants") alleging various anticompetitive practices in violation of the Sherman Act. *See generally* Complaint, ECF No. 1. On March 8, 2022, Defendants moved to compel arbitration. *See* ECF No. 30. Plaintiffs then sought discovery related to *inter alia* the validity, unconscionability, and severability of the dispute-resolution provisions in Defendants' Terms of Use ("TOU"), which the Court granted. *See* ECF Nos. 49, 50. After the competition of such discovery and following several rounds of briefing, the Court denied Defendants' motion to compel arbitration, finding that certain changes Defendants made to their TOU were both procedurally and substantively unconscionable. *See* ECF No. 202. Defendants indicated the possibility that they would appeal such a decision.

Following the Court's ruling but before Defendants filed a notice of appeal, Plaintiffs filed a Motion to Enjoin Imposing a Modified Arbitration Clause on Antitrust Claims in this Case ("Motion to Enjoin"), ECF No. 208. In their motion Plaintiffs sought an order preventing Defendants from effecting any changes to their TOU which would apply to any of the claims of the named Plaintiffs or putative class members in this case. Plaintiffs sought this relief under the All Writs Act – which empowers courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions," 27 U.S.C. § 1651(a) – reasoning that any changes to the TOU pending the outcome of the appeal would interfere with this Court's jurisdiction over and resolution of this matter. Plaintiffs' concern stemmed in part from Defendants' apparent or attempted modification of their TOU and New Era's Rule while Defendants' motion to compel arbitration was pending. Plaintiffs argued:

> [I]f Defendants are allowed to roll out a new arbitration agreement that applies to the claims in this case, they will be able to argue for an infinite loop of appeals and stays. That is, if the Ninth Circuit affirms and remands in this case, Defendants can simply file a *renewed* motion to compel arbitration under the new Terms and, if that is denied, file another appeal and request for another stay. The cycle has no necessary end. The result would undermine this Court's jurisdiction to administer this case moving forward, and effectively nullify the Court's order.

1

Motion to Enjoin at 2.

Plaintiffs filed their Motion to Enjoin on August 21, 2023, and the Court set a hearing date for September 28, 2023. *See* ECF No. 209. Due to Defendants' unavailability on that date, the parties filed a joint stipulation to continue the hearing on Plaintiffs' Motion to October 12, 2023. *See* ECF No. 210. As part of that stipulation, the parties stated that they "agreed that Defendants will not change their Terms of Use in any way that impacts this case before the Court rules on Plaintiffs' Motion to Enjoin." *Id.* ¶ 5. On August 28, 2023, the Court granted the stipulation and continued the hearing on Plaintiff's Motion to October 12, 2023. *See* ECF No. 211.

Defendants filed a notice of appeal on September 8, 2023. *See* ECF No. 212. That same day, they also moved to stay this case pending resolution of Defendants' appeal pursuant to *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 744 (2023), which held that a "district court must stay its proceedings while [an] interlocutory appeal on arbitrability is ongoing." *See* Defendants' Motion for a Stay Pending Appeal ("Motion to Stay"), ECF No. 213. Defendants then filed their opposition to Plaintiffs' Motion to Enjoin on September 21, 2023, arguing, among other things, that the *Coinbase* stay prohibits the Court from granting the requested injunction. *See* ECF No. 215.

Plaintiffs filed a non-opposition to Defendants' Motion to Stay on September 28, 2023, *see* ECF No. 216, and filed a reply in support of their Motion to Enjoin the following day, *see* ECF No. 217. In both filings Plaintiffs take the position that the Court should grant Defendants' Motion to Stay but should defer ruling on Plaintiffs' Motion to Enjoin in light of "subsequent events [which have] eliminated the need for any near-term ruling on" that motion. *Id.* at 1. Those "subsequent events" are, apparently: (1) Defendants' filing their Motion to Stay; and (2) Defendants' agreement in the scheduling stipulation to "not change their Terms of Use in any way that impacts this case before the Court rules on Plaintiffs' Motion to Enjoin," *see* ECF No. 210 ¶ 5. Based on those two developments, Plaintiffs conclude that Defendants have effectively agreed not to make any changes to their TOU until after the appeal has concluded and the stay is lifted – precisely the relief sought in their Motion to Enjoin.

Defendants filed their reply in support of the Motion to Stay on October 5, 2023, charging Plaintiffs with engaging in gamesmanship and arguing that notwithstanding the stay, the Court has authority to deny Plaintiffs' Motion to Enjoin. *See* ECF No. 221. According to Defendants: "Entering the mandatory stay does not preclude this Court from addressing Plaintiffs' motion for

2

a preliminary injunction. It demands denying relief." *Id.* at 1.

## II. Discussion

To begin, the Court agrees with both parties that this case should be stayed pursuant to the Supreme Court's decision in *Coinbase*. Defendants' motion to compel arbitration was denied on August 10, 2023, and Defendants timely appealed. *Coinbase* unambiguously requires a stay in such situations:

> When a federal district court denies a motion to compel arbitration, the losing party has a statutory right to an interlocutory appeal. *See* 9 U.S.C. § 16(a). The sole question here is whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing. The answer is yes: The district court must stay its proceedings.

599 U.S. at 738.

The question then becomes how to resolve Plaintiffs' Motion to Enjoin given the stay. Plaintiffs argue that the stay divests the Court of authority to rule on all pending motions and thus seek to defer ruling on their Motion. Defendants, on the other hand, argue that denying Plaintiffs' Motion is consistent with the stay – that while the Court lacks the authority to *grant* the injunctive relief sought, the Court retains the authority to *deny* Plaintiffs' request as one not properly before the Court so long as the stay remains in place. To bolster that argument, Defendants cite several examples in which district courts have denied without prejudice motions seeking injunctive relief during the pendency of an appeal. *See, e.g.*, *Spengler v. Los Angeles Cnty. Sheriffs*, No. CV 17-1809-DOC (SP), 2017 WL 11634807 (C.D. Cal. Aug. 7, 2017).

Although there does not appear to be any bright-line rule preventing the Court from denying Plaintiffs' Motion without prejudice in light of the stay, it is the Court's view that deferring ruling on the Motion is the appropriate course of action and complies with *Coinbase*'s instructions. "An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase*, 599 U.S. at 740 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). And when the order being appealed is a denial of a motion to compel arbitration, "the entire case is essentially 'involved in the appeal.'" *Id.* at 741 (quoting *Griggs*, 459 U.S. at 58). As a result, "the district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing." *Id.* Here, that means

3

deferring decision on Plaintiffs' Motion to Enjoin.[1]

The remainder of the parties' disagreement – *i.e.*, what to make of Defendants' scheduling stipulation agreement – is not an issue presently before the Court.  If either side seeks to make a motion to the Court regarding the proper construction of the scheduling stipulation or its application to a given set of facts, it may do so (though any such motion would need to be reconciled with the Court's limited authority to rule on issues in this case during the pendency of the appeal).

### III. Conclusion

Based on the foregoing discussion, the Court would **GRANT** Defendants' Motion to Stay and **DEFER** ruling on Plaintiffs' Motion to Enjoin.

---

[1] The premise of Plaintiffs' Motion was to prevent any attempt by Defendants to "to disrupt the Court's management of this case by again rewriting their Terms of Use ("Terms") to impose a new arbitration clause covering the antitrust claims before this Court."  *See* Docket No. 208-1 at 1.