UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE

SKOT HECKMAN, et al.,           )
                                )
         PLAINTIFFS,            )       CASE NO.
                                )
         vs.                    )       CV 22-00047-GW
                                )
LIVE NATION ENTERTAINMENT, INC.,)
                                )       PAGES 1 TO 9
         DEFENDANT.             )
_____)

REPORTER'S TRANSCRIPT OF
MOTION HEARING
THURSDAY, OCTOBER 19, 2023
9:34 A.M.
LOS ANGELES, CALIFORNIA

_____

**MIRANDA ALGORRI, CSR 12743, RPR, CRR**
FEDERAL OFFICIAL COURT REPORTER
350 WEST 1ST STREET, SUITE 4455
LOS ANGELES, CALIFORNIA 90012
MIRANDAALGORRI@GMAIL.COM

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFFS:**

    QUINN EMANUEL URQUHART & SULLIVAN, LLP
    BY:  WILLIAM R. SEARS
    865 South Figueroa Street
    10th Floor
    Los Angeles, California 90017

**FOR THE DEFENDANT:**

    LATHAM & WATKINS, LLP
    BY:  TIMOTHY L. O'MARA
    505 Montgomery Street
    Suite 2000
    San Francisco, California 94111

3

**LOS ANGELES, CALIFORNIA; THURSDAY, OCTOBER 19, 2023**

**9:34 A.M.**

---

THE COURT: Let me call the matter of Heckman versus Live Nation.

Appearances starting with plaintiffs' counsel first.

MR. SEARS: Good morning, Your Honor. Will Sears, Quinn Emanuel for plaintiff.

THE COURT: Defense?

MR. O'MARA: Tim O'Mara for defendants.

THE COURT: All right. We're here on the motion to enjoin, and also, I guess a related procedural matter. I guess the Circuit agreed to -- actually, there's also a motion to stay, but it's pretty much obvious I will have to grant the motion to stay. There is also the Circuit's somewhat surprising decision to expedite the appeal which is interesting. I don't know that it affects anything I have done so far, but it is interesting that they did that.

Let me ask, I have issued, as I indicated, an amended tentative ruling on this motion for injunction. Does anybody want to argue anything?

MR. O'MARA: Yes, Your Honor. If we may, we'd like to better understand footnote 2 on page 4 of the amended

```
 1  tentative and specifically the language that was added
 2  yesterday.  To the extent that footnote is addressing the named
 3  plaintiffs, we certainly understand what the Court is saying.
 4  To the extent that the Court intends that footnote to apply to
 5  the putative class, we don't understand what that sentence
 6  means in light of your Court's opinion in McKee which we
 7  believe unambiguously indicates that the company may amend its
 8  arbitration clause as to putative class members with proper
 9  notice to opt out including as to claims at issue in the
10  pending litigation.
11            THE COURT:  Well, it is just simply the -- it
12  just simply states the Court's understanding of the premise
13  behind the plaintiffs' motion, and all the Court is indicating
14  is, to the extent that the plaintiffs kind of fear some sort of
15  action -- unilateral action by the defendant which would
16  somehow cause there to be some issue in regards to this Court's
17  prior rulings which are now on appeal or potential rulings in
18  the future, my feeling is that it is kind of speculative.  So,
19  therefore, I would want to -- I would wait to see if, in fact,
20  the defendant does something -- defendants do something.  If
21  they don't do anything, then there's nothing for me to do.  If
22  they do do something, then I would have to say what, in fact,
23  they have done before I would do anything else.
24            MR. O'MARA:  Your Honor, we certainly agree with
25  that.  Just to be clear, again, we read Your Honor's opinion in
```

1  *McKee* to say that a company may amend its arbitration clause as
2  to putative class members with proper notice and opt out
3  including as to claims at issue in a pending litigation.  The
4  language that was added yesterday is particularly striking, and
5  I just want to make sure it's not intended to suggest that
6  we're not reading *McKee* correctly.
7              THE COURT:  I don't necessarily understand your
8  concern.  Let me just ask do the defendants intend to somehow
9  change some operable provision in the agreement to arbitrate or
10 the other conditions of the terms of use that would affect this
11 case in any way?
12             MR. O'MARA:  Your Honor, we certainly haven't
13 made any decision about that, but reading *McKee*, that is
14 exactly what they did do and what Your Honor said they could
15 do -- Audible could do which was to amend their arbitration
16 agreement with putative class members and --
17             THE COURT:  This case is not *McKee* though.
18             MR. O'MARA:  Right.  But certainly, Your Honor,
19 the whole point of case law is for parties to be able to look
20 for the Court's guidance and --
21             THE COURT:  Let me put it this way.  My decision
22 in that case is not precedential.  You know, if I decide that
23 that situation is not sufficiently similar to what we have
24 here, I don't have to follow it even though I may have said
25 something, you know.  Obviously I'm not an appellate court, so

```
 1   I can't bind myself in that regard.  So it just depends.
 2              Again, it seems to me that I don't understand,
 3   you know, if the -- if the defendants are going to go ahead and
 4   somehow change the terms of use in some fashion that would
 5   affect this case, then it seems to me that the plaintiffs may
 6   have a proper basis for being somewhat concerned.  But my
 7   feeling is that I don't need to be concerned unless something
 8   happens because, in a sense, it's just advisory.  Advising one
 9   side or the other as to what to do.  That is not my role.
10              MR. O'MARA:  I agree, Your Honor.  I suppose that
11   I would have understood the role of Your Honor's prior opinions
12   to be more than just atmospheric.
13              THE COURT:  Well, they certainly were more than
14   atmospheric insofar as those cases are concerned.  But it is
15   somewhat atmospheric insofar as this case is concerned.
16              MR. O'MARA:  It's not accurate that parties can
17   look to the district court opinions in order to determine what
18   is the appropriate steps forward under the law?
19              THE COURT:  Only as persuasive.
20              MR. O'MARA:  Okay.  So certainly we would look to
21   Your Honor's prior opinion in *McKee* as persuasive as what is
22   permissible to do going forward.
23              THE COURT:  If the situation is sufficiently
24   controlled by the circumstances and the ruling in that case.
25              MR. O'MARA:  And the same would be true in the
```

1  *Pardo* case and all the cases that --
2              THE COURT:  To some extent, I guess.  Again,
3  you're trying to have me commit to something that I don't
4  understand why I would be committing to it because, again, you
5  know, I don't have -- you know, I don't understand what the
6  defendants are envisioning.
7              For example, if the -- if the defendants want to
8  change some aspect to the terms of use and they have no
9  relationship to any issue that we litigate in this case -- for
10 example, let's say you want to give notice of a change of
11 address for people to contact the defendant, I mean, go ahead.
12 I don't see any problem with that.
13             But if you want to, again, change the terms of
14 arbitration, I would say, well, depending upon what that change
15 is, you may have a problem.  But I don't know because, again,
16 we're talking hypotheticals at this point.
17             MR. O'MARA:  Thank you, Your Honor.
18             THE COURT:  All right.  Does plaintiff counsel
19 want to comment?
20             MR. SEARS:  I don't have much to say, Your Honor.
21 We think the amended tentative is correct.  We think it's
22 clear.  I don't agree with defense counsel's reading of *McKee*.
23 I note that's a Rule 23(d) case, but I think more
24 fundamentally, the Court has sensibly deferred ruling on these
25 issues, and we don't need to press it farther today.  If they

```
 1   do something we deem inappropriate, we will take appropriate
 2   action at the appropriate time.
 3              THE COURT:  Especially since the Circuit is
 4   expediting the appeal.  They're hot to trot.
 5              All right.  Anything else for me to decide?
 6              MR. SEARS:  Nothing here, Your Honor.
 7              MR. O'MARA:  Nothing, Your Honor.
 8              THE COURT:  Thank you very much, gentlemen.  Have
 9   a nice day.
10              MR. O'MARA:  Thank you.
11              (Proceedings concluded at 9:42 a.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF OFFICIAL REPORTER

I, MIRANDA ALGORRI, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

DATED THIS  21ST  DAY OF OCTOBER, 2023.


/S/ MIRANDA ALGORRI
_____
MIRANDA ALGORRI, CSR NO. 12743, CRR
FEDERAL OFFICIAL COURT REPORTER