QUINN EMANUEL URQUHART & SULLIVAN, LLP
Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
William R. Sears (Bar No. 330888)
willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKOT HECKMAN, LUIS PONCE, JEANENE POPP, & JACOB ROBERTS, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER L.L.C.,<br><br>Defendants. | Case No. 2:22-cv-00047-GW-GJS<br><br>**JOINT STATUS REPORT FOR NOVEMBER 7, 2024 STATUS CONFERENCE**<br><br>Judge: Honorable George H. Wu<br><br>Date: November 7, 2024<br><br>Time: 8:30 a.m. |

Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts (together, "Plaintiffs") and Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc. (together, "Defendants") respectfully submit this Joint Status Report pursuant to this Court's Order issued on September 13, 2024. *See* Minute Order, ECF No. 242.

The Ninth Circuit issued its decision in the *Heckman* appeal on October 28, 2024, affirming this Court's decision. *See* Opinion, *Heckman v. Live Nation Entertainment, Inc.*, No. 23-55770 (9th Cir. Oct. 28, 2024), ECF No. 75. On October 15, 2024, the Ninth Circuit issued a Sealed Order "precirculating . . . drafts of the proposed opinions" for review for confidentiality concerns. *Id.,* ECF No. 73. Neither party moved to seal any portion of the decision. Any petition for panel rehearing or rehearing en banc is due on November 12, 2024. *See* Fed. R. App. P. 35(c), 40(a)(1). The Parties respectfully submit the following separate statements:

**A.    Statement of Plaintiffs**

*1.    Proposed Agenda Item 1: Defendants' Terms of Use*

Given the Ninth Circuit's ruling, Plaintiffs reached out to Defendants the same day as the sealed order came down, asking them to "please confirm by the close of business Thursday, October 17, 2024, that Defendants will not attempt to change the Terms of Use as they apply to the class's claims, absent any application first to the District Court." Defendants did not respond by October 17, so Plaintiffs sent a follow up request on October 18. On October 21, 2024, Defendants finally responded, stating only that "[t]he district court proceedings in this case are currently stayed; we are happy to meet and confer after the Ninth Circuit issues the mandate."

Defendants' insistence on leaving open the possibility that they will attempt to disrupt this case yet again through changed arbitration requirements concerns Plaintiffs. This Court previously found (and the Ninth Circuit affirmed)

unconscionability based on behavior Plaintiffs now ask Defendants to confirm they will not repeat. Further, Plaintiffs previously moved for an injunction protecting this Court's jurisdiction under the All Writs Act to prevent Defendants from attempting to impose new arbitration procedures on the class. In denying that injunction without prejudice, the Court noted it did so due to "the Court's belief that: (a) there was no indication that the Defendants would be attempting to amend the arbitration clause during the pendency of the appeal, and (b) any such attempt to so amend (that would in turn have any impact on the arbitration provision in effect at the time of this Court's ruling) would appear to violate the grant of the stay in this case." Dkt. 231. However, Defendants' current position appears to be that, while they will not attempt to impose new arbitration requirements *before* the Ninth Circuit mandate issues, they reserve the right to impose new terms within minutes of the mandate issuing. That would threaten to disrupt yet again the Court's jurisdiction over this case.

Given this background, Plaintiffs respectfully request that the Court add this issue to the agenda for the upcoming November 7, 2024 status conference. If Defendants refuse to confirm at the conference that they will not attempt to change the Terms of Use as they apply to the class's claims, then Plaintiffs plan to renew their request for an injunction to preserve the Court's jurisdiction not only during the stay, but also following the end of the stay pending appeal.

Finally, after sending the above proposed language to Defendants, they responded on November 4, 2024 with the below statement. Defendants ask the Court to defer the status conference until December 5, 2024. That would create a risk that the mandate could issue and the stay could end before the Court has had the opportunity to consider the risk of Defendants changing the Terms yet again to disrupt this case. Plaintiffs accordingly object to this late request to defer the status conference and ask the Court to maintain the current schedule, which has been well-

known to Defendants, including when the Ninth Circuit originally served its sealed decision on the parties on October 15, 2024.

### 2. *Proposed Agenda Item 2: Motion for Appointment as Interim Co-Lead Class Counsel*

Once the case is remanded from the Ninth Circuit, Plaintiffs would like to move the Court to appoint Quinn Emanuel and Keller Postman as interim co-lead class counsel. As a preview of that motion, Plaintiffs believe that appointing interim co-lead class counsel now will aid Plaintiffs, the putative class, and the Court in a variety of ways. For example, the Department of Justice and several state Attorneys General filed suit against Defendants in the Southern District of New York on claims substantially overlapping with—indeed, largely repeating—the ones Plaintiffs filed years ago. Plaintiffs therefore expect some coordination issues between the two cases and that interim co-lead class counsel appointment here will facilitate that coordination. Additionally, some other plaintiffs have filed putative class actions against Defendants in the Southern District of New York. Although the liability theories and putative class definitions in those cases are importantly different than this one—here, Plaintiffs assert direct purchaser federal antitrust claims and, there, the plaintiffs assert indirect purchaser state antitrust claims— appointing interim co-lead class counsel will avoid any confusion moving forward, particularly in any interactions with the government plaintiffs or with the Southern District of New York itself.

### B. Statement of Defendants

The Ninth Circuit issued its decision in this case on October 28, 2024. Defendants respectfully disagree with the decision and intend to file a petition for rehearing by the November 12, 2024 deadline, and may file a petition for certiorari. The mandate from the Ninth Circuit will not issue to this Court until at least 7 days after it has ruled on Defendants' petition for rehearing. Fed. R. App. P. 41(b). Until

the mandate issues, this case remains stayed, as required by the Supreme Court's holding in *Coinbase, Inc. v. Bielski*. 599 U.S. 736, 744 (2023) ("district court must stay its proceedings" "while the interlocutory appeal is ongoing"); *see also* ECF No. 231 (case is stayed "pending the appeal of the motion to compel arbitration as required by *Coinbase*"). For that reason, Defendants respectfully request that the Court continue the November 7, 2024 status conference to December 5, 2024, to allow time for the final resolution of the interlocutory appeal, as required by *Coinbase*.

While the case remains stayed, Plaintiffs' arguments regarding a renewed motion for a preliminary injunction are premature, as the Court recognized when it previously denied Plaintiffs' motion to enjoin. *See* ECF No. 226 (under *Coinbase*, the "'district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing.' Here, that means deferring decision on Plaintiffs' Motion to Enjoin.") (citation omitted).

| | | |
|---|---|---|
| Dated: November 4, 2024 | | Respectfully submitted, |
| | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By: | */s/ Kevin Y. Teruya* |
| | | Kevin Y. Teruya (Bar No. 235916)<br>kevinteruya@quinnemanuel.com<br>Adam B. Wolfson (Bar No. 262125)<br>adamwolfson@quinnemanuel.com<br>William R. Sears (Bar No. 330888)<br>willsears@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |
| | | KELLER POSTMAN LLC<br>Warren Postman (Bar No. 33069)<br>wdp@kellerpostman.com<br>Albert Pak (*pro hac vice* forthcoming)<br>albert.pak@kellerpostman.com<br>1100 Vermont Avenue, N.W., 12th Fl.<br>Washington, D.C. 20005<br>Telephone: (202) 918-1123 |
| | | *Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts* |
| Dated: November 4, 2024 | | Respectfully submitted, |
| | | LATHAM & WATKINS LLP |
| | By: | */s/ Timothy L. O'Mara* |
| | | Timothy L. O'Mara |
| | | 505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Tel.: +1.415.391.0600<br>Fax: +1.415.395.8095<br>tim.o'mara@lw.com |
| | | *Attorneys for Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc.* |

## **ATTESTATION**

I am the ECF user whose identification and password are being used to file the foregoing Joint Status Report for November 7, 2024 Status Conference. Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Kevin Y. Teruya, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized such filing.

Dated: November 4, 2024            */s/ Kevin Y. Teruya*
                                              Kevin Y. Teruya