LATHAM & WATKINS LLP
  Timothy L. O'Mara (Bar No. 212731)
    tim.o'mara@lw.com
  Sadik Huseny (Bar No. 224659)
    sadik.huseny@lw.com
  Andrew M. Gass (Bar No. 259694)
    andrew.gass@lw.com
  Alicia R. Jovais (Bar No. 296172)
    alicia.jovais@lw.com
  Robin L. Gushman (Bar No. 305048)
    robin.gushman@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

*Attorneys for Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKOT HECKMAN, LUIS PONCE, JEANENE POPP, & JACOB ROBERTS, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER L.L.C.,<br><br>Defendants. | Case No. 2:22-cv-00047-GW-GJS<br><br>**DEFENDANTS' STATUS REPORT REGARDING REPRODUCTION OF DISCOVERY MATERIAL**<br><br>Judge: Honorable George H. Wu |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' STATUS REPORT RE: REPROD.
OF DISCOVERY MATERIAL
CASE NO. 2:22-cv-00047-GW-GJS

Defendants Ticketmaster L.L.C. ("Ticketmaster") and Live Nation Entertainment, Inc. ("Live Nation") (together, "Defendants") respectfully submit this Status Report Regarding Reproduction of Discovery Material pursuant to the Court's instructions at the January 6, 2025 motion to stay hearing.

At the January 6 hearing, the parties and the Court discussed the potential reproduction of certain materials that Defendants have produced in *United States et al. v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-03973-AS (S.D.N.Y.) ("*United States v. Live Nation*"), and the preceding investigations by the Department of Justice ("DOJ"). Specifically, Plaintiffs requested that this Court order Defendants to produce "everything that they [Defendants] have produced that they mentioned at [pages] 12 and 13 of their stay motion," Jan. 6, 2025 Hr'g Tr. at 22:4-6, which includes over one million documents and over 12 billion observations of data that Defendants have produced in *United States v. Live Nation* and the preceding DOJ investigations, *see* Defs.' Mot. to Stay (ECF No. 280) at 12-13. The Court ordered Defendants to produce that "same discovery" to Plaintiffs "within two weeks, but subject to an explanation as to why it can't" be provided in that timeframe. Jan. 6, 2025 Hr'g Tr. at 22:17-22, 23:8-10.

Immediately after the January 6 hearing, Defendants began the process of assembling these materials for reproduction. This cannot be done with "two presses of a button[,]" *see id.* at 23:3; the process is extremely complicated. Defendants made these productions over the course of nearly ten years in connection with multiple different investigations and litigation, and the document productions are stored in several different databases and other locations. The data productions are even more complex. They are also stored in multiple locations, and given the significant volume, it will take over a week of computer processing time alone simply to prepare hard drives containing the data, on top of the time it takes to collect and organize the data for production.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFS.' STATUS REPORT RE: REPROD.
OF DISCOVERY MATERIAL
CASE NO. 2:22-cv-00047-GW-GJS

In addition to the technical and logistical complexities of the reproduction, Defendants must ensure that their confidential materials are appropriately protected. It would take an extraordinary amount of time and resources to re-review and re-designate the documents and data in accordance with the confidentiality designations set forth in the protective order entered in this matter. Accordingly, the parties are negotiating an agreement under which Defendants' previously produced materials will be treated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the protective order in this matter.

Defendants are prepared to produce the first volume of documents in the next day or two, assuming the confidentiality agreement has been fully executed. This production will include hundreds of thousands of documents that Defendants have produced in the *United States v. Live Nation* litigation. Within the next two weeks, Defendants expect to produce: (1) the remaining documents that Defendants have produced in the *United States v. Live Nation* litigation to date, (2) all documents that Defendants produced in the DOJ investigations preceding the *United States v. Live Nation* litigation, and (3) all data that Defendants produced in the DOJ investigations and the *United States v. Live Nation* litigation to date. Defendants also will reproduce, on a rolling basis going forward, future productions of documents and data that they make in the *United States v. Live Nation* litigation. Additionally, Defendants will produce to Plaintiffs: (1) correspondence relating to data productions Defendants made in the *United States v. Live Nation* litigation and preceding DOJ investigations that explains the data, and (2) any relevant narrative responses that Defendants produced in connection with the DOJ investigations. The correspondence and narrative responses are difficult to compile given that they were not tracked, organized, or stored in any way that anticipated them needing to be compiled and reproduced, but Defendants will produce them as soon as possible.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS.' STATUS REPORT RE: REPROD.
OF DISCOVERY MATERIAL
CASE NO. 2:22-cv-00047-GW-GJS

Plaintiffs take the position that, in addition to the substantial volume of materials discussed above, the Court also ordered Defendants to reproduce: (1) all third-party materials produced in *United States v. Live Nation* and the preceding DOJ investigations and (2) transcripts of all depositions taken in *United States v. Live Nation* and the preceding DOJ investigations, including third-party depositions. Defendants disagree. The Court ordered Defendants to produce what Plaintiffs requested, which was "everything that they [Defendants] have produced that they mentioned at [pages] 12 and 13 of their stay motion[.]" Jan. 6, 2025 Hr'g Tr. at 22:4-6; *see also id.* at 22:17-22. Reproduction of third-party discovery materials was not addressed, nor could it have been. The protective order entered in *United States v. Live Nation* prohibits Defendants from reproducing those third-party materials. *See* Amended Protective Ord., *United States v. Live Nation* (ECF No. 347), attached hereto as **Exhibit A**. It provides that "[n]o person subject to this Order other than the producing person shall disclose any of the Discovery Material or Investigation Material designated by the producing person as Highly Confidential [or Confidential] to any other person whomsoever," and none of the exceptions apply here. *See id.* ¶¶ 7-8.

Accordingly, if Plaintiffs want material produced by third parties in *United States v. Live Nation*, they must seek permission from Judge Subramanian in *United States v. Live Nation*. If this Court intended to allow reproduction of third-party discovery at this time, then Defendants have no objection to Plaintiffs seeking this permission from Judge Subramanian.

With respect to transcripts of depositions of Live Nation or Ticketmaster witnesses, Defendants believe that a reasonable coordination process between this action and *United States v. Live Nation* must be instated prior to any reproduction. In *United States v. Live Nation*, the Government Plaintiffs took the position that, "[g]iven the complexity of the case, the structure of Defendants' business, and the number of third parties with relevant information," they "anticipate[d] . . . up to 80

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFS.' STATUS REPORT RE: REPROD.
OF DISCOVERY MATERIAL
CASE NO. 2:22-cv-00047-GW-GJS

total fact depositions" (i.e., nearly 600 hours of deposition time). Joint Ltr. Re: Initial Pretrial Conf., *United States v. Live Nation* (ECF No. 154), at 3. Judge Subramanian took all of that into account and set significant limits on discovery, and particularly on depositions, limiting each side to 300 hours of deposition time. *See* Civil Case Mgmt. Plan & Scheduling Ord., *United States v. Live Nation* (ECF No. 169), at 3. While this is still a staggering amount of deposition discovery, these discovery limits represent Judge Subramanian's finding that anything more would constitute an unreasonable burden on Defendants. Consequently, it cannot be the case that Plaintiffs are allowed to start with what is effectively the ceiling on deposition discovery in *United States v. Live Nation*, and make that the floor in this matter.

Accordingly, it is Defendants' position that the scope of deposition discovery in this case should be addressed by the parties and the Court in due course in the normal Rule 26(f) process. Until the Court has addressed the parties' respective positions on the scope of deposition discovery in this case, Defendants should not be required to produce deposition transcripts from *United States v. Live Nation*.

Dated: January 20, 2025                     Respectfully submitted,

                                            LATHAM & WATKINS LLP

                                            By: /s/ Timothy L. O'Mara
                                                Timothy L. O'Mara

                                            505 Montgomery Street, Suite 2000
                                            San Francisco, California 94111-6538
                                            Tel.: +1.415.391.0600
                                            Fax: +1.415.395.8095
                                            tim.o'mara@lw.com

                                            *Attorneys for Defendants
                                            Ticketmaster L.L.C. and Live Nation
                                            Entertainment, Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFS.' STATUS REPORT RE: REPROD.
OF DISCOVERY MATERIAL
CASE NO. 2:22-cv-00047-GW-GJS