Jordan D. Teti (Bar No. 284714)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
jordan.teti@hoganlovells.com

Justin W. Bernick (*pro hac vice* forthcoming)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
justin.bernick@hoganlovells.com

*Attorneys for Non-Party Anschutz Entertainment Group, Inc.*

Neema T. Sahni (Bar No. 274240)
Jason T. Lueddeke (Bar No. 279242)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
nsahni@cov.com
jlueddeke@cov.com

*Attorneys for Non-Party Vivid Seats LLC*

Sean Gates
ILOVSKY GATES & CALIA LLP
155 N. Lake Avenue, Ste. 800
Pasadena, CA 91101
sean@illovskygates.com

Ronald F. Wick (*pro hac vice* application pending)
COHEN & GRESSER LLP
2001 Pennsylvania Avenue NW, Ste. 300
Washington, D.C. 20006
rwick@cohengresser.com

*Attorneys for Non-Party SeatGeek, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SKOT HECKMAN, LUIS PONCE, JEANENE POPP, and JACOB ROBERTS, on behalf of themselves and all those similarly situated, | Case No. 2:22-cv-00047-GW-GJS |
| Plaintiffs, | Hon. George H. Wu |
| v. | **NON-PARTIES AEG, SEATGEEK, AND VIVID'S MOTION TO INTERVENE** |
| LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER LLC, | |
| Defendants. | Hearing Date:  May 15, 2025<br>Hearing Time:  8:30 A.M. |

Non-Parties Anschutz Entertainment Group, Inc. ("AEG"), SeatGeek, Inc. ("SeatGeek"), and Vivid Seats LLC ("Vivid") (collectively, "Non-Party Competitors") respectfully request this Court allow Non-Party Competitors to intervene in this case for the limited purpose of amending the Stipulated Protective Order (ECF No. 62, "Protective Order"), so that Non-Party Competitors can prevent their competitively-sensitive information from falling into the hands of their largest competitor.

Under Federal Rule of Civil Procedure 24(a)(2), a nonparty may intervene in ongoing litigation as of right by showing that: (1) the motion is timely; (2) the applicant has a significantly protectable interest relating to the subject of the action; (3) the disposition of the action may practically impair the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the movant's interest. *Kalbers v. United States Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021). A nonparty seeking intervention of right need not intervene as a full party and may do so for a limited purpose. *LG Elecs. v. Q-Lity Comput., Inc.*, 211 F.R.D. 360, 364 (N.D. Cal. 2002). Courts must liberally construe Rule 24(a) in favor of intervention. *United States v. City of Los Angeles, Cal.*, 288 F. 391, 397 (9th Cir. 2002). Non-Party Competitors satisfy all four requirements under Rule 24(a).

***First***, Non-Party Competitors' motion is timely. Non-Party Competitors each received subpoenas to produce their documents from Plaintiffs on March 6, 2025. Exs. 15, 16, 17, & 18 (Subpoenas). The documents subpoenaed contain Non-Party Competitors' confidential and proprietary information. *Id*. The next day, AEG and SeatGeek informed the parties of their intention to seek amendment to the Protective Order and sought a conference on the proposed amendment. Ex. 19 (SeatGeek Letter). At a conference on March 12, 2025, Plaintiffs consented to the proposed amendment while Defendants objected. On March 31, 2025, Vivid informed the parties that it intended to join AEG and SeatGeek's motion as a moving party and move on the same grounds and seek the same relief as AEG and SeatGeek. Soon after, Non-Party Competitors filed this motion to intervene.

***Second***, "preventing the disclosure of commercially-sensitive and confidential information is a well-established interest sufficient to justify intervention under Rule 24(a)."

*Celgard LLC v. Targray Tech. Int'l, Inc.*, 2021 WL 831030, at * 2 (C.D. Cal. Feb. 10, 2021) (quoting *100Reporters LLC v. United States Dep't of Just.*, 307 F.R.D. 269, 275 (D.D.C. 2014)); *see also Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 414 (Fed. Cl. 2006) ("This is not a very high barrier . . . . [T]rade secrets and proprietary information are the very type of interest the protection of which justifies intervention under Rule 24(a)."). Non-Party Competitors seek to intervene precisely for this purpose, and for this purpose only.

*Third*, Non-Party Competitors would be irreparably harmed by the disclosure of their competitively-sensitive information because such a disclosure could not later be undone. *See Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000) ("Even a seemingly insignificant risk of disclosure cannot be ignored due to the threat of significant potential injury. . . . [The competitor's confidential] information could be used to . . . compete for its customers, or interfere with its business plan and thereby gain a competitive advantage in the marketplace."); *see also In re Sealed Case*, 237 F.3d 657, 663 (D.C. Cir. 2001) ("Once the information is released, . . . 'the cat is out of the bag.'") (citation omitted). The documents subpoenaed include highly confidential, competitively sensitive business information that Non-Party Competitors otherwise do not disclose to anyone outside their respective companies, much less to their competitors. The competitively sensitive nature of this information and the potential harm that could result from its disclosure is discussed at length in the Non-Party Competitors' Motion to Amend the Protective Order. Any protective order that fails to safeguard that highly-sensitive, non-public business information would result in direct, irreparable, and substantial economic harm to Non-Party Competitors if it were disclosed to Defendants' employees, including their in-house counsel.

*Fourth*, Non-Party Competitors are not adequately represented by any existing parties. "The burden of showing inadequacy is minimal." *LG Elecs.*, 211 F.R.D. at 364. As discussed in Non-Party Competitors' Motion to Amend the Protective Order, the Protective Order, which was stipulated by the parties, is insufficient to protect Non-Party Competitors' closely, guarded, highly-sensitive, and proprietary information. None of the parties has an

interest in the protection of this material.

Accordingly, Non-Party Competitors meet each of the four elements supporting intervention as of right, and the Court should grant their motion to intervene. But even if the Court finds that Non-Party Competitors should not be permitted to intervene as of right, the Court should still permit Non-Party Competitors to intervene. Rule 24(b) allows this Court to exercise its discretion and allow intervention where there is a timely application and the applicant's "claim or defense shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). This Circuit routinely grants permissive intervention to non-parties, like Non-Party Competitors, seeking to protect their confidential information disclosure. *See, e.g., Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472-73 (9th Cir. 1992); *San Jose Mercury News, Inc. v. U.S. Dist. Ct. – N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999); *LG Elecs*, 211 F.R.D. at 373; *see also E.E.O.C. v. Nat'l Child.'s Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders.").

For the foregoing reasons, Non-Party Competitors respectfully request that the Court grant their motion to intervene for the limited purpose of amending the Protective Order, so they can protect their highly confidential and competitively sensitive business information.

Dated:  April 11, 2025

By:

/s/ Jordan D. Teti
Jordan D. Teti (Bar No. 284714)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
jordan.teti@hoganlovells.com

Justin W. Bernick (*pro hac vice* forthcoming)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004

justin.bernick@hoganlovells.com

*Attorneys for Non-Party Anschutz Entertainment Group, Inc.*


By:

/s/ Sean Gates
Sean Gates
ILOVSKY GATES & CALIA LLP
155 N. Lake Avenue
Suite 800
Pasadena, CA 91101
sean@illovskygates.com

Ronald F. Wick (*pro hac vice* application pending)
COHEN & GRESSER LLP
2001 Pennsylvania Avenue NW
Suite 300
Washington, D.C.  20006
rwick@cohengresser.com

*Attorneys for Non-Party SeatGeek, Inc.*


By:

/s/ Neema T. Sahini
Neema T. Sahni
Jason T. Lueddeke
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone:  (424) 332-4800
Facsimile:  (424) 332-4749
nsahni@cov.com
jlueddeke@cov.com

*Attorneys for Non-Party Vivid Seats LLC*

## SIGNATURE ATTESTATION

I am the ECF user whose identification and password are being used to file the foregoing document. Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Jordan D. Teti, attest that I have obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: April 11, 2025                    By:

/s/ Jordan D. Teti
Jordan D. Teti

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Non-Party AEG, certifies that this brief contains 968 words and complies with the word limit of L.R. 11-6.1.

Dated: April 11, 2025                    By:

/s/ Jordan D. Teti
Jordan D. Teti