Sean Gates
ILOVSKY GATES & CALIA LLP
155 N. Lake Avenue
Suite 800
Pasadena, CA 91101
sean@illovskygates.com

Ronald F. Wick (*pro hac vice* application pending)
COHEN & GRESSER LLP
2001 Pennsylvania Avenue NW
Suite 300
Washington, D.C. 20006
rwick@cohengresser.com

*Attorneys for Non-Party SeatGeek, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated | Case No. 2:22-cv-00047-GW-GJS |
| Plaintiffs, | **DECLARATION OF JAMIE RAGHU IN SUPPORT OF MOTION TO AMEND THE PROTECTIVE ORDER** |
| v. | |
| Live Nation Entertainment, Inc., and Ticketmaster LLC, | |
| Defendants. | Hon. Judge George H. Wu |

I, Jamie Raghu, declare as follows:

1.      I am Associate General Counsel, Litigation & Employment at SeatGeek, Inc. ("SeatGeek"). I am an attorney in good standing with the Bar of the State of New York. I make this Declaration in support of SeatGeek and other non-party ticketing competitors' Motion to Amend the Protective Order. The facts set forth herein are based on my personal knowledge; if called upon to do so, I can and will competently testify to these facts.

2.      SeatGeek is a mobile-first platform that competes with Ticketmaster in the primary and secondary (resale) ticketing sectors. As a primary ticketer, SeatGeek's principal U.S. focus has been on competition for contracts with venues hosting major professional sports teams. SeatGeek's primary competition for those contracts is Defendant Ticketmaster LLC ("Ticketmaster").

3.      My role at SeatGeek includes, among other duties, advising the company on government investigations and litigation. One such matter I have advised the company on is *United States et al. v. Live Nation Entertainment, Inc. & Ticketmaster L.L.C.*, No. 1:24-cv-03973-AS (S.D.N.Y.) (the "Government Action").

4.      In the Government Action, SeatGeek produced more than 4,000 documents and nearly ninety million rows of data in response to a pre-complaint Civil Investigative Demand ("CID") issued by the United States Department of Justice ("DOJ"). In addition, SeatGeek has received subpoenas in the Government

Declaration of Jamie Raghu
CASE NO. 2:22-cv-00047-GW-GJS

Action from both the DOJ and Defendants and anticipates making substantial additional document and data productions in response to those subpoenas, which will include further documents and data of the types described below.

5.    In connection with the Government Action, SeatGeek has produced and/or expects to produce a significant volume of documents and data that contain SeatGeek's most closely held and competitively sensitive information. These include:

a.  Discussions of SeatGeek's existing and contemplated product features, including analyses of the likely impact of the addition or enhancement of certain product features on SeatGeek's business and SeatGeek's competition with Ticketmaster;

b.  SeatGeek's primary ticketing contracts with venues, which are held confidential by the parties to the contracts and the renewal of which will involve head-to-head competition with Ticketmaster;

c.  SeatGeek's analyses of competitive opportunities, including detailed discussions of sales calls with venues for whose business SeatGeek and Ticketmaster compete;

d.  SeatGeek's correspondence with venues (for whose business SeatGeek competes with Ticketmaster) regarding and constituting contract negotiations; and

3

e.  SeatGeek's confidential pricing, sales, and other financial data.

6.    Disclosure of these materials produced by SeatGeek to Defendants' employees, including in-house counsel who participate in or advise on competitive decision-making, threatens substantial competitive harm to SeatGeek.

7.    For example, disclosure to Defendants of the contents of SeatGeek's discussions and negotiations with venues regarding proposed ticketing contracts would allow Defendants to use such information to their competitive advantage in their own negotiations with those venues. Similarly, disclosure to Defendants of SeatGeek's internal analyses of its product features would provide Defendants with a roadmap to competition with SeatGeek.

8.    Additionally, a central allegation in both this action and the Government Action involves Defendants' history of threatening and retaliating against companies that do business with Defendants' competitors, including SeatGeek. SeatGeek has produced and will produce documents discussing or containing such allegations, made by venues to SeatGeek in confidence. Some of these discussions reflect venues' fear of retaliation from Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 8, 2025.

Jamie Raghu

4

Declaration of Jamie Raghu
CASE NO. 2:22-cv-00047-GW-GJS