NEEMA T. SAHNI (Bar No. 274240)
JASON T. LUEDDEKE (Bar No. 279242)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email:      nsahni@cov.com
            jlueddeke@cov.com

*Attorneys for Non-Party*
*Vivid Seats LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKOT HECKMAN, LUIS PONCE, JEANENE POPP, and JACOB ROBERTS, on behalf of themselves and all those similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER LLC,<br><br>       Defendants. | Case No. 2:22-cv-00047-GW-GJS<br><br>The Honorable George H. Wu<br><br>**DECLARATION OF EMILY EPSTEIN IN SUPPORT OF NON-PARTY COMPETITORS' MOTION TO AMEND THE PROTECTIVE ORDER** |

## DECLARATION OF EMILY EPSTEIN

I, Emily Epstein, declare as follows:

1.     I am General Counsel of Non-Party Vivid Seats LLC ("Vivid") and have held this title since 2022.  I submit this Declaration in support of Non-Party Competitors' Motion to Amend the Protective Order.  The matters set forth herein are true and correct to the best of my own personal knowledge, and, if called a witness, I could and would testify competently thereto.

2.     Vivid is principally a ticket exchange and resale company that offers an online platform for customers to buy and sell tickets to live events.  In addition to this "secondary" ticket sales platform, Vivid also offers a small inventory of "primary" ticket sales through its Vegas.com platform.  Vivid is a competitor of Defendants Live Nation Entertainment, Inc. and Ticketmaster LLC in the ticketing services industry.

3.     On February 23, 2023, the Department of Justice ("DOJ") issued a Civil Investigative Demand ("CID") to Vivid in connection with the DOJ antitrust investigation of Defendants.  On August 21, 2024, the DOJ and various state attorneys general served a Rule 45 subpoena on Vivid in connection with their antitrust lawsuit against Defendants, captioned *United States, et al. v. Live Nation Entertainment, Inc., et al.*, No. 1:24-cv-03973-AS (S.D.N.Y.) ("Government Action").  On September 13, 2024, Defendants issued Vivid a distinct Rule 45 subpoena in connection with the Government Action.  Together, the subpoenas contain over 100 separate document requests to Vivid (collectively, "Government Action Subpoenas").

4.     In response to the CID and the Government Action Subpoenas, Vivid has produced or will produce at least the following general categories of documents and data, including documents collected from Vivid's most senior decision-making executives:

(a)     Vivid's internal analysis of its financial performance, standing, and market share; its business, partnership, and growth strategies; and its ticketing technologies;

DECLARATION OF EMILY EPSTEIN IN SUPPORT OF NON-PARTY COMPETITORS' MOTION TO AMEND THE PROTECTIVE ORDER

(b)    Vivid's market analysis of the ticketing industry and competitors, including efforts to compete with Defendants;

(c)    Millions of rows of Vivid's ticketing data, reflecting various financial metrics of pricing, fees, and revenue; and

(d)    Nearly one hundred of Vivid's contracts with counterparties from various live events sectors related to ticketing, sponsorship, and advertising, which reflect confidential negotiated terms, including rates, revenue splits, and financial arrangements.

5.    As is reflected in the foregoing list, Vivid's document productions in response to the CID and the Government Action Subpoenas contain (or will contain, as to forthcoming productions) among Vivid's most confidential and competitively sensitive business information that it safeguards from *any* disclosure—let alone disclosure to a competitor, and especially one with the market share, resources, influence, and connections of the Defendants.  For this reason, Vivid's document productions have been made, negotiated, and/or produced in reliance on the confidentiality protections afforded by the protective orders governing those productions.  Indeed, Vivid's willingness and agreement to produce documents from the CID and other materials responsive to the Government Action Subpoenas in the Government Action was premised and contingent on the confidentiality requirements of the protective order in that action—confidentiality protections which are not afforded by the current protective order in this case.

6.    On March 6, 2025, Plaintiffs in the instant action served on Vivid a Rule 45 subpoena, which requests that Vivid produce in the instant action its document productions from the Government Action and related pre-complaint government investigation to the extent such documents relate to the instant action.  On March 20, 2025, Vivid timely served written responses and objections to the subpoena, again citing the same confidentiality and protective order concerns raised in the instant motion.

7.    Vivid reasonably fears a substantial risk of irreparable competitive harm if its document productions from the Government Action and related pre-complaint government

DECLARATION OF EMILY EPSTEIN IN SUPPORT OF NON-PARTY COMPETITORS' MOTION TO AMEND THE PROTECTIVE ORDER

investigation are produced in the instant action pursuant to the current protective order, which, even under the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, permits Defendants to unilaterally choose which in-house counsel may receive Vivid's produced materials.   Specifically, Vivid reasonably fears that such disclosure would allow Defendants to, among other things:

(a)   Determine price points to drive out Vivid and other competitors from particular deals or markets;

(b)   Implement or develop ticketing technologies to compete with Vivid's services;

(c)   Capitalize on Vivid's research and initiatives to Vivid's disadvantage;

(d)   Understand Vivid's internal strategic thinking and then use that information to neutralize certain key initiatives; and

(e)   Otherwise directly disadvantage Vivid in its efforts to compete with Defendants.

8.   Vivid has complied and will comply with its discovery obligations as a non-party to the Government Action and the instant action, but it should not be forced to suffer a severe business and competitive disadvantage as a result of those obligations, particularly given its non-party status.

4

DECLARATION OF EMILY EPSTEIN IN SUPPORT OF NON-PARTY COMPETITORS' MOTION TO AMEND THE PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on April 8, 2025, at Chicago, Illinois.

_____
Emily Epstein

---

5

DECLARATION OF EMILY EPSTEIN IN SUPPORT OF NON-PARTY COMPETITORS' MOTION TO AMEND THE PROTECTIVE ORDER