# EXHIBIT 12

February 28, 2025

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re: United States, et al. v. Live Nation Entertainment, Inc., et al., No. 1:24-cv-03973

Dear Judge Subramanian,

        We write on behalf of Non-Party SeatGeek, Inc. ("SeatGeek"), in response to the February 18, 2025 letter-motion (ECF No. 424) filed by the plaintiffs in Heckman v. Live Nation Entertainment, Inc. et al., Case No. 2:22-cv-00047-GW-GJS (C.D. Cal.) (the "Heckman Plaintiffs"), to intervene and amend the Amended Protective Order ("Protective Order") in the above-captioned action.

        SeatGeek's principal concern is ensuring that any receipt by the Heckman Plaintiffs of SeatGeek's Confidential and Highly Confidential material does not compromise the protections from disclosure of such material to Defendants' employees that the Protective Order affords. The Heckman Plaintiffs' proposed amendment does not sufficiently ensure the preservation of those protections, which are absent from the current protective order in the Heckman litigation (Exhibit A hereto).  Accordingly, SeatGeek requests that any amendment to the Protective Order includes language preventing either the Heckman Plaintiffs or Defendants from disclosing it, under any circumstances, to persons who are not authorized to receive it under the Protective Order.

        As the Court is aware, the Protective Order provides that "[n]o person subject to this Order other than the producing person" may disclose Confidential or Highly Confidential material "to any other person whomsoever," other than authorized recipients enumerated in Paragraphs 7 (for Highly Confidential material) and 8 (for Confidential material).  (ECF No. 347 at 4-7.)  Under Paragraph 7, non-party material designated Highly Confidential may not be disclosed to any of Defendants' employees, including Defendants' in-house counsel.  Under Paragraph 8, non-party material designated Confidential may be disclosed to no more than two "Designated In-House Counsel of Defendants," who must execute a certification regarding their abstention from certain activities involving competitive decision-making or litigation involving the producing non-party.

        Any amendment to the Protective Order should ensure that disclosure by Defendants to counsel for the Heckman Plaintiffs does not enable any party in either case to circumvent these protections.  The protective order currently in place in the Heckman litigation, which SeatGeek did not receive notice of or an opportunity to be heard on before its entry, permits the disclosure of material designated "CONFIDENTIAL" to employees of the receiving party "to whom disclosure is reasonably necessary for this Action."  (Exh. A at 11, § 7.2(b).)  It permits disclosure of material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to up to three in-house counsel, none of whom, unlike those designated under the Protective

Order in this action, are required to make any certifications as to their involvement in competitive decision-making. (*Id.* at 12, § 7.3(a).) Thus, in order to ensure that Live Nation's disclosure of non-party Confidential and Highly Confidential material to the *Heckman* Plaintiffs' counsel does not result in disclosure of such material to recipients who are not authorized to receive it under the Protective Order in this action, SeatGeek requests that the proposed amendment to the Protective Order provide explicitly that:

- Counsel for the *Heckman* Plaintiffs who receive non-party Confidential or Highly Confidential material from Defendants must acknowledge and agree, in writing, to be bound by the Protective Order in this action, including its prohibition on disclosure of material designated Confidential or Highly Confidential to any recipient not authorized by the Protective Order; and

- Disclosure of non-party Confidential or Highly Confidential material produced by Defendants to counsel for the *Heckman* Plaintiffs neither renders Defendants "producing persons" of such material for purposes of Paragraphs 7 and 8 of the Protective Order nor permits Defendants to disclose such material to any recipient not authorized by the Protective Order.

SeatGeek submits its proposed modifications to the *Heckman* Plaintiffs' requested amendment as Exhibit B to this letter.

Respectfully submitted,

COHEN & GRESSER LLP

/s/ Ronald F. Wick
Melissa H. Maxman (admitted *pro hac vice*)
Ronald F. Wick (admitted *pro hac vice*)
2001 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20006

William Kalema
800 Third Avenue
Floor 21
New York, NY 10022

mmaxman@cohengresser.com
rwick@cohengresser.com
wkalema@cohengresser.com

*Attorneys for Non-Party SeatGeek, Inc.*

2