# EXHIBIT 14

**COVINGTON**

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1000

**Via CM/ECF**                                                    February 28, 2025

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

> **Re:    *United States, et al. v. Live Nation Entertainment, Inc., et al.*,
> No. 1:24-cv-03973-AS (S.D.N.Y.)**

Dear Judge Subramanian:

We write on behalf of non-party Vivid Seats LLC ("Vivid") in response to the February 18, 2025 letter-motion (ECF No. 424) filed by the plaintiffs in *Heckman v. Live Nation Entertainment, Inc., et al.*, No. 2:22-cv-00047-GW-GJS (C.D. Cal.) (the "*Heckman* Plaintiffs"), to intervene and amend the Amended Protective Order (the "Protective Order") in the above-captioned action.

Vivid joins in opposing the *Heckman* Plaintiffs' request to modify the Protective Order. Like the other non-parties who have opposed the *Heckman* Plaintiffs' letter-motion, Vivid previously produced documents as part of Plaintiffs' pre-complaint investigation and will be producing documents in response to two distinct Rule 45 subpoenas served by Plaintiffs and Defendants respectively in this action. Vivid's productions have been and will be made in reliance on the confidentiality protections afforded by the protective orders governing those productions and therefore the Court should not modify the Protective Order absent extraordinary circumstances or a compelling need that has not been shown here. *See S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001) ("Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need."); *see also AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) ("It is presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied."). Indeed, any reproduction of Vivid's documents may be sought, if appropriate, through the normal discovery process, which affords important protections to non-parties, and is thus the appropriate mechanism for seeking such discovery. *See* Fed. R. Civ. P. 45.

For these reasons and those set forth in the recent submissions by other non-parties, Vivid opposes the *Heckman* Plaintiffs' requested relief and respectfully requests that the *Heckman* Plaintiffs' letter-motion be denied.

**COVINGTON**

February 28, 2025
Page 2

Respectfully submitted,

COVINGTON & BURLING LLP

*/s/ Mark P. Gimbel*

Mark P. Gimbel
620 Eighth Avenue
New York, NY 10018
(212) 841-1161
mgimbel@cov.com

Neema T. Sahni (*pro hac vice*
motion forthcoming)
1999 Avenue of the Stars
Los Angeles, CA 90067
(424) 332-4757
nsahni@cov.com

*Attorneys for Non-Party Vivid Seats
LLC*