# EXHIBIT 16

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3450**

WRITER'S EMAIL ADDRESS
**robfuqua@quinnemanuel.com**

March 6, 2025

AXS Group LLC
c/o The Corporation Trust Company
Corporation Trust Center, 1209 Orange St
Wilmington, DE. 19801

Re:    *Skot Heckman et al. v. Live Nation Entertainment, Inc. et al.*, Case No. 2:22-cv-00047-GW-GJS (C.D. Cal.)

To Whom it May Concern at AXS Group LLC:

I write on behalf of my clients, Skot Heckman, et al. ("Heckman Plaintiffs"), concerning the above-captioned lawsuit, which is venued in federal court in the Central District of California ("Lawsuit"). Enclosed with this letter is a subpoena to AXS Group LLC to produce documents and information to the Heckman Plaintiffs in the Lawsuit. This subpoena is made pursuant to the Federal Rules of Civil Procedure. The Heckman Plaintiffs seek these documents only to the extent they cannot be obtained through their pending motion to intervene in the government's parallel action against the same defendants. *See United States, et. al. v. Live Nation Entertainment, Inc., et al.*, Case No. 1:24-cv-03973-AS (S.D.N.Y) (ECF Nos. 424, 466). Should AXS Group LLC have any questions about the subpoena, please contact me.

Sincerely,

*/s/ Robert B. Fuqua*

Robert B. Fuqua

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | )  |
|---|---|
| Skot Heckman et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-00047-GW-GJS |
| Live Nation Entertainment, Inc. et al | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      AXS Group LLC, c/o THE CORPORATION TRUST COMPANY, Corporation Trust Center, 1209 Orange St, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Quinn Emanuel Urquhart & Sullivan LLP 865 South Figueroa Street, 10th Floor Los Angeles, California 90017-2543 | Date and Time: 03/20/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/06/2025

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Robert B. Fuqua |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts      , who issues or requests this subpoena, are:

Robert Fuqua, 865 South Figueroa St., 10th Fl. Los Angeles, CA 90017, robfuqua@quinnemanuel.com; 213-443-3000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A – DOCUMENTS TO BE PRODUCED

## DEFINITIONS

These requests for production are subject to and incorporate the following definitions and instructions as used herein:

1.     The terms "ANY" and "ALL" mean every iteration, occurrence, instance, version, or form, whether complete or partial, in any format.

2.     The term "COMMUNICATION(S)" means, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail.

3.     The term "DEPOSITION(S)" refers to all notices and transcripts of, and exhibits introduced at, oral depositions (in their unredacted form) including but not limited to those encompassing Rules 30(a), 30(b)(1), and 30(b)(6) of the Federal Rules of Civil Procedure or their state-law, foreign or regulatory counterparts.

4.     The term "DOCUMENT(S)" shall have the broadest meaning ascribed to them by the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails, instant messages, text messages; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, summaries, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or

absence of hand-written notes or underlining, represents a separate document within the meaning of this term).  The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

5.    The term "GOVERNMENT" refers to any federal, state, or local governmental entity, agency, department, bureau, commission, or regulatory body, including but not limited to the U.S. Department of Justice, the Federal Trade Commission, the Securities and Exchange Commission, state attorneys general, and any legislative, executive, or administrative body with oversight, investigative, or enforcement authority related to the subject matter of this subpoena.

6.    The term "GOVERNMENT ACTION" refers to *United States, et. Al. v. Live Nation Entertainment, Inc., et al*., Case No. 1:24-cv-03973-AS (S.D.N.Y).

7.    The term "LIVE NATION" refers to Live Nation Entertainment, Inc., and, without limitation, any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, legal counsel, or any other representative or person acting on behalf of Live Nation Entertainment, Inc.

8.    The term "PRODUCED" means any act of furnishing, disclosing, delivering, or otherwise making available, whether voluntarily, in response to a request, or pursuant to legal process, including subpoenas, civil investigative demands, or other compulsory mechanisms.

9.    The terms "REGARDING" and "RELATE TO" mean concerning, mentioning, reflecting, pertaining to, evidencing, identifying, incorporating, summarizing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

10.    The term "TICKETMASTER" shall refer to Ticketmaster LLC and, without limitation, any past or present parent, division, subsidiary, affiliate, joint

venture, associated organization, director, officer, agent, employee, consultant, staff member, legal counsel, or any other representative or person acting on behalf of Ticketmaster LLC.

11.    The terms "YOU" and "YOUR" shall refer to AXS Group LLC.

12.    Any terms not otherwise defined shall be given their plain and ordinary meanings.

**INSTRUCTIONS**

1.    YOU are required to produce all non-privileged DOCUMENTS in YOUR possession, custody, or control, including information in the possession, custody, or control of any of YOUR attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and PERSONS under YOUR control.

2.    Each DOCUMENT is to be produced along with all non-identical versions thereof in their entirety, without abbreviation or redaction.

3.    All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

4.    All DOCUMENTS that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

5.    Color copies of DOCUMENTS are to be produced where color is necessary to interpret or understand the contents.

6.    The source(s) or derivation of each DOCUMENT produced shall be specifically identified.

7.    Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

8.      The Requests are limited in time from 2010 through the present.

9.      In the event that any DOCUMENT called for by the following Requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copy(s); (ii) the DOCUMENT'S date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts upon which YOU would base YOUR claim of privilege or immunity.

10.     In the event that any DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copy(s); (ii) the DOCUMENT'S date, number of pages and attachments or appendices; (iii) the DOCUMENT'S subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the PERSONS who were authorized to carry out such destruction or discard; and (vi) whether any copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

# REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1.:

ALL DOCUMENTS and COMMUNICATIONS that YOU PRODUCED to the GOVERNMENT as part of ANY investigation REGARDING TICKETMASTER or LIVE NATION, to the extent they RELATE TO the issues in this case.

## REQUEST FOR PRODUCTION NO. 2.:

ALL DOCUMENTS and COMMUNICATIONS that YOU PRODUCED as part of the GOVERNMENT ACTION, to the extent they RELATE TO the issues in this case.

## REQUEST FOR PRODUCTION NO. 3.:

ALL DEPOSITIONS YOU have provided as part of ANY investigation REGARDING TICKETMASTER or LIVE NATION, to the extent they RELATE TO the issues in this case.

## REQUEST FOR PRODUCTION NO. 4.:

ALL DEPOSITIONS YOU have provided as part of the GOVERNMENT ACTION, to the extent they RELATE TO the issues in this case.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00047-GW-GJS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).