EXHIBIT 19

**COHEN & GRESSER LLP**

2001 Pennsylvania Avenue NW
Suite 300
Washington, DC 20006
+1 202 851 2070 phone
www.cohengresser.com

Ronald F. Wick
202 851 2072
rwick@cohengresser.com

March 7, 2025

**VIA EMAIL**

Adam Wolfson
(adamwolfson@quinnemanuel.com)
Robert B. Fuqua
(robfuqua@quinnemanuel.com)
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Timothy L. O'Mara
(tim.o'mara@lw.com)
Andrew M. Gass
(Andrew.gass@lw.com)
Alicia R. Jovais
(Alicia.jovais@lw.com)
Samuel R. Jeffrey
(sam.jeffrey@lw.com)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111

Re:  *Skot Heckman,* et al. *v. Live Nation Entertainment, Inc.*, et al., 2:22-cv-00047 (C.D. Cal.)

Dear Counsel:

I write on behalf of our non-party SeatGeek, Inc. ("SeatGeek"), in connection with the above-captioned case.  SeatGeek, along with non-party Anschutz Entertainment Group, Inc. ("AEG," and together with SeatGeek, the "Non-Party Competitors"), both of which have received subpoenas from Plaintiffs for the production of documents in this action, intend to seek an amendment to the Stipulated Protective Order (ECF No. 62, "Protective Order").  Pursuant to Local Rule ("L.R.") 37-1, we write to request a conference regarding the proposed relief.  Counsel for AEG, Justin Bernick, is copied on this letter.



March 7, 2025
Page 2

Section 7.3 of the Protective Order in this case permits even the most confidential material produced by non-parties—material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"—to be disclosed to up to three in-house counsel of Defendants.  Moreover, Section 7.2 of the Protective Order permits information designated "CONFIDENTIAL" to be disclosed to non-lawyer employees of Defendants.

Based on statements made by Defendants to the court in *United States et al. v. Live Nation Entertainment, Inc. et al.,* 1:24-cv-03973, (S.D.N.Y.) (the "New York Litigation"), as well as in their recent filing in this action, the Non-Party Competitors are concerned that the in-house counsel to whom Defendants intend to disclose this information participate in competitive decision-making, and believe that certain information should not be disclosed to any of Defendants' employees, including in-house counsel.

Accordingly, the Non-Party Competitors intend to seek an amendment to the Protective Order that would provide additional limitations, similar to those in place in the New York Litigation, on disclosure of non-party confidential material to Defendants' employees.  Specifically, the Non-Party Competitors intend to propose an amendment that will prohibit the disclosure of non-party material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Defendants' employees, including in-house counsel, and will prohibit the disclosure of non-party material designated "CONFIDENTIAL" to Defendants' employees except for up to three designated in-house counsel who certify that they do not participate in or advise on competitive decision-making, or participate in or advise on certain litigation involving non-parties whose confidential information they have accessed in this action.

The subpoenas served by Plaintiffs seek the Non-Party Competitors' highly sensitive and confidential information, including documents pertaining to communications with clients and prospective clients for which the Non-Party Competitors compete with Defendants.  Such unilateral access to the Non-Party Competitors' competitively sensitive and proprietary information by Defendants' employees risks putting the Non-Party Competitors at a severe competitive disadvantage and creating substantial and irremediable harm the Non-Party Competitors and their existing and potential clients.  *See, e.g., Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992) (finding that plaintiff's counsel's "employment would necessarily entail advising his employer in areas relating to [Defendant's] trade secrets," and "in-house counsel was thus involved in the kind of 'competitive decisionmaking that counsels against disclosure[.]").



March 7, 2025
Page 3

Given recent developments in this case and the New York Litigation, we believe this issue is time-sensitive.  Accordingly, we would appreciate your advising of your availability for a conference on Monday, Tuesday, or Wednesday of next week.

Very truly yours,

*Ronald F. Wick*

Ronald F. Wick

cc:  Justin Bernick, Esq.