# EXHIBIT 21

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA et al., *Plaintiffs*, v. LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER L.L.C., *Defendants*. | Civil No. 1:24–cv–3973-AS **ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' JOINT MEMORANDUM OF LAW IN
OPPOSITION TO THE HECKMAN PLAINTIFFS'
MOTION TO INTERVENE AND MODIFY THE PROTECTIVE ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................... 1

PERMISSIVE INTERVENTION IS NOT JUSTIFIED. ..................................... 2

MODIFICATION OF THE PROTECTIVE ORDER IS NOT APPROPRIATE. ............... 5

    A.   The Heckman Plaintiffs Fail to Overcome the Strong Presumption Against Modification. ................................................................................................ 6

        1.   The Protective Order is Not an Overly Broad "Blanket Order." .......................... 7

        2.   The Protective Order's Language is Not Temporary, Limited, or Designed to Provide Access to Private Litigants in Other Cases. .................................................. 8

        3.   This Court Undertook a High Level of Inquiry Before Entering the Protective Order. ................................................................................................... 9

        4.   Producing Parties and Non-Parties Have Relied on the Protective Order. .......... 10

    B.   The Heckman Plaintiffs Fail to Satisfy the Requirements for Modification. .......... 11

        1.   The Heckman Plaintiffs Lack Any Extraordinary Circumstance or Compelling Need. ................................................................................................. 12

        2.   The Heckman Plaintiffs Fail to Show Their Interests Outweigh Important Countervailing Interests. ................................................................................. 12

CONCLUSION ................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*AT & T Corp. v. Sprint Corp.*, 407 F.3d 560 (2d Cir. 2005). ...............................................2

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). ...........................4

*Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004). ............................................9

*Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734 (2d Cir. 2000).......................................6

*Giuffre v. Maxwell*, No. 15 Civ. 7433, 2020 WL 6947435 (S.D.N.Y. Nov. 25, 2020). 11, 12

*H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85 (2d Cir. 1986) ...3, 4

*In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139 (2d Cir. 1987)...................................7

*In re Dep't of Investigation of City of New York*, 856 F.2d 481 (2d Cir. 1988). ............3, 13

*In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308 (D. Conn. 2009)....................................................................................................................passim

*Iridium India Telecom Ltd. v. Motorola, Inc.*, 165 F. App'x 878 (2d Cir. 2005). ............6, 9

*Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir. 1979). ........................6, 10, 11

*S.E.C. v. TheStreet.Com*, 273 F.3d 222 (2d Cir. 2001). ..........................................6, 11, 12

*United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995)........................................3, 8, 9, 13

## INTRODUCTION

The motion filed by the Heckman Plaintiffs (Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, as representatives of a proposed class) is predicated on the notion that the judge presiding over their proposed class action in the Central District of California ordered Defendants Live Nation and Ticketmaster to produce "all documents produced in this case," including those of non-parties. ECF No. 424, at 1. But the judge entered no such order. To the contrary, Judge Wu said the "Court will *not* order Defendants to presently reproduce the [non-party] materials. Instead, [the Heckman] Plaintiffs may seek to specifically compel these materials . . . through the regular discovery process." Ex. A (*Heckman*, ECF No. 292), at 1-2 (emphasis added); *see also* Ex. B (*Heckman*, ECF No. 290), at 3 ("Defendants disagree [with Heckman Plaintiffs' position that the Court ordered Defendants to reproduce all non-party material]. . . . Reproduction of [non]-party discovery materials was not addressed.").

Rather than go through the "regular discovery process" in their case to obtain materials relevant to their claims, the Heckman Plaintiffs instead seek to modify the Protective Order in this case (ECF No. 213; ECF No. 347) to allow Defendants to re-produce to them all materials provided to the United States and State Plaintiffs ("Plaintiffs") by more than 150 non-parties over the past 10 years.

Remarkably, the Heckman Plaintiffs propose to modify Paragraphs 7 and 8 to grant themselves access to Highly Confidential and Confidential materials *without* proposing other modifications that (1) actually subject themselves to the terms of the Protective Order or (2) provide notice to producing non-parties that their materials are going to be used in the

1

*Heckman* case, contrary to Paragraph 1 of the Protective Order. *See* ECF No. 424, at 1, 3; ECF No. 424-2; ECF No. 347, ¶ 1.

The materials the Heckman Plaintiffs propose to grant themselves access to, subject to no limitations, include voluminous documents produced pursuant to numerous Civil Investigative Demands in two separate DOJ investigations and in response to more than 150 subpoenas served in this litigation. Non-parties produced these materials subject to confidentiality protections that should not be casually upended merely because plaintiffs' counsel in a separate litigation want to avoid seeking to obtain these materials through regular discovery.

For the reasons set forth below, Plaintiffs respectfully ask this Court to deny the motion.[1]

## **PERMISSIVE INTERVENTION IS NOT JUSTIFIED.**

The threshold criteria for permissive intervention is if an applicant's claim or defense and the main action have a question of law or fact in common, which the Heckman Plaintiffs have satisfied. Fed. R. Civ. P. 24(b). But "[e]ven if a party meets the threshold criteria for permissive intervention, the court must still engage in a balancing test of the parties' interests and exercise its [broad] discretion in determining whether or not to grant the intervention." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 315 (D. Conn. 2009); *see also AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005) (discussing the court's "broad discretion" on permissive interventions). Courts consider several factors when performing this balancing test. Chief among them is whether "the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *AT & T*, 407 F.3d at 561-62

---

[1] Plaintiffs file this opposition pursuant to Rule 8.C. of Your Honor's Individual Practices in Civil Cases, which permits a party opposing a motion to file a memorandum of law no longer than 20 pages.

(quoting Fed. R. Civ. P. 24(b)). *See also H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (courts also consider the nature and extent of the proposed intervener's interests). Here, the Heckman Plaintiffs have not demonstrated that their interest in minimizing their discovery burden in a private lawsuit outweighs at least two important countervailing interests that prejudice both the parties and non-parties: (1) the federal and state governments' interest in ensuring cooperation in this case and future government investigations and cases; and (2) the producing non-parties' interest in protecting the confidentiality of sensitive commercial and financial information.

Allowing the Heckman Plaintiffs to intervene to modify the Protective Order and access non-parties' materials will prejudice Plaintiffs by chilling future non-party cooperation in both this case and future government investigations of antitrust law violations. As the Second Circuit has explained, maintaining and encouraging non-party cooperation is critical to Plaintiffs' law enforcement efforts:

> Officials with law enforcement responsibilities may be heavily reliant upon the voluntary cooperation of persons who may want or need confidentiality. If that confidentiality cannot be assured, cooperation will not be forthcoming. Although courts have compulsory process available to compel the giving of evidence or the production of documents, cooperation is also often essential to judicial efficiency. If release is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access.

*United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*"); *see also In re Dep't of Investigation of City of New York*, 856 F.2d 481, 485-86 (2d Cir. 1988) (discussing the "danger of exposing confidential sources, revealing techniques and procedures of law enforcement, and deterring witnesses from cooperating with law enforcement agencies out of fear of disclosure"). The federal and state governments' interest in ensuring protection of non-party materials is not an abstract one. *See, e.g.*, Hearing Tr. at 36:18-20 (Oct. 29, 2024). These very materials could be

3

used against the non-parties—many of whom have already been harmed by the conduct in this case—to further harm them or their business interests merely because they cooperated in an important law enforcement effort.

Additionally, as explained below, intervention for purposes of accessing confidential non-party materials harms the non-parties' interest in controlling their own information. Non-parties have relied on the protections provided in the Protective Order, including that materials produced would not be used "for any purpose other than in connection with this action." ECF No. 347, ¶ 1.

Moreover, this request is not only deeply prejudicial to both party and non-party interests, but overbroad. Many—if not most—of the non-parties' materials are entirely irrelevant to the Heckman Plaintiffs' claims. The Heckman Plaintiffs have "no direct interest in the underlying litigation," *H.L. Hayden*, 797 F.2d at 89. The only interest they identify—"avoiding duplicative discovery"—carries little weight because the claims in this case are different and broader than the claims in *Heckman*. *See* ECF No. 424, at 2 (citing *EPDM*, which is distinguishable as it pertained to two private class actions, one in the United States and one in Canada, with substantially the same claims against the same defendant).

A wholesale re-production of materials from this case would give the Heckman Plaintiffs access to materials to which they would not be entitled in the ordinary course of discovery. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003) (finding a collateral litigant "must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein . . . . Such relevance hinges on the degree of overlap in facts, parties, and issues between the action covered by the protective order and the collateral proceedings."). For example, the Heckman Plaintiffs do not allege monopolization of the promotions market or include any claims concerning amphitheaters. *Compare* Ex. C (*Heckman*,

4

ECF No. 1), at 65-72, *with* ECF No. 233, at 85-136. This means the Heckman Plaintiffs would not ordinarily obtain discovery from many of the non-parties that have produced documents in this case—because the documents would be irrelevant in *Heckman*. The highly-litigated issue of access to Confidential and Highly Confidential materials in this case has involved delicately balancing of the needs of the parties against the non-parties, and has been the subject of careful designations.

Their overbroad request also demonstrates one of the flaws at the core of this request: the Heckman Plaintiffs are seeking to bypass the regular processes of discovery—identifying relevant material, issuing requests to the parties holding the material, and receiving them in the normal course of their litigation—by seeking the extensive materials in this case and then picking and choosing which portions to use in their own. Bypassing the regular discovery processes denies non-parties the right typically granted to recipients of a Rule 45 subpoena, to object and/or move to quash.

The Heckman Plaintiffs have failed to show their interests in access outweigh (1) the federal and state governments' interests in encouraging cooperation and (2) the non-parties' interests in protecting their materials including Confidential and Highly Confidential information. Thus, it is well within this Court's broad discretion to deny the motion to intervene.

### **MODIFICATION OF THE PROTECTIVE ORDER IS NOT APPROPRIATE.**

Even if the Heckman Plaintiffs were justified in intervening (and they are not), they are still unable to meet the high burden necessary for a non-party to modify the Protective Order.

To modify a protective order, there must be a showing that is "more substantial than the good cause needed to obtain a [protective order] in the first instance." *Geller v. Branic Int'l*

*Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). The Second Circuit applies more than the "general presumption" against modification the Heckman Plaintiffs put forth, ECF No. 424, at 3, it applies a "general and *strong* presumption" against modifying access when, as here, producing parties have reasonably relied upon a protective order. *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229-31 (2d Cir. 2001) (emphasis added); *accord Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295-96 (2d Cir. 1979); *see also Iridium India Telecom Ltd. v. Motorola, Inc.*, 165 F. App'x 878, 880 (2d Cir. 2005) (unpublished summary order) (applying a strong presumption against private litigants seeking access); *EPDM*, 255 F.R.D. at 318 (discussing the "stringent" and "strict[]" standard).

Ensuring that parties and non-parties can rely on existing protective orders serves a "vital function." *TheStreet.Com*, 273 F.3d at 229 (quoting *Martindell*, 594 F.2d at 295). "[I]f previously-entered protective orders have no presumptive entitlement to remain in force, parties would resort less often to the judicial system for fear that such orders would be readily set aside in the future." *Id.* at 229-30. Moreover, "modifications unfairly disturb the legitimate expectations of litigants." *Id.* at 230.

To justify modifying the Protective Order, the Heckman Plaintiffs must (a) overcome the strong presumption against modification and (b) satisfy the requirements to justify modification. They do neither.

## A. The Heckman Plaintiffs Fail to Overcome the Strong Presumption Against Modification.

The only basis the Heckman Plaintiffs offer to overcome the "strong presumption against modification," *TheStreet.Com*, 273 F.3d at 230-31, is an argument that the non-parties producing

materials unreasonably relied on this Court's Protective Order. ECF No. 424, at 3. This argument is wrong.

The argument purportedly relies on *EPDM*, which identified four "factors [as] relevant when determining whether a party has reasonably relied on [a] protective order: (1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order." 255 F.R.D. at 318; *see* ECF No. 424, at 3 (four factors set out incorrectly). The Heckman Plaintiffs fail to establish the *EPDM* factors and cannot show unreasonable reliance in this case because, in fact, both parties and non-parties properly relied upon a carefully-crafted protective order that balanced the parties' need for important materials and the protection of the parties producing them.

1.   The Protective Order is Not an Overly Broad "Blanket Order."

The first *EPDM* factor weighs against the Heckman Plaintiffs because the scope of the Protective Order is appropriately tailored. The Heckman Plaintiffs make a conclusory and incorrect assertion that this Court granted "a blanket protective order." ECF No. 424, at 3. It did no such thing. While the Protective Order does not make specific findings on "particular document[s],"—nor could it in a case involving millions of documents of every possible kind—it bears no resemblance to the type of blanket order referenced in *EPDM*. *EPDM* referenced an example from *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 142 (2d Cir. 1987) granting confidentiality to "all documents and testimony," 255 F.R.D. at 319. In this case, the Protective Order "is specifically focused on protecting certain documents [and] certain deponents for a particular reason," following "a more pointed inquiry by the court into the need for confidentiality" as discussed in more detail below. *Id.*

2. The Protective Order's Language is Not Temporary, Limited, or Designed to Provide Access to Private Litigants in Other Cases.

The second *EPDM* factor weighs against the Heckman Plaintiffs because the Protective Order's language—drawn from this Court's Model Protective Order—provides clear and permanent protection for confidential discovery materials. Far from providing only "temporary or limited" protection, *EPDM*, 255 F.R.D. at 320 (quoting *TheStreet.com*, 273 F.3d at 231), the Protective Order expressly "survive[s] the termination of the litigation" and requires "promptly return[ing]" or "upon permission . . . destroy[ing]" all Confidential and Highly Confidential materials. ECF No. 347, ¶ 19.

Nor does the Protective Order expressly anticipate modifications, much less contemplate an amendment to disclose Confidential and Highly Confidential materials to private litigants in other cases. *Cf. EPDM*, 255 F.R.D. at 320 ("Express provisions of an order permitting non-parties to seek access to the protected materials will diminish the reasonableness of reliance a party claims to place on the order's permanent secrecy."). The Heckman Plaintiffs seek to contort Paragraph 11 of the Protective Order into an "explicit[] allow[ance] for modification." ECF No. 424, at 3 (quoting ECF No. 347, ¶ 11 without citation). But nothing in Paragraph 11—drawn from this Court's Model Protective Order—addresses modification of the Protective Order itself. Rather, it specifies that this Court is not bound by producing parties' confidentiality designations as to materials "introduced in evidence at trial" or "submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court." ECF No. 347, ¶ 11. Thus, Paragraph 11 addresses the distinction between discovery materials, which do not receive a presumption of public access, and judicial documents, which do. *See, e.g., Amodeo II*, 71 F.3d at 1050.

Given this distinction, the Heckman Plaintiffs are simply wrong about their assertion that pre-suit investigation materials are subject to the "open courts requirement of the Constitution," ECF No. 424, at 3. The open courts requirement applies only to judicial documents—precisely the type of documents covered by Paragraph 11. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) (acknowledging a "common law presumptive right of access to judicial documents, and likely a constitutional one as well."); *see also Amodeo II*, 71 F.3d at 1049; *Iridium India*, 165 F. App'x at 880-81. And the Heckman Plaintiffs do not seek judicial documents—they seek wholesale production of all non-party materials including Confidential and Highly Confidential discovery materials. The Protective Order's language does not support their sweeping request, and they fail on the second factor.

3. This Court Undertook a High Level of Inquiry Before Entering the Protective Order.

The third *EPDM* factor weighs against the Heckman Plaintiffs because the Protective Order was not only the product of a long negotiation between the parties—with robust input from concerned non-parties—but also the product of this Court's careful and pointed inquiry. *See* ECF No. 193; Hearing Tr. (July 29, 2024); Hearing Tr. (Oct. 29, 2024). Reliance on a protective order is reasonable when the order received significant inquiry from a court. *See EPDM*, 255 F.R.D. at 321. Here, that inquiry included this Court hearing from the parties on the Protective Order multiple times and hearing from several non-parties with specific and serious concerns about their competitively sensitive information being protected on more than one occasion. *See* ECF No. 203 (discussing various materials the Court received from both parties and non-parties); *see* Hearing Tr. (July 29, 2024) (discussing the Protective Order with input from parties and non-parties); Hearing Tr. at 19-42 (Oct. 29, 2024) (same).

Moreover, the Protective Order does not reduce the Court's role by granting "unilateral deference" to the parties. *EPDM*, 255 F.R.D. at 321. Instead, the Protective Order expressly provides the Court a role in reviewing disputes over confidentiality designations. ECF No. 347, ¶ 10; *see also* ECF No. 193 (reiterating the Court's ability to review designations). The Court's high level of inquiry, the process given these important issues, and the carefully crafted outcome of that process—the Protective Order—confirms that reliance on it is reasonable.

4. <u>Producing Parties and Non-Parties Have Relied on the Protective Order.</u>

Finally, the fourth *EPDM* factor also weighs heavily against the Heckman Plaintiffs because productions have been made in reliance "on the maintenance and enforceability of the protective order." *EPDM*, 255 F.R.D. at 323. As in *Martindell*, 594 F.2d at 296-97, many of the materials produced in this case may not have been provided without the Protective Order. At the very first hearing in this case, Plaintiffs explained the importance of a robust protective order to both the parties and non-parties:

> [First,] we have to have a protective order entered by the Court. We've received confidential documents from a number of non-parties, and we have to be able to (a) provide them notice that they're going to be turned over in this litigation and (b) provide them with a copy of the protective order.

Hearing Tr. at 23:1-6 (June 27, 2024). Non-parties were similarly told when their materials were requested that the United States would seek such an order. *See* Voluntary Production Letter, *available at* https://www.justice.gov/atr/voluntary-production-letter ("If confidential commercial information becomes the subject of discovery in any litigation to which the Department is a party, it is the Department's policy to use its best efforts to assure that a protective order applicable to the information is entered in the litigation.").

After the Court entered the Protective Order, Plaintiffs sent it to all producing non-parties before turning their materials over to Defendants, thus giving the non-parties an opportunity to

object or rely on the Protective Order. Furthermore, each subpoenaed non-party has received the Protective Order together with the subpoena. The Protective Order—in its first paragraph— explicitly says materials produced shall not be used "for any purpose other than in connection with *this action*." ECF No. 347, ¶ 1 (emphasis added).

The Heckman Plaintiffs ask the Court to break these promises that non-parties have relied on. Just as in *Martindell*, the non-parties were entitled to rely on the "concededly valid protective order" and, absent its entry, may have otherwise refused to produce without seeking additional protections from this Court, undertaking more cautious review, and/or raising more objections to disclosure. *See Martindell*, 594 F.2d at 297. All of this weighs strongly in favor of finding reasonable reliance and heavily against the Heckman Plaintiffs.

In sum, all four *EPDM* factors weigh against the Heckman Plaintiffs, and they fail to overcome the strong presumption against modifying the Protective Order.

**B. The Heckman Plaintiffs Fail to Satisfy the Requirements for Modification.**

The Heckman Plaintiffs not only fail to overcome the strong presumption against modification, they also do not meet the two basic requirements to modify a protective order. First, they fail to show any "'extraordinary circumstance or compelling need' that would justify upsetting the status quo imposed by a civil protective order." *Giuffre v. Maxwell*, No. 15 Civ. 7433, 2020 WL 6947435, at *2 (S.D.N.Y. Nov. 25, 2020) (quoting *Martindell*, 594 F.2d at 296); *TheStreet.Com*, 273 F.3d at 229. Second, they fail to show that their interest in modification outweighs the interests of parties and producing non-parties in maintaining the status quo. *See TheStreet.Com*, 273 F.3d at 234 (discussing balancing interests even absent a strong presumption against modification).

11

1.  The Heckman Plaintiffs Lack Any Extraordinary Circumstance or Compelling Need.

There are no extraordinary circumstances and there is no compelling need for this mass production of this case's discovery file. Rather, as the Heckman Plaintiffs concede, "they seek materials that they could compel with Rule 45 subpoenas in their own case," ECF No. 424, at 3, for their own convenience. Their entire rationale for burdening this Court and the parties with a contested modification request, rather than burdening themselves by issuing tailored Rule 45 subpoenas, is "efficienc[y]." *Id.* But "efficiency . . . 'hardly amount[s] to extraordinary circumstances or compelling need.'" *Giuffre*, 2020 WL 6947435, at *4 (quoting *Giuffre v. Dershowitz*, No. 15 Civ. 7433, 2020 WL 3578104, at *3 (S.D.N.Y. July 1, 2020)).

2.  The Heckman Plaintiffs Fail to Show Their Interests Outweigh Important Countervailing Interests.

The Heckman Plaintiffs also fail to establish that their interest in "efficienc[y]" is valid, let alone that it outweighs countervailing privacy, reliance, and cooperation interests. *See* ECF No. 424, at 3. As demonstrated above and below, their proposal is far from efficient for anyone aside from themselves. It would result in the mass production of hundreds of thousands of non-party documents—some relevant to their case and some not, many highly confidential and deeply sensitive to non-parties—to a party not under the supervision of this Court. The Heckman Plaintiffs can instead seek discovery the way all parties typically do: issuing their own Rule 45 subpoenas, negotiating with non-parties, and obtaining materials through processes overseen by their own court. If subpoenaed by the Heckman Plaintiffs, non-parties (as the real parties in interest) could always consent to Defendants disclosing their materials to the Heckman Plaintiffs if they so chose. *See United States v. GAF Corp.*, 596 F.2d 10, 14-16 (2d Cir. 1979).

"[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *TheStreet.Com*, 273 F.3d at 232 (omission in original) (quoting *In re N.Y.*

*Times Co.,* 828 F.2d 110, 116 (2d Cir. 1987)). Here, the non-parties' privacy interests easily outweigh the Heckman Plaintiffs' slight interest, particularly given non-parties' reliance on the clear terms of the Protective Order and the differences between the claims in *Heckman* and this case, which make many of the non-parties' materials extraneous to the Heckman Plaintiffs. Moreover, modifying the Protective Order to allow re-production of all non-party materials would deny the non-parties the ability to object or move to quash the subpoena. In the absence of an orderly process to do so and with the sudden release of a massive set of discovery, many non-parties whose materials are at issue may descend upon the *Heckman* court seeking relief and additional protections. This could make the Heckman Plaintiff's proposal inefficient for the *Heckman* court.

Governmental cooperation interests equally outweigh the Heckman Plaintiffs' interest in their own convenience. *See Amodeo II*, 71 F.3d at 1050; *Dep't of Investigation*, 856 F.2d at 485-86. Governmental plaintiffs have a significant interest in not chilling any current or future cooperation with the Government. Granting private plaintiffs access to the government's investigative files, discovery, and depositions could set a dangerous precedent. Private litigants might be encouraged to file parallel antitrust lawsuits against competitors whenever the government files a complaint to try to access competitively sensitive information gathered by the government. This, in turn, would likely chill cooperation with the Government. These interests are part of the reason for the U.S. Department of Justice, Antitrust Division's general "policy to assert all applicable exemptions from disclosure permitted by law" and to use "best efforts to provide the [relevant] company such notice as is practicable prior to disclosure of any confidential commercial information to a third party." Voluntary Production Letter, *available at* https://www.justice.gov/atr/voluntary-production-letter.

In sum, the Heckman Plaintiffs' purported "efficiency" interests do not come close to outweighing the important countervailing interests. So, the Heckman Plaintiffs have failed to satisfy the requirements for modification of the Protective Order.

## **CONCLUSION**

For all of these reasons, Plaintiffs respectfully request that this Court deny the Heckman Plaintiffs' motion. If this Court is inclined to grant their motion, the Heckman Plaintiffs' proposed modifications do not sufficiently protect producing non-parties. The only modifications the Heckman Plaintiffs propose are in Paragraphs 7 and 8, where the Heckman Plaintiffs propose adding themselves to the list of persons able to access Highly Confidential and Confidential materials. *See* ECF No. 424, at 1; ECF No. 424-2. Nowhere in the proposed modifications do the Heckman Plaintiffs subject themselves to the terms of the Protective Order, even though they claim in their letter-motion they are doing so. ECF No. 424, at 3. Nor have the Heckman Plaintiffs proposed any modification that notifies producing non-parties of their intent to "use [non-party materials] in their own case." *Id*. Their intended use of the materials directly conflicts with the Protective Order, which explicitly prohibits any person subject to the Protective Order from "us[ing] such Highly Confidential or Confidential Discovery Material or Investigation Material for any purpose other than in connection with this action." ECF No. 347, ¶ 1.

Plaintiffs request oral argument on this motion and respectfully suggest that such hearing be combined with a status conference. A hearing will provide non-parties—many of whom have informed Plaintiffs that they oppose the motion—an opportunity to be heard by this Court.

14

Respectfully submitted,

/s/ Bonny Sweeney
BONNY SWEENEY
  *Lead Trial Counsel*
SEANA BUZBEE

United States Department of Justice
Antitrust Division
450 Fifth Street N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Facsimile: (202) 514-7308
Bonny.Sweeney@usdoj.gov
Seana.Buzbee@usdoj.gov

*Attorneys for Plaintiff United States*

15

/s/ Robert A. Bernheim
Robert A. Bernheim (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Fax: (602) 542-4377
Email: Robert.Bernheim@azag.gov
*Attorney for Plaintiff State of Arizona*

/s/ Amanda J. Wentz
Amanda J. Wentz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Telephone: (501) 682-1178
Fax: (501) 682-8118
Email: amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Paula Lauren Gibson
Paula Lauren Gibson (admitted *pro hac vice)*
Deputy Attorney General
(CA Bar No. 100780)
Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6040
Email: paula.gibson@doj.ca.gov
*Attorney for Plaintiff State of California*

/s/ Conor J. May
Conor J. May (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Unit
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
Email: Conor.May@coag.gov
*Attorney for Plaintiff State of Colorado*

/s/ Kim Carlson McGee
Kim Carlson McGee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: 860-808-5030
Email: kim.mcgee@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Elizabeth G. Arthur
Elizabeth G. Arthur (admitted *pro hac vice*)
Senior Assistant Attorney General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Email: Elizabeth.arthur@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Lizabeth A. Brady
Lizabeth A. Brady
Director, Antitrust Division
Florida Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Telephone: 850-414-3300
Email: Liz.Brady@myfloridalegal.com
*Attorney for Plaintiff State of Florida*

16

*/s/ Richard S. Schultz*
Richard S. Schultz (Admitted *pro hac vice*)
Assistant Attorney General
Office of the Illinois Attorney General
Antitrust Bureau
115 S. LaSalle Street, Floor 23
Chicago, Illinois 60603
Telephone: (872) 272-0996
Email: Richard.Schultz@ilag.gov
*Attorney for Plaintiff State of Illinois*

*/s/ Jesse Moore*
Jesse Moore (admitted *pro hac vice*)
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St., Fifth Floor
Indianapolis, IN 46204
Telephone: 317-232-4956
Email: Jesse.Moore@atg.in.gov
*Attorney for Plaintiff State of Indiana*

*/s/ Noah Goerlitz*
Noah Goerlitz (admitted *pro hac vice*)
Assistant Attorney General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Telephone: (515) 281-5164
Email: noah.goerlitz@ag.iowa.gov
*Attorney for Plaintiff State of Iowa*

*/s/ Christopher Teters*
Christopher Teters (admitted *pro hac vice*)
Assistant Attorney General
Public Protection Division
Office of Kansas Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612-1597
Telephone: (785) 296-3751
Email: chris.teters@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

*/s/ Mario Guadamud*
Mario Guadamud *(admitted pro hac vice)*
Louisiana Office of Attorney General
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6400
Fax: (225) 326-6498
Email: GuadamudM@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

*/s/ Schonette J. Walker*
Schonette J. Walker (admitted *pro hac vice*)
Assistant Attorney General
Chief, Antitrust Division
200 St. Paul Place, 19th floor
Baltimore, Maryland 21202
Telephone: (410) 576-6470
Email: swalker@oag.state.md.us
*Attorney for Plaintiff State of Maryland*

*/s/ Katherine W. Krems*
Katherine W. Krems (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 963-2189
Email: Katherine.Krems@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

*/s/ LeAnn D. Scott*
LeAnn D. Scott (admitted *pro hac vice*)
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
Telephone: (517) 335-7632
Email: ScottL21@michigan.gov
*Attorney for Plaintiff State of Michigan*

17

/s/ Zach Biesanz
Zach Biesanz
Senior Enforcement Counsel
Antitrust Division
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1400
Saint Paul, MN 55101
Telephone: (651) 757-1257
Email: zach.biesanz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota*

/s/ Gerald L. Kucia
Gerald L. Kucia (admitted *pro hac vice*)
Special Assistant Attorney General
Mississippi Office of Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-4223
Email: Gerald.Kucia@ago.ms.gov.
*Attorney for Plaintiff State of Mississippi*

/s/ Justin C. McCully
Justin C. McCully (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
Email: justin.mccully@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

/s/ Lucas J. Tucker
Lucas J. Tucker (admitted *pro hac vice*)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 N. Carson St.
Carson City, NV 89701
Email: ltucker@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Zachary Frish
Zachary A. Frish (admitted *pro hac vice*)
Assistant Attorney General
Consumer Protection & Antitrust Bureau
New Hampshire Attorney General's Office
Department of Justice
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-2150
Email: zachary.a.frish@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

/s/ Yale A. Leber
Yale A. Leber (admitted *pro hac vice*)
Deputy Attorney General
Division of Law
Antitrust Litigation and Competition Enforcement
124 Halsey Street, 5th Floor
Newark, NJ 07101
Telephone: (973) 648-3070
Email: Yale.Leber@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

/s/ Bryan L. Bloom
Bryan L. Bloom
Senior Enforcement Counsel
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8598
Email: Bryan.Bloom@ag.ny.gov
*Attorney for Plaintiff State of New York*

/s/ Jeff Dan Herrera
Jeff Dan Herrera (*pro hac vice* pending)
Assistant Attorney General
Consumer Protection Division
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87501
Telephone: (505) 490-4878
Email: JHerrera@nmdoj.gov
*Attorney for Plaintiff State of New Mexico*

/s/ Brian D. Rabinovitz
Brian D. Rabinovitz (admitted *pro hac vice*)
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6000
Facsimile: (919) 716-6050
Email: brabinovitz@ncdoj.gov
*Attorney for Plaintiff State of North Carolina*

/s/ Sarah Mader
Sarah Mader (admitted *pro hac vice)*
Assistant Attorney General
Antitrust Section
Office of the Ohio Attorney General
30 E. Broad St., 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
Email: Sarah.Mader@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

/s/ Robert J. Carlson
Robert J. Carlson (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection Unit
Office of the Oklahoma Attorney General
15 West 6th Street
Suite 1000
Tulsa, OK 74119
Telephone: 918-581-2230
Email: robert.carlson@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma*

/s/ Gina Ko
Gina Ko (admitted *pro hac vice*)
Assistant Attorney General
Antitrust, False Claims, and Privacy
Section
Oregon Department of Justice
100 SW Market St.,
Portland, Oregon 97201
Telephone: (971) 673-1880
Fax: (503) 378-5017
Email: Gina.Ko@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

/s/ Joseph S. Betsko
Joseph S. Betsko (admitted *pro hac vice*)
Assistant Chief Deputy Attorney General
Antitrust Section
Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Telephone: (717) 787-4530
Email: jbetsko@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania*

/s/ Paul T.J. Meosky
Paul T.J. Meosky (admitted *pro hac vice*)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400, ext. 2064
Fax: (401) 222-2995
Email: pmeosky@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

/s/ Danielle A. Robertson
Danielle A. Robertson (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of South Carolina
P.O. Box 11549
Columbia, South Carolina 29211
Telephone: (803) 734-0274
Email: DaniRobertson@scag.gov
*Attorney for Plaintiff State of South Carolina*

/s/ Bret Leigh Nance
Bret Leigh Nance (admitted *pro hac vice*)
Assistant Attorney General
1302 E. Hwy 14, Suite 1
Pierre SD 57501-8501
Email: bretleigh.nance@state.sd.us
Telephone: (605) 773-3215
Bar # 5613
*Attorney for Plaintiff State of South Dakota*

/s/ Hamilton Millwee
Hamilton Millwee (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 38202
Telephone: (615) 291-5922
Email: Hamilton.Millwee@ag.tn.gov
*Attorney for Plaintiff State of Tennessee*

/s/ Diamante Smith
Diamante Smith (admitted *pro hac vice*)
Assistant Attorney General, Antitrust Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548
Telephone: (512) 936-1162
*Attorney for Plaintiff State of Texas*

/s/ Marie W.L. Martin
Marie W.L. Martin (admitted *pro hac vice*)
Deputy Division Director,
Antitrust & Data Privacy Division
Utah Office of Attorney General
160 East 300 South, 5th Floor
P.O. Box 140830
Salt Lake City, UT 84114-0830
Telephone: 801-366-0375
Email: mwmartin@agutah.gov
*Attorney for Plaintiff State of Utah*

/s/ Sarah L. J. Aceves
Sarah L. J. Aceves (*pro hac vice* forthcoming)
Assistant Attorney General
Consumer Protection and Antitrust Unit
Vermont Attorney General's Office
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3170
Email: sarah.aceves@vermont.gov
*Attorney for Plaintiff State of Vermont*

/s/ David C. Smith
David C. Smith (admitted *pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0588
Facsimile: (804) 786-0122
Email: dsmith@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

/s/ Ashley A. Locke
Ashley A. Locke (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division
Washington Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Telephone: (206) 389-2420
Email: Ashley.Locke@atg.wa.gov
*Attorney for Plaintiff State of Washington*

/s/ Douglas L. Davis
Douglas L. Davis (admitted *pro hac vice*)
Senior Assistant Attorney General
Consumer Protection and Antitrust Section
West Virginia Office of Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Fax: (304) 558-0184
Email: douglas.l.davis@wvago.gov
*Attorney for Plaintiff State of West Virginia*

/s/ Laura E. McFarlane
Laura E. McFarlane (admitted *pro hac vice*)
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8911
Email: mcfarlanele@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

_/s/ William T. Young_
William T. Young
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7841
Email: william.young@wyo,gov
_Attorney for the Plaintiff State of Wyoming_