# EXHIBIT 36

CHAMBERS COPY

NOTE CHANGES MADE BY THE COURT.

NOTE CHANGES MADE BY THE COURT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Complete Entertainment Resources LLC d/b/a Songkick,<br><br>              Plaintiff,<br><br>      vs.<br><br>Live Nation Entertainment, Inc.; Ticketmaster LLC,<br><br>              Defendants. | CASE NO. 15-cv-9814 DSF (AGRx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE ALICIA G. ROSENBERG]**<br><br>Jury Trial Demanded |

NOTE CHANGES MADE BY THE COURT.

1.      <u>PURPOSES AND LIMITATIONS</u>:  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12, below, that this Stipulated Protective Order

1  does not entitle them to file confidential information under seal; Civil Local Rule

2  79-5 and paragraph 6 of Judge Fischer's Standing Order set forth the procedures that

3  must be followed and the standards that will be applied when a party seeks

4  permission from the Court to file material under seal.

5         2.     GOOD CAUSE STATEMENT:  This action is likely to involve the

6  production and exchange of confidential, sensitive information that could cause

7  business, competitive, and personal harm if disclosed publicly or, without

8  restrictions, between the Parties.  This action is also likely to involve trade secrets,

9  operating plans, market analyses, nonpublic contracts, negotiating positions and

10 business negotiation strategies, and financial information that if it were to become

11 public could provide confidential, competitively sensitive information to the market

12 and competitors and could put the producing party at a competitive disadvantage.

13 The Parties are also competitors and may be producing information that may give

14 the receiving party an unfair competitive advantage if it is able to review and/or use

15 that information without restriction.  The Parties seek to protect their

16 CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL

17 INFORMATION from disclosure to avoid the harms described above, and others,

18 and have stipulated to protect limited categories of confidential and proprietary

19 information from public disclosure or unrestricted disclosure between the Parties.

20        3.     Scope of Order:  This Order is entered to facilitate the production,

21 exchange, and discovery of documents and information that merit confidential

22 treatment.  The protections conferred by this Stipulation and Order cover not only

23 CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL

24 INFORMATION (as defined herein), but also (1) any information copied or

25 extracted from CONFIDENTIAL INFORMATION and/or HIGHLY

26 CONFIDENTIAL INFORMATION; (2) all copies, excerpts, summaries, or

27 compilations of CONFIDENTIAL INFORMATION and/or HIGHLY

28

STIPULATED PROTECTIVE ORDER

1  CONFIDENTIAL INFORMATION; and (3) any testimony, conversations, or

2  presentations by Parties or their Counsel that might reveal CONFIDENTIAL

3  INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION.

4        (a)    "CONFIDENTIAL INFORMATION" shall mean trade secrets

5  or other confidential research, development, or commercially sensitive information

6  (regardless of how it is generated, stored, or maintained) pursuant to Federal Rule of

7  Civil Procedure 26(c), or any document, transcript, or other material containing such

8  information that has not been published or otherwise made publicly available.

9  Materials designated "CONFIDENTIAL," or the equivalent thereof, shall be treated

10  as CONFIDENTIAL INFORMATION, subject to the provisions set forth in this

11  Order.

12        (b)    "HIGHLY CONFIDENTIAL INFORMATION" shall mean

13  extremely sensitive CONFIDENTIAL INFORMATION, the disclosure of which to

14  another Party or non-party would create a substantial risk of serious and

15  irremediable harm to the disclosing party or its clients. Materials designated

16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

17  CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or the equivalent thereof, shall

18  be treated as HIGHLY CONFIDENTIAL INFORMATION, subject to the

19  provisions set forth in this Order.

20      4.   <u>Designating Confidential Material</u>: Materials designated as

21  "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

23  COUNSEL ONLY," pursuant to this Order shall be designated and marked as

24  follows:

25        (a)   <u>Documents</u>: Documents may be designated as

26  CONFIDENTIAL INFORMATION by placing the legend "CONFIDENTIAL" or

27  an equivalent thereof, on any such document or image. Documents may be

28

STIPULATED PROTECTIVE ORDER

1   designated as HIGHLY CONFIDENTIAL INFORMATION by placing the legend

2   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

3   CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or an equivalent thereof, on

4   any such document or image.  Unless the Parties otherwise agree, such legend shall

5   be placed upon every page of each document or image containing CONFIDENTIAL

6   INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

7   Notwithstanding the foregoing, Excel documents or any other type of electronically

8   stored information produced in native format (together, "Natively Produced ESI")

9   containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

10  INFORMATION shall be designated by (i) producing a TIFF (or similar electronic)

11  placeholder image corresponding to the Natively Produced ESI that includes the

12  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13  ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" mark

14  and (ii) including "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

15  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

16  COUNSEL ONLY" in the file name of the Natively Produced ESI, where

17  practicable.

18         (b)     Non-Paper Media:  Where CONFIDENTIAL INFORMATION

19  or HIGHLY CONFIDENTIAL INFORMATION is produced in a non-paper

20  medium (e.g., video tape, audio tape, computer disks, etc.) that does not include

21  TIFF images, the appropriate confidentiality notice should be placed on the medium,

22  if possible, and its container, if any.

23         (c)     Physical Exhibits:  The confidential status of a physical exhibit

24  shall be indicated by placing a label on said physical exhibit.

25         (d)     Written Discovery:  In the case of CONFIDENTIAL

26  INFORMATION or HIGHLY CONFIDENTIAL INFORMATION incorporated in

27  answers to interrogatories, responses to requests for admission, or other written

28

STIPULATED PROTECTIVE ORDER

1  discovery, the appropriate confidentiality designation shall be placed on the first

2  page of the document and on each page containing answers or responses that contain

3  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

4  INFORMATION.

5         (e)   <u>Depositions</u>:  The designating party shall make reasonable efforts

6  to designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

8  COUNSEL ONLY" those specific portions of a deposition transcript that contain

9  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

10  INFORMATION.  Unless otherwise designated at the deposition and on the record,

11  the entire transcript of a deposition shall be treated as "HIGHLY CONFIDENTIAL

12  – ATTORNEYS' EYES ONLY" until thirty (30) days after receipt of the final

13  deposition transcript by counsel for the witness.  At the deposition and on the

14  record, or in writing before the thirty (30) days have expired, the witness, his or her

15  current or former employer, or their counsel may designate portions of the

16  deposition transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

18  COUNSEL ONLY."  The notice shall be sent to any person known to have a copy

19  of the transcript and shall reference this Order and identify the pages and lines so

20  designated.

21      5.   <u>Inadvertent Non-Designation</u>:  The failure to designate

22  CONFIDENTIAL INFORMATION as "CONFIDENTIAL" or HIGHLY

23  CONFIDENTIAL INFORMATION as "HIGHLY CONFIDENTIAL –

24  ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE

25  COUNSEL ONLY" before or at the time of disclosure shall not itself operate as a

26  waiver of a disclosing party's right to designate such information as

27  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28

1    ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." If a

2    disclosing party discovers that it produced CONFIDENTIAL INFORMATION that

3    was not designated as "CONFIDENTIAL," or HIGHLY CONFIDENTIAL

4    INFORMATION that was not designated "HIGHLY CONFIDENTIAL –

5    ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE

6    COUNSEL ONLY," the disclosing party may, within a reasonably prompt time

7    following the discovery of the non-designation, notify the receiving party or parties,

8    in writing, of the error and identify (by production Bates number, if applicable) the

9    affected material and its new designation. Promptly after providing such notice, the

10   disclosing party shall provide re-labeled copies of the material to each receiving

11   party reflecting the new designation. The receiving party or parties will replace the

12   inadvertently non-designated material with the newly designated material and will

13   make reasonable efforts to destroy the originally non-designated material. In the

14   event the receiving party discloses incorrectly- or non-designated information to

15   individuals that would not be authorized to review that information under this Order

16   (if it had been properly designated) and subsequently receives notice that the

17   information is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

18   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

19   COUNSEL ONLY," the receiving party shall make reasonable efforts to promptly

20   retrieve the information and shall promptly notify the disclosing party of the

21   distribution and the identity of the person who received the information.

22        6.    Challenging Designation of Materials:  Any receiving party may, in

23   good faith, challenge the designation of any document or information as

24   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25   ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," by

26   notifying the designating party in writing and identifying the challenged material by

27   production Bates number or deposition page and line number. Such an objection

28

1    may be made at any time, and shall, for each objection (a) identify the specific

2    Document (e.g., by Bates or exhibit number) or transcript excerpt (e.g., by page and

3    line number), (b) state the current confidentiality designation, and (c) provide a brief

4    description of why the party disagrees with that particular designation.  The

5    challenging party shall initiate the dispute resolution process under Civil Local Rule

6    37.1 et seq.  If the objection cannot be resolved by agreement within ten (10)

7    business days of the date of service of the written objection, the designating party

8    shall move the Court to confirm the confidentiality designation or redaction within

9    twenty (20) business days of the service of the written objection.  Any opposition to

10   such motion shall be filed within ten (10) business days of the filing of such motion.

11   Any reply in further support of such motion shall be filed within five (5) business

12   days of the opposition.  In the event that a motion to confirm a confidentiality

13   designation or redaction is made in a timely manner, the document or information

14   whose designation or redaction is objected to shall continue to be treated as

15   CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

16   INFORMATION, as applicable, until the motion has been decided by the Court.  In

17   the event that a motion to confirm a confidentiality designation or redaction is

18   denied, the designating party shall cause the confidentiality legend or redaction to be

19   removed from such documents within ten (10) business days following entry of the

20   Court's order.  The designating party shall bear the burden of supporting the

21   designation.

22        Information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

23   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

24   COUNSEL ONLY" by a designating party shall be treated as such by a receiving

25   party unless otherwise agreed to by the designating party or otherwise ordered by

26   the Court.

27

28

STIPULATED PROTECTIVE ORDER

1    The failure of a receiving party expressly to challenge the designation of any

2    document or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

3    ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

4    COUNSEL ONLY" at the time of disclosure shall not constitute a waiver of the

5    right to challenge the designation at any subsequent time.

6    7.    Access to and use of CONFIDENTIAL INFORMATION:  A receiving

7    party may access or use CONFIDENTIAL INFORMATION that is disclosed or

8    produced by a disclosing party only in connection with the prosecution of, defense

9    of, appeal of, attempted settlement of, or the enforcement of insurance rights with

10   respect to, this action.  Unless otherwise ordered by the Court or permitted in

11   writing by each disclosing party, CONFIDENTIAL INFORMATION may be

12   disclosed only to the categories of persons below and under the conditions described

13   in this Order:

14   (a)    the Parties to this action and their counsel, including both in-

15   house and outside counsel, and including counsel's support staff and outside service

16   organizations, as well as current officers, directors and employees of corporate

17   Parties;

18   (b)    former officers, directors, and employees of corporate Parties;

19   (c)    witnesses and prospective witnesses of a Party who have a need

20   to know the information to assist counsel in connection with this action;

21   (d)    the Parties' insurers, including the insurers' support staff and

22   service organizations;

23   (e)    court reporters taking testimony and deposition videographers

24   recording testimony and their support personnel;

25   (f)    the Court and any authorized court personnel;

26   (g)    independent consultants or experts retained by counsel for

27   assistance with respect to this action;

28

-8-
STIPULATED PROTECTIVE ORDER

1          (h)    deposition witnesses and participants;

2          (i)    any mediator or arbitrator engaged by the Parties to this action;

3          (j)    vendors retained by or for the Parties to assist in preparing for

4    pretrial discovery, trial, and/or hearings; and

5          (k)    any individual who either prepared a document that has been

6    designated as "CONFIDENTIAL" or who is identified on the face of such document

7    as a recipient of the document through means other than the discovery process in

8    this action.

9        8.    <u>Execution of Confidentiality Agreement</u>: Prior to disclosure of

10   CONFIDENTIAL INFORMATION to persons described in Paragraphs 7(b), (c),

11   (d), (e), (g), (h), and (j) such person shall be shown a copy of this Order and shall

12   sign the "Agreement to Respect Confidential Information and Highly Confidential

13   Information" (Exhibit A).

14       9.    <u>Access to and use of HIGHLY CONFIDENTIAL INFORMATION</u>: A

15   receiving party may access or use HIGHLY CONFIDENTIAL INFORMATION

16   that is disclosed or produced by a disclosing party only in connection with the

17   prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of

18   insurance rights with respect to, this action.

19       10.    <u>Access to and use of HIGHLY CONFIDENTIAL INFORMATION</u>

20   <u>that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>:

21   Unless otherwise ordered by the Court or permitted in writing by each disclosing

22   party, HIGHLY CONFIDENTIAL INFORMATION that is designated "HIGHLY

23   CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the

24   categories of persons below and under the conditions described in this Order:

25         (a)    the receiving party's outside counsel of record who have entered

26   an appearance in this action, as well as employees and staff of said outside counsel

27

28

STIPULATED PROTECTIVE ORDER

1 | of record to whom it is reasonably necessary to disclose the information for this
2 | action;

3 |        (b)    up to three (3) in-house counsel for the Parties who either have
4 | responsibility for making decisions dealing directly with the litigation of the action,
5 | or who are assisting outside counsel in the litigation of the action and have executed
6 | the "Agreement to Respect Confidential Information and Highly Confidential
7 | Information" (Exhibit A);

8 |        (c)    experts of the receiving party (1) to whom disclosure is
9 | reasonably necessary for this action and (2) who have signed the "Agreement to
10 | Respect Confidential Information and Highly Confidential Information" (Exhibit
11 | A);

12 |        (d)    court reporters taking testimony and deposition videographers
13 | recording testimony and their support personnel who have signed the "Agreement to
14 | Respect Confidential Information and Highly Confidential Information" (Exhibit
15 | A);

16 |        (e)    the Court and any authorized court personnel;

17 |        (f)    any mediator or arbitrator engaged by the Parties to this action;

18 |        (g)    the producing party's current employees, officers, and directors;

19 |        (h)    vendors retained by or for the Parties to assist in preparing for
20 | pretrial discovery, trial, and/or hearings who have signed the "Agreement to
21 | Respect Confidential Information and Highly Confidential Information" (Exhibit
22 | A); and

23 |        (i)    any individual who either prepared a document that has been
24 | designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
25 | who is identified on the face of such document as a recipient of the document
26 | through means other than the discovery process in this action.

27

28

11.   Access to and use of HIGHLY CONFIDENTIAL INFORMATION that is designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY": The Parties acknowledge that in-house counsel may on occasion be involved in competitive decision making. "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" means that subset of HIGHLY CONFIDENTIAL INFORMATION that a Party believes in good faith is of such a current, sensitive, and competitive nature that it should not be shared with the opposite Party, including in-house counsel, given the Parties' status as competitors. It is the intention of the parties to exercise reasonable restraint and designate documents and information under this more restrictive level of confidentiality only where there is a good faith belief that there would be a potential of material harm absent the additional protections afforded by the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation. Unless otherwise ordered by the Court or permitted in writing by each disclosing party, HIGHLY CONFIDENTIAL INFORMATION that is designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may be disclosed only to the categories of persons below and under the conditions described in this Order:

(a)     the receiving party's outside counsel of record who have entered an appearance in this action, as well as employees and staff of said outside counsel of record to whom it is reasonably necessary to disclose the information for this action;

(b)     experts of the receiving party (1) to whom disclosure is reasonably necessary for this action and (2) who have signed the "Agreement to Respect Confidential Information and Highly Confidential Information" (Exhibit A);

(c)     court reporters taking testimony and deposition videographers recording testimony and their support personnel who have signed the "Agreement to

1  Respect Confidential Information and Highly Confidential Information"

2  (Exhibit A);

3              (d)    the Court and any authorized court personnel;

4              (e)    any mediator or arbitrator engaged by the Parties to this action;

5              (f)    the producing party's current employees, officers, and directors;

6              (g)    vendors retained by or for the Parties to assist in preparing for

7  pretrial discovery, trial, and/or hearings who have signed the "Agreement to

8  Respect Confidential Information and Highly Confidential Information"

9  (Exhibit A); and

10             (h)    any individual who either prepared a document that has been

11  designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or

12  who is identified on the face of such document as a recipient of the document

13  through means other than the discovery process in this action.

14        12.   Filing Under Seal:  When a Party seeks to file with the Court any

15  papers that contain or reference CONFIDENTIAL INFORMATION and/or

16  HIGHLY CONFIDENTIAL INFORMATION of any other designating party, the

17  filing Party shall provide the designating party with written notice of its intent to file

18  the designated information no less than seven (7) calendar days prior to the planned

19  filing.  If the designating party objects to the public filing of the designated

20  information, it must file an application to file under seal, pursuant to Civil Local

21  Rule 79-5 and paragraph 6 of Judge Fischer's Standing Order, showing good cause,

22  beyond this Order, why its CONFIDENTIAL INFORMATION and/or HIGHLY

23  CONFIDENTIAL INFORMATION should be sealed.  The filing party must file the

24  CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL

25  INFORMATION in its filing conditionally under seal, pending a ruling from the

26  Court on the designating party's application to seal, and also file a public version

27

28

STIPULATED PROTECTIVE ORDER

1   with all CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL

2   INFORMATION redacted.

3       13.   Copies of Confidential Materials:  Nothing herein shall restrict a

4   qualified recipient from making working copies, abstracts, digests, and analyses of

5   CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL

6   INFORMATION for use in connection with this action, but such materials shall be

7   deemed to have the same level of protection as other CONFIDENTIAL

8   INFORMATION and HIGHLY CONFIDENTIAL INFORMATION.

9       14.   Inadvertent Disclosure by a Receiving Party:  Should any document or

10  information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

12  COUNSEL ONLY" be disclosed, through inadvertence or otherwise, to any person

13  not authorized under this Order, then the Party responsible for the inadvertent

14  disclosure shall make reasonable best efforts to bind such person to the terms of this

15  Order; and shall, as soon as practicable, but in any event, not longer than two (2)

16  business days after discovery by counsel of record of the disclosure, (a) inform such

17  person of all the provisions of this Order; (b) request such person to sign the

18  "Agreement to Respect Confidential Information and Highly Confidential

19  Information" (Exhibit A); (c) request such person to return and/or destroy all copies

20  of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

21  INFORMATION; and (d) notify the designating party in writing of the unauthorized

22  disclosure and the identity of such person.

23      15.   No Waiver of Privilege and Clawback Rights:  The production of

24  documents by a producing party shall, to the maximum extent permitted by law, be

25  governed by Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence

26  502 regarding the inadvertent production of material protected by the attorney-client

27  privilege, the work product doctrine, or any other privilege or protection from

28

STIPULATED PROTECTIVE ORDER

1    disclosure recognized under applicable law.  A party's inadvertent disclosure in

2    connection with this action of information that the disclosing party believes is

3    protected by the attorney-client privilege, the work product doctrine, or any other

4    privilege or immunity from discovery ("Protected Information") shall not constitute

5    a waiver with respect to such privilege or immunity in this or any other action.

6           (a)    Notification by the Disclosing Party:  In the event of an

7    inadvertent disclosure of Protected Information, the disclosing party may provide

8    notice in writing to the receiving party or parties advising of the inadvertent

9    disclosure, requesting return of the Protected Information, and asserting the basis of

10   the clawback request.  Upon such notice, the receiving party or parties shall make no

11   further use of the Protected Information, shall immediately segregate the Protected

12   Information in a manner that will prevent any further disclosure or dissemination,

13   and shall take reasonable steps to retrieve the Protected Information to the extent it

14   was disclosed or disseminated prior to receipt of the notice.  Within ten (10)

15   business days of receiving the notice of inadvertent disclosure, the receiving party

16   shall take reasonable steps to return all Protected Information in its possession,

17   custody, or control, or shall provide written confirmation that such information has

18   been deleted.  The receiving party's reasonable steps shall not require the return or

19   destruction of Protected Information that is stored on backup storage media made in

20   accordance with regular data backup procedures for disaster recovery purposes.

21   Backup storage media will not be restored for purposes of returning or certifying

22   destruction of Protected Information, but such retained information shall continue to

23   be treated in accordance with this Order.

24          (b)    Notification by the Receiving Party:  In the event a receiving

25   party receives information that appears on its face to be subject to the attorney-client

26   privilege, the work product doctrine, or any other privilege or immunity from

27   discovery, the receiving party shall refrain from reviewing the information any more

28

1  than is essential to ascertain that the information is privileged, and shall immediately

2  notify the disclosing party in writing that he or she possesses information that

3  appears on its face to be privileged.  The disclosing party shall then have ten (10)

4  business days after receiving the notice to request the return of the information.  If

5  the disclosing party requests return of the information, the receiving party shall

6  immediately return the information to the disclosing party and destroy any other

7  copies, and confirm the return and destruction of the materials in writing.

8            (c)    Disputes:  The return of any discovery material to the disclosing

9  party shall not in any way preclude the receiving party from asking the Court for a

10  ruling that the disclosed information was never privileged or otherwise immune

11  from discovery; however, the receiving party may not assert as a basis for the relief

12  it seeks the fact or circumstance that such allegedly privileged documents were

13  inadvertently produced in this action.  In the event there is a dispute over whether

14  the information at issue is protected from disclosure by virtue of a privilege or

15  immunity from discovery, counsel shall undertake reasonable, good faith efforts to

16  resolve the issue without intervention from the Court pursuant to Civil Local Rule

17  37-1.  To the extent counsel cannot resolve the issue, they will submit a joint

18  stipulation to the Court that complies with the requirements set forth in Civil Local

19  Rule 37-1.  The party asserting the privilege shall bear the burden of persuasion with

20  respect to the applicability of the privilege.  Allegedly privileged documents shall

21  remain protected against disclosure and use during the pendency of any dispute over

22  their status.

23       16.    No Application to Information Available Publicly or Otherwise:  The

24  restrictions and obligations set forth herein relating to information designated

25  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

26  ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall not

27  apply to any information that:  (a) the designating party agrees, or the Court rules, is

28

1  already public knowledge; (b) the designating party agrees, or the Court rules, has

2  become public knowledge other than as a result of disclosure by a receiving party in

3  violation of this Order; or (c) has come or shall come into a receiving party's lawful

4  and legitimate possession independently of the designating party.  Nothing herein

5  shall be deemed to prohibit discussions with any person of any information

6  designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

7  EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" if

8  that person already has or obtains lawful and legitimate possession thereof from a

9  source other than the disclosing party.

10       17.   <u>Court Proceedings</u>:  ~~The Parties, in consultation with the Court, will~~

11  ~~confer and attempt to agree before trial or hearings on the procedures under which~~



12  ~~CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL~~

13  ~~INFORMATION may be used at trial or hearings.  The Parties shall give notice of~~

14  ~~the terms of any agreement or order establishing these procedures to each non-party~~

15  ~~who produced CONFIDENTIAL INFORMATION and/or HIGHLY~~

16  ~~CONFIDENTIAL INFORMATION that might be used or introduced at trial or~~

17  ~~hearings.~~  This order does not govern the use of confidential material at trial.

18       18.   <u>Conclusion of Litigation</u>:  Unless the undersigned counsel agree

19  otherwise in writing, within ninety (90) calendar days after the final conclusion of

20  all aspects of this action by judgment not subject to further appeal or by settlement,

21  each Party shall take reasonable efforts to see that all CONFIDENTIAL

22  INFORMATION and HIGHLY CONFIDENTIAL INFORMATION has been

23  returned or destroyed.  Subject to the other terms of this paragraph, whether the

24  protected material is returned or destroyed, upon request of the producing party, the

25  receiving party must submit a written certification to the producing party by the 90

26  day deadline that (a) affirms that the protected material has been returned or

27  destroyed and (b) affirms that the receiving party has not retained any copies,

28

1  abstracts, compilations, summaries or any other format reproducing or capturing any

2  of the protected material. Notwithstanding the foregoing, as to those materials

3  containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

4  INFORMATION that (a) constitute counsel's work product related to this action, (b)

5  were filed with the Court and/or marked as trial exhibits or (c) constitute deposition

6  transcripts and exhibits, counsel may retain such materials if such counsel otherwise

7  comply with this Order with respect to such retained material. The Parties'

8  reasonable efforts shall not require the return or destruction of CONFIDENTIAL

9  INFORMATION or HIGHLY CONFIDENTIAL INFORMATION from (1) disaster

10  recovery or business continuity backups, (2) data stored in system-generated

11  temporary folders or near-line storage, and/or (3) unstructured departed employee

12  data. Backup storage media will not be restored for purposes of returning or

13  certifying destruction of CONFIDENTIAL INFORMATION or HIGHLY

14  CONFIDENTIAL INFORMATION, but such retained information shall continue to

15  be treated in accordance with the Order.

16      19.   <u>Subpoenas in Other Actions</u>: In the event any person or receiving party

17  having possession, custody, or control of any CONFIDENTIAL INFORMATION

18  or HIGHLY CONFIDENTIAL INFORMATION produced in this action receives a

19  subpoena or other process or order to produce such information, such subpoenaed

20  person or entity shall promptly notify by e-mail the attorneys of record of the

21  designating party and shall furnish those attorneys with a copy of said subpoena or

22  other process or order. The receiving party shall not produce the requested

23  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

24  INFORMATION unless and until a court of competent jurisdiction so directs,

25  except if the designating party (a) consents, or (b) fails to file a motion to quash or

26  fails to notify the receiving party in writing of its intention to contest the production

27  of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

28

-17-
STIPULATED PROTECTIVE ORDER

1   INFORMATION prior to the date designated for production of the subpoenaed

2   information, in which event the receiving party may produce on the designated

3   production date, but no earlier. The designating party asserting the confidential

4   treatment shall have the burden of defending against such subpoena, process, or

5   order. The person or Party receiving the subpoena or other process or order shall be

6   entitled to comply with it except to the extent the designating party asserting the

7   confidential treatment is successful in obtaining an order modifying or quashing it.

8        20.   <u>Enforcement of this Protective Order and Continuing Jurisdiction</u>: The



9   Court retains jurisdiction even after termination of this action ~~to enforce this Order,~~

10  ~~and~~ to make such amendments, modifications, deletions, and additions to this Order

11  as the Court may from time to time deem appropriate. The recipient of any

12  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

13  INFORMATION hereby agrees to subject himself/herself to the jurisdiction of this

14  Court for the purpose of any proceedings related to the performance under,

15  compliance with, or violations of this Order. Any violation of this Order may be

16  punished by any and all appropriate measures including, without limitation,

17  contempt proceedings and/or monetary sanctions. A Party that becomes aware of

18  any breach of this Order shall notify the Party whose information the breach

19  concerns immediately, but not later than two (2) business days after learning of the

20  breach, including detailing the circumstances of the breach.

21       21.   <u>Right to Assert Other Objections</u>: By stipulating to the entry of this

22  Order no Party waives any right it otherwise would have to object to disclosing or

23  producing any information or item on any ground not addressed in this Stipulated

24  Protective Order. Similarly, no Party waives any right to object to any ground to

25  use in evidence of any of the material covered by this Order.

26

27       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

28

Case 2:22-cv-00047-GW-GJS   Document 351-37   Filed 05/05/25   Page 20 of 24   Page ID #:9170
Case 2:15-cv-09814-DSF-AGR   Document 251-37   Filed 02/12/16   Page 19 of 23   Page ID #:9170
Case 2:15-cv-09814-DSF-JR   Document 21   Filed 02/08/16   Page 19 of 23   Page ID #:147

DATED:  February 8, 2016

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By _____ /s/ Frederick A. Lorig _____
Frederick A. Lorig
Kevin Y. Teruya
Adam B. Wolfson

Attorneys for Plaintiff Complete
Entertainment Resources LLC


DATED:  February 8, 2016

Respectfully submitted,

LATHAM & WATKINS LLP


By _____ /s/ Timothy L. O'Mara _____
Timothy L. O'Mara

Attorneys for Defendants Live Nation
Entertainment, Inc. and Ticketmaster LLC

STIPULATED PROTECTIVE ORDER

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3  DATED:  2/12/16

   _Alicia J. Rosenberg_

4  Hon. Alicia G. Rosenberg
   United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-

STIPULATED PROTECTIVE ORDER

1

## <u>ATTESTATION</u>

Pursuant to Civil Local Rule 5-4 Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i),
I, Frederick A. Lorig, attest under penalty of perjury that I have obtained
concurrence and authorization from Timothy L. O'Mara of Latham & Watkins LLP
to affix his electronic signature to this filing.

Case 2:22-cv-00047-GW-AGR   Document 251-37   Filed 05/05/25   Page 23 of 24   Page
ID #:2040
Case 2:15-cv-09814-DSF-JR   Document 210   Filed 02/08/16   Page 22 of 23   Page ID #:150

1

## EXHIBIT A

2

## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION AND

3

## HIGHLY CONFIDENTIAL INFORMATION

4  I, _____ [print or type full name], of

5  _____ [print or type full address], declare under penalty of perjury

6  that I have read in its entirety and understand the Stipulated Protective Order that

7  was issued by the United States District Court for the Central District of California

8  on ____ [date] in the case of Complete Entertainment Resources LLC d/b/a

9  Songkick vs. Live Nation Entertainment, Inc.; Ticketmaster LLC,  CASE NO. 15-

10  cv-9814 DSF (AGRx).  I agree to comply with and to be bound by all the terms of

11  this Stipulated Protective Order and I understand and acknowledge that failure to so

12  comply could expose me to sanctions and punishment in the nature of contempt.  I

13  solemnly promise that I will not disclose in any manner any information or item that

14  is subject to this Stipulated Protective Order to any person or entity except in strict

15  compliance with the provisions of this Order.  I further agree to submit to the

16  jurisdiction of the United States District Court for the Central District of California

17  for the purpose of enforcing the terms of this Stipulated Protective Order, even if

18  such enforcement proceedings occur after termination of this action.  I hereby

19  appoint _____ [print or type full name] of

20  _____ [print or type full address and

21  telephone number] as my California agent for service of process in connection with

22  this action or any proceedings related to enforcement of this Stipulated Protective

23  Order.

24

25  Date: _____

26  City and State where sworn and signed: _____

27  Printed name: _____

28

1    Signature: _____

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER