Kimberly Branscome (Bar No. 255480)
  kbranscome@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
2029 Century Park East, Suite 2000
Los Angeles, CA 90067
Telephone: (310) 982-4350
Fax: (310) 943-1805

Eyitayo St. Matthew-Daniel (*Pro Hac Vice* forthcoming)
  tstmatthewdaniel@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Fax: (212) 757-3990

Bryon Becker (*Pro Hac Vice* forthcoming)
  bpbecker@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Fax: (202) 223-7420

*Attorneys for Non-Party*
VIAGOGO ENTERTAINMENT INC.
and STUBHUB, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SKOT HECKMAN, LUIS PONCE, JEANENE POPP, and JACOB ROBERTS, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER LLC,<br><br>Defendants. | Case No. 2:22-cv-00047-GW-GJS<br><br>**NON-PARTIES VIAGOGO ENTERTAINMENT INC. AND STUBHUB, INC.'S MOTION TO INTERVENE**<br><br>Judge:  Hon. George H. Wu<br>Date:   June 5, 2025 at 9:00 A.M. |

Non-Parties viagogo Entertainment Inc. and StubHub, Inc. (collectively, "StubHub") respectfully move this Court to permit their intervention in this case for the limited purpose of seeking amendment to the Stipulated Protective Order, ECF No. 62 (the "Protective Order").[1] StubHub is one of Defendants' competitors. Plaintiffs have issued subpoenas to StubHub seeking documents, communications, and deposition materials from a separate Government Action[2] and a related pre-complaint investigation into Defendants (the "Subpoenas"). Exs. 1–2. These materials contain confidential, competitively-sensitive information. Their disclosure was predicated on necessary restrictions on competitor access operative under the protective order entered in the Government Action, ECF No. 321, Ex. 3, but absent from the Protective Order in effect here. Plaintiffs issued similar subpoenas to three of Defendants' other Non-Party Competitors, each of which has moved to intervene in this case. *See* ECF No. 321. Like them, StubHub's objective in intervening is to prevent its biggest competitor from improperly using its confidential information for commercial advantage. That is a well-established basis to intervene, which this Court should allow StubHub to do.

## I. STUBHUB MAY INTERVENE AS OF RIGHT

StubHub may intervene as of right under Federal Rule of Civil Procedure 24(a)(2).[3] Rule 24(a)(2) applies where a non-party establishes that: (1) its

---

[1] The Parties have agreed to waive the pre-filing conference requirements under Civil Local Rules 7-3 and 37-1. Emails from A. Wolfson and A. Jovais dated May 5–6, 2025, Exs. 6–7.

[2] The "Government Action" refers to the antitrust lawsuit brought by the U.S. Department of Justice ("DOJ") and State Attorneys General against Defendants, captioned *United States et al.* v. *Live Nation Entertainment, Inc. & Ticketmaster, L.L.C.*, No. 1:24-cv-03973-AS (S.D.N.Y.).

[3] A non-party may intervene as of right for a limited purpose, including to restrict the improper "disclosure of confidential information" during the discovery process. *St. Comp. Ins. Fund* v. *Drobot*, 2016 WL 3546583, at *1–3 (C.D. Cal. Feb. 29, 2016) (granting intervention "by right . . . for the limited purpose of modifying certain discovery requests and restricting the scope of discovery"); *Celgard LLC* v. *Targray Tech. Int'l Inc.*, 2021 WL 831030, at *4 (C.D. Cal. Feb.

- 1 -

intervention is timely; (2) it has a "significantly protectable interest relating to . . . the subject of the action"; (3) it is "so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest"; and (4) its interest is "inadequately represented by the parties to the action." *Kalbers* v. *United States Dept. of Just.*, 22 F.4th 816, 822 (9th Cir. 2021) (internal quotations omitted); Fed. R. Civ. P. 24(a)(2). Rule 24(a)(2) must be construed "liberally in favor of potential intervenors." *Cal. ex rel. Lockyer* v. *U.S.*, 450 F.3d 436, 440 (9th Cir. 2006); *Martin* v. *La Luz Del Mundo*, 2020 WL 6743591, at *2 (C.D. Cal. Sept. 29 2020) ("Rule 24 traditionally receives liberal construction in favor of applicants for intervention."). StubHub satisfies each element of Rule 24(a)(2).

*First*, StubHub's limited-purpose intervention is timely. Courts generally determine whether an intervention is timely with reference to: (1) "the stage of the proceedings"; (2) whether there is any "prejudice to other parties"; and (3) "the reason for and length of [any] delay." *W. Watersheds Project* v. *Haaland*, 22 F. 4th 828, 836 (9th Cir. 2022). "[I]ntervention to challenge confidentiality orders may take place" at virtually any stage of the proceedings, including "long after [the] case has been terminated." *Blum* v. *Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013). Here, discovery has yet to conclude and a trial date has yet to be set. There is also no prejudice to the other parties. Plaintiffs have consented to the amendments to the Protective Order that StubHub proposes, which are the same amendments that the Non-Party Competitors are seeking. March 31, 2025 Email from A. Wolfson, ECF No. 321, Ex. 20 ("Plaintiffs . . . have no objection to the intended motion."). And, as explained in the Non-Party Competitors' Motion to Amend the Protective Order, ECF No. 321-2, those amendments neither undermine the protections that the Protective Order currently affords Defendants nor impair Defendants' ability to defend this litigation. Finally, and most importantly, StubHub

---

10, 2021) (granting intervention as of right "to file a five page reply to [a] motion to compel" materials in which the intervenor had a confidentiality interest and "participate in a hearing on the same issue").

- 2 -
STUBHUB'S MOTION TO INTERVENE            Case No. 2:22-cv-00047-GW-GJS

has not delayed in intervening. Plaintiffs served the Subpoenas on April 11, 2025. Exs. 1–2. StubHub conveyed its concerns about the Protective Order to Plaintiffs within ten days, on April 21, 2025, Ex. 3 at 1; objected on May 2, 2025, Exs. 4–5; and moved to intervene on May 8, 2025. StubHub has not sat idly by.

*Second*, StubHub has a significantly protectable interest relating to the subject of this action. An intervenor has a significantly protectable interest if "(1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims." *Kalbers*, 22 F.4th at 827 (internal quotations omitted). "[P]reventing the disclosure of commercially-sensitive and confidential information," as StubHub seeks to do here, "is a well-established interest sufficient to justify intervention under Rule 24(a)." *Celgard*, 2021 WL 831030, at *2 (quoting *100Reporters LLC* v. *United States Dep't of Just.*, 307 F.R.D. 269, 275 (D.D.C. 2014)); *see also Northrop Grunman Info. Tech., Inc.* v. *U.S.*, 74 Fed. Cl. 407, 414 (Fed. Cl. 2006) ("[The intervenor's] trade secrets and proprietary information are the very type of interest the protection of which justifies intervention under Rule 24(a)."). There is "undoubtedly" a relationship between StubHub's interest and Plaintiffs' claims because the "resolution of [those] claims," which requires StubHub to respond to the Subpoenas, could cause StubHub to "suffer a loss of trade secret information or otherwise confidential information" to a competitor, Defendant Ticketmaster LLC. *Celgard*, 2021 WL 831030, at *3.

*Third*, StubHub's "interest in keeping its [information] confidential would obviously be impaired by an order [that allows] disclos[ure]" to a competitor, as the Protective Order currently does. *Kalbers*, 22 F.4th at 828. "Even a seemingly insignificant risk of disclosure cannot be ignored," as Defendants could use this information to "compete for [StubHub's] customers, or interfere with its business plan and thereby gain a competitive advantage in the marketplace." *Intel Corp.* v. *VIA Techs.*, Inc., 198 F.R.D. 525, 531 (N.D. Cal. 2000). "[A]bsent intervention," StubHub cannot move to amend the Protective Order and thus "has no enforcement

mechanism" against such "misuse of its confidential information." *Celgard*, 2021 WL 831030, at *3; *Tripharma, LLC* v. *First Fruits Bus. Ministry LLC*, 2017 WL 11690056, at *2 (C.D. Cal. Dec. 1, 2017) (a non-party "must move to intervene to seek modification of the Court's protective order").

*Fourth*, none of the existing parties adequately represent StubHub's interest. StubHub is only required to make "a minimal showing that representation [of its interest] *may be* inadequate." *Giancaspro* v. *Network Travel Experiences, Inc.*, 2022 WL 19569513, at *6 (C.D. Cal. Nov. 3, 2022) (emphasis in original) (quoting *SEC* v. *LADP Acquisition, Inc.*, 2015 WL 13593622, at *4 (C.D. Cal. June 17, 2015)). As explained in the Non-Parties Competitors' Motion to Amend the Protective Order, ECF No. 321-2, the Protective Order provides insufficient safeguards against Defendants' improper use of its competitors' confidential information for Defendants' commercial advantage. The Parties have no interest in preventing such misuse of StubHub's confidential information; they stipulated to the inadequate safeguards in the Protective Order and Defendants object to StubHub and the Non-Party Competitors' proposed amendments.[4] April 1, 2025 Email from S. Jeffrey, ECF No. 321, Ex. 20. This Court should permit StubHub to seek adequate protections for its confidential information and grant this motion as of right.

## II.   INTERVENTION IS ALSO APPROPRIATE UNDER RULE 24(B)

StubHub may also intervene under Federal Rule of Civil Procedure 24(b). Rule 24(b) allows intervention by a "timely motion" where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Although Rule 24(b)'s "primary focus" is on

---

[4] If the Court grants the Non-Party Competitors' Motion to Intervene, ECF No. 321-1, StubHub's interest will likely still be inadequately represented. Even though StubHub's and the other Non-Party Competitors' concerns about the Protective Order overlap, the other Non-Party Competitors are seeking to protect their confidential information, not StubHub's. StubHub cannot rely on the other Non-Party Competitors to seek protections for StubHub's particular interest.

1  "litigating a claim on the merits," "there is ample support for [the view] that courts
2  also recognize Rule 24(b) intervention as a proper method to modify a protective
3  order." *Beckman Indus., Inc.* v. *Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992)
4  (collecting cases).  "Where, as here, a party does not seek to litigate a claim on the
5  merits, but rather seeks only to challenge a protective order, that party need only
6  satisfy the timeliness requirement" for intervention under Rule 24(b).  *Rosas* v.
7  *Baca*, 2023 WL 5957170, at *2 (C.D. Cal. Sept. 12, 2023) (citing *Beckman*, 966 F.2d
8  at 473–74).  As explained above, StubHub's motion to intervene is timely.  In these
9  circumstances, courts routinely grant Rule 24(b) motions.  *See, e.g.*, *Beckman*, 470
10 F.2d at 472–75; *Tripharma*, 2017 WL 11690056, at *2; *Rosas*, 2023 WL 5957170,
11 at *5.  So too would be appropriate here.

## III.  CONCLUSION

For the foregoing reasons, StubHub respectfully requests that the Court grant its motion to intervene for the limited purpose of amending the Protective Order.

Dated: May 8, 2025

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**

By: */s/ Kimberly Branscome*
    Kimberly Branscome
    Eyitayo St. Matthew-Daniel
    Bryon Becker

*Attorneys for Non-Parties*
VIAGOGO ENTERTAINMENT INC.
and STUBHUB, INC.