1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SKOT HECKMAN, LUIS PONCE, JEANENE POPP, & JACOB ROBERTS, on behalf of themselves and all those similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER L.L.C.,<br><br>        Defendants. | CASE NO. 2:22-cv-00047-GW-GJS<br><br>**DISCOVERY MATTER:**<br>**[PROPOSED]** ~~STIPULATED~~ **ORDER REGARDING DISCOVERY RELATED TO TESTIFYING EXPERTS**<br><br>Magistrate Judge: The Honorable Gail J. Standish |

Pursuant to Fed. R. Civ. P. 29, Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts (collectively, "Plaintiffs") and Defendants Live Nation Entertainment, Inc. and Ticketmaster, L.L.C. (collectively, "Defendants"), each a "Party" and together the "Parties," through their undersigned counsel, hereby stipulate and agree to the following regarding expert discovery and testimony in this Action (the "Stipulation and Order").

## DEFINITIONS

This Stipulation and Order are subject to and incorporate the following definitions:

1.   "Action" means the action filed in this Court under the caption *Heckman et al. v. Live Nation Entertainment, Inc. et al.*, No. 2:22-cv-00047-GW-GJS, including any discovery, pre-trial, trial, post-trial, or appellate proceedings.

2.   "Consultant" means a Person, retained by a Party or their Testifying Expert specifically for purposes of the Action, to assist that Party in the prosecution or defense of the Action, and who will not provide testimony pursuant to Fed. R. Civ. P. 26(a)(2). For the avoidance of doubt, the term Consultant does not include a Party or a Party's employees.

3.   "Counsel" shall mean, as applied to outside counsel, counsel retained by a Party or Parties in connection with the Action and, with respect to Defendants' outside counsel, any "Other Action" as defined in Paragraph 6. As applied to in-house counsel, it shall mean any lawyer employed (or previously employed, at the time of the pertinent communication) by a Party.

4.   "Document" or "Documents" means any document or electronically stored information, as the term is used in Federal Rule of Civil Procedure 34 or any applicable local rule.

5.   "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

6.   "Other Action" shall include the following actions: (1) *United States of America, et al. v. Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*, 1:24-cv-03973 (S.D.N.Y.); (2) *In re Live Nation Entertainment, Inc. and Ticketmaster L.L.C. Antitrust Litigation*, Lead Case No. 1:24-cv-03994 (S.D.N.Y.); (3) *Jacobson et al. v. Live Nation Entertainment, Inc. et al.*, No. 1:24-cv-06538 (S.D.N.Y.); (4) *Donley et al. v. Live Nation Entertainment, Inc., et al.*, No. 2:23-cv-06343 (C.D. Cal.); (5) *Barfuss et al. v. Live Nation Entertainment, Inc. et al.*, No. 2:23-cv-01114 (C.D. Cal.); (6) *Cendejas et al. v. Live Nation Entertainment, Inc., et al.*, No. 2:25-cv-04791 (C.D. Cal.); and any and all actions filed after the effective date of this Stipulation and Order that the Parties agree and/or the Court determines meet the criteria of L.R. 83-1 of the Central District of California.

7.   "Staff" means any firm, employee, or individual assisting or supporting a Testifying Expert or Consultant. For the avoidance of doubt, it does not include a Party or a Party's employees.

8.   "Testifying Expert" means a Person, retained by a Party or Parties specifically for purposes of the Action, to assist that Party in the prosecution or defense of the Action, and who is required to provide a report pursuant to Fed. R. Civ. P. 26(a)(2)(B). For the avoidance of doubt, the term Testifying Expert does not include employees of a Party.

## STIPULATION

1.   This Stipulation and Order supplements all other discovery rules and orders.

2.   The Parties agree that the provisions of Fed. R. Civ. P. 26(b)(4)(C) will apply to expert discovery in this Action, except as modified or limited herein. Discovery of expert materials shall be limited to final expert reports and materials relied upon as a basis for the opinions.

3.   The term "considered" as used in Fed. R. Civ. P. 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this Stipulation

and Order and expert discovery and testimony in this Action.  For the avoidance of doubt, materials that are considered but not relied upon by a Testifying Expert shall not be discoverable notwithstanding any language to the contrary in Fed. R. Civ. P. 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii). Thus, the following non-exhaustive categories of data, information, Documents or materials need not be produced by any Party, are not subject to discovery in this matter, and need not be identified on a privilege log, even if a Testifying Expert reviewed or considered them, if the Testifying Expert did not rely on them in forming his or her disclosed opinion(s) or other testimony:

3.1.  non-final versions of any Testifying Expert's or Consultant's reports, exhibits, affidavits, declarations, or other materials, including, without limitation: draft studies, analyses, opinions, written testimony or work papers prepared in connection with this Action or any Other Action; preliminary or intermediate calculations, computations, compilations, modeling, intermediate working data files, log files reflecting draft computer code, or data runs prepared in connection with this Action or any Other Action, except as described below in Paragraph 5; or other preliminary or draft materials prepared by, for, or at the direction of a Testifying Expert;

3.2. any notes taken or other writings prepared by or for a Testifying Expert, Consultant, or Staff in connection with this Action or any Other Action, including correspondence or memos to or from, and notes of conversations with, Staff, other Testifying Experts, Consultants, or Counsel, except for notes of interviews of Persons the Testifying Expert, Consultant, or Staff participated in or conducted and where the Testifying Expert relied on the notes in forming his or her opinions;

3.3. information or communications, written or otherwise exchanged, recounted, or memorialized among or between: (i) Counsel and the Testifying Expert and/or the Testifying Expert's Staff; (ii) Counsel and any

-3-

Consultant and/or the Consultant's Staff; (iii) the Testifying Expert's Staff and a Party or Parties offering the testimony of such expert; (iv) the Testifying Expert and other Testifying Experts and/or other Consultants; (v) Testifying Experts and their Staff or the Staffs of any other Testifying Experts or Consultants; (vi) Consultants and their Staffs; (vii) the respective Staffs of Testifying Experts or Consultants and the Staffs of other Testifying Experts or Consultants;

3.4. any comments, whether oral or written, related to a final or draft report, affidavit, or declaration, or potential testimony of a Testifying Expert, prepared in connection with the Action or any Other Action, by: (i) Counsel; (ii) a Consultant; (iii) Staff; (iv) any other Testifying Expert; or (v) Staff of another Testifying Expert; and

3.5. budgets, invoices, bills, receipts, or time records concerning Testifying Experts, Consultants, or Staff or their companies or organizations, except as described below in Paragraphs 7.4 and 8;

4.    This Stipulation and Order does not impose any independent obligation to retain the information covered by Paragraph 3 (including all subparagraphs) herein.

5.    Within two (2) business days of disclosing the Testifying Expert's written reports and any other expert testimony, the Parties that engaged the Testifying Expert shall produce to all Parties all facts, data, assumptions, and other information that the Testifying Expert relied upon in forming his or her opinion(s); provided, however, that to comply with this Paragraph, a Party need not produce, but may simply identify in writing, (i) the Bates ranges of Documents or other information produced in this Action (and, to the extent that any Documents relied upon do not already have a Bates number, copies of those Documents shall be produced with a Bates number in accordance with the ESI Order entered or modified in this Action (ECF No. 61), with the exception of docket filings, deposition transcripts, other Testifying Expert's reports, or materials that are publicly available (such as published articles or

-4-

[PROPOSED] STIPULATED ORDER RE: DISCOVERY RELATED TO TESTIFYING EXPERTS

websites)); (ii) the deponent names and dates for transcripts of depositions taken in this Action; (iii) the exhibit numbers of all exhibits from such depositions; and (iv) citations for publicly available articles, cases, statutes, journals, treatises, regulatory filings, or other public sources. To the extent the disclosures required by this Stipulation and Order describe or include exhibits, information, or data results generated, processed, or modeled by computer at the direction of a Testifying Expert and relied upon in forming his or her opinions, machine-readable copies of the input data along with the appropriate computer program(s) and instructions sufficient to replicate such exhibits, information, and data results shall be produced to all Parties. All input data, computer program code, and instructions used to generate the exhibits, information, or data results relied upon by a Testifying Expert to form his or her opinion(s) shall be produced, except no Party need produce computer programs that are reasonably and readily commercially available. If a Party's Testifying Expert intends to rely upon data available for purchase, the Party offering the Testifying Expert shall undertake reasonable efforts to secure rights to produce said data in discovery. If a Party's Testifying Expert relies on data available for purchase that cannot be produced due to licensing or other legal restrictions, the Party offering the Testifying Expert will notify the opposing Party of its Testifying Expert's intentions to rely on such data a reasonable amount of time before the deadline for serving expert disclosures so that the opposing party will have an opportunity to obtain the data in question by the time of the relevant expert disclosure. For the avoidance of doubt, neither Party shall be required to purchase such data for the opposing Party.

6.  All electronic data, together with program(s) and instructions described in Paragraph 5, shall be made available within the period described in Paragraph 5 above, and shall be delivered by hand, overnight express, or electronic means (e.g., FTP) to Counsel for each Party. Any physical materials sent to Plaintiffs shall be sent to Quinn Emanuel Urquhart & Sullivan's Los Angeles Office, attn: Kevin Teruya.

Any physical materials sent to Defendants shall be sent to Latham & Watkins's San Francisco Office, attn: Alicia Jovais.

7.   In addition, within two (2) business days of disclosing any expert testimony, including written reports, the Parties that engaged the Testifying Expert shall produce to all Parties:

7.1.   A statement of the Testifying Expert's qualifications, including a list of all publications authored, in whole or in part, by the Testifying Expert in the previous 10 years and copies of all such publications that are not readily available publicly, provided that such publications are accessible by the Testifying Expert. Publications that exist only behind a paywall or in print shall be considered as not readily available publicly.

7.2.   A list of all other case(s), wherever those cases took place (including outside the United States), in which, during the previous ten (10) years, the Testifying Expert testified as an expert at trial or by deposition, including the tribunal and case number.

7.3.   Any exhibits that will be used to summarize or support the Testifying Expert's opinions.

7.4.   A statement of the compensation to be paid to the Testifying Expert for the Testifying Expert's study and testimony in the case.

8.   This Stipulation and Order also does not preclude reasonable questions at deposition related to a Testifying Expert's compensation, or to the number of hours the Testifying Expert expended in preparing his or her opinion(s).

9.   Further, nothing herein shall be construed to prevent deposition questions relating to the substance of the Testifying Expert's opinion(s) (including alternative theories, methodologies, variables, or assumptions that the Testifying Expert may not have relied upon in formulating his or her opinions).  Thus, notwithstanding anything to the contrary herein, a Testifying Expert may be presented at deposition, hearing, or trial with Documents, testimony, or other materials not contained in his or her expert

report and questioned about whether the Testifying Expert relied or did not rely on such Documents, testimony, or other materials in formulating his or her opinion(s), and whether such Documents, testimony, or other materials would cause the Testifying Expert to alter her or his opinion(s) in any respect.

10. Nothing herein shall limit or waive any Party's right to object to the admission into evidence of any opposing Party's Testifying Expert report or opinion(s) or other materials, or to the qualification of any Person to serve as a Testifying Expert.

11. This Stipulation and Order may be amended only by a subsequent written stipulation among the Parties or upon order of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: June 17, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By : __/s/ *Kevin Y. Teruya*__
    Kevin Y. Teruya (Bar No. 235916)
    kevinteruya@quinnemanuel.com
    Adam B. Wolfson (Bar No. 262125)
    adamwolfson@quinnemanuel.com
    William R. Sears (Bar No. 330888)
    willsears@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
    Los Angeles, CA 90017-2543
    Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

    KELLER POSTMAN LLC
    Warren Postman (Bar No. 33069)
    wdp@kellerpostman.com
    Albert Pak (*pro hac vice* forthcoming)
    Albert.pak@kellerpostman.com
    1100 Vermont Avenue, N.W., 12th Fl.
    Washington, D.C., 20005
    Telephone: (202) 918-1123

    *Attorneys for Plaintiffs Skot Heckman,*
    *Luis Ponce, Jeanene Popp, and Jacob*
    *Roberts*

LATHAM & WATKINS LLP

By: __/s/ *Timothy L. O'Mara*__
    Timothy L. O'Mara

    505 Montgomery Street, Suite 2000
    San Francisco, California 94111-6538
    Tel: +1.415.391.0600
    Fac: +1.415.395.8095
    Tim.o'mara@lw.com

    *Attorney for Defendants Live Nation*
    *Enterntainment, Inc. and*
    *Ticketmaster L.L.C.*

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing party hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

1    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3

4    DATED:  June 18, 2025

5

6

7    _____
     HON. GAIL J. STANDISH
8    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28