JOSEPH M. WAHL (SBN 281920)
  joseph.wahl@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067-2904
Telephone:   (310) 284-3880
Facsimile:    (310) 284-3894

Attorneys for Non-Party Sacramento
Downtown Arena LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SKOT HECKMAN, *et al.*,<br><br>                Plaintiffs,<br><br>        v.<br><br>LIVE NATION ENTERTAINMENT, INC., *et al*.,<br><br>                Defendants. | Case No. 2:22-cv-00047-GW-GJS<br><br>**NON-PARTY SACRAMENTO DOWNTOWN ARENA LLC'S MOTION TO INTERVENE**<br><br>Date:        August 18. 2025<br>Time:        8:30 a.m.<br>Courtroom:  9D<br>Judge:       Hon. George H. Wu |

Non-Party Sacramento Downtown Arena LLC ("SDA") hereby moves to intervene in the above-captioned case for the limited purpose of seeking a modification of the Stipulated Protective Order in this case (Dkt. No. 62) to prevent the disclosure of SDA's confidential business information. In support of its Motion to Intervene, SDA states as follows.

## BACKGROUND

On March 6, 2025, Plaintiffs served non-party SDA with a broad Subpoena seeking, among other things, "ALL DOCUMENTS and COMMUNICATIONS" SDA produced "to the GOVERNMENT as part of ANY investigation REGARDING TICKETMASTER or LIVE NATION, to the extent they RELATE TO the issues in

this case." (*See* Subpoena at 5, attached to this Motion as Exhibit A.) SDA timely served its Responses and Objections to Plaintiffs' Document Subpoena on March 14, 2025. (*See* Responses and Objections, attached to this Motion as Exhibit B.) Among other objections, SDA declined to produce documents in response to Plaintiffs' Subpoena "because it call[ed] for confidential business information the production of which would result in the disclosure of trade secret and other confidential research, development and commercial information," and because the Subpoena's requests were "vague and ambiguous, including but not limited to, the phrase 'RELATE TO the issues in this case . . . .' " (*See* Ex. B at 3.)

After SDA served its Responses and Objections, counsel for SDA met and conferred by phone with counsel for Plaintiffs to discuss a possible resolution of their disagreement over Plaintiffs' document requests. Despite their good faith efforts, SDA and Plaintiffs have not yet been able to come to an agreement about the possible production of SDA's confidential documents. On June 16, 2025, counsel for Plaintiffs informed counsel for SDA that, earlier the same day, this Court ruled that any non-parties that have received subpoenas and seek to have the same confidentiality protections applied in this case as in the related government action pending in the Southern District of New York must file a motion to intervene no later than Monday, June 23, 2025. (*See* Dkt. No. 395; Tr. of June 16, 2025 Status Conference in *Heckman v. Live Nation Etmt't, Inc*., No. CV 22-047, at 21:22-22:12.)

## **ARGUMENT**

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n a timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To satisfy Rule 24(a)(2), a proposed intervenor must demonstrate that "(1) its motion is timely; (2) it has a significantly protectable

1   interest relating to . . . the subject of the action; (3) it is so situated that the disposition

2   of the action may as a practical matter impair or impede [its] ability to protect that

3   interest; and (4) its interest is inadequately represented by the parties to the

4   action." *Kalbers v. United States Dep't of Justice*, 22 F.4th 816, 822 (9th Cir. 2021)

5   (internal citations and quotations omitted, brackets in original).

6       Non-party SDA satisfies each of these requirements. First, SDA's Motion to

7   Intervene is timely because SDA was only informed of the Court's direction to non-

8   parties to file motions to intervene less than a week ago, on June 16, 2025, and filed

9   its Motion before the Court's June 23, 2025 deadline. Further, SDA's Responses and

10  Objections to Plaintiffs' Subpoena were served timely and clearly notified Plaintiffs

11  that SDA objected to the Subpoena due, in part, to SDA's concerns about the

12  dissemination of the confidential information contained in the documents the

13  Subpoena called for. (*See* Ex. B. at 3-5) (noting that the Subpoena "call[ed] for

14  confidential business information the production of which would result in the

15  disclosure of trade secret and other confidential research, development and

16  commercial information"). Although Plaintiffs subsequently notified SDA that they

17  disagreed with SDA's reasons for its refusal to produce documents, Plaintiffs did not

18  move to compel the production of SDA's documents or otherwise act to formally

19  dispute SDA's objections to production. That is, SDA had no reason to intervene in

20  this case to protect its interests prior to this Court's June 16, 2025 direction to non-

21  parties to do so.

22      Second, SDA has a significant protectable interest relating to the subject of this

23  action because Plaintiffs' Subpoena calls for the production of confidential business

24  information which, if used for purposes other than those permitted by the current

25  version of the Stipulated Protective Order (and, in some cases, for any purpose), could

26  cause SDA significant commercial harm. *See, e.g.*, *Celgard LLC v. Targray Tech.*

27  *Int'l, Inc.*, No. SAMC 20-00128JVS(KESx), 2021 WL 831030, at *2 (C.D. Cal. Feb.

28  10, 2021) ("[P]reventing the disclosure of commercially-sensitive and confidential

information is a well-established interest sufficient to justify intervention under Rule 24(a).") (internal citations and quotations omitted). SDA's interest in maintaining the confidentiality of its business information should, in theory, receive a measure of additional protection from the proposed modifications to the Stipulated Protective Order.[1]

Third, SDA is so situated that the disposition of the parties' request to modify the Stipulated Protective Order may impair or impede SDA's ability to protect its interest in maintaining the confidentiality of the information contained in the documents Plaintiffs seek. As a non-party, SDA has no ability to contest the scope or terms of the Stipulated Protective Order governing the use of documents produced in this case, which is the only means SDA currently has to prevent the dissemination of its confidential business information. "Even a seemingly insignificant risk of disclosure [of confidential information] cannot be ignored due to the threat of significant potential injury" SDA would sustain were its proprietary business information be obtained by its competitors. *See Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 531 (N.D. Cal. 2000).

Fourth, SDA's interest is not adequately represented by the current parties to the action because, even assuming it would be in the parties' interest to do so, both Plaintiffs and Defendants lack the information necessary to advocate SDA's position. Courts consider three factors in deciding whether the parties to litigation will adequately represent the interests of a proposed intervenor: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such

---

[1]    SDA hereby adopts and incorporates by reference in this Motion the substantive arguments in favor the proposed modifications to the Stipulated Protective Order made by the "Non-Party Competitors" in April of this year. (*See* Dkt. No. 321-2 at 5-8.)

arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Celgard LLC*, 2021 WL 831030, at *3 (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)).

All three elements are met here because only SDA is aware of what confidential information is contained in the documents sought by Plaintiffs' Subpoena. As a result, the current parties are unable to "make all of [SDA's] arguments" and would therefore assuredly "neglect" necessary elements of the proceedings that SDA would add. Moreover, even if they were able to do so, it seems unlikely that Plaintiffs and Defendants would be "willing to make [the] arguments" SDA would make on its own behalf to protect the confidentiality of SDA's documents. In fact, Plaintiffs and Defendants have the opposite interest: to obtain access to as many of SDA's documents as possible, whether directly relevant to this litigation or not, in order to gain an otherwise unavailable business or legal advantage over each other or over third parties unrelated to this case—regardless of the adverse consequences to SDA of a wide dissemination of its confidential business information.

## CONCLUSION

For the foregoing reasons, non-party Sacramento Downtown Arena LLC ("SDA") respectfully requests that the Court (1) grant its Motion to Intervene for the limited purpose of ensuring that SDA's interest in maintaining the confidentiality of its business-related documents is adequately protected by the proposed modifications to the Stipulated Protective Order in this case, and (2) allow the proposed modifications to the Stipulated Protective Order.

Dated:  June 20, 2025              **BARNES & THORNBURG LLP**

By:    /s/ Joseph M. Wahl
         Joseph M. Wahl
         Attorneys for Non-Party Sacramento
         Downtown Arena LLC

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| Skot Heckman et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  2:22-cv-00047-GW-GJS |
| Live Nation Entertainment, Inc. et al | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Sacramento Downtown Arena LLC
c/o Paracorp Incorporated, 2140 S Dupont Hwy, Camden, DE 19934

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Quinn Emanuel Urquhart & Sullivan LLP<br> 865 South Figueroa Street, 10th Floor<br> Los Angeles, California 90017-2543 | Date and Time:<br><br>03/20/2025 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/06/2025

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Robert B. Fuqua |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts _____ , who issues or requests this subpoena, are:

Robert Fuqua, 865 South Figueroa St., 10th Fl. Los Angeles, CA 90017, robfuqua@quinnemanuel.com; 213-443-3000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# ATTACHMENT A – DOCUMENTS TO BE PRODUCED
## DEFINITIONS

These requests for production are subject to and incorporate the following definitions and instructions as used herein:

1.      The terms "ANY" and "ALL" mean every iteration, occurrence, instance, version, or form, whether complete or partial, in any format.

2.      The term "COMMUNICATION(S)" means, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail.

3.      The term "DEPOSITION(S)" refers to all notices and transcripts of, and exhibits introduced at, oral depositions (in their unredacted form) including but not limited to those encompassing Rules 30(a), 30(b)(1), and 30(b)(6) of the Federal Rules of Civil Procedure or their state-law, foreign or regulatory counterparts.

4.      The term "DOCUMENT(S)" shall have the broadest meaning ascribed to them by the Federal Rules of Civil Procedure and shall include without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails, instant messages, text messages; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, summaries, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or

absence of hand-written notes or underlining, represents a separate document within the meaning of this term).  The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

5.     The term "GOVERNMENT" refers to any federal, state, or local governmental entity, agency, department, bureau, commission, or regulatory body, including but not limited to the U.S. Department of Justice, the Federal Trade Commission, the Securities and Exchange Commission, state attorneys general, and any legislative, executive, or administrative body with oversight, investigative, or enforcement authority related to the subject matter of this subpoena.

6.     The term "GOVERNMENT ACTION" refers to *United States, et. Al. v. Live Nation Entertainment, Inc., et al*., Case No. 1:24-cv-03973-AS (S.D.N.Y).

7.     The term "LIVE NATION" refers to Live Nation Entertainment, Inc., and, without limitation, any past or present parent, division, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, employee, consultant, staff member, legal counsel, or any other representative or person acting on behalf of Live Nation Entertainment, Inc.

8.     The term "PRODUCED" means any act of furnishing, disclosing, delivering, or otherwise making available, whether voluntarily, in response to a request, or pursuant to legal process, including subpoenas, civil investigative demands, or other compulsory mechanisms.

9.     The terms "REGARDING" and "RELATE TO" mean concerning, mentioning, reflecting, pertaining to, evidencing, identifying, incorporating, summarizing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, containing, or constituting (in whole or in part).

10.     The term "TICKETMASTER" shall refer to Ticketmaster LLC and, without limitation, any past or present parent, division, subsidiary, affiliate, joint

venture, associated organization, director, officer, agent, employee, consultant, staff member, legal counsel, or any other representative or person acting on behalf of Ticketmaster LLC.

11.    The terms "YOU" and "YOUR" shall refer to Sacramento Downtown Arena LLC.

12.    Any terms not otherwise defined shall be given their plain and ordinary meanings.

## **INSTRUCTIONS**

1.    YOU are required to produce all non-privileged DOCUMENTS in YOUR possession, custody, or control, including information in the possession, custody, or control of any of YOUR attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and PERSONS under YOUR control.

2.    Each DOCUMENT is to be produced along with all non-identical versions thereof in their entirety, without abbreviation or redaction.

3.    All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

4.    All DOCUMENTS that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all attachments and enclosures.

5.    Color copies of DOCUMENTS are to be produced where color is necessary to interpret or understand the contents.

6.    The source(s) or derivation of each DOCUMENT produced shall be specifically identified.

7.    Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which

they were derived sufficient to permit rendering the records and information intelligible.

8. The Requests are limited in time from 2010 through the present.

9. In the event that any DOCUMENT called for by the following Requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and any indicated or blind copy(s); (ii) the DOCUMENT'S date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts upon which YOU would base YOUR claim of privilege or immunity.

10. In the event that any DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the author(s), addressee(s) and any indicated or blind copy(s); (ii) the DOCUMENT'S date, number of pages and attachments or appendices; (iii) the DOCUMENT'S subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the PERSONS who were authorized to carry out such destruction or discard; and (vi) whether any copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1.:**

ALL DOCUMENTS and COMMUNICATIONS that YOU PRODUCED to the GOVERNMENT as part of ANY investigation REGARDING TICKETMASTER or LIVE NATION, to the extent they RELATE TO the issues in this case.

**REQUEST FOR PRODUCTION NO. 2.:**

ALL DOCUMENTS and COMMUNICATIONS that YOU PRODUCED as part of the GOVERNMENT ACTION, to the extent they RELATE TO the issues in this case.

**REQUEST FOR PRODUCTION NO. 3.:**

ALL DEPOSITIONS YOU have provided as part of ANY investigation REGARDING TICKETMASTER or LIVE NATION, to the extent they RELATE TO the issues in this case.

**REQUEST FOR PRODUCTION NO. 4.:**

ALL DEPOSITIONS YOU have provided as part of the GOVERNMENT ACTION, to the extent they RELATE TO the issues in this case.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:22-cv-00047-GW-GJS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

JOSEPH M. WAHL (SBN 281920)
  joseph.wahl@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067-2904
Telephone:  (310) 284-3880
Facsimile:  (310) 284-3894

Attorneys for Non-Party Sacramento
Downtown Arena LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SKOT HECKMAN, *et al*.,, | Case No. 2:22-cv-00047-GW-GJS |
| Plaintiffs, | **NON-PARTY SACRAMENTO DOWNTOWN ARENA LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' DOCUMENT SUBPOENA** |
| v. | |
| LIVE NATION ENTERTAINMENT, INC., *et al*.,, | |
| Defendants. | |

PROPOUNDING PARTY:     Plaintiffs Skot Heckman, *et al*.

RESPONDING PARTY:      Non-Party Sacramento Downtown Arena LLC

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, non-party Sacramento Downtown Arena LLC ("SDA") responds to Plaintiffs' March 6, 2025 subpoena for the production of documents (the "Subpoena") as follows.

## PRELIMINARY STATEMENT

Non-party SDA has not completed its investigation of the facts relating to the Subpoena and the responses and objections contained herein, while based on diligent inquiry and investigation by SDA, reflect only the current state of SDA's knowledge, and belief, based upon the information reasonably available to it at this time. Accordingly, these responses and objections are provided without prejudice to

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

46721556.1                                  1
NON-PARTY SACRAMENTO DOWNTOWN ARENA LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' DOCUMENT SUBPOENA

SDA's right to rely upon and use any information that it subsequently discovers, or that was omitted from these responses and objections as a result of mistake, inadvertence, surprise, or excusable neglect. SDA reserves the right to modify, supplement, revise, or amend these responses, and to correct any inadvertent errors or omissions which may be contained herein, in light of the information that SDA may subsequently obtain or discover.

Nothing in this response should be construed as an admission by SDA with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in the Subpoena. Each of the following responses is made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved and may be interposed at the time of trial, hearing, or otherwise. Furthermore, each of the objections contained herein is incorporated by reference as though fully set forth in each response.

Nothing contained herein is to be construed as a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege, doctrine, or protection. To the extent any request may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection, a continuing objection to each and every such request is hereby interposed.

## **GENERAL OBJECTIONS TO DEMAND FOR PRODUCTION**

SDA objects to the Subpoena as follows:

1.      SDA objects generally to the Subpoena to the extent it seeks to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

2.      SDA objects generally to the Subpoena to the extent it is unreasonably

overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Plaintiffs, while placing an unwarranted burden and expense on SDA in locating, reviewing and producing the requested information.

3.     SDA objects generally to the Subpoena to the extent it is vague, uncertain, overbroad, and without limitation as to time or specific subject matter.

4.     SDA objects generally to the Subpoena to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or protection.

5.     SDA objects generally to the Subpoena to the extent it requires SDA to furnish information or identify documents that are a matter of public record, and therefore equally available to the Plaintiffs as they are to SDA.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS and COMMUNICATIONS that YOU PRODUCED to the GOVERNMENT as part of ANY investigation REGARDING TICKETMASTER or LIVE NATION, to the extent they RELATE TO the issues in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

SDA objects to Request for Production No. 1 because it calls for confidential business information the production of which would result in the disclosure of trade secret and other confidential research, development and commercial information. SDA further objects to the Request for Production No. 1 because it is vague and ambiguous, including but not limited to, the phrase "RELATE TO the issues in this case" and if read overly broad, may be unduly burdensome. SDA further objects to Request for Production No. 1 because it is overbroad and would require SDA, which is not a party to this action, to incur significant expense resulting from compliance.

1  SDA further objects to Request for Production No. 1 to the extent it would require

2  SDA to produce documents protected by the attorney-client privilege, the attorney

3  work product doctrine, or any other applicable privilege or protection.

4  **REQUEST FOR PRODUCTION NO. 2:**

5      ALL DOCUMENTS and COMMUNICATIONS that YOU PRODUCED as

6  part of the GOVERNMENT ACTION, to the extent they RELATE TO the issues in

7  this case.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

9      SDA objects to Request for Production No. 2 because it calls for confidential

10  business information the production of which would result in the disclosure of trade

11  secret and other confidential research, development and commercial information.

12  SDA further objects to the Request for Production No. 2 because it is vague and

13  ambiguous, including but not limited to, the phrase "RELATE TO the issues in this

14  case" and if read overly broad, may be unduly burdensome. SDA further objects to

15  Request for Production No. 2 because it is overbroad and would require SDA, which

16  is not a party to this action, to incur significant expense resulting from compliance.

17  SDA further objects to Request for Production No. 2 to the extent it would require

18  SDA to produce documents protected by the attorney-client privilege, the attorney

19  work product doctrine, or any other applicable privilege or protection.

20  **REQUEST FOR PRODUCTION NO. 3:**

21      ALL DEPOSITIONS YOU have provided as part of ANY investigation

22  REGARDING TICKETMASTER or LIVE NATION, to the extent they RELATE

23  TO the issues in this case.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

25      SDA objects to Request for Production No. 3 because it calls for confidential

26  business information the production of which would result in the disclosure of trade

27  secret and other confidential research, development and commercial information.

28  SDA further objects to the Request for Production No. 3 because it is vague and

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

46721556.1                                          4

NON-PARTY SACRAMENTO DOWNTOWN ARENA LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' DOCUMENT SUBPOENA

ambiguous, including but not limited to, the phrase "RELATE TO the issues in this case" and if read overly broad, may be unduly burdensome. SDA further objects to Request for Production No. 3 because it is overbroad and would require SDA, which is not a party to this action, to incur significant expense resulting from compliance. SDA further objects to Request for Production No. 3 to the extent it would require SDA to produce documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Answering further, SDA states that it has no documents responsive to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DEPOSITIONS YOU have provided as part of the GOVERNMENT ACTION, to the extent they RELATE TO the issues in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

SDA objects to Request for Production No. 4 because it calls for confidential business information the production of which would result in the disclosure of trade secret and other confidential research, development and commercial information. SDA further objects to the Request for Production No. 4 because it is vague and ambiguous, including but not limited to, the phrase "RELATE TO the issues in this case" and if read overly broad, may be unduly burdensome. SDA further objects to Request for Production No. 4 because it is overbroad and would require SDA, which is not a party to this action, to incur significant expense resulting from compliance. SDA further objects to Request for Production No. 4 to the extent it would require SDA to produce documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Answering further, SDA states that it has no documents responsive to Request for Production No. 4.

/ / /

/ / /

1    Dated:  March 14, 2025                **BARNES & THORNBURG LLP**

2

3

4                                          By:  _____

5                                               Joseph M. Wahl
                                                 Attorneys for Non-Party Sacramento
6                                                Downtown Arena LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

46721556.1                                    6
        NON-PARTY SACRAMENTO DOWNTOWN ARENA LLC'S RESPONSES AND OBJECTIONS TO
                          PLAINTIFFS' DOCUMENT SUBPOENA

# **PROOF OF SERVICE**

*Skot Heckman, et al. v. Live Nation Entertainment, Inc., et al.*
U.S.D.C., C.D. Cal. Case No. 2:22-cv-00047-GW-GJS

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of .  My business address is 2029 Century Park East, Suite 300, Los Angeles, CA 90067-2904.

On March 14, 2025, I served true copies of the following document(s) described as **NON-PARTY SACRAMENTO DOWNTOWN ARENA LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' DOCUMENT SUBPOENA** on the interested parties in this action as follows:

Robert B. Fuqua
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel.:   (213) 443-3000
Fax:   (213) 443-3100
Email:       robfuqua@quinnemanuel.com

*Attorney for Plaintiffs*

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address david.kirvan@btlaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 14, 2025, at Los Angeles, California.

_____
David B. Kirvan

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

46721556.1

7

NON-PARTY SACRAMENTO DOWNTOWN ARENA LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' DOCUMENT SUBPOENA

## Kirvan, David

| | |
|---|---|
| **From:** | Kirvan, David |
| **Sent:** | Friday, March 14, 2025 3:02 PM |
| **To:** | robfuqua@quinnemanuel.com |
| **Cc:** | Slovick, David; Wahl, Joseph |
| **Subject:** | Skot Heckman, et al. v. Live Nation Entertainment, Inc., et al., 2:22-cv-00047-GW-GJS - Non-Party Sacramento Downtown Arena LLC's Responses and Objections |
| **Attachments:** | Service Copy - SDA's Responses and Objections to Doc Subpoena.pdf |

Dear Mr. Fuqua:

Attached, please find the service copy of Non-Party Sacramento Downtown Arena LLC's Responses and Objections to Plaintiffs' Document Subpoena.

Sincerely,

**David Kirvan** | Legal Administrative Assistant
Barnes & Thornburg LLP
2029 Century Park East Suite 300, Los Angeles, CA 90067
Direct: (310) 284-3863 | Mobile: (323) 528-8500



Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis | Nashville | New Jersey
New York | Ohio | Philadelphia | Raleigh | Salt Lake City | South Florida | Texas | Washington, D.C.

**Visit our Subscription Center to sign up for legal insights and events.**