**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
William R. Sears (Bar No. 330888)
willsears@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

**KELLER POSTMAN LLC**
Warren D. Postman (Bar No. 33069)
wdp@kellerpostman.com
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
Telephone: (202) 918-1123

*Interim Co-Lead Class Counsel*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>Defendants. | Case No. 2:22-cv-00047-GW-GJS<br><br>**JOINT STIPULATION TO NARROW PUTATIVE CLASS CLAIMS AND [PROPOSED] ORDER** |

Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated, (together, "Plaintiffs") and Defendants Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster L.L.C. ("Ticketmaster") (collectively, the "Parties"), by and through their respective undersigned counsel of record, hereby stipulate and agree as follows:

## RECITALS

1. WHEREAS, on January 4, 2022, Plaintiffs filed their original Complaint (ECF No. 1) against Defendants in *Skot Heckman et al. v. Live Nation Entertainment, Inc. et al.*, Case No. 2:22-cv-00047-GW-GJS in the Central District of California;

2. WHEREAS, the original Complaint asserted putative class claims on behalf of both a "Primary Ticketing Services Consumer Class" and a "Secondary Ticketing Services Consumer Class" (ECF No. 1 at 62);

3. WHEREAS, having received initial discovery from Defendants, and to streamline these proceedings, Plaintiffs believe it is appropriate to narrow their putative class claims to those of the "Primary Ticketing Services Consumer Class" and their liability theories to those related to primary ticket purchases;

4. WHEREAS, Plaintiffs believe it is also appropriate to revise the definition of "Primary Ticketing Services Consumer Class" that was set forth in their original Complaint;

5. WHEREAS, the Parties met and conferred regarding Plaintiffs' proposed revisions, and, based on the foregoing, the Parties believe good cause exists for narrowing Plaintiffs' putative class claims to conform to the proof, promote judicial efficiency, and avoid unnecessary motion practice.

## JOINT STIPULATION

IT IS HEREBY STIPULATED, by and between the Parties:

1. The Parties agree that good cause exists for Plaintiffs to narrow their

putative class claims to those on behalf of a "Primary Ticketing Services Consumer Class" and to therefore not pursue putative class claims on behalf of the previously proposed "Secondary Ticketing Services Consumer Class."

2. The Parties agree that the definition of "Primary Ticketing Services Consumer Class" for which Plaintiffs intend to seek class certification is "All purchasers in the United States who directly purchased a primary ticket and paid associated fees for primary ticketing services for an event at a major concert venue in the United States from Ticketmaster or one of its affiliated entities owned, directly or indirectly, by Live Nation Entertainment, Inc. at any point since 2010."

3. The Parties agree that the definition of "Primary Ticketing Services Consumer Class" for which Plaintiffs intend to seek class certification excludes Defendants; the officers, directors or employees of Defendants; any entity in which any defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendants; federal, state or local governmental entities; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action.

4. The Parties agree that Plaintiffs will not pursue liability theories that Defendants monopolize, attempted to monopolize, or otherwise unreasonably restrained trade in the secondary ticketing services market Plaintiffs alleged in their Complaint.

| | | |
|---|---|---|
| Dated: July 24, 2025 | | Respectfully submitted, |
| | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By: | */s/ Kevin Y. Teruya* |
| | | Kevin Y. Teruya (Bar No. 235916)<br>kevinteruya@quinnemanuel.com<br>Adam B. Wolfson (Bar No. 262125)<br>adamwolfson@quinnemanuel.com<br>William R. Sears (Bar No. 330888)<br>willsears@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100 |
| | | KELLER POSTMAN LLC<br>Warren Postman (Bar No. 33069)<br>wdp@kellerpostman.com<br>1100 Vermont Avenue, N.W., 12th Fl.<br>Washington, D.C. 20005<br>Telephone: (202) 918-1123 |
| | | *Attorneys for Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts* |
| Dated: July 24, 2025 | | Respectfully submitted, |
| | | LATHAM & WATKINS LLP |
| | By: | */s/ Timothy L. O'Mara* |
| | | Timothy L. O'Mara<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Tel.: +1.415.391.0600<br>Fax: +1.415.395.8095<br>tim.o'mara@lw.com |
| | | *Attorneys for Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C.* |

# **ATTESTATION**

I am the ECF user whose identification and password are being used to file the foregoing Joint Stipulation to Narrow Putative Class Claims. Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Kevin Y. Teruya, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized such filing.

Dated: July 24, 2025               */s/ Kevin Y. Teruya*
                                            Kevin Y. Teruya