UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Live Nation Entertainment, Inc., and Ticketmaster LLC,<br><br>    Defendants. | Case No. CV 22-0047-GW-GJSx<br><br>**ORDER GRANTING JOINT STIPULATION TO NARROW PUTATIVE CLASS CLAIMS** |

Plaintiffs Skot Heckman, Luis Ponce, Jeanene Popp, and Jacob Roberts, on behalf of themselves and all those similarly situated, (together, "Plaintiffs") and Defendants Live Nation Entertainment, Inc. ("Live Nation") and Ticketmaster L.L.C. ("Ticketmaster") (collectively, the "Parties") filed a Stipulation to Narrow Class Claims. Having reviewed the Parties' Stipulation, and for good cause shown, the Stipulation is **GRANTED**, and the Court **ORDERS** as follows:

1.   Plaintiffs will narrow their putative class claims to those on behalf of a "Primary Ticketing Services Consumer Class" and not pursue putative class claims on behalf of the previously proposed "Secondary Ticketing Services Consumer Class."

2.   The definition of "Primary Ticketing Services Consumer Class" for which Plaintiffs intend to seek class certification is "All purchasers in the United States who directly purchased a primary ticket and paid associated

fees for primary ticketing services for an event at a major concert venue in the United States from Ticketmaster or one of its affiliated entities owned, directly or indirectly, by Live Nation Entertainment, Inc. at any point since 2010."

3. The definition of "Primary Ticketing Services Consumer Class" for which Plaintiffs intend to seek class certification excludes Defendants; the officers, directors or employees of Defendants; any entity in which any defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendants; federal, state or local governmental entities; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; and any juror assigned to this action.

4. Plaintiffs will not pursue liability theories that Defendants monopolize, attempted to monopolize, or otherwise unreasonably restrained trade in the secondary ticketing services market Plaintiffs alleged in their Complaint.

Dated: July 24, 2024

_____
HON. GEORGE H. WU,
United States District Judge