# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKOT HECKMAN, LUIS PONCE, JEANENE POPP, & JACOB ROBERTS, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER L.L.C.,<br><br>Defendants. | CASE NO. CV 22-0047-GW-GJSx<br><br>The Honorable George H. Wu<br><br>**ORDER ON STIPULATION REGARDING AMENDMENT TO PROPOSED CLASS DEFINITION** |

Plaintiffs Luis Ponce, Jeanene Popp, and Jacob Roberts (collectively, "Plaintiffs") and Defendants Live Nation Entertainment, Inc. and Ticketmaster, L.L.C. (collectively, "Defendants"), each a "Party" and together the "Parties," through their undersigned counsel, hereby agree to the following regarding the proposed class definition for Plaintiffs' motion for class certification ("Motion").

A.   BACKGROUND

In their opposition to Plaintiffs' Motion, Defendants made certain arguments under Federal Rule of Civil Procedure 23 based on their contention that some proposed class members are subject to enforceable arbitration agreements regarding the claims at issue in this case. In their reply, Plaintiffs made counterarguments, including that the class definition could be amended to resolve any such alleged problems. The Court then issued a tentative decision on Plaintiffs' Motion on December 3, 2025 ("Tentative Ruling"), but invited argument on these issues at the then-upcoming hearing.

At the December 4, 2025 hearing on Plaintiffs' Motion, the Court asked the parties certain questions regarding arbitration and Defendants' arguments. Plaintiffs stated their belief that, if the Court ever held that some proposed class members were still subject to an enforceable arbitration agreement relating to the claims asserted here, they could be carved out of the class and there was no need to create a subclass. The Court then directed the parties to submit proposed language to that effect. Consistent with the Court's direction, the parties exchanged proposals and agreed to the amendments to the proposed class definition set forth in Part B below.

For the avoidance of doubt, Defendants reserve all rights, including—but not limited to—seeking appellate review of any class certification order, requesting decertification of any class, and/or compelling arbitration of the claims of any individuals excluded from the class due to an enforceable arbitration agreement with Ticketmaster L.L.C. or Live Nation Entertainment, Inc. Defendants are agreeing to

this modification to the proposed class definition on the understanding that their continued objections to class certification have been overruled, and that the parties have been ordered to confer regarding language to exclude claims subject to binding arbitration in the event that the Court will rule as described in the Tentative Ruling. Defendants further understand that, under the Court's Tentative Ruling (and contrary to Plaintiffs' assertion), whether individual purchasers are subject to an enforceable arbitration agreement remains to be litigated and resolved in future proceedings.

As for Plaintiffs, their stipulation here does not indicate they believe any putative class members remain subject to any applicable arbitration agreement. Instead, Plaintiffs agree with the Court's Tentative Ruling that none are.

### B. PROPOSED AMENDMENT TO PROPOSED CLASS DEFINITION

With this background and these reservations of rights in mind, the parties agreed to the following amendment to the proposed class definition for Plaintiffs' Motion:

> All purchasers in the United States who directly purchased a primary ticket and paid associated fees for primary ticketing services for an event at a major concert venue in the United States from Ticketmaster or one of its affiliated entities owned, directly or indirectly, by Live Nation Entertainment, Inc. at any point since 2010. Excluded from the Class are Defendants; the officers, directors or employees of Defendants; any entity in which any defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendants; federal, state or local governmental entities; any judicial officer presiding over this action and the members of his/her immediate family and judicial staff; any juror assigned to this action; <span style="color:red">and any purchaser that is judicially determined in this case to be subject to an enforceable arbitration agreement with Ticketmaster L.L.C. or Live Nation Entertainment, Inc. that governs the claims asserted in *Heckman v. Live Nation Ent., Inc.*, Case No. 2:22-cv-00047-GW-KESx (C.D. Cal.).</span>

The relevant amendment to the proposed class definition is the final clause of the exclusions list, shown in red font above.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: December 12, 2025

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | LATHAM & WATKINS LLP |
|---|---|
| By : __/s/ *Adam B. Wolfson*__<br>Kevin Y. Teruya (Bar No. 235916)<br>kevinteruya@quinnemanuel.com<br>Adam B. Wolfson (Bar No. 262125)<br>adamwolfson@quinnemanuel.com<br>William R. Sears (Bar No. 330888)<br>willsears@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>KELLER POSTMAN LLC<br>Warren Postman (Bar No. 33069)<br>wdp@kellerpostman.com<br>Jessica Beringer (admitted *pro hac vice*)<br>jessica.beringer@kellerpostman.com<br>1100 Vermont Avenue, N.W., 12th Fl.<br>Washington, D.C., 20005<br>Telephone: (202) 918-1123<br><br>*Attorneys for Plaintiffs Luis Ponce, Jeanene Popp, and Jacob Roberts* | By:  __/s/ *Timothy L. O'Mara*__<br>Timothy L. O'Mara<br><br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Tel: +1.415.391.0600<br>Fac: +1.415.395.8095<br>Tim.o'mara@lw.com<br><br>*Attorney for Defendants Live Nation Enterntainment, Inc. and Ticketmaster L.L.C.* |

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing party hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

1
2  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
3
4
5  DATED: December 12, 2025
6
7
8                              _____
                                HON. GEORGE H. WU,
9                               United States District Judge