UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-00047-GW-KESx | Date | December 12, 2025 |
|---|---|---|---|
| Title | *Skot Heckman, et al. v. Live Nation Entertainment, Inc., et al*. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**     IN CHAMBERS - ORDER REGARDING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CO-LEAD CLASS COUNSEL

      On August 18, 2025, Plaintiffs filed a Motion for Class Certification and Appointment of Co-Lead Class Counsel (the "Motion"). *See* Motion, Docket No. 471-1. Defendants filed an opposition ("Opp.," Docket No. 502), and Plaintiffs filed a reply ("Reply," Docket No. 511-1). On December 4, 2025, the Court heard oral argument from both parties and took the Motion under submission. *See* Docket No. 520. The Court understands the primary issues presented during oral argument to be related to the predominance inquiry under Federal Rule of Civil Procedure 23(b)(3). Defendants raised a number of challenges, many of which were already briefed by the parties and addressed in this Court's Tentative Ruling. As the Court remains unpersuaded that any of these challenges would defeat predominance, the Court adopts its Tentative Ruling as its Final Ruling.[1]

      As an initial matter, the Court wishes to further emphasize the standard it has applied for purposes of its ruling. "[W]hen there is a battle of the experts on class certification, [as is the case here,] 'rigorous analysis' requires district courts to determine not only admissibility of the experts' statements, but also the 'persuasiveness of the evidence presented.'" *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1184 (N.D. Cal. 2013) (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011)). The

---

[1] As to the proposed class definition, the Court understands Plaintiffs have taken the position that no portion of the proposed class remains subject to an enforceable arbitration provision or class action waiver. To the extent any absent class members are subject to arbitration, Plaintiffs have agreed to exclude such members from the class definition. On December 9, 2025, the parties filed a stipulation that the Court signed to amend the proposed class definition to exclude "any purchaser that is judicially determined in this case to be subject to an enforceable arbitration agreement with Ticketmaster L.L.C. or Live Nation Entertainment, Inc. that governs the claims asserted in *Heckman v. Live Nation Ent., Inc.*, Case No. 2:22-cv-00047-GW-KESx (C.D. Cal.)." *See* Docket No. 526, at 2.

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-00047-GW-KESx | Date | December 12, 2025 |
|---|---|---|---|
| Title | *Skot Heckman, et al. v. Live Nation Entertainment, Inc., et al*. | | |

Ninth Circuit later clarified that, in determining whether the prerequisites of Rule 23(b)(3) are satisfied, "the court must make a 'rigorous assessment of the available evidence and the method or methods by which plaintiffs propose to use the [class-wide] evidence to prove' the common question in one stroke." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 666 (9th Cir. 2022) (quoting *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 312 (3d Cir. 2008), *as amended* (Jan. 16, 2009)). "The determination whether expert evidence is capable of resolving a class-wide question in one stroke may include '[w]eighing conflicting expert testimony' and '[r]esolving expert disputes,' *In re Hydrogen Peroxide*, 552 F.3d at 323-24, where necessary to ensure that Rule 23(b)(3)'s requirements are met and the 'common, aggregation-enabling' issue predominates over individual issues, *Tyson Foods*[*, Inc. v. Bouaphakeo*], 577 U.S. [442,] 453 [2016]." *Id.* (footnote omitted). To be clear, however, "the issue at class certification is not which expert is the most credible, or the most accurate modeler, but rather have the plaintiffs demonstrated that there is a way to prove a class-wide measure of [impact] through generalized proof. Merits questions can be resolved at trial." *Wortman v. Air New Zealand*, 326 F.R.D. 549, 559 (N.D. Cal. 2018) (alteration in original) (citations omitted).

With this standard in mind, the Court in its Tentative Ruling had closely examined whether common questions predominate with respect to each of the elements of Plaintiffs' underlying causes of action. In support of their Motion, Plaintiffs had produced not only substantial documentary evidence in support of their Motion but also the testimony and report of their expert, Dr. Parag Pathak. *See* Docket No. 471-33. In opposition to the Motion, Defendants had largely relied on the report of their own expert, Dr. John H. Johnson, IV. *See* Docket No. 502-1. Neither party filed a *Daubert* motion to challenge the admissibility of the other party's expert opinion, yet much of the arguments raised in the parties' briefings and during oral argument appear to concern the soundness of the dueling experts' methodologies. While Defendants undoubtedly had more issues to raise during oral argument, Defendants focused the Court's attention on Plaintiffs' definition of the relevant geographic market and Plaintiffs' capability to show classwide impact for purposes of their antitrust claims. Upon further reflection of these issues, the Court is not inclined to change its tentative finding that Plaintiffs have met their burden to show predominance. The Court had considered and rejected in its Tentative Ruling these same issues by reviewing Plaintiffs' reply papers, Dr. Pathak's responsive declaration, and relevant case law. The Court still finds that the purported failures of Dr. Pathak's model have been sufficiently rebutted by these materials. To the extent that Defendants require Plaintiffs to show more at this stage, the Court disagrees. Because Defendants still do not persuasively demonstrate to this Court the possibility that any individual issues would predominate over common ones, the Court finds it unnecessary to effectively make a choice between the parties' experts. Dr. Pathak's report provides a sufficient basis from which to conclude that Plaintiffs would adduce common proof concerning the effect of Defendants' alleged anticompetitive practices.

Based on the foregoing discussion, the Court adopts its Tentative Ruling as its Final Ruling. The Court PRELIMINARILY CERTIFIES the proposed class, APPOINTS Luis Ponce, Jeanene Popp, and Jacob Roberts as Class Representatives, and APPOINTS Quinn Emanuel Urquhart & Sullivan, LLP and Keller Postman LLC as Co-Lead Class Counsel.

**IT IS SO ORDERED.**