**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
 kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
 adamwolfson@quinnemanuel.com
William R. Sears (Bar No. 330888)
 willsears@quinnemanuel.com
Jennifer D. English (Bar No. 273772)
 jenniferenglish@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
 brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

**KELLER POSTMAN LLC**
Warren D. Postman (Bar No. 33069)
 wdp@kellerpostman.com
1101 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
Telephone:  (202) 918-1123

Jessica Beringer (admitted *pro hac vice*)
jessica.beringer@kellerpostman.com
150 North Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 741-5220

*Co-Lead Class Counsel*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKOT HECKMAN, LUIS PONCE, JEANENE POPP, and JACOB ROBERTS, on behalf of themselves and all those similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>LIVE NATION ENTERTAINMENT, INC., and TICKETMASTER LLC,<br><br>        Defendants. | Case No. 2:22-cv-00047-GW-KES<br><br>The Hon. George H. Wu<br>The Hon. Karen E. Scott<br><br>**PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE PLAN**<br><br>Hearing: April 9, 2026<br>Discovery Cutoff: June 30, 2026<br>Pre-Trial Conference: June 24, 2027<br>Trial: July 6, 2027 |

1

# **TABLE OF CONTENTS**

                                                                              **Page**

I.      INTRODUCTION ....................................................................................1

II.     ARGUMENT...........................................................................................2

        A.      The Notice Plan Meets Requirements of Rule 23 and Due
                Process...........................................................................................2

                1.      The Direct Notice Plan...................................................3

                2.      The Supplemental Publication Notice Plan ..................4

                3.      Planned Notices are Easy to Read and Understand ......5

        B.      The Court Should Approve Plaintiffs' Proposed Notice
                Documents Over Defendants' Objections ...............................6

                1.      Using "Ticketmaster" in the notice URL provides more
                        useful information to the class members .......................6

                2.      Addressing the S.D.N.Y. government provides more
                        relevant information to the class members ...................8

III.    CONCLUSION ......................................................................................10

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

## <u>Cases</u>

*Bafus v. Aspen Realty, Inc.*,
  2007 WL 793633 (D. Idaho Mar. 14, 2007) ......................................................6

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017)..................................................................2, 4

*Browning v. Yahoo! Inc.*,
  2006 WL 3826714 (N.D. Cal. Dec. 27, 2006) ......................................4

*Cadena v. Am. Honda Motor Co.*,
  2024 WL 5275025 (C.D. Cal. Oct. 24, 2024)......................................7

*California v. eBay, Inc.*,
  2015 WL 5168666 (N.D. Cal. Sept. 3, 2015) ......................................4

*In re CertainTeed Corp. Roofing Shingle Prods. Liab. Litig.*,
  269 F.R.D. 468 (E.D. Pa. 2010) ........................................................7

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974)............................................................................2

*In re Facebook Biometric Info. Priv. Litig.*,
  522 F. Supp. 3d 617 (N.D. Cal. 2021), *aff'd*, 2022 WL 822923 (9th
  Cir. Mar. 17, 2022) ............................................................................4

*Flynn v. Sony Elecs.*,
  2015 WL 128039 (S.D. Cal. Jan. 7, 2015)..........................................9

*In re Gypsum Antitrust Cases*,
  565 F.2d 1123 (9th Cir. 1977)............................................................9

*Hansberry v. Lee*,
  311 U.S. 32 (1940)..............................................................................5

*Jermyn v. Best Buy Stores, L.P.*,
  2010 WL 5187746 (S.D.N.Y. Dec. 6, 2010) ......................................7

*Keim v. ADF Midatlantic, LLC*,
  2019 WL 8262656 (S.D. Fla. Feb. 1, 2019) ......................................7

*In re LinkedIn User Privacy Litig.*,
   309 F.R.D. 573 (N.D. Cal. 2015) ...................................................................4

*MacDougall v. Am. Honda Motor Co., Inc.*,
   2024 WL 3468759 (C.D. Cal. Mar. 8, 2024)...............................................6

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950)........................................................................................4

*Mullins v. Direct Digital, LLC*,
   795 F.3d 654 (7th Cir. 2015).........................................................................3

*Murphy v. Eyebobs, LLC*,
   638 F.Supp. 3d 463 (W.D. Pa. 2021) ...........................................................7

*Palma v. MetroPCS Wireless, Inc.*,
   2014 WL 235478 (M.D. Fla. Jan. 22, 2014)................................................4

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985)........................................................................................5

*Pittman v. Westgate Planet Hollywood Las Vegas, LLC*,
   2009 WL 10693400 (D. Nev. Sept. 1, 2009)................................................3

*Rannis v. Recchia*,
   380 F. App'x 646 (9th Cir. 2010)...............................................................2, 4

*Schneider v. Chipotle Mexican Grill, Inc.*,
   336 F.R.D. 588 (N.D. Cal. 2020) ..................................................................5

*Silber v. Mabon*,
   18 F.3d 1449 (9th Cir. 1994).........................................................................3

*Williams v. PillPack LLC*,
   2023 WL 2573356 (W.D. Wash. Mar. 20, 2023) .........................................7

### **Rules/Statutes**

15 U.S.C. § 15c.................................................................................................6, 8, 9

15 U.S.C. § 15c(b)...............................................................................................9

15 U.S.C. § 15c(b)(1)..........................................................................................9

15 U.S.C. § 15c(b)(3)..........................................................................................9

FED. R. CIV. P. 23(c)(2)(B)............................................................ 2, 3, 5, 7, 10

## **Other Authorities**

Rule 23 ................................................................................ 1, 2, 5, 6

Rule 23(c)(3) ...................................................................................5

1   **I.    INTRODUCTION**

2       On December 3, 2025, the Court granted Plaintiffs' Motion for Class

3   Certification and certified the following Class:

> All purchasers in the United States who directly purchased a primary
> ticket and paid associated fees for primary ticketing services for an
> event at a major concert venue in the United States from Ticketmaster
> or one of its affiliated entities owned, directly or indirectly, by Live
> Nation Entertainment, Inc. at any point since 2010. Excluded from the
> Class are Defendants; the officers, directors or employees of
> Defendants; any entity in which any defendant has a controlling
> interest; any affiliate, legal representative, heir or assign of Defendants;
> federal, state or local governmental entities; any judicial officer
> presiding over this action and the members of his/her immediate family
> and judicial staff; any juror assigned to this action; and any purchaser
> that is judicially determined in this case to be subject to an enforceable
> arbitration agreement with Ticketmaster L.L.C. or Live Nation
> Entertainment, Inc. that governs the claims asserted in Heckman v. Live
> Nation Ent., Inc., Case No. 2:22-cv-00047-GW-KESx (C.D. Cal.)

Dkt. 519 at 40; Dkt. 527 (accepting stipulated class definition amendment). The next
procedural step is for Plaintiffs to provide notice to the Class so that individual Class
members may, if they so choose, exercise their right to opt out. To facilitate that
process, Plaintiffs respectfully request approval of the Notice Plan proposed herein.

At a high level, the proposed Notice Plan relies heavily on email notices sent
to the email addresses Defendants have on file for each of the Class members. The
proposed Notice Plan also includes an email append lookup process for bouncebacks
received, that will send notices to updated emails that are located for those individuals.
Plaintiffs also plan to supplement email notices with targeted media and a web site.
As detailed in the attached Declaration of Jennifer Keough, that combination of notice
methods should easily exceed the 70% threshold required for adequate notice to the
Class–indeed, far exceed it. For these reasons, the Notice Plan satisfies the
requirements of Rule 23 and due process.

Prior to submitting this motion, Plaintiffs conferred with Defendants about the
substance of the notice papers and process. The only areas of disagreement have to
do with (1) the proposed website name for notice—Plaintiffs propose

"TicketmasterFeeClassAction.com" and Defendants object they do not consent to use of their trademark for that purpose, even though the name is descriptive of this case—and (2) language stating that, by not opting out, class members are indicating a desire to have their rights adjudicated in this case rather than any other—specifically, the government action in the Southern District of New York. As to the former, courts repeatedly recognize that a notice website should be as descriptive as possible, meaning that using the defendant's name is typically best practice. As to the latter, notices are supposed to provide as much relevant information as possible. Here, class members should be able to assess whether they want to opt out in light of the government action, which Defendants themselves allege involves overlapping claims. Furthermore, the notice language Plaintiffs propose does not purport to bind the S.D.N.Y. in any way, contrary to Defendants' assertions (discussed further below).

For these reasons, Plaintiffs respectfully request that the Court approve their proposed notice plan.

## II.    ARGUMENT

### A.    The Notice Plan Meets Requirements of Rule 23 and Due Process

Rule 23 and due process require "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." FED. R. CIV. P. 23(c)(2)(B); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128-29 (9th Cir. 2017) (emphasis omitted). "These requirements are designed to ensure that class notice procedures comply with the demands of due process." *Rannis v. Recchia*, 380 F. App'x 646, 650 (9th Cir. 2010) (citation omitted). Due process requires "that notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974) (cleaned up).

Notice plans are not expected to reach every class member. *See Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994). In fact, the Rule "recognizes it might be *impossible* to identify some class members for purposes of actual notice." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015) (emphasis in original).

Notice may be given by "one or more of the following: United States mail, electronic mail, or other appropriate means." FED. R. CIV. P. 23(c)(2)(B). Other appropriate means include "notice through third parties, paid advertising, and/or posting in places frequented by class members all without offending due process." *Mullins*, 795 F.3d at 665.

Plaintiffs, in conjunction with JND Legal Administration, a preeminent firm specializing in the administration of class action notice programs Keough Decl. ¶¶ 3-10, propose a direct notice campaign via email to all Class Members for whom Defendants provide an email address or for whom an email address can be obtained through an email append[1] process, supplemented by a targeted media campaign, a nationwide press release and a web site, that is likely to far exceed the minimum requirements for the reach of a notice process and therefore allow for Class members to view the notice multiple times over a prolonged period. Keough Decl. ¶¶ 13-16.

### 1.    The Direct Notice Plan

As noted, the primary means by which JND plans to provide notice is through emails of Ticketmaster users provided by Defendants themselves. Keough Decl. ¶¶ 17-27.[2]

Email is an accepted—and, these days, preferred—notice method under Rule 23(c)(2)(B). Courts nationwide have adopted email notice as "an efficient and

---

[1]  The email append process uses a commercial database to search for alternative email addresses associated with Class members.

[2]   Plaintiffs will alter the notice plan to reflect the updated case caption once that new caption has been finalized with the Court.

inexpensive method for providing notice where the intended recipients have reasonably accessible email addresses." *Pittman v. Westgate Planet Hollywood Las Vegas, LLC*, 2009 WL 10693400, at *10 (D. Nev. Sept. 1, 2009); *see also, e.g.*, *Palma v. MetroPCS Wireless, Inc.*, 2014 WL 235478, at *2 (M.D. Fla. Jan. 22, 2014) (same). Email notice is particularly suitable to this case, given the online nature of Ticketmaster's services and the fact that Class members had to provide a valid email address when creating their Ticketmaster accounts. *See Browning v. Yahoo! Inc.*, 2006 WL 3826714, at *8 (N.D. Cal. Dec. 27, 2006); *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 586 (N.D. Cal. 2015). Defendants also confirmed to Plaintiffs in discussions over the notice process that email is the primary means by which Defendants themselves communicate with Class members.

For these reasons, email is not only a reasonable method of notice in this case, but the most effective and cost-efficient method available. *See*, *e.g.*, *Rannis*, 380 F. App'x at 650; *see also Browning*, 2006 WL 3826714 at *8–9 (finding that email notification to potential class members is "particularly suitable," as their allegations arise from visits to the defendants' Internet websites, demonstrating that they are familiar and comfortable with email and the Internet).

## 2.    The Supplemental Publication Notice Plan

In addition to email notice, JND also plans to run a targeted media campaign through major online outlets and services to maximize the reach of the overall notice process. Publication notice in some cases is itself sufficient, *see California v. eBay, Inc.*, 2015 WL 5168666, at *2 (N.D. Cal. Sept. 3, 2015) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317-18 (1950)); *see also Briseno*, 844 F.3d at 1129, but here is simply a supplement to the direct email notice campaign and therefore adds to the adequacy of the overall notice plan. *See, e.g.*, *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 624 (N.D. Cal. 2021), *aff'd*, 2022 WL 822923 (9th Cir. Mar. 17, 2022) (campaign of emails, notifications, website, and

digital ads was "extremely thorough" and encouraging use of notices "that fit the reality of our online lives"); *Schneider v. Chipotle Mexican Grill, Inc*., 336 F.R.D. 588, 596 (N.D. Cal. 2020) (noting prior approval of digital advertising campaign).

### 3.    Planned Notices are Easy to Read and Understand

The proposed notices themselves also satisfy Rule 23 and due process with respect to their content. Rule 23(c)(2)(B) requires that class notice include the following:

> [C]learly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Due process requires that class members "be provided with an opportunity to remove [themselves] from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (quoting *Hansberry v. Lee*, 311 U.S. 32, 42-43, 45 (1940)). The notice must "clearly and concisely state in plain, easily understood language" seven specific elements: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). FED. R. CIV. P. 23(c)(2)(B).   The notices described above satisfy these requirements. They adequately describe this action, identify the Class and its specific definition, and provide instructions on how to request exclusion in clear, easy-to-read language that will be readily understood by the average Class member. Defendants have indicated through action they agree, as they have no objection to those portions of the notice documents.

Furthermore, the 60-day opt-out period similarly satisfies the requirements of Rule 23 and due process by providing sufficient time between the beginning of the notice campaign and the opt-out deadline for a recipient to "review the notice and consult with outside counsel if necessary." *Bafus v. Aspen Realty, Inc.*, 2007 WL 793633, at *3 (D. Idaho Mar. 14, 2007); *see also, e.g.*, *MacDougall v. Am. Honda Motor Co., Inc.*, 2024 WL 3468759, at *7 (C.D. Cal. Mar. 8, 2024) (same). Notably, this is an opt-out time period that Defendants themselves proposed to Plaintiffs.

B. **The Court Should Approve Plaintiffs' Proposed Notice Documents Over Defendants' Objections**

Defendants agree to the vast majority of Plaintiffs' proposed notice documents. Their objections only relate to two discrete issues. First, Defendants object to the use of "TicketmasterFeeClassAction.com" as the notice website URL on the basis that they do not consent to this use of their "Ticketmaster" trademark. Second, Defendants object to certain language about the S.D.N.Y. government action, on the grounds that it "purportedly opt[s] consumers out of the state AG cases" and "has no legal effect" in this action. Neither objection is in keeping with the law on class action notices, which is to provide as much relevant information as possible in the content and format of the notice documents, so the parties reduce the possibility of confusion by class members and simultaneously afford them relevant information to determine whether or not they want to opt out. Furthermore, Defendants' second objection is demonstrably incorrect based on the plain language of the notice documents (and is particularly ironic given that they did not abide by the statute on which they rely for this objection: 15 U.S.C. § 15c).

1. **Using "Ticketmaster" in the notice URL provides more useful information to the class members**

Plaintiffs' proposed notice plan includes a website with the relevant case documents and additional information contained in the notices themselves. Such a

website is standard practice. The URL Plaintiffs propose for this website is "www.TicketmasterFeeClassAction.com." Keough Dec. Ex. B. Given Rule 23(c)(2)(B)'s directive that class notice be "clear" and "easily understood," courts regularly approve notice websites that utilize a defendant's name over defendants' objections, if doing so provides more clarity regarding the nature of the case and alleged claims. *See*, *e.g.*, *Cadena v. Am. Honda Motor Co.*, 2024 WL 5275025, at *3 (C.D. Cal. Oct. 24, 2024) ("[T]he website domain should . . . include the term "Honda."); *Keim v. ADF Midatlantic, LLC*, 2019 WL 8262656, at *2 (S.D. Fla. Feb. 1, 2019) ("The inclusion of a defendant's name in the URL for a website where class members can obtain additional information is . . . not improper."); *Williams v. PillPack LLC*, 2023 WL 2573356, at *4 (W.D. Wash. Mar. 20, 2023) (same). *See also, e.g.*, *Murphy v. Eyebobs, LLC*, 638 F.Supp. 3d 463, 478 (W.D. Pa. 2021) (approving notice plan including website domain https://www.eyebobsADAsettlement.com); *In re CertainTeed Corp. Roofing Shingle Prods. Liab. Litig.*, 269 F.R.D. 468, 482 (E.D. Pa. 2010) (noting effectiveness of notice plan including website domain www.CertainTeedSettlement.com); *Jermyn v. Best Buy Stores, L.P.*, 2010 WL 5187746, at *2 (S.D.N.Y. Dec. 6, 2010) (approving uncontested notice plan including website domain www.bestbuypricematchclassaction.com).

This is a case about overcharges on Ticketmaster's primary ticketing fees— there is no dispute as to that fact. The case is not about AEG's, SeatGeek's, or any other primary ticketing service provider's fees. Plaintiffs' proposed URL is therefore the clearest and most easily understood URL if a class member wishes to find information about the class action through searches on the internet. In contrast, Defendants propose the URL "www.TicketFeeClassAction.com," which is much more likely to be ignored by class members who may assume, without more detail, that it has nothing to do with them or is not focused either on Ticketmaster or on

concert ticket fees. The only purpose in using such a name for the notice URL is to make the notice *less clear*.

For these reasons, the Court should reject Defendants' proposed URL for the more descriptive "TicketmasterFeeClassAction," particularly because their claimed justification—*i.e.*, unauthorized use of their trademark—is belied by the fact that they agree to repeated use of the word "Ticketmaster" throughout the notice (which they must), as well as in the web advertisements about the lawsuit. *See* Keough Dec. Exs. B, C, D, E. The proper use of "Ticketmaster" to describe the lawsuit does not change simply because it is used in a website to once again describe this class action in a literally true way.

## 2.    Addressing the S.D.N.Y. government provides more relevant information to the class members

Plaintiffs propose including the following language in the different notice documents (with the portion to which Defendants object emphasized in bold and italics): "If you do nothing, then you will remain in the class, ***which will indicate that you wish to pursue your rights against Defendants in this case rather than any other (including but not limited to United States of America et al. v. Live Nation Entertainment, Inc. et al., No. 1:24-cv-03973-AS (S.D.N.Y.))***, and you will be bound by all past, present, and future orders, findings, and judgments in this class action, whether favorable or unfavorable."

Defendants object to this language pursuant to 15 U.S.C. § 15c, which governs the interplay between consumer antitrust actions and state *parens patriae* actions seeking the same damages. In the parties' conferrals leading up to this motion, Defendants stated that they believed the above language "purportedly opt[s] consumers out of the state AG cases" and "has no legal effect" in this action. These arguments are incorrect.

1    As previously discussed, the purpose of a class action notice is to arm class
2    members with information so they can determine whether or not they want to opt
3    out. *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1125 (9th Cir. 1977); *see also,*
4    *e.g.*, *Flynn v. Sony Elecs.*, 2015 WL 128039, at *4 (S.D. Cal. Jan. 7, 2015) ("The
5    purpose of the class-action-notice requirement is to apprise class members of the
6    action and give them the opportunity to opt out.") (citation omitted). The reality at
7    this point in time is there are two pending cases with similar allegations: this case,
8    and the S.D.N.Y. government action. Certain states seek *parens patriae* damages for
9    similar claims as Plaintiffs assert here. Class members should therefore understand
10   that, if they choose to remain in the class here, they are indicating by action that they
11   want to vindicate their rights here rather than in another action that might vindicate
12   those same rights. By including these statements, class members receive information
13   directly relevant to the opt out decision, which is in keeping with the purpose of
14   class action notices.

15       Defendants' objection that this language purports to opt class members out of
16   the *parens patriae* claims in the S.D.N.Y. is wrong because it simply ignores the
17   plain language. The language is an indication of class members' intent for ***this***
18   action; it does not purport to bind the S.D.N.Y. action in any way.

19       However, there is a critical, undisputed point the Court and public should
20   understand. Under 15 U.S.C. § 15c(b), due process required that consumers be
21   afforded an opportunity to opt out of the *parens patriae* claims, pursuant to a notice
22   plan determined by Judge Subramanian. *See* 15 U.S.C. § 15c(b)(1). The only way
23   the *parens patriae* claims could be binding on consumers covered by them is if
24   Defendants had abided by those notice requirements. *See* 15 U.S.C. § 15c(b)(3).
25   Defendants already obtained partial summary judgment in the S.D.N.Y. action. Trial
26   then began in the S.D.N.Y. action on March 2, 2026, yet Defendants never sought
27   nor provided notice of the right to opt out. There is an irony that they would invoke
28

15 U.S.C. § 15c here in objecting to the above proposed language, when they have not afforded class members the due process required under that statute in the S.D.N.Y. action. In any event, it is irrelevant to determining the proper form of notice here—Defendants' objection to such language can serve no legitimate purpose besides providing class members less relevant information.

## III.    CONCLUSION

For all these reasons, Plaintiffs submit the Notice Plan satisfies and, indeed, exceeds the requirements of Rule 23(c)(2)(B). Plaintiffs therefore respectfully request that the Court approve the Notice Plan and the proposed notice documents.

1

2    Dated: March 12, 2026                    Respectfully submitted,

3
                                        By
4                                          /s/ Kevin Y. Teruya
                                           QUINN EMANUEL URQUHART &
5                                          SULLIVAN, LLP
                                           Kevin Y. Teruya (Bar No. 235916)
6                                           kevinteruya@quinnemanuel.com
                                           Adam B. Wolfson (Bar No. 262125)
7                                           adamwolfson@quinnemanuel.com
                                           William R. Sears (Bar No. 330888)
8                                           willsears@quinnemanuel.com
                                           Jennifer D. English (Bar No. 273772)
9                                           jenniferenglish@quinnemanuel.com
                                           Brantley I. Pepperman (Bar No. 322057)
10                                          brantleypepperman@quinnemanuel.com
                                           865 South Figueroa Street, 10th Floor
11                                         Los Angeles, California 90017-2543
                                           Telephone:  (213) 443-3000
12                                         Facsimile:   (213) 443-3100

13                                         KELLER POSTMAN LLC
                                           Warren D. Postman (Bar No. 33069)
14                                          wdp@kellerpostman.com
                                           1101 Connecticut Avenue, N.W., Ste. 1100
15                                         Washington, D.C. 20036
                                           Telephone:  (202) 918-1123
16
                                           Jessica Beringer (admitted *pro hac vice*)
17                                         jessica.beringer@kellerpostman.com
                                           150 North Riverside Plaza, Suite 4100
18                                         Chicago, Illinois 60606
                                           Telephone: (312) 741-5220
19
                                           *Co-Lead Class Counsel*
20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE PLAN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **SIGNATURE ATTESTATION**

I am the ECF user whose identification and password are being used to file the foregoing document. Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Kevin Y. Teruya, attest that I have obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: March 12, 2026

*/s/ Kevin Y. Teruya*

Kevin Y. Teruya