**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 2:22-cv-00047-GW-KESx                    Date: April 29, 2026

Title: JEANENE POPP, et. al. v. LIVE NATION ENTERTAINMENT, INC., et al

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

<u>Jazmin Dorado</u>                    <u>Not Present</u>
Courtroom                              Court Reporter
Clerk

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFF:                          DEFENDANTS:
None Present                        None Present

**PROCEEDINGS (IN CHAMBERS):**     **Order DENYING Motion for Reconsideration (Dkt. 563)**

**I.     INTRODUCTION**

On December 24, 2025, Plaintiffs filed a motion to compel further written responses to discovery from Defendants.  (Dkt. 531.)  Among the discovery requests in dispute were interrogatories 8 and 9 and requests for production ("RFPs') 28-37 related to Defendants' lobbying efforts as follows (pasted from the joint stipulation at Dkt. 531-1):

**INTERROGATORY NO. 8:**
Identify each PERSON or ENTITY that had any COMMUNICATIONS on YOUR behalf with any TRUMP ADMINISTRATION OFFICIAL REGARDING antitrust enforcement since November 5, 2024. For each, state: (1) the date of the communication; (2) what was discussed; and (3) who was part of the discussion

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-00047-GW-KESx                                    Date: April 29, 2026
                                                                 Page 2

**INTERROGATORY NO. 9:**

Identify each PERSON or ENTITY engaged by YOU to perform any lobbying, advocacy, public relations, or political consulting work RELATED TO any antitrust allegations involving YOU, including, without limitation, MIKE DAVIS, BRIAN BALLARD, or RICHARD GRENELL. For each, state: (1) the date of engagement; (2) the scope of work; and (3) the compensation paid or agreed to be paid.

**REQUEST FOR PRODUCTION NO. 28**:

All DOCUMENTS and COMMUNICATIONS RELATED TO any COMMUNICATIONS between YOU and any TRUMP ADMINISTRATION OFFICIAL REGARDING antitrust enforcement since November 5, 2024.

**REQUEST FOR PRODUCTION NO. 29**:

All DOCUMENTS and COMMUNICATIONS RELATED TO any lobbying, advocacy, public relations, or political consulting by YOU or on YOUR behalf REGARDING the 2024 DOJ ANTITRUST LITIGATION, or 2024 DOJ INVESTIGATIONS, including, without limitation, any lobbying done by MIKE DAVIS, BRIAN BALLARD, or RICHARD GRENELL.

**REQUEST FOR PRODUCTION NO. 30**:

All DOCUMENTS and COMMUNICATIONS between YOU and MIKE DAVIS RELATED TO antitrust allegations involving YOU.

**REQUEST FOR PRODUCTION NO. 31**:

All DOCUMENTS and COMMUNICATIONS between YOU and BRIAN BALLARD RELATED TO antitrust allegations involving YOU.

**REQUEST FOR PRODUCTION NO. 32**:

All DOCUMENTS and COMMUNICATIONS between YOU and RICHARD GRENELL RELATED TO antitrust allegations involving YOU.

**REQUEST FOR PRODUCTION NO. 33**:

DOCUMENTS sufficient to show all monies paid to, and any agreements to compensate in the future, MIKE DAVIS for any lobbying, advocacy, public relations, or political consulting services performed on YOUR behalf.

**REQUEST FOR PRODUCTION NO. 34**:

DOCUMENTS sufficient to show all monies paid to, and any agreements to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-00047-GW-KESx                                    Date: April 29, 2026
                                                                  Page 3

compensate in the future, BRIAN BALLARD for any lobbying, advocacy, public relations, or political consulting services performed on YOUR behalf.

### <u>REQUEST FOR PRODUCTION NO. 35</u>:
DOCUMENTS sufficient to show all monies paid to, and any agreements to compensate in the future, RICHARD GRENELL for any lobbying, advocacy, public relations, or political consulting services performed on YOUR behalf.

### <u>REQUEST FOR PRODUCTION NO. 36</u>:
All DOCUMENTS and COMMUNICATIONS RELATED TO the addition of RICHARD GRENELL to the Board of Directors of LIVE NATION, including, without limitation, LIVE NATION's consideration of other candidates.

### <u>REQUEST FOR PRODUCTION NO. 37</u>:
DOCUMENTS sufficient to show all monies paid to, and any agreements to compensate in the future, RICHARD GRENELL for his service on LIVE NATION's Board of Directors.

Generally, Defendants objected to all these discovery requests as overbroad, irrelevant, and disproportionate to the needs of the case.

On January 27, 2026, the Court denied the motion to compel a further response to the lobbying-related discovery requests. (Dkt. 544 (minutes); Dkt. 547 (transcript).) The Court considering the lobbying-related discovery in three categories: (1) Defendants' communications with lobbyists (RFPs 30, 31, 32); (2) Defendants' or lobbyists' communications with government officials (Rog. 8 and RFPs 28, 29); and (3) details of Defendants' business relationships with lobbyists, such as who was retained, their scope of engagement, how much they were paid, etc. (Rog. 9 and RFPs 33, 34, 35, 36, 37). (Dkt. 547 at 23.)

At the hearing, Plaintiffs' counsel explained that the theory of relevance for categories (1) and (2) was (a) news reports that Defendants were lobbying the Trump Administration's DOJ to dismiss a related antitrust case filed in the Southern District of New York ("SDNY"); and (b) the possibility that such lobbying conversations had included "candid statements" about facts relevant to this case. (<u>Id.</u> at 25; <u>see also</u> at 31, describing the possible existence of emails listing "the pros and cons" of the parties' litigation positions).

Counsel for Defendants denied that Defendants had ever hired Mr. Ballard,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-00047-GW-KESx                                    Date: April 29, 2026
                                                                 Page 4

as a lobbyist or otherwise.  (Id. at 28.)

The Court sustained the relevancy objections as to the "business relationship" discovery, seeing no relevance of information about how much lobbyists were paid or why Defendants put Trump Administration supporters on their board.  (Id. at 33.)

The Court considered whether the "communications" discovery could be limited to communications involving "the facts of this case."  (Id.)  The Court concluded that even with such a limitation, the requests were still overly broad and disproportionate to the needs of the case because (1) it would be difficult to craft targeted keyword searches that would not require manual review of years of emails; and (2) many responsive communications would likely merely repeat the pleadings or discuss "social or transactional" matters rather than factual matters. (Id. at 34.)

On April 2, 2026, Plaintiffs moved for reconsideration of the Court's ruling on the above-listed discovery, except not RFPs 31 and 34 involving Mr. Ballard. (Dkt. 563.)  Defendants filed an opposition (Dkt. 577) and Plaintiffs replied (Dkt. 581).

For reasons below, the Court DENIES the motion for reconsideration.

## II.    RELEVANT LAW

A motion for reconsideration "may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  Local Civil Rule 7-18.

## III.    DISCUSSION

Plaintiffs contend that new facts justify reconsideration.  Specifically, Defendants recently settled the SDNY action, and newspaper articles report that Defendants hired lobbyists who threatened prosecutors and non-litigating government officials.  (Dkt. 563 at 8.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-00047-GW-KESx                                                      Date: April 29, 2026
                                                                                                              Page 5

      Plaintiffs contend that these new facts address the Court's concerns in the January 2026 order, i.e., "that the factual basis was too speculative."  (Id. at 9.)  But the Court's core concern was not that it was too speculative that lobbying was occurring.  The Court's core concern was that it was too speculative that lobbying communications involved discussions of relevant facts– as opposed to social, political, or transaction considerations.  (See Dkt. 577 at 11.)  Plaintiffs' contentions that the SDNY action settled due to a pressure campaign – rather than reasoned litigation risk assessment – only underscores how speculative it is to think that Defendants' communications with lobbyists, and Defendants' lobbyists' communications with government officials, would have relevant factual content.  If it is true that the SDNY action settled because well-connected lobbyists threatened prosecutors with political ruin (id. at 12), then the content of such communications has no relevance to the claims and defenses in this lawsuit.

      Plaintiffs contend that the Court's concerns about disproportionality and overbreadth can be addressed by (1) limiting searches to communications involving three lobbyists whose names they now know, i.e., Mike Davis, Kellyanne Conway, and Ric Grenell, and three government officials, i.e., then-Attorney General Pam Bondi, White House Counsel David Warrington, and Acting Assistant Attorney General Omeed Assefi.  (Id. at 15.)  The proposed time limit is from November 5, 2024 (the date when President Trump was elected) to March 9, 2026 (the date when the SDNY's settlement was announced).  (Id.)  While Plaintiffs say that they are not seeking "settlement-related communications between Defendants' counsel and the DOJ trial team," they are apparently seeking settlement-related communications between Defendants' counsel and the three government officials named above, who, according to Plaintiffs, negotiated the settlement and then pressured DOJ trial lawyers to accept it.  (Id. at 10.)

      Given that the existence of any relevant, factual communications remains speculative, that the above-stated limitations would still require Defendants to review a very large number of emails, and that the communications sought could potentially be settlement negotiations, the Court's concerns about disproportionality remain.

Initials of Deputy Clerk jd